IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>ALABAMA SECURITIES COMMISSION, STATE OF ALASKA, ARIZONA CORPORATION COMMISSION, CALIFORNIA COMMISSIONER OF BUSINESS OVERSIGHT, COLORADO SECURITIES COMMISSIONER, STATE OF DELAWARE, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, OFFICE OF THE GEORGIA SECRETARY OF STATE, STATE OF HAWAII, SECURITIES ENFORCEMENT BRANCH, IDAHO DEPARTMENT OF FINANCE, INDIANA SECURITIES COMMISSIONER, IOWA INSURANCE COMMISSIONER DOUGLAS M. OMMEN, OFFICE OF THE KANSAS SECURITIES COMMISSIONER, KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS, MAINE SECURITIES ADMINISTRATOR, STATE OF MARYLAND EX REL MARYLAND SECURITIES COMMISSIONER, ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN, MISSISSIPPI SECRETARY OF STATE, NEBRASKA DEPARTMENT OF BANKING & FINANCE, OFFICE OF THE NEVADA SECRETARY OF STATE, NEW MEXICO SECURITIES DIVISION, THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, OKLAHOMA DEPARTMENT OF SECURITIES, SOUTH CAROLINA ATTORNEY GENERAL, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA DEPARTMENT OF LABOR & REGULATION, DIVISION OF | **CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER AND SIMON BATASHVILI**<br><br><br>Case No.: **3:20-CV-2910-L** |

INSURANCE, COMMISSIONER OF THE
TENNESSEE DEPARTMENT OF
COMMERCE AND INSURANCE, STATE
OF TEXAS, WASHINGTON STATE
DEPARTMENT OF FINANCIAL
INSTITUTIONS, WEST VIRGINIA
SECURITIES COMMISSION, AND STATE
OF WISCONSIN.

 Plaintiffs,

v.

TMTE, INC. a/k/a METALS.COM, CHASE
METALS, INC., CHASE METALS, LLC,
BARRICK CAPITAL, INC., LUCAS
THOMAS ERB a/k/a LUCAS ASHER a/k/a
LUKE ASHER, and SIMON BATASHVILI,

 Defendants;

and

TOWER EQUITY, LLC,

 Relief Defendant.

1.      On September 22, 2020, Plaintiffs Commodity Futures Trading Commission,

Alabama Securities Commission, State of Alaska, Arizona Corporation Commission, California

Commissioner of Business Oversight, Colorado Securities Commissioner, State of Delaware,

State of Florida, Office of the Attorney General and State of Florida, Office of Financial

Regulation, Office of the Georgia Secretary of State, State of Hawaii, Securities Enforcement

Branch, Idaho Department of Finance, Indiana Securities Commissioner, Iowa Insurance

Commissioner Douglas M. Ommen, Office of the Kansas Securities Commissioner, Kentucky

Department of Financial Institutions, Maine Securities Administrator, State of Maryland Ex Rel

the Maryland Securities Commissioner, Attorney General Dana Nessel on Behalf of the People

of Michigan, Mississippi Secretary of State, Nebraska Department of Banking & Finance, Office

of the Nevada Secretary of State, New Mexico Securities Division, The People of the State of

New York by Letitia James, Attorney General of the State of New York, Oklahoma Department

of Securities, South Carolina Attorney General and South Carolina Secretary of State, South

Dakota Department of Labor & Regulation, Division of Insurance, Commissioner of the

Tennessee Department of Commerce and Insurance, State of Texas, Washington State

Department of Financial Institutions, West Virginia Securities Commission, and State of

Wisconsin filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable

Relief against Defendants TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals,

Inc., (collectively "Metals"), Barrick Capital, Inc. ("Barrick")  and  their principals, Lucas

Thomas Erb *a/k/a* Lucas Asher *a/k/a* Luke Asher ("Asher"), and Simon Batashvili

("Batashvili"). (Docket Entry ("D.E.") #2).

