IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Commodities and Futures
Treading Commission, et al.,
    Plaintiffs,
v.                                                                                              Case No.: 3:20-CV-2910-L

TMTE, Inc., et al.,
    Defendants

### Defendant Lucas Asher's Answer

Comes now Defendant Lucas Asher and respectfully files this Answer to the Plaintiff's' Complaint.

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted.  Defendant specifically denies each and all conclusory allegations that he made fraudulent representations or otherwise engaged in fraudulent conduct.

In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows:

### I.   SUMMARY

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendant Asher admits that "Metals provided investors with customer agreements."  The remainder of the paragraph is denied.

8. Denied.

9.  Denied.

10. Denied.

11. Defendant Asher admits "All of the investors' funds were deposited into bank accounts owned and controlled by Defendants." Defendant Asher has insufficient information to admit or deny the remainder of the paragraph.

12. Denied.

13. This paragraph consists of legal conclusions and explanations of the Plaintiff's actions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

14. Denied.

15. Denied.

## II.   JURISDICTION AND VENUE

16. Admitted.

17. Defendant Asher denies the last sentence of this paragraph, has insufficient information to admit or deny the penultimate sentence in the paragraph, and declines to respond to the legal conclusions in the rest of the paragraph.

18. This paragraph consists of legal conclusions and explanations of the Plaintiff's actions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

19. Defendant Asher admits the Defendants "us[ed] instrumentalities of interstate commerce." Defendant Asher denies that "Defendants...engaged in the acts and practices described in the Complaint."

20. Admitted.

## III.   PARTIES

21. Admitted.

22. This paragraph consists of legal conclusions and explanations of the Plaintiff's actions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

23. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendant Asher admits the allegations in the first sentence. The remaining allegations in the paragraph are denied..

28. Admitted.

29. Defendant Asher admits he held the website domain names in his name, that he hired certain employees, and that he was a Founder of Metals. The remainder of the paragraph is denied.

30. Admitted as to the first sentence. Denied as to the second and third sentence.

## IV.   GENERAL ALLEGATIONS

31. Denied.

32. Denied.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Denied

41. Defendant Asher does not have sufficient information to admit or deny the first sentence of this paragraph  Defendant Asher denies the second sentence.

42. Defendant Asher does not have sufficient information to admit or deny this paragraph.

43. Defendant Asher denies this paragraph as to his individual role.  Defendant Asher admits that "Metals...solicited investors and sold them gold and silver."  Defendant Asher denies the remainder of the paragraph.

44. This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the conclusion.

45. This paragraph is a definition and does not require an admission or denial.

46. Defendant Asher denies this paragraph in his individual capacity.  Defendant Asher admits that Metals solicited and sold the three identified gold and silver coins.  Defendant Asher denies the remaining allegations in the paragraph.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant Asher does not have sufficient information to admit or deny this paragraph.

53. Defendant Asher does not have sufficient information to admit or deny this paragraph.

54. Denied.

55. Denied.

56. Defendant Asher does not have sufficient information to admit or deny this paragraph.

57. Denied.

58. Defendant Asher does not have sufficient information to admit or deny this paragraph.

59. Denied.

60. Denied

61. Denied.

62. Defendant Asher does not have sufficient information to admit or deny this paragraph.

63. Defendant Asher does not have sufficient information to admit or deny this paragraph.

64. Admitted.

65. Admitted.

66. Defendant Asher does not have sufficient information to admit or deny this paragraph.

67. Admitted.

68. Admitted.

69. Admitted.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Defendant Asher does not have sufficient information to admit or deny this paragraph.

83. Defendant Asher admits that the identified coins were worth significantly more than the Prevailing Market Price. Defendant Asher denies the remaining allegations in the paragraph.

84. Defendant Asher admits that Metals represented to investors that the lower valuation of the SDIRA statements was an undervaluation that did not reflect the resale value of the identified coins.

Defendant Asher denies that this representation was fraudulent.  Defendant Asher does not have sufficient information to admit or deny the alleged statements in the sub-paragraphs.

85. Denied.

86. Denied.

87. Admitted.

88. Denied.

89. Denied.

90. The first sentence is a legal conclusion, and does not require Defendant to admit or deny.  Defendant Asher admits the second and third sentence.  Defendant Asher denies the fourth sentence

91. Denied

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

100. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

101. Denied

102. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

108. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

115. Defendant Asher denies the allegations in the first sentence in this paragraph. Defendant Asher has insufficient information to admit or deny the second sentence in this paragraph.

116. Denied.

117. Defendant Asher denies all the allegations in the paragraph, except for sub-paragraph "d.", which he admits as to the corporate entities.

118. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

119. Admitted, except for the legal conclusion in the last clause of the last sentence.

120. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

121. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128 Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion..

135. Denied.

136. Denied.

137. Denied.

### V - XV: ALLEGED COUNTS

138-327. The previous answers in the preceding paragraphs are re-asserted and incorporated herein by reference. These paragraphs primarily consist of allegations and legal conclusions that have been previously and specifically denied, and are specifically denied again here, by reference. Many of the paragraphs consist of legal conclusions regarding state law, and do not require Defendant Asher to admit or deny, and to the extent an answer is required, Defendant Asher has insufficient information to admit or deny. The factual allegations that are not included and previously addressed in paragraphs 1 through 137 are addressed below. Any allegations in Paragraphs 138 through 327 have not been previously addressed and are not addressed below, the allegations are specifically denied.

170. Defendant Asher has insufficient information to admit or deny the specific allegations regarding "Alabama Investors." The remainder of the paragraph is denied.

180. Denied.

189. Denied.

193. Denied.

194.    Denied.

200.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

201.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

202.    Denied.

203.    Denied.

211.    Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

212.    Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

213.    Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

214.    Denied.

218.    Denied.

227.    Admitted.

229.    Admitted.

230.    Denied.

241.    Admitted.

242.    Denied.

243.    Admitted.

244.    Denied.

263.    Defendant Asher admits that Metals and Barrick have never been registered in Maryland as an investment advisor. The remaining allegations in the paragraph constitute legal conclusions, for which no answer is required. To the extent an answer is deemed required, Defendant Asher denies the remaining allegations.

265.    Defendant Asher admits that Mr. Batashvili and he have never been registered in Maryland as an investment advisor representative. The remaining allegations in the paragraph constitute legal

conclusions, for which no answer is required. To the extent an answer is deemed required, Defendant Asher denies the remaining allegations.

266. Denied.

270. Denied.

289. Denied.

293. Denied.

295. Denied.

302. Admitted.

316. Denied.

317. Admitted.

318. Defendant Asher has insufficient information to admit or deny the allegations in this paragraph.

326. Defendant Asher has insufficient information to admit or deny the allegations in this paragraph.

327. Denied.

### XVI. DISGORGEMENT OF FUNDS FROM RELIEF DEFENDANT

328. The previous answers in the preceding paragraphs are re-asserted and incorporated herein by reference.

329. Denied.

330. Denied.

331. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusions.

### XVII. RELIEF REQUESTED

332. This paragraph consists of a request for relief from the Plaintiffs, to which no answer is required. To the extent a response is deemed required, Defendant respectfully requests that the Court deny the relief requested and dismiss the case.

Defendant Asher denies all and all other allegations set forth in the Complaint not otherwise admitted or qualified above.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants prays for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

Dated: October 22, 2020

Respectfully Submitted,

/s/ .
Arnold A. Spencer
Texas State Bar #00791709
Spencer & Associates
5949 Sherry Lane, Suite 900
Dallas, Texas 77225
214-385-8500
arnoldspencer75225@gmail.com

Counsel for Defendants
Lucas Asher and Simon Batashvili

**Certificate of Service**

I, Arnold Spencer, counsel of record for Defendants Lucas Asher and Simon Batashvili, do hereby certify that I have filed the foregoing document with the Clerk of Court via the ECF system, which sent notice to all counsel of record, in accordance with the Federal Rules of Civil Procedure.

/s/
_____