IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al. | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § | |

**RECEIVER'S EMERGENCY MOTION FOR "SHOW CAUSE" HEARING
TO HOLD DEFENDANTS ASHER AND BATASHVILI IN CIVIL CONTEMPT**

COMES NOW, Kelly M. Crawford ("Receiver") and respectfully requests the Court to schedule a hearing for Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher ("Asher") and Simon Batashvili ("Batashvili") to appear before this Court and show cause as to why they should not be held in contempt for their failure to comply with the clear orders of this Court, and in support thereof the Receiver respectfully shows the Court as follows:

I.

## FACTUAL BACKGROUND

1. On September 22, 2020 this Court entered an *Order Granting Plaintiff's Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief (the "SRO")* [Docket No. 16]. Pursuant to the *SRO*, this Court appointed Kelly M. Crawford as Receiver of the assets of the Defendants and Relief Defendant and vested the Receiver with certain authority to recover assets and investigate claims. The SRO was extended by an Order entered by the Court on October 5, 2020 [Docket No. 148]. On October 14, 2020, the Court entered a *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili (the "Consent Order")* [Docket No. 165]. The SRO, October 5, 2020 Order and the Consent Orders are collectively referred to herein as the "Orders".

2. The Consent Order maintains the SRO in full force and effect. *Consent Order,* ¶ *21.* The *SRO* and the *Consent Order* extend to the "Defendants and Relief Defendant and their affiliates or subsidiaries owned or controlled by Defendants or Relief Defendant (hereinafter referred to as the "Receivership Defendants"). *Consent Order,* ¶ 28. The *Consent Order* further provides that:

> "Defendants Asher and Batashvili and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver."

*Consent Order,* ¶ 31.

Furthermore, Paragraph 32 of the *Consent Order* requires Defendants Asher and Batashvili to "immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver, including but not limited to:

...e.   Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants."

3.   It is imperative for the Receiver to immediately know the identity of the affiliates or subsidiaries owned or controlled by Defendants Asher and Batashvili since such entities are included within the definition of "Receivership Defendants" under the Court's Orders[1]. Consequently, on October 14, 2020, the Receiver made demand upon counsel for Asher and Batashvili that they provide the Receiver with a list of entities they own or control.[2]  On October 17, 2020, the Receiver again made demand upon counsel for Asher and Batashvili that they provide the Receiver with a list of entities they own or control.[3]  The Receiver repeated his demand for a third time on October 21, 2020.[4]  The Receiver made his fourth request for the list of entities from Asher and Batashvili on October 22, 2020.[5]

4.   On October 22, 2020, counsel for Asher and Batashvili responded to the Receiver's requests for the information, stating that "my clients are taking actions to comply with the Court order, but do not have access to any of their paperwork, computers, contacts, or business resources, all of which limited their ability to respond quickly.  They are working on your multiple requests but have limited resources to respond...I will continue to urge my clients to compile the list of entities and comply with the Court's order."[6]

---

[1] *See Declaration of Kelly Crawford* ¶2.
[2] *See Crawford Declaration,* ¶ 2, <u>Exhibit 1.</u>
[3] *See Crawford Declaration,* , ¶3, <u>Exhibit 2.</u>
[4] *See Crawford Declaration,* , ¶4, <u>Exhibit 3.</u>
[5] *See Crawford Declaration,* , ¶5, <u>Exhibit 4.</u>
[6] *Id.*

5. On October 23, 2020, Defendant's counsel was informed that if the list of entities was not provided to the Receiver by 5:00 p.m. the Receiver would file his Motion to Show Cause. Counsel for the Defendant's indicated he would be talking with his clients and would provide the list over the weekend. The Receiver responded that based on the numerous requests previously made and continued promises of production there was no reason to believe the list would be produced and the Receiver is filing the Motion to Show Cause.[7]

6. Regardless of the excuses made by Defendants' counsel on behalf of his clients, the fact remains that more than nine days have elapsed since the Receiver requested the Defendants to simply provide a list of the entities they own or control and Defendants have failed to provide anything to the Receiver. The Receiver, having made four separate requests for the information, has been more than patient in waiting for the Defendants to comply with the clear mandate of this Court's Orders.[8]

7. The Defendants' delay in providing the list of entities to the Receiver can only be for the purpose of obstructing the Receiver's efforts to seize Receivership Assets and Receivership Documents in the name of such entities. The Defendants' intentional delay in complying with the Court's Orders is hurting the receivership estate and impairing the ability of the Receiver to recover assets to return to the victims.

8. In failing to comply with the Receiver's simple request for simply the identity of the entities owned or controlled by Defendants Asher and Batashvili, such Defendants are inexcusably violating the terms of this Court's Orders. Indeed, they are thumbing their nose at this Court in complete disrespect for the authority of this Court. Accordingly, the Receiver moves the Court on an emergency basis for an order setting a hearing compelling Defendants

---

[7] See *Crawford Dec.*, ¶6
[8] See *Crawford Dec.*, ¶7.

---

**RECEIVER'S MOTION FOR "SHOW CAUSE" HEARING**                                    **PAGE 4**

Asher and Batashvili to appear in person before the Court and "show cause" why they should not be held in civil contempt for their failure to comply with the Court's Orders.

## II.

## ARGUMENT

The Court possesses inherent power to enforce its Orders though contempt proceedings. *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1302 (11th Cir. 1991). A party commits contempt when, with knowledge of a court's definite and specific order, he fails to perform or refrain from performing what is required of him in the order. *SEC v. First Financial Group of Texas, Inc.,* 659 F2d 660, 669 (5th Cir. 1981). The Defendants' conduct in failing to turnover to the Receiver the identity of the entities they own or control is contumacious and merits a coercive sanction.

## III.

## CONCLUSION

The information the Receiver is requesting from Defendants Asher and Batashvili is critical and every day that goes by without Defendants disclosing this information hurts the receivership. Indeed, the Orders include specific provisions to insure the Receiver is able to obtain from Defendants Asher and Batashvili information relating to the Defendants and Relief Defendants and the entities they own or control. By disregarding the Orders, the Defendants are blatantly violating the terms of this Court's Orders without excuse. In order to maintain the integrity of its own Orders, and to insure that this Court's Orders are not casually disregarded, this Court should order Defendants Asher and Batashvili to appear in person before the Court and show cause as to why they each should not be held in civil contempt for violating the Orders. Moreover, the Receiver requests the Court at such hearing to find Defendants Asher and

Batashvili in civil contempt and order that they be incarcerated at the nearest federal detention facility until such time as they comply with the Court's Orders.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court enter an emergency order scheduling a hearing at which Defendants Asher and Batashvili are ordered to appear and show just cause why they should not be held in contempt of court for their failure to comply with the Orders of this Court; that upon such hearing the Court order that Defendants Asher and Batashvili be incarcerated until such time as the comply with the Court's Orders, and grant such other and further relief, to which the Receiver may be justly entitled.

> Respectfully submitted,
> **SCHEEF & STONE, L.L.P.**
>
> By:  */s/ Peter Lewis*
> Peter Lewis
> Texas State Bar No.12302100
> Peter.lewis@solidcounsel.com
>
> 500 N. Akard Street, Suite 2700
> Dallas, Texas 75201
> (214) 706-4200 – Telephone
> (214) 706-4242 – Telecopier
>
> **ATTORNEY FOR RECEIVER
> KELLY M. CRAWFORD**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2020, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

> */s/ Peter Lewis*
> **PETER LEWIS**