UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>ALABAMA SECURITIES COMMISSION, STATE OF ALASKA, ARIZONA CORPORATION COMMISSION, CALIFORNIA COMMISSIONER OF BUSINESS OVERSIGHT, COLORADO SECURITIES COMMISSIONER, STATE OF DELAWARE, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, OFFICE OF THE GEORGIA SECRETARY OF STATE, STATE OF HAWAII, SECURITIES ENFORCEMENT BRANCH, IDAHO DEPARTMENT OF FINANCE, INDIANA SECURITIES COMMISSIONER, IOWA INSURANCE COMMISSIONER DOUGLAS M. OMMEN, OFFICE OF THE KANSAS SECURITIES COMMISSIONER, KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS, MAINE SECURITIES ADMINISTRATOR, STATE OF MARYLAND EX REL MARYLAND SECURITIES COMMISSIONER, ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN, MISSISSIPPI SECRETARY OF STATE, NEBRASKA DEPARTMENT OF BANKING & FINANCE, OFFICE OF THE NEVADA SECRETARY OF STATE, NEW MEXICO SECURITIES DIVISION, THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, OKLAHOMA DEPARTMENT OF SECURITIES, SOUTH CAROLINA ATTORNEY GENERAL, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA DEPARTMENT OF LABOR & REGULATION, DIVISION OF INSURANCE, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE, | Case No.: 3-20-CV-2910-L<br><br>Judge: Judge Sam A. Lindsay |

| | |
|---|---|
| **STATE OF TEXAS, WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS, WEST VIRGINIA SECURITIES COMMISSION, AND STATE OF WISCONSIN.** <br><br> Plaintiffs, <br><br> v. <br><br> **TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI,** <br><br> Defendants; <br><br> and <br><br> **TOWER EQUITY, LLC,** <br><br> Relief Defendant. | |

**MOTION FOR ORDER GOVERNING THE ADMINISTRATION OF THE RECEIVERSHIP, PROCEDURES GOVERNING THE SALE OR ABANDONMENT OF PERSONAL PROPERTY, NOTICE OF INTENDED SALE AND DISPOSITION OF <u>VARIOUS ITEMS, FEE APPLICATION PROCEDURES AND BRIEF IN SUPPORT</u>**

# **TABLE OF CONTENTS**

FACTS ........................................................................................................................................5

AUTHORITIES............................................................................................................................8

REQUESTED PROCEDURES...................................................................................................9

    A.  General Procedures Governing the Receivership................................................................9

        1.  Notice and Service Procedures ........................................................................9

    B.  Procedures for Sale of Personal Property........................................................................10

        1.  Private Sale.....................................................................................................10

        2.  Auction...........................................................................................................11

        3.  Abandonment .................................................................................................12

        4.  Notice of Intended Disposition......................................................................13

        5.  Execution of Certificates of Title...................................................................14

    C.  Sale or Abandonment of Personal Property ....................................................................14

    D.  Procedures for Receiver's Fee and Expense Reimbursement……………….……..    15

CONCLUSION..........................................................................................................................16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Clark v. Clark*,
   58 U.S. 315, 15 L.Ed. 164 (1855) .................................................................................................. 8

*FDIC v. Bernstein*,
   786 F.Supp. 170 (E.D.N.Y. 1992) ................................................................................................. 8

*Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*,
   829 F.Supp. 82 (S.D.N.Y. 1993) ................................................................................................... 8

*FSLIC v. PSL Realty Co.*,
   630 F.2d 515 (7th Cir. 1980), *cert. denied,* 452 U.S. 961, 69 L.Ed.2d 971, 101
   S.Ct. 319 (1981) ............................................................................................................................ 8

*Gaskill v. Gordon*,
   27 F.3d 248 (7th Cir. 1994) .......................................................................................................... 8

*SEC v. Hardy*,
   803 F.2d 1034 (9th Cir. 1986) ...................................................................................................... 8

*SEC v. Safety Fin. Service, Inc.*,
   674 F.2d 368 (5th Cir. 1982) ........................................................................................................ 8

Kelly Crawford, as the court appointed Receiver, respectfully moves the Court as follows:

## FACTS

1. On September 22, 2020, Plaintiffs Commodity Futures Trading Commission ('CFTC"), Alabama Securities Commission, State of Alaska, Arizona Corporation Commission, California Commissioner of Business Oversight, Colorado Securities Commissioner, State of Delaware, State of Florida, Office of the Attorney General and State of Florida, Office of Financial Regulation, Office of the Georgia Secretary of State, State of Hawaii, Securities Enforcement Branch, Idaho Department of Finance, Indiana Securities Commissioner, Iowa Insurance Commissioner Douglas M. Ommen, Office of the Kansas Securities Commissioner, Kentucky Department of Financial Institutions, Maine Securities Administrator, State of Maryland Ex Rel the Maryland Securities Commissioner, Attorney General Dana Nessel on Behalf of the People of Michigan, Mississippi Secretary of State, Nebraska Department of Banking & Finance, Office of the Nevada Secretary of State, New Mexico Securities Division, The People of the State of New York by Letitia James, Attorney General of the State of New York, Oklahoma Department of Securities, South Carolina Attorney General and South Carolina Secretary of State, South Dakota Department of Labor & Regulation, Division of Insurance, Commissioner of the Tennessee Department of Commerce and Insurance, State of Texas, Washington State Department of Financial Institutions, West Virginia Securities Commission, and State of Wisconsin( collectively "Plaintiffs") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief against Defendants TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., (collectively "Metals"), Barrick Capital, Inc. ("Barrick") and their principals, Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher ("Asher"), and Simon Batashvili ("Batashvili") and Relief Defendant Tower Equity, LLC. ("Tower") (Docket Entry ("D.E.") #2).

2. Contemporaneously with the filing of the Complaint, Plaintiffs moved the Court on an emergency, *ex parte* basis, for an order, pursuant to Section 6c(a) of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 13a-1 (2018) and in accordance with Federal Rule of Civil Procedure 65, that: (a) freezes the assets of Defendants and Relief Defendant, (b) grants the CFTC and the States immediate access to the books, records, and other documents of the above styled defendants and the Relief Defendant (individually and/or collectively as the case may be, the "Defendants") and the authority to inspect and copy such records; (c) appoints a temporary receiver; and (d) grants Plaintiffs' motion for expedited discovery in advance of a preliminary injunction hearing. (D.E. # 4-6; 11-12; 16).

3. On September 22, 2020, the Court granted Plaintiffs' motion for emergency relief and entered a Statutory Restraining Order ("SRO") (D.E. #16) that, amongst other things, appointed Kelly Crawford of Scheef & Stone, LLP as "Temporary Receiver" for Defendants and Relief Defendant.

4. On October 5, 2020, the Court continued the hearing on Plaintiffs' application for a preliminary injunction to October 27, 2020 and directed that SRO remain in full force and effect until to October 27, 2020 at 5 p.m. (D.E. #148).

5. On October 14 2020, that certain Consent Order of Preliminary Injunction and other Equitable Relief Against TMTE, Inc., a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC ("Entitles Consent Order") (D.E. #164) and Consent Order of Preliminary Injunction and other Equitable Relief Against Defendants Lucas Thomas ERB a/k/a Luke Asher and Simon Batashvili ("Individuals Consent Order") (D.E.#165) were entered by the Court (the Consent Entity Injunction and Consent Individual Injunction, individually and/or collectively as the case may be, the "Receivership Orders").

6. The Receivership Orders appointed Mr. Crawford as the "Receiver" (See Entity Consent Order, Section V, ¶ 27; See Individuals Consent Order, Section V, ¶ 27)

Section V, ¶ 27) and authorized directed him to take possession and custody of inter alias all funds,

assets, property and all other assets owned beneficially or otherwise of the Receivership Defendants. See Entities Consent Order, Section VII, ¶ 31; See Individuals Consent Order, Section VII, ¶ 31.

7. In addition, the Receivership Orders provided that the "directions, authorizations, duties, and powers of the Temporary Receiver under the SRO are granted in full to the Receiver, Kelly Crawford, and incorporated in full herein as part of the (Receivership Orders)." See Entities Consent Order, Section V, ¶ 29; see Individuals Consent Order, Section V, ¶ 29.

8. Obtaining court approval and direction regarding certain procedural or administrative matters at the outset of the Receivership and as the Receivership progresses, preserves receivership assets and ensures that the Receiver conducts the Receivership in accordance with the Court's instructions. Accordingly, the Receiver requests that the Court enter the proposed Order Governing Administration of the Receivership, etc., which, as described below, includes: (a) procedures for further proceedings in this receivership; and (b) procedures for giving notice.

9. Further, in accordance with the Receivership Orders, the Receiver has located and taken actual or constructive possession of certain personal property owned by Defendants and anticipates that in the future he may acquire additional property owned or controlled by the Defendants ("Personal Property"). In accordance with the various provisions of the Receivership Orders as outlined below, the Receiver requests entry of an order setting forth the specific methods and procedures, prospectively, by which the Personal Property may be sold, so as to avoid burdening the court with otherwise routine matters. The Receiver additionally requests specific authority to sell, abandon, store, or destroy specific Personal Property and documents located in various locations used or controlled by the Receivership Defendants as further described below and for specific procedures governing Receiver fee and/or expense reimbursements.

## AUTHORITIES

A receiver is neither plaintiff nor defendant, but instead, acts as the Court's agent with respect to the administration of property. *Clark v. Clark*, 58 U.S. 315, 331, 15 L.Ed. 164 (1855); *FSLIC v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980), *cert. denied,* 452 U.S. 961, 69 L.Ed.2d 971, 101 S.Ct. 319 (1981)("Receiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court"); *Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*, 829 F.Supp. 82, 85 (S.D.N.Y. 1993). The orders of the appointing court are the sole source of a receiver's authority, and receivers are therefore authorized to petition the appointing court on matters related to the administration of the receivership. *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994); *PSL Realty Co.*, 630 F.2d at 521.

Cases discussing administration of equity receiverships are sparse and generally limited to the facts involved in each particular case. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). Nonetheless, two basic principles are recognized in most receivership proceedings. First, district courts are given "extremely broad" discretion in determining "the appropriate procedures to be used in its administration." *FDIC v. Bernstein,* 786 F.Supp. 170, 177 (E.D.N.Y. 1992); *Hardy*, 803 F.2d at 1037; *SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982) ("Any action by a trial court supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse"). Second, "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy,* 803 F.2d at 1038. Accordingly, "reasonable procedures instituted by the district court that serve [these] purpose[s]" are generally upheld. *Id.* Further, identical procedures have been authorized by other Judges in the Northern District.

## REQUESTED PROCEDURES

The Receiver's goals include operation of the Receivership with the greatest efficiency possible so as to preserve assets for the eventual distribution to the investors and creditors. In this regard, the Receiver proposes use of the following procedures generally.

A.   **GENERAL PROCEDURES GOVERNING THE RECEIVERSHIP**

   1.   **Notice and Service Procedures**.  The service and notice procedures outlined below ensure timely notice of all proceedings to all interested parties, but also allow the Court to grant relief requested in motions for which no objections are filed, or to set hearings, as necessary, on an expedited basis.  Establishing these procedures also accelerates the administration of the Receivership and in all likelihood provides for an earlier termination of the Receivership. These notice procedures do not eliminate the requirement that the Receiver confer with all parties in advance of filing any motion. The Receiver requests the following provisions govern notice of all motions filed by the Receiver:

   a.   If no objections to any motion filed by the Receiver are filed within seven (7) days of the service of the motion, the Receiver will file with the Court a Notice of No Objection, in which case the Court may, if it agrees with the relief sought, enter the proposed order *sua sponte*, or set the matter for hearing.

   b.   If an objection is filed and served within seven (7) days of service of the motion, or if the Receiver anticipates that such an objection will be filed or believes that a hearing is appropriate, the Receiver will obtain a hearing date from the Court and issue and serve, a Notice of Hearing setting the matter for hearing before the Court, serving Notice of Hearing upon all persons as reflected on the docket who have appeared in the case, at least seven (7) days prior to the hearing.

B.        PROCEDURES FOR SALE OF PERSONAL PROPERTY

The Receiver recommends selling all Personal Property currently in his possession or hereafter acquired in accordance with the procedures set forth herein. The receivership estate will suffer unnecessary delay and expense if the Receiver files a motion with this Court each time, he seeks to sell an item of Personal Property. Additionally, the Receiver seeks to avoid burdening the Court with routine and ministerial receivership matters if an acceptable procedure for disposition of the Personal Property can be established. Based on the Receiver's review and analysis of the contents of the known Beverly Hills, California residences and offices of the Defendants, he has concluded that some personal property items in those locations have little or no value but will result in significant cost to the receivership estate if moved and stored. Accordingly, the Receiver proposes disposing of any item of Personal Property that exceeds $1,500 in value in accordance with one of the following procedures: Private Sale, Auction or Abandonment.

With respect to all manners of sale listed below, none of the parties to this lawsuit or the Receiver, their agents, assigns, or employees may purchase any of the Personal Property or receive any such property through abandonment or otherwise.

1.        **<u>Private Sale</u>**

The Receiver seeks authorization to liquidate at a private sale or sales of any Personal Property in the possession of the Receiver in accordance with the following procedures:

a.        The Receiver shall sell any Personal Property at a private sale or sales conducted by the Receiver or his staff or agents at which the Personal Property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as E-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver. The Personal Property need not

be sold for the asking price but may be sold at any price at or above the reserve price.

        b.    The Receiver will conduct the private sale or sales in a location or locations and provide such advertising as in the opinion of the Receiver is appropriate, if any, given the nature and condition of the property to be sold. Sales on E-Bay, or other similar public forums are specifically authorized, as deemed appropriate in the Receiver's discretion. Sales of certain intangible property, if any, will also be sold in accordance with any specific limitations or rules imposed by any applicable governing body.

        c.    Notice of terms of the proposed sale shall be filed with the Court at least seven (7) days before transferring title, possession, or other indicia of ownership in the property. If no bids exceeding the notice sale amount by at least 10% are received within seven (7) days of the date on which the notice is filed, the Receiver may thereafter finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale. If one or more bids exceeding the notice sale amount by at least 10% are received within seven (7) days of the date on which the notice is filed, the Receiver is authorized to thereafter finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale to the highest bidder.

        d.    The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

    2.    **<u>Auction</u>**

In lieu of, or in addition to, a private sale, the Receiver seeks authorization to liquidate at a public or private auction Personal Property in the possession of the Receiver in accordance with the following procedures:

        a.    The Receiver shall determine, in his discretion, which Personal Property should be sold by auction so as to obtain the highest net return on the Personal Property. The Receiver shall sell the Personal Property to the highest bidder at a public auction conducted by an

established auctioneer, or by private auction as conducted in the Receiver's discretion to maximize the sales proceeds provided that notice of any such public or private auction of any Personal Property the Receiver has determined is owned by an individual defendant shall be provided via email to counsel for the Defendants Batashvili and Asher at arnoldspencer75225@gmail.com. The Receiver will provide such advertising, if any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

    b.  The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

    c.  Notice of the terms of the sale will not be included in the Receiver's periodic reports to the Court, although the net proceeds received from any auction and a general description of the Personal Property sold by auction will be reported.

  3.  **Abandonment**

The Receiver believes that a significant amount of Personal Property located in Beverly Hills, California owned, leased and/or utilized by the Receivership Defendants has no value. Moving and storing the items will result in substantial expenses to the Estate. Accordingly, the Receiver requests permission to abandon certain Personal Property, including, but not limited to, any Personal Property found or located in Beverly Hills, California. in his discretion provided that counsel for Defendants Batashvili and Asher shall receive at least five (5) days prior written notice via email to counsel for the Defendants Batashvili and Asher at arnoldspencer75225@gmail.com of any proposed abandonment of Personal Property the Receiver has determined is owned by an individual defendant. In the event the Receiver is unable to sell an item of Personal Property pursuant to the procedures described herein, or if the Receiver believes in good faith that the property is valued at less than $1,500 and the Receiver believes costs associated with an attempted sale or the costs of moving and storage will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction provided that if the interest held by the

Receiver is that of a lessee, or if the Personal Property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the Personal Property, the Receiver may surrender the property to the lessor or creditor in exchange for the value, if any, of the interest held by the Receiver. The Receiver will include the description of any such abandoned property in his Final Report.

### 4. Notice of Intended Disposition

The Receiver requests approval of the following notice procedures regarding sale or abandonment of any personal property.

1. At least ten days prior to any sale or abandonment, the Receiver shall file a written Notice of the intended sale or abandonment of item of personal property valued above $1,500[1]. The notice shall describe the property to be sold or abandoned and the manner in which it will be sold or abandoned.

2. The Receiver will also serve by ECF notification or email the written Notice described above on every person who has made a written request to the Receiver and has provided an email address for notice purposes. The Receiver may in his discretion provide additional notice as he deems appropriate.

3. Any person who wishes to object to the proposed sale or abandonment, shall file a written motion with this Court setting forth the objection and shall file and serve the motion on the Receiver not more than five days after mailing of the Notice by the Receiver.

4. If no objection is timely filed and served, the Receiver may sell or abandon the property without further order of the Court in accordance with these procedures and as described in the Notice.

---

[1] To avoid the time and cost in describing property with little or no value, the Receiver requests that the Court not require any notice prior to sale or abandonment of any item valued at less than $1,500.

5. If an objection is timely filed and served, the proposed sale or abandonment shall not be completed until the motion setting forth the objection has been decided by the Court.

6. Additionally, any person may submit to the Court a written offer for the Personal Property the Receiver seeks to sell or abandon. If the offer is submitted to the Court within five days from the date the Notice of Sale is filed and is at least ten percent greater than the amount of the sale included in the Notice of Sale, the person submitting the increased offer shall be entitled to purchase the property described in the Notice of Sale, without further order of the Court.

5. **Execution of Certificates of Title**

The Receiver also requests authorization to execute any certificate of title, assignment, bill of sale, or any other document necessary to effectuate the transfer of title to any personal property sold pursuant to the procedures outlines above.

C. **SALE OR ABANDONMENT OF REAL PROPERTY**

To date, the Receiver has identified several parcels of real property that appear to be concentrated in the Philadelphia, Pennsylvania area owned by one or more of the Receivership Defendants. The property may be subject to a mortgage, however, and may lack any equity. Continued control and possession of any real property ("Real Property") owned by one or more of the Receivership Defendants may obligate the Receivership Estate to pay insurance premiums for the property as well as other expenses, such as utilities. In the event the Receiver determines that a sale cannot be conducted as required by 28 U.S.C. § 2001 with the result of a net benefit to the Receivership Estate, he requests permission to abandon any interest in such property to the lienholder. The basis for the Receiver's analysis in making such a determination will be included in the Receiver's reports. Sale of any real estate, if any, will be conducted pursuant to 28 U.S.C. § 2001 with further motions and notices filed and published as required by that statute.

### D.        PROCEDURES FOR RECEIVER'S FEE AND EXPENSE REIMBURSEMENT

The Receiver shall submit to the Plaintiffs and any counsel of record for the Individual Defendants itemized statements of services rendered to, and costs incurred or expended on behalf of the Receivership, no less than three (3) business days prior to filing any fee petition for payment of the fees and expenses detailed in such statement(s).  The itemized statements submitted to counsel for the Individual Defendants may be redacted as necessary to preserve privilege and confidentiality.  The Receiver shall seek authorization of the Court to pay from Receivership Assets the reasonable and necessary fees and expenses of the Receiver, or his attorneys or accountants, by filing a fee petition to authorize such payment, which fee petition shall not be required to include as exhibits the itemized statements of services rendered to, and costs incurred or expended on behalf of the Receivership, provided that the fee petition includes a statement that anyone desiring additional information concerning the services and costs to be paid under the fee petition may obtain redacted information from the Receiver by delivering to the Receiver (Kelly Crawford at kelly.crawford@solidcounsel.com) and the Receiver's counsel (Scheef & Stone, L.L.P. Attn: Peter C. Lewis at peter.lewis@solidcounsel.com), a written request specifying the additional information requested within five (5) business days of the filing of the fee application. Upon request of the Court, the Receiver shall make available for in camera review by the Court, the unredacted statements and supporting documentation for the services and costs to be paid under the fee application pay motion or petition.  The first such petition shall be filed no later than November 30, 2020, and subsequent fee petitions shall be filed at regular intervals (of no less than 30 days) thereafter.  The Plaintiffs and the Individual Defendants shall have the right to object to any fee petition made by the Receiver within five (5) business days of the filing of any fee application.  In the event no objection is filed by the Plaintiffs or Individual Defendant within such period, the Receiver shall be authorized to pay the fees and expenses detailed in the petition from Receivership Assets.

## CONCLUSION

The Receiver believes the procedures described above are in the best interests of the receivership estate.

**WHEREFORE, PREMISES CONSIDERED**, the Receiver respectfully prays that the Court consider each matter requested above, and that the Court grant such relief, and such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

By: */s/ Peter C. Lewis*
Peter C. Lewis
State Bar No. 12302100
**SCHEEF & STONE, L.L.P.**
500 North Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242
peter.lewis@solidcounsel.com

**COUNSEL FOR RECEIVER
KELLY CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the Receiver conferred with counsel for the Plaintiff U.S. Commodity Futures Trading Commission, which has been coordinating the response of the other Plaintiffs, and it has no objection to the relief sought. In addition, the undersigned conferred with counsel for the Defendants who confirmed that his clients are opposed to the relief requested herein.

/s/Peter C. Lewis
PETER C. LEWIS

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 27th, 2020, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court for service of the foregoing document upon all counsel of record in the above styled action.

/s/ Peter C. Lewis
PETER C. LEWIS