UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>ALABAMA SECURITIES COMMISSION, STATE OF ALASKA, ARIZONA CORPORATION COMMISSION, CALIFORNIA COMMISSIONER OF BUSINESS OVERSIGHT, COLORADO SECURITIES COMMISSIONER, STATE OF DELAWARE, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, OFFICE OF THE GEORGIA SECRETARY OF STATE, STATE OF HAWAII, SECURITIES ENFORCEMENT BRANCH, IDAHO DEPARTMENT OF FINANCE, INDIANA SECURITIES COMMISSIONER, IOWA INSURANCE COMMISSIONER DOUGLAS M. OMMEN, OFFICE OF THE KANSAS SECURITIES COMMISSIONER, KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS, MAINE SECURITIES ADMINISTRATOR, STATE OF MARYLAND EX REL MARYLAND SECURITIES COMMISSIONER, ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN, MISSISSIPPI SECRETARY OF STATE, NEBRASKA DEPARTMENT OF BANKING & FINANCE, OFFICE OF THE NEVADA SECRETARY OF STATE, NEW MEXICO SECURITIES DIVISION, THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, OKLAHOMA DEPARTMENT OF SECURITIES, SOUTH CAROLINA ATTORNEY GENERAL, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA DEPARTMENT OF LABOR & REGULATION, DIVISION OF INSURANCE, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE, | Case No.: 3-20-CV-2910-L<br><br>Judge: Judge Sam A. Lindsay |

| | |
|---|---|
| STATE OF TEXAS, WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS, WEST VIRGINIA SECURITIES COMMISSION, AND STATE OF WISCONSIN.<br><br>Plaintiffs,<br><br>v.<br><br>TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI,<br><br>Defendants;<br><br>and<br><br>TOWER EQUITY, LLC,<br><br>Relief Defendant. | |

### ORDER GOVERNING THE ADMINISTRATION OF THE RECEIVERSHIP, PROCEDURES GOVERNING THE SALE OR ABANDONMENT OF PERSONAL PROPERTY, NOTICE OF INTENDED SALE, DISPOSITION OF VARIOUS ITEMS AND <u>FEE APPLICATION PROCEDURES</u>

This matter having come on before the Court pursuant to the filing by the Receiver, Kelly Crawford (the "Receiver"), of his Motion for Order Governing the Administration of the Receivership, Procedure, Governing the Sale or Abandonment of Personal Property, Notice of Intended Sale and Disposition of Various Items and Brief in Support ("Motion") and it appearing to the Court that the relief sought pursuant to Motion should be granted as set forth below,

IT IS HEREBY ORDERD, ADJUDGED AND DECREED AS FOLLOWS:

A.     **GENERAL PROCEDURES GOVERNING THE RECEIVERSHIP**

    1.     <u>**Notice and Service Procedures**</u>

        a.     If no objections to any motion filed by the Receiver are filed within seven (7) days of the service of the motion, the Receiver will file with the Court a Notice of No Objection, in which case the Court may, if it agrees with the relief sought, enter the proposed order *sua sponte*, or set the matter for hearing.

        b.     If an objection is filed and served within seven (7) days of service of the motion, or if the Receiver anticipates that such an objection will be filed or believes that a hearing is appropriate, the Receiver will obtain a hearing date from the Court and issue and serve, a Notice of Hearing setting the matter for hearing before the Court, serving Notice of Hearing upon all persons as reflected on the docket who have appeared in the case, at least seven (7) days prior to the hearing.

B.     **PROCEDURES FOR SALE OF PERSONAL PROPERTY**

    1.     <u>**Private Sale**</u>

        a.     The Receiver shall sell any Personal Property (as defined in the Motion) at a private sale or sales conducted by the Receiver or his staff or agents at which the Personal Property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as E-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver. The Personal Property need not be sold for the asking price but may be sold at any price at or above the reserve price.

        b.     The Receiver will conduct the private sale or sales in a location or locations and provide such advertising as in the opinion of the Receiver is appropriate, if any, given the nature and condition of the property to be sold. Sales on E-Bay, or other similar public forums are

specifically authorized, as deemed appropriate in the Receiver's discretion. Sales of certain intangible property, if any, will also be sold in accordance with any specific limitations or rules imposed by any applicable governing body.

      c.    Notice of terms of the proposed sale shall be filed with the Court at least seven (7) days before transferring title, possession, or other indicia of ownership in the property. If no bids exceeding the notice sale amount by at least 10% are received within seven (7) days of the date on which the notice is filed, the Receiver may thereafter finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale. If one or more bids exceeding the notice sale amount by at least 10% are received within seven (7) days of the date on which the notice is filed, the Receiver is authorized to thereafter finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale to the highest bidder.

      d.    The Receiver shall pay from the Receivership Assets (as defined or referred to in the Motion all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

**2.**    **<u>Auction</u>**

      a.    The Receiver shall determine, in his discretion, which Personal Property should be sold by auction so as to obtain the highest net return on the Personal Property. The Receiver shall sell the Personal Property to the highest bidder at a public auction conducted by an established auctioneer, or by private auction as conducted in the Receiver's discretion to maximize the sales proceeds provided that notice of any such public or private auction of any Personal Property the Receiver has determined is owned by an individual defendant shall be provided via email to counsel for the Defendants Batashvili and Asher at arnoldspencer75225@gmail.com. The Receiver will provide such advertising, if any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

    b.  The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

    c.  Notice of the terms of the sale will not be included in the Receiver's periodic reports to the Court, although the net proceeds received from any auction and a general description of the Personal Property sold by auction will be reported.

  **3.**  **<u>Abandonment</u>**

    The Receiver believes that a significant amount of Personal Property located in Beverly Hills, California owned, leased and/or utilized by the Receivership Defendants has no value. Moving and storing the items will result in substantial expenses to the Estate. Accordingly, the Receiver requests permission to abandon certain Personal Property in his discretion. In the event the Receiver is unable to sell an item of Personal Property, including, but not limited to, any Personal Property found or located in Beverly Hills, California. in his discretion provided that counsel for Defendants Batashvili and Asher shall receive at least five (5) days prior written notice via email to counsel for the Defendants Batashvili and Asher at arnoldspencer75225@gmail.com of any proposed abandonment of Personal Property the Receiver has determined is owned by an individual defendant. In the event the Receiver is unable to sell an item of Personal Property pursuant to the procedures described herein, or if the Receiver believes in good faith that the property is valued at less than $1,500 and the Receiver believes costs associated with an attempted sale or the costs of moving and storage will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction provided that if the interest held by the Receiver is that of a lessee, or if the Personal Property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the Personal Property, the Receiver may surrender the property to the lessor or creditor in exchange for the value, if any, of the interest held by the Receiver. The Receiver will include the description of any such abandoned property in his Final Report.

### 4. Notice of Intended Disposition

1. At least ten days prior to any sale or abandonment, the Receiver shall file a written Notice of the intended sale or abandonment of item of personal property valued above $1,500[1]. The notice shall describe the property to be sold or abandoned and the manner in which it will be sold or abandoned.

2. The Receiver will also serve by ECF notification or email, the written Notice described above on every person who has made a written request to the Receiver and has provided an email address for notice purposes.

3. The Receiver may in his discretion provide additional notice as he deems appropriate.

4. Any person who wishes to object to the proposed sale or abandonment, shall file a written motion with this Court setting forth the objection and shall file and serve the motion on the Receiver not more than five days after mailing of the Notice by the Receiver.

5. If no objection is timely filed and served, the Receiver may sell or abandon the property without further order of the Court in accordance with these procedures and as described in the Notice.

6. If an objection is timely filed and served, the proposed sale or abandonment shall not be completed until the motion setting forth the objection has been decided by the Court.

7. Additionally, any person may submit to the Court a written offer for the Personal Property the Receiver seeks to sell or abandon. If the offer is submitted to the Court within five days from the date the Notice of Sale is filed and is at least ten percent greater than the amount of the sale included in the Notice of Sale, the person submitting the increased offer shall be entitled

---

[1] To avoid the time and cost in describing property with little or no value, no notice will be required prior to sale or abandonment of any item valued at less than $1,500.

**ORDER GOVERNING THE ADMINISTRATION OF THE RECEIVERSHIP**         **P a g e  6 | 8**

to purchase the property described in the Notice of Sale, without further order of the Court.

5. **Execution of Certificates of Title**

The Receiver is authorized to execute any certificate of title, assignment, bill of sale, or any other document necessary to effectuate the transfer of title to any Personal Property sold pursuant to the procedures outlines above.

C. **SALE OR ABANDONMENT OF REAL PROPERTY**

In the event the Receiver determines that a sale of any Real Property (as defined in the Motion) cannot be conducted as required by 28 U.S.C. § 2001 with the result of a net benefit to the to the Receivership Estate, the Receiver is authorized to abandon any interest in such property to the lienholder; provided further that the sale of any Real Estate will be conducted pursuant to 28 U.S.C. § 2001 with further motions and notices filed and published as required by that statute.

D. **PROCEDURES FOR RECEIVER'S FEE AND EXPENSE REIMBURSEMENT**

The Receiver shall submit to the Plaintiffs and any counsel of record for the Individual Defendants itemized statements of services rendered to, and costs incurred or expended on behalf of, the Receivership, no less than three (3) business days prior to filing any fee petition for payment of the fees and expenses detailed in such statement(s). The itemized statements submitted to counsel for the Individual Defendants may be redacted as necessary to preserve privilege and confidentiality. The Receiver shall seek authorization of the Court to pay from Receivership Assets the reasonable and necessary fees and expenses of the Receiver, or his attorneys or accountants, by filing a fee petition to authorize such payment, which fee petition shall not be required to include as exhibits the itemized statements of services rendered to, and costs incurred or expended on behalf of, the Receivership, provided that the fee petition includes a statement that anyone desiring additional information concerning the services and costs to be paid under the fee petition may obtain redacted information from the Receiver by delivering to the Receiver (Kelly Crawford at kelly.crawford@solidcounsel.com) and the Receiver's

counsel (Scheef & Stone, L.L.P. Attn: Peter C. Lewis at peter.lewis@solidcounsel.com), a written request specifying the additional information requested within five (5) business days of the filing of the fee application. Upon request of the Court, the Receiver shall make available for in camera review by the Court, the unredacted statements and supporting documentation for the services and costs to be paid under the fee application pay motion or petition. The first such petition shall be filed no later than November 30, 2020, and subsequent fee petitions shall be filed at regular intervals (of no less than 30 days) thereafter. The Plaintiffs and the Individual Defendants shall have the right to object to any fee petition made by the Receiver within five (5) business days of the filing of any fee application. In the event no objection is filed by the Plaintiffs or Individual Defendant within such period, the Receiver shall be authorized to pay the fees and expenses detailed in the petition from Receivership Assets.

SO ORDERED

SIGNED this ___ day of October 2020

_____
**UNITED STATES DISTRICT JUDGE**