      2.      Contemporaneously with the filing of the Complaint, Plaintiffs moved the Court

on an emergency, *ex parte* basis, for an order, pursuant to Section 6c(a) of the Commodity

Exchange Act ("CEA"), 7 U.S.C. § 13a-1 (2018) and in accordance with Federal Rule of Civil

Procedure 65, that: 1) freezes the assets of Defendants and Relief Defendant, (2) grants the

CFTC and the States immediate access to the books, records, and other documents of Defendants

and Relief Defendant and the authority to inspect and copy such records; (3) appoints a

temporary receiver; and (4) grants Plaintiffs' motion for expedited discovery in advance of a

preliminary injunction hearing. (D.E. # 4-6; 11-12; 16).

      3.      On September 22, 2020, the Court granted Plaintiffs' motion for emergency relief

and entered a Statutory Restraining Order ("SRO") (D.E. #16). The SRO: (1) prohibits

Defendants from withdrawing, transferring, removing, dissipating, and disposing of assets; (2)

prohibits Defendants from destroying, altering, or disposing of books, records, and other documents; (3) appoints Kelly Crawford of Scheef & Stone, LLP as temporary receiver for Defendants and Relief Defendant and (4) grants expedited discovery in advance of a preliminary injunction hearing. The SRO also set a hearing on preliminary injunction relief on October 6, 2020 and directed that SRO remain in full force and effect until to October 6, 2020 at 5:00 pm.

4.      On October 5, 2020, the Court continued the hearing on Plaintiffs' application for a preliminary injunction to October 27, 2020 and directed that SRO remain in full force and effect until to October 27, 2020 at 5 p.m. (D.E. #148).

5.      On September 24, 2020, Plaintiffs properly served Defendant Batashvili. (D.E. #127) and on September 26, 2020, Plaintiffs properly served Asher  (D.E. #126).

6.      Defendants Asher and Batashvili, without admitting or denying the allegations in the Complaint, except for allegations relating to venue and the Court's jurisdiction over the parties and over the subject matter of this action, to which Asher  and Batashvili admit, consent to the entry of this Order for Preliminary Injunction ("Order") as set forth herein.

7.      Defendants Asher and Batashvili enter into this Order voluntarily, and no promise or threat has been made by the Plaintiffs, or any member, officer, agent, or representative of the Plaintiffs to induce Defendants Asher and Batashvili to consent to this Order.

8.      In consideration of the foregoing, and based on the entire record in this case, the Court finds that there is good cause to believe that a preliminary injunction is proper in this case to preserve the *status quo*; prevent the withdrawal, transfer, removal, dissipation or disposal of assets; prevent the destruction, alteration, or disposal of books and records and other documents; protect members of the public from loss and damage, and enable the Plaintiffs to fulfill their statutory duties in this civil enforcement action.

4

9.      The Court hereby grants the Motion on the terms and conditions to which

Plaintiffs and Defendants Asher and Batashvili have stipulated, as set forth below.

## I.      DEFINITIONS

For the purposes of this Order, the following definitions apply:

9.      The terms "funds, assets, or other property" encompass any legal or equitable

interest in, right to, or claim to, any real or personal property, whether individually or jointly,

directly or indirectly controlled, and wherever located, including but not limited to: chattels,

goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other

deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and

accounts at other financial institutions), credits, receivables, lines of credit, contracts (including

spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located,

whether in the United States or outside the United States.

10.      The term "document" and "electronically stored information" are synonymous in

meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34(a), and includes, but

are not limited to, all writings, graphs, charts, photographs, sound recordings, images, and other

data or other data compilations–stored in any medium from which information can be obtained

or translated, if necessary, into reasonable usable form.  The terms "document" and

"electronically stored information" also refer to each and every such item in Defendants' actual

or constructive possession, including but not limited to: (i) all such items within the custody or

control of any agents, employers, employees, or partners of the Defendants; and (ii) all items

which Defendants have a legal or equitable right to obtain from another person.  A draft or non-

identical copy is a separate item within the meaning of the term.  A document also includes the

file and folder tabs associated with each original and copy.

## II.      RELIEF GRANTED

**THE PARTIES AGREE AND IT IS HEREBY ORDERED that:**

## I.      Jurisdiction and Venue

10.      Defendants Asher and Batashvili have been properly served with the Complaint and Summons and have consented to the entry of this Order.

11.      The Court is authorized to enter a preliminary injunction and ancillary equitable relief against Defendants Asher  and Batashvili pursuant to 7 U.S.C. §§ 13a-1, 13a-2 and the laws of the States.

12.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. § 1331 (2018) (federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress), as well as 28 U.S.C. § 1367(a) (supplemental jurisdiction over claims under the laws of the States).

13.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2018) (federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).

14.      7 U.S.C. § 13a-1(a) (2018), authorizes the CFTC to seek injunctive and other relief against any person whenever it appears to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the CEA or any rule, regulation, or order thereunder.

15.      7 U.S.C. § 13a-2(1) (2018), authorizes the States to bring a suit in the district courts of the United States to seek injunctive and other relief against any person whenever it

appears to the Attorney General and/or Securities Administrator of a State, or such other official that a State may designate, that the interests of the residents of the State have been, are being, or may be threatened or adversely affected because of violations of the CEA or CFTC Regulations.

16.     Venue lies properly in this District pursuant to 7 U.S.C. § 13a-1(e) (2018), because Defendants transacted business in this District, and certain of the acts and practices in violation of the CEA, the CFTC Regulations, and State laws occurred, are occurring, or are about to occur within this District, among other places. Venue also lies properly in this District pursuant to 17 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District.

17.     The Parties waive the entry of findings of fact and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure, and the Court accepts that waiver.

## II.     Prohibitions from Violating the CEA, CFTC Regulations and the Laws of the States

18.     Defendants Asher and Batashvili and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from directly or indirectly violating 7 U.S.C. § 9(1) and 17 C.F.R. § 1801.1(a)(1)-(3).

19.     Defendants Asher and Batashvili and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from directly or indirectly violating:

     a.   § 8-6-3(b) and (c), Code of Alabama (1975)

b.  § 8-6-17(b)(2), Code of Alabama (1975)

c.  § 8-6-17(a)(2), Code of Alabama (1975)

d.  § 13A-6-195, Code of Alabama (1975)

e.  Alaska Stat. § 45.50.471

f.  Cal. Corp. Code, § 25230

g.  Cal. Corp. Code § 25235

h.  Cal. Corp. Code, § 29536

i.  §§ 11-53-107(1)(a)-(c), C.R.S.

j.  §§ 11-51-501(1)(a), (b) and (c), C.R.S.

k.  Fla. Stat. § 501.204

l.  Fla. Stat. § 517.275

m.  Ga. Code Ann. § 10-5-32

n.  Ga. Code Ann § 10-5-33

o.  Ga. Code Ann. § 10-5-51

p.  Ga. Code Ann. § 10-5A-2

q.  Ga. Code Ann. § 10-5A-6

r.  KRS 292.330(8)

s.  KRS 292.320(1)

t.  Md. Code, Corps. & Assn's § 11-401(b)(1)

u.  Md. Corps. & Assn's § 11-402(b)(1)

v.  Md. Code, Corps. & Assn's § 11-301(2)-(3);

w.  Md. Code, Corps. & Assn's § 11-302(a)(2)-(3), (c), and COMAR 02.02.05.03;

x.  S.C. Code Ann. § 35-1-403 to 35-1-404

y.  S.C. Code Ann. § 35-1-501(1)-(3) and § 35-1-502(a)

z.  S.C. Code Ann. § 39-73-20

aa. S.C. Code Ann. § 39-73-60 (1)-(4)

bb. Tex. Rev. Civ. Stat. Ann. art. 581-12

cc. Tex. Rev. Civ. Stat. Ann. art. 581-32

20.     Pending further order of the Court, Defendants Asher  and Batashvili and their affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with them, directly or indirectly, are restrained and enjoined from:

a.   Trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § 1a(40) (2018));

b.   Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3), for accounts held in the name of any Defendant or Relief Defendant or for accounts in which any Defendant or Relief Defendant has a direct or indirect interest;

c.   Having any commodity interests traded on any Defendants' or Relief Defendant's behalf;

d.   Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e.   Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling of any commodity interests;

f.   Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

g.   Acting as a principal (as that term is defined in CFTC Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with

9

the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9); and

   h.   Acting as a broker-dealer or investment adviser or associating with a licensed broker-dealer or investment adviser, in violation of the laws of the States.

   i.   Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling securities or equities.

## III. Asset Freeze Order Prohibiting the Withdrawal, Transfer, Removal, Dissipation, and Disposal of Assets

21.    The SRO (D.E. #16) shall remain in full force and effect.

22.    The injunctive provisions of this Order shall be binding upon Defendants Asher and Batashvili, and upon any person acting in the capacity of agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successors thereof, of Defendants Asher and Batashvili, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Defendants Asher and Batashvili.

23.    Defendants Asher and Batashvili and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly withdrawing, transferring, removing, dissipating, or otherwise disposing of any of their funds, assets, or other property, wherever located, including the Defendants Asher and Batashvili's funds, assets, or other property held outside the United States, in accordance with the Court's SRO and this Order.

24.     At the request of the Receiver, Defendants Asher and Batashvili and any other person who has possession, custody, or control of any of Defendants Asher's and Batashvili's assets shall transfer possession of all funds, assets or other property subject to this Order to the Receiver in accordance with SRO and this Order.

25.     The funds, assets, or other property affected by this Order shall include both existing funds, assets, or other property, and funds, assets, or other property acquired after the effective date of this Order, except as described in Sections VIII and IX of this Order.

**IV.     Maintenance of and Access to All Records That Relate to the Business Activities and Business and Personal Finances**

26.     Defendants Asher and Batashvili are restrained from directly or indirectly destroying, altering, or disposing of, in any manner, any records that relate or refer to the business activities or business or personal finances of any Defendant or Relief Defendant in accordance with the Court's SRO and this Order.

27.     Representatives of the Plaintiffs shall, with 24 hours' notice, be allowed access to inspect the records that relate or refer to business activities and business and personal finances of Defendants Asher and Batashvili, including, but not limited to, both hard-copy documents and electronically stored information, wherever they may be situated and whether they are in the possession of the Defendants Asher and Batashvili or others.  To ensure preservation and facilitate meaningful inspection and review of records, the Defendants Asher and Batashvili shall allow representatives of the Plaintiffs to make copies of said documents and electronically stored information, and if on-site copying of documents and electronically stored information is not practicable, representatives may make such copies off-site.  After any such off-site copying, Plaintiffs shall promptly return the original documents and devices upon which electronic information is stored.

21.     To further facilitate meaningful inspection and review, Defendants Asher and

Batashvili shall promptly provide Plaintiffs with:

    a.   the location of all records relating or referring to the business activities
and business and personal finances of the Defendants Asher  and
Batashvili;

    b.   all identification numbers and other identifying information for websites,
cloud storage services, email and smartphone accounts, and all accounts at
any bank, financial institution or brokerage firm (including any
introducing broker or futures commission merchant) owned, controlled or
operated by the Defendants Asher  and Batashvili, or to which the
Defendants Asher  and Batashvili have access; and

    c.   all passwords to, and the location, make and model of, all computers
and/or mobile electronic devices owned and/or used by the Defendants
Asher  and Batashvili in connection with their business activities and
business and personal finances.

22.     When inspecting records that are subject to this Order, including those contained

on computer(s) and/or other electronic device(s), Plaintiffs should undertake reasonable

measures to prevent review of Defendants Asher and Batashvili privileged communications by

Plaintiffs' attorneys and other staff who are part of the litigation team in this matter.  Moreover,

the Defendants Asher and Batashvili (or their counsel) shall promptly contact Plaintiffs' counsel

to assert any claims of privilege or other legal objection relating to the contents of any records

that are subject to this Order and promptly cooperate with Plaintiffs' counsel to develop

reasonable protocols to isolate and prevent disclosure of claimed privileged materials to

Plaintiffs' attorneys and other staff who are part of the litigation team in this matter.  However,

nothing herein shall excuse Defendants Asher and Batashvili from full and immediate

compliance with this Court's Order permitting Plaintiffs to inspect the books and records which relate to the Defendants Asher's and Batashvili's business activities and their business and personal finances.

23.     Nothing herein shall preclude Plaintiffs from providing materials obtained from Defendants Asher and Batashvili to any other government agency pursuant to a lawful access request by such agency.

## V.      Appointment of Receiver

28.     Kelly Crawford, previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed Receiver with the full powers of an equity receiver for Defendants and Relief Defendant and their affiliates or subsidiaries owned or controlled by Defendants or Relief Defendant (hereinafter referred to as the "Receivership Defendants"), and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants.

29.     The Receiver shall be the agent of this Court in acting as Receiver under this Order.

30.     The directions, authorizations, duties, and powers of the Temporary Receiver under the SRO are granted in full to the Receiver, Kelly Crawford, and incorporated in full herein as part of the Order.

## VI.     Cooperation with the Receiver

31.     Defendants Asher and Batashvili and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the

Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

## VII.   Turning Over Property to the Receiver

32.   Upon service of this Order, and to the extent the Defendants Asher  and Batashvili have not done so pursuant to the SRO, Defendants Asher  and Batashvili, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver, including but not limited to:

   a.   Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

   b.   Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants;

   c.   Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

   d.   All keys, computer or cloud computing passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices or

14

other property; and

    e.   Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

## VIII.    Reasonable and Necessary Living Expenses

33.    In accordance with Paragraph 44 of the SRO, Plaintiffs are authorized to take an asset deposition of Asher and Batashvili to determine the status of Defendants Asher's and Batashvili's financial condition, including but not limited to their funds, assets, and other tangible or real property, their compliance with the SRO to date, and their reasonable and necessary living expenses. The Receiver is authorized to attend and participate in these asset depositions in accordance with Paragraph 31(j) of the SRO.

34.    Within five business days of the conclusion of the asset depositions, the parties will negotiate in good faith for a carve-out for reasonable and necessary living expenses—on a monthly basis—to be generated solely from any prospective earnings, bonuses, and/or other after-acquired income from newfound employment as described in Section IX, *infra*.

35.    The Court will entertain an application for reasonable and necessary living expenses upon proper written submission by Defendants Asher and Batashvili. A proper submission requires that Defendants Asher and Batashvili file such application under oath with the Court and set forth in detail, fully substantiated by all relevant financial documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. Plaintiffs and/or the Receiver may object or otherwise respond to such application.

## IX.    Restricted Business Activities and Employment

36.    Defendants Asher and Batashvili wish to seek gainful employment to cover their reasonable and necessary living expenses.

37.    Only specific prospective earnings, bonuses, and/or other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity ("New Income") will be excluded from the restraints imposed by the Order for the limited purpose of covering Defendants Asher 's and Batashvili's agreed-to reasonable living expenses pursuant to the process described in Section VIII, *supra*, and subject to the restrictions in this Section.

38.    Defendants Asher and Batashvili agree that they will not engage in any activity related to securities, commodities, or derivatives, including but not limited to soliciting, receiving, or accepting any funds from any person or entity for the purpose of purchasing, selling, or otherwise investing in precious metals, securities, commodities, derivatives, virtual currency, binary options, or foreign currency or receive any income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any person or entity engaged in said activities.

39.    Within two days of securing any New Income, Defendants Asher and Batashvili shall provide the name and address of the employer, person, or entity, as well the name of a contact person and telephone number from its personnel office to Plaintiffs and the Receiver.

40.    Within ten days of this Order, Defendants Asher and Batashvili shall each open a single new bank account in his name to deposit any New Income, and to withdraw such funds for reasonable and necessary living expenses as ordered by the Court. The Receiver shall be a co-owner and have unfettered access to these new accounts. Within twenty-four (24) hours of

opening such a new bank account, Defendants Asher and Batashvili shall provide complete information to the Receiver about the account, including the name of the bank, address, telephone number, and account number.

41.     Any and all other bank accounts in the name of any Defendant or Relief Defendant shall remain subject to terms of the Order that prohibit Defendants or Relief Defendant from transferring, removing, dissipating, or otherwise disposing of any asset.

42.     All dispositions of funds from the new bank account authorized by this Order, until further order of the Court, shall also be subject to monitoring by the Receiver.  The Receiver is authorized to obtain copies of any and all bank statements.

### X.     Persons Bound by This Order

43.     This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants or Relief Defendant, or is in active concert or participation with the Defendants or Relief Defendant.

### XI.     Stay on Actions Against the Receivership Defendants

44.     Except by leave of the Court, during the pendency of the receivership ordered herein, Defendants Asher and Batashvili, and all other persons and entities are stayed from taking any action (other than the present action by Plaintiffs) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

> a.   Petitioning, or assisting in the filing of a petition that would cause the Receivership Defendants to be placed in bankruptcy;
>
> b.   Commencing, prosecuting, litigating or enforcing any suit or proceeding

against any of the Receivership Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

c.   Commencing, prosecuting, continuing or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants, or any of their subsidiaries or affiliates;

d.   Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter or terminate any of the Receivership Defendants' interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e.   Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Receiver, or any agent of the Receiver; and

f.   Doing any act or thing whatsoever to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates.

45.     Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants.

## XII.    Bond Not Required of Plaintiffs or the Receiver

46.     As Plaintiffs CFTC and the States have made a proper showing under 7 U.S.C. §13a-1(b) and they are not required to post any bond in connection with this Order. The Receiver similarly is not required to post bond.

## XIII.    Force and Effect

47.     This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

IT SO ORDERED, at Dallas, Texas, on this 14th day of October, 2020, at 4:00 p.m.

*Sam A. Lindsay*

Sam A. Lindsay
United States District Judge

CONSENTED TO AND APPROVED BY DEFENDANTS:

Lucas          Asher

Dated:    10/12/20

Simon Batashvili

Dated: _____

Approved as to form:

Arnold A. Spencer
*Counsel to Defendants Asher and Batashvili*

Dated:    10/12/2020

19

45.     Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants.

## XII.     Bond Not Required of Plaintiffs or the Receiver

46.     As Plaintiffs CFTC and the States have made a proper showing under 7 U.S.C. §13a-1(b) and they are not required to post any bond in connection with this Order. The Receiver similarly is not required to post bond.

## XIII.     Force and Effect

47.     This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**IT SO ORDERED**, at Dallas, Texas, on this 14th day of October, 2020, at 4:00 p.m.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

CONSENTED TO AND APPROVED BY DEFENDANTS:

Lucas Thomas Asher

Simon Batashvili

Dated: _____

Dated: 10 · 1 0 - 2

Approved as to form:

Arnold A. Spencer
*Counsel to Defendants Asher and Batashvili*

Dated: 10/10/2020

19

CONSENTED TO AND APPROVED BY PLAINTIFFS:


Dated: October 8, 2020

By: /s/ JonMarc P. Buffa

JONMARC P. BUFFA
jbuffa@cftc.gov
California Bar # 217324

RICHARD P. FOELBER
rfoelber@cftc.gov
Illinois Bar # 0840904

Attorneys for Plaintiff
COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street. NW
Washington, DC 20580
(202) 418-5000


FOR THE STATE OF ALABAMA

By: /s/ Jeffery A. "Beau" Brown, Jr

JEFFERY A. "BEAU" BROWN, JR., *pro hac vice*
Beau.Brown@asc.alabama.gov
Alabama Bar No. 7258R80B

ANNE GUNTER, *pro hac vice*
anne.gunter@asc.alabama.gov
Alabama Bar No. 4666N91P

Attorneys for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
 Montgomery, AL 36104
Telephone: (334) 322-8586
Fax: (334) 242-0240


FOR THE STATE OF ALASKA

By: /s/ Robert Schmidt

20

ROBERT SCHMIDT, *pro hac vice*
rob.schmidt@alaska.gov
Alaska Bar No. 9909048
JOHN HALEY
john.haley@alaska.gov
Alaska Bar No. 1402010

Attorneys for Plaintiff
STATE OF ALASKA
OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-6645
Fax: (907) 276-3697


FOR THE STATE OF ARIZONA

By: /s/ Christopher Nichols_____

CHRISTOPHER NICHOLS, *pro hac vice*
cnichols@azcc.gov
Arizona Bar No. 029958

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007
Telephone: (602) 542-0639
Fax: (602) 714-8120


FOR THE STATE OF CALIFORNIA

By: /s/ Danielle Stoumbos_____

MARY ANN SMITH
MaryAnn.Smith@dbo.ca.gov
SEAN ROONEY
Sean.Rooney@dbo.ca.gov
DANIELLE A. STOUMBOS, *pro hac vice*
California Bar No. 264784
Danielle.Stoumbos@dbo.ca.gov

Attorneys for Plaintiff

21

STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Fax: (213) 576-7181


FOR THE STATE OF COLORADO
PHILIP J. WEISER
Attorney General of the State of Colorado


By: /s/ Janna Fischer

JANNA FISCHER*, *pro hac vice*
janna.fischer@coag.gov
Colorado Bar No. 44952
ROBERT FINKE*, *pro hac vice*
robert.finke@coag.gov
Colorado Bar No. 40756
*Counsel of Record

Attorneys for Plaintiff
SECURITIES COMMISSIONER
FOR THE STATE OF COLORADO
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: (720) 508-6374
Fax: (720) 508-6037


FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware


By: /s/ Katherine M. Devanney

KATHERINE M. DEVANNEY, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 6356
Texas Bar No. 24116281
katherine.devanney@delaware.gov
JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

22

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

Attorneys for Plaintiff the State of Delaware


FOR THE STATE OF FLORIDA
ASHLEY MOODY
Attorney General for the State of Florida


By: /s/ Victoria Butler


VICTORIA BUTLER, *pro hac vice*
Assistant Attorney General
Director of Consumer Protection
victoria.butler@myfloridalegal.com
Florida Bar No. 861250

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
Department of Legal Affairs
3507 E Frontage Rd, Suite 325
Tampa, FL 33607-1795
Telephone: (813) 287-7950
Fax: (813) 281-5515


By: /s/ A. Gregory Melchior


A. GREGORY MELCHIOR, *pro hac vice*
Assistant General Counsel
greg.melchior@flofr.com
Florida Bar No. 407290

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION
1313 Tampa Street, Suite 615
Tampa, Florida 33602-3394
Telephone: (813) 218-5327

23

Fax: (813) 272-2498


FOR THE STATE OF GEORGIA

By: /s/ Logan B. Winkles

LOGAN B. WINKLES, *pro hac vice*
Georgia Bar No. 136906
lwinkles@law.ga.gov
RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3434
Fax: (404) 657-3239


FOR THE STATE OF HAWAII

By: /s/ Rayni M. Nakamura-Watanabe

RAYNI M. NAKAMURA-WATANABE, *pro hac vice*
Hawaii Bar No. 9032-0
RNakamur@dcca.hawaii.gov
PATRICIA J. MOY
Hawaii Bar No. 5845-0
PMoy@dcca.hawaii.gov

Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977


FOR THE STATE OF IDAHO

24

OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
LAWRENCE G. WASDEN


By: /s/ Loren Messerly

LOREN MESSERLY, *pro hac vice*
Deputy Attorney General
loren.messerly@finance.idaho.gov
Idaho Bar No. 7434

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE
P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 332-8093
Fax: (208) 332-8099


FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL
Patricia Orloff Erdmann
Chief Counsel of Litigation


By: /s/ Jefferson S. Garn

JEFFERSON S. GARN, *pro hac vice*
Deputy Attorney General
Jefferson.Garn@atg.in.gov
Indiana Bar No. 29921-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Fax: (317) 232-7979


FOR THE STATE OF KANSAS


By: /s/ Thomas E. Knutzen

25

THOMAS E. KNUTZEN, *pro hac vice*
*Special Assistant Attorney General*
tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road
Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872


FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740
CATHERINE FALCONER
Catherine.falconer@ky.gov

Attorneys for Plaintiff
STATE OF KENTUCKY
DEPARTMENT OF FINANCIAL INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601
Telephone: (502) 782-9052
Fax: (502) 573-8787


FOR THE STATE OF MAINE

By: /s/ Gregg D. Bernstein

GREGG D. BERNSTEIN, *pro hac vice*
gregg.bernstein@maine.gov
Maine Bar No. 8424

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333

26

Telephone: (207) 626-8800
Fax: (207) 626-8828


FOR THE STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL OF THE STATE OF
MARYLAND

By: /s/ Max F. Brauer

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532


FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin

PEOPLE OF THE STATE OF
MICHIGAN, by DANA NESSEL
ATTORNEY GENERAL

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-7632

27

FOR THE STATE OF MISSISSIPPI

By: /s/ Seth Shannon

SETH SHANNON, *pro hac vice*
seth.shannon@ago.ms.gov
Mississippi Bar No. 103466
CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231


FOR THE STATE OF NEBRASKA
L. JAY BARTEL
Bureau Chief
Legal Services Bureau


By: /s/ Joshua R. Shasserre

JOSHUA R. SHASSERRE, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 23885
joshua.shasserre@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3888
Fax: (402) 471-3297


FOR THE STATE OF NEVADA

By: /s/ Erin M. Houston

28

ERIN M. HOUSTON, *pro hac vice*
Deputy Secretary of State, Securities Administrator
Nevada Bar No. 11814
ehouston@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030
Telephone: (702) 486-2440
Fax: (702) 486-2452


FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
Securities Enforcement Prosecutor
New Mexico Securities Division
New Mexico Bar No. 21769
Alissa.Berger@state.nm.us

Attorney for Plaintiff
STATE OF NEW MEXICO
New Mexico Securities Division
New Mexico Regulation and Licensing Department
5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848


FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE OF
NEW YORK

By: /s/ Tatyana Trakht

TATYANA "TANYA" TRAKHT, *pro hac vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers

29

PETER POPE
Chief, Investor Protection Bureau
peter.pope@ag.ny.gov

Attorneys for Plaintiff
ATTORNEY GENERAL FOR THE STATE OF
NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816


FOR THE STATE OF OKLAHOMA

By: /s/ Robert Fagnant

ROBERT FAGNANT, *pro hac vice*
rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742


FOR THE STATE OF SOUTH CAROLINA

By: /s/ Jonathan Williams

JONATHAN WILLIAMS, *pro hac vice*
jwilliams@scag.gov
South Carolina Bar No. 72509

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-7208
Fax: (803) 734-7208

30

By: /s/ Shannon A. Wiley

SHANNON A. WILEY, *pro hac vice*
swiley@sos.sc.gov
South Carolina Bar No. 69806

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF THE SECRETARY OF STATE
1205 Pendleton Street, Suite 525
Columbia, SC 29201
Telephone: (803) 734-0246
Fax: (803) 734-1661


FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor & Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701
Telephone: (605) 773-3563
Fax: (605) 773-5369


FOR THE STATE OF TENNESSEE
HERBERT H. SLATERY III
Attorney General and Reporter
for the State of Tennessee

By: /s/ James P. Urban

JAMES P. URBAN, *pro hac vice*
Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

Office of Tennessee Attorney General

31

Financial Division
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department of
Commerce and Insurance


FOR THE STATE OF TEXAS
KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

JOSHUA R. GODBEY
Division Chief
Financial Litigation and Charitable Trusts Division

By: */s/ Christina Cella* _____

CHRISTINA CELLA
Assistant Attorney General
State Bar No. 24106199
christina.cella@oag.texas.gov
LEA N. BRIGTSEN
Assistant Attorney General
State Bar No. 24054504
lea.brigtsen@oag.texas.gov

Financial Litigation and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-2952
Fax: (512) 477-2348

32

*Attorneys for Plaintiff the State of Texas*


FOR THE STATE OF WASHINGTON

By: /s/ Ian S. McDonald

IAN S. MCDONALD, *pro hac vice*
Washington Bar No. 41403
Ian.McDonald@atg.wa.gov
Telephone: (360) 586-3264
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial
Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524


FOR THE STATE OF WEST VIRGINIA

By: /s/ Michael Nusbaum

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov
West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211


FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice

33

By: /s/ Shannon A. Conlin

SHANNON A. CONLIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1089101
Conlinsa@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-1677
Fax: (608) 267-2779

*Attorney for Plaintiff State of Wisconsin*


FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

By: /s/ Adam J. Kenworthy
ADAM KENWORTHY* *pro hac vice*
Iowa Bar No. AT0012137
Enforcement Attorney
adam.kenworthy@iid.iowa.gov

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6562
Fax: (515)-654-6500