IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, e*t al.* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § § | |

**RECEIVER'S EMERGENCY MOTION FOR "SHOW CAUSE" HEARING
TO HOLD GOOGLE, INC. IN CIVIL CONTEMPT**

COMES NOW, Kelly M. Crawford ("Receiver") and respectfully requests the Court to schedule a hearing for Google, Inc. ("Google") to appear, by and through its Chief Executive Officer Sundar Pichai, before this Court and show cause as to why Google should not be held in civil contempt for its failure to comply with the clear orders of this Court. In support thereof, the Receiver respectfully shows the Court as follows:

**I.
FACTUAL BACKGROUND**

1.    On September 22, 2020, this Court entered an *Order Granting Plaintiff's Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of a Temporary*

*Receiver, and Other Equitable Relief* (the "SRO") [Docket No. 16]. Pursuant to the SRO, this Court appointed Kelly M. Crawford as Receiver of the assets of the Defendants and Relief Defendant. Further, and critical to the Motion at bar, this Court vested the Receiver with certain authority to recover assets and investigate claims.

2. Thereafter, on September 28, 2020, counsel for the Receiver served a copy of the *SRO* on Google, Inc.[1] Enclosed with the SRO served on Google, Inc. was a demand letter that requested Google to "promptly deliver to the Receiver the necessary information to access the Receivership Defendants' accounts with [Google] including but not limited to all user id's, passwords, and any other information related to complete access and rights to Receivership Defendants' accounts."[2]

3. On October 5, 2020, this Court entered an Order extending the SRO [Docket No. 148].

4. As to the Receiver's initial correspondence with Google, on October 7, 2020, Google tendered to the Receiver its response to the September 28, 2020, demand letter "…detail[ing] Google's position regarding the Order's directions, with which Google[cannot comply/cannot comply in full]."[3]

5. Subsequently, on October 14, 2020, this Court entered two orders: (1) *Consent Order of Preliminary Injunction and Other Equitable Relief Against TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC (the "Corporate Consent Order")* [Docket No. 164]; and (2) *Consent Order of Preliminary*

---

[1] *See Declaration of Kelly Crawford,* ¶3.
[2] *Id.*
[3] *Id.* at ¶5.

*Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili (the "Individual Consent Order")* [Docket No. 165].[4]

6. Such Orders maintain the SRO in full force and effect. *See Corporate Consent Order, ¶ 20; Individual Consent Order, ¶ 21*. In pertinent part, the *Corporate Consent Order* directs:

> Defendants Metals and Barrick and Relief Defendant Tower and **all other persons or entities** (emphasis added) served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Reiver that the Receiver deems necessary to exercising the authority as providing in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order…"

*See Corporate Consent Order*, ¶ 30. Similarly, and in pertinent part, the *Individual Consent Order* directs that:

> "Defendants Asher and Batashvili and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver."

*See Individual Consent Order*, ¶ 31.

7. The Corporate Consent Order and Individual Consent Order are pertinent to the Motion at bar because the Receivership Defendants stored critical accounting records, investor sales evidence and passwords in cloud storage – a storage space that is controlled by Google Suite.

---

[4] Note hereafter the SRO, Corporate Consent Order, and the Individual Consent Order are collectively referred to herein as the "Orders."

Therefore, it was, and remains, imperative for the Receiver to gain access to the Receivership Defendants' Google Suite. Moreover, the Receivership Defendants' Google Suite contains critical information regarding Receivership Assets including accounting records and access to sales and marketing documents.[5] Consequently, the Receiver made demand upon counsel for Batashvili to provide the Receiver with access to the Google Suite.[6] Defendant Batashvili advised the Receiver that he could not access the Google Suite due to his inability to access his laptop or recall his password which was saved on the same.[7]

8.  However, pursuant the *Individual Consent Order*, Defendant Batashvili provided a Declaration that directed:

> Google, LLC, Google, Inc. or any other entity controlling the G-Suite accounts for the Receivership Defendants to take all necessary steps to turn over control and access of any and all accounts of TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., and SIMON BATASHVILI, at Google, Inc., including all administrator accounts and access to the Receiver, Kelly Crawford.[8]

9.  Subsequently, on October 26, 2020, counsel for the Receiver replied to Google's October 7, 2020 letter and made a second demand for Google's compliance with the Orders.[9] On October 27, 2020, Google, Inc. replied to the Receiver's aforementioned demand wherein Google proposed a conference call to "discuss your requests with you with our in-house counsel present… on Friday, October 30 at 2:30 EDT// 11:30 PDT."[10] However, in light of the urgency in obtaining Google Inc.'s compliance, counsel for the Receiver made a third demand and replied that same day stating:

---

[5] *See Crawford Declaration,* ¶ 2.
[6] *Id.* at ¶ 4.
[7] *Id.*
[8] *Id.* at ¶4.
[9] *Id.* at ¶9.
[10] *Id.* at ¶6.

> We are happy to discuss any logistical issues in turning over access to the Google G-Suite business accounts to the Receiver, but we learned from the Defendants that critical information is contained in e-mails within Google's possession. Specifically the corporate e-mail accounts (domains ending in towerequity.com) contain passwords and access to the Defendants' accounting records which are urgently needed to recover investor monies which is the central direction of the Court to our client, the Receiver, and the central purpose of the Court's orders. Accordingly, and in light of the repeated requests of the Receiver we would like to schedule the call Wednesday, October 28th or Thursday, October 29th. We can be available with an hour's notice. As further support for our demand that Google comply with the Court Orders, please find enclosed a specific consent from the named Defendants and former owners directing Google to turn over access to the accounts. In light of the same, Google has no excuse or good faith basis to continue its refusal to comply with the Court orders. We look forward to receiving immediate confirmation of Google's compliance with the order.[11]

10. Notwithstanding the urgency of the Receiver's Counsel's October 26th third demand, Google, Inc. further delayed its compliance by waiting until October 29, 2020 to respond wherein Google, Inc. advised that it would not immediately confer with Counsel for the Receiver and reiterated that it remained available for a phone conference on October 30, 2020.[12] Counsel for the Receiver acquiesced and participated in a phone conference with Google, Inc. on Friday, October 30, 2020.[13]

11. Following the call, on Friday, October 30, 2020, Google, Inc. advised that it would "…escalate[] the account recovery issues you outlined on our call to the appropriate team and will update you when we have additional information."[14] To date, the Receiver is without access to the Receivership Defendants' Google accounts.

---

[11] *See Crawford Declaration,* ¶6.
[12] *Id.*
[13] *Id.* at ¶7.
[14] *Id.* at ¶8.

12. Regardless of the excuses made by Google, Inc. the fact remains that more than thirty (30) days have elapsed since the Receiver requested Google, Inc.'s compliance – compliance that simply seeks Google to provide access to the corporate receivership documents stored in the Receivership Defendants' cloud storage controlled by Google, Inc. Google, Inc. has been directed by the Receiver and the individual Defendants to comply with a simple request for access to their own accounts. The Receiver, having made multiple requests for the access, has been more than patient in waiting for Google Inc. to comply with the clear mandate of this Court's Orders.

13. Google, Inc.'s delay in providing access to the Receivership Defendants' documents entities to the Receiver can only be for the purpose of obstructing the Receiver's efforts to seize Receivership Assets and Receivership Documents in the name of such entities. Google, Inc.'s intentional delay in complying with the Court's Orders is harming the receivership estate and impairing the ability of the Receiver to recover assets – assets that are to be returned to victims.

14. In failing to comply with the Receiver's simple request for Google, Inc. to provide access to the corporate receivership documents stored in the Receivership Defendants' cloud storage controlled by Google, Inc.. Moreover, Google, Inc. is inexcusably violating the terms of this Court's Orders. Indeed, it is thumbing its nose at this Court in complete disrespect for the authority of this Court. Accordingly, the Receiver moves the Court on an emergency basis for an order setting a hearing compelling Google, Inc.'s Chief Executive Officer, Sundar Pichai, to appear in person before the Court and "show cause" as to why Google, Inc. should not be held in civil contempt for its failure to comply with the Court's Orders.

## II.
### ARGUMENT

15. The Court possesses inherent power to enforce its Orders though contempt proceedings. *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1302 (11th Cir. 1991).

A party commits contempt when, with knowledge of a court's definite and specific order, he fails to perform or refrain from performing what is required of him in the order. *SEC v. First Financial Group of Texas, Inc.,* 659 F2d 660, 669 (5th Cir. 1981). Google's conduct in failing to turnover to the Receiver provide access to the corporate receivership documents stored in the Receivership Defendants' cloud storage controlled by Google is contumacious and merits a coercive sanction.

### III.
### CONCLUSION AND PRAYER

16. The information the Receiver is requesting from Google, Inc. is critical and every day that goes by without Google, Inc. providing access to the corporate receivership documents stored in the Receivership Defendants' cloud storage controlled by Google, Inc. hurts the receivership. Indeed, the Orders include specific provisions to ensure the Receiver is able to obtain from Google, Inc. the very information it presently seeks. By disregarding the Orders, Google, Inc. is blatantly violating the terms of this Court's Orders without excuse. In order to maintain the integrity of its own Orders, and to insure that this Court's Orders are not casually disregarded, this Court should order Google, Inc.'s Chief Executive Officer ("CEO") to appear in person before the Court and show cause as to why Google, Inc. should not be held in civil contempt for violating the Orders. Moreover, the Receiver requests that the Court, at such hearing. find Google, Inc.'s CEO in civil contempt.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that: (*i*) the Court enter an emergency order scheduling a hearing at which Google, Inc.'s CEO Sundar Pichai is ordered to appear and show just cause as to why he should not be held in contempt of court for their failure to comply with the Orders of this Court; and (*ii*) grant such other and further relief, to which the Receiver may be justly entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By:   */s/ James Stafford, III*
James Stafford, III
Texas State Bar No. 24066974
James.Stafford@solidcounsel.com
Peter Lewis
Texas State Bar No.12302100
Peter.lewis@solidcounsel.com

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200 – Telephone
(214) 706-4242 – Telecopier

**ATTORNEYS FOR RECEIVER
KELLY M. CRAWFORD**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2020, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ James Stafford, III*
**JAMES STAFFORD, III**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* § § § § | | |
| Plaintiffs, § § | | |
| § | CIVIL ACTION NO. | |
| v. § | 3:20-CV-2910-L | |
| § § | | |
| TMTE, INC. a/l/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/l/a LUCAS ASHER a/l/a LUKE ASHER, and SIMON BATASHVILI, § § § § § § | | |
| Defendants, § § | | |
| TOWER EQUITY, LLC, § § | | |
| Relief Defendant. § § | | |

### DECLARATION OF RECEIVER KELLY CRAWFORD

My name is Kelly M. Crawford, I am over 18 years of age, have never been convicted of any crime involving moral turpitude and I am fully competent to make this Declaration.

1. I am the Receiver appointed by this Court by an *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SRO")* entered on September 22, 2020 in the case styled above and I have personal knowledge of each of the facts stated below.

2. During my investigation, I discovered that the Receivership Defendants stored critical accounting records, investor sales evidence and passwords in cloud storage – a storage space that is controlled by Google Suite. Accordingly, it is imperative for me to gain access to the Receivership Defendants' Google Suite. Moreover, the Receivership Defendants' Google

**RECEIVER'S DECLARATION** **PAGE 1**

Suite contains critical information regarding Receivership Assets including accounting records and access to sales and marketing documents.

3. On September 28, 2020, my counsel served a copy of the *SRO* on Google, Inc. enclosing a demand letter that requested Google to "promptly deliver to the Receiver the necessary information to access the Receivership Defendants' accounts with [Google] including but not limited to all user id's, passwords, and any other information related to complete access and rights to Receivership Defendants' accounts."[1]

4. I made demand upon counsel for Defendant Batashvili to deliver to me the necessary credentials to access the Receivership Defendants' Google Suite. Through counsel, Defendant Batashvili advised me that he could not access the Google Suite due to his inability to access his laptop or recall his password which was saved on the same. Instead, at my request Defendant Batashvili provided me a Declaration that directed:

> Google, LLC, Google, Inc. or any other entity controlling the G-Suite accounts for the Receivership Defendants to take all necessary steps to turn over control and access of any and all accounts of TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., and SIMON BATASHVILI, at Google, Inc., including all administrator accounts and access to the Receiver, Kelly Crawford.[2]

5. On October 7, 2020, Google, Inc. tendered a response to my September 28, 2020, demand letter refusing to provide me access to the Defendants' Google Suite.[3]

6. On October 26, 2020, my counsel replied to Google's October 7, 2020 letter and made a second demand for Google's compliance with the Orders.[4] On October 27, 2020, Google, Inc. replied proposing a conference call three days later to discuss the requests of my counsel. In

---

[1] *Exhibit A is a true and correct copy of the demand letter.*
[2] *Exhibit B.is a true and correct copy of the Declaration provided to me by Defendant Simon Batashvili.*
[3] *Exhibit C. is a true and correct copy of the response from Google, Inc.*
[4] *Exhibit D is a true and correct copy of my counsel's reply to Google, Inc.*

**RECEIVER'S DECLARATION**                                                                                      **PAGE 2**

light of the urgency in obtaining Google Inc.'s compliance, my counsel made a third demand and replied that same day stating:

> We are happy to discuss any logistical issues in turning over access to the Google G-Suite business accounts to the Receiver, but we learned from the Defendants that critical information is contained in e-mails within Google's possession. Specifically the corporate e-mail accounts (domains ending in towerequity.com) contain passwords and access to the Defendants' accounting records which are urgently needed to recover investor monies which is the central direction of the Court to our client, the Receiver, and the central purpose of the Court's orders. Accordingly, and in light of the repeated requests of the Receiver we would like to schedule the call Wednesday, October 28th or Thursday, October 29th. We can be available with an hour's notice. As further support for our demand that Google comply with the Court Orders, please find enclosed a specific consent from the named Defendants and former owners directing Google to turn over access to the accounts. In light of the same, Google has no excuse or good faith basis to continue its refusal to comply with the Court orders. We look forward to receiving immediate confirmation of Google's compliance with the order.[5]

7.  I directed my counsel to make a fourth demand to Google, Inc. on October 26, 2020. Google, Inc. continued to ignore my counsel. My counsel participated in a phone conference with Google, Inc. on Friday, October 30, 2020.

8.  Following the call, on Friday, October 30, 2020, Google, Inc. advised that it would "…escalate[] the account recovery issues you outlined on our call to the appropriate team and will update you when we have additional information." To date, Google, Inc. continues to deny giving me access to the Defendants' Google Suite, and I remain without access to critical documents of the Receivership Defendants now under the control of Google, Inc.

9.  Despite multiple demands to Google, Inc. for a period exceeding 30 days, Google, Inc. has still not provided me access to the Google Suite accounts which belong to the Receivership Defendants. I can only interpret this delay disrespect for this Court's Orders and

---

[5] *Exhibit E is a true and correct copy of the email from my counsel to Google, Inc.*

intentional obstruction of my duties as Receiver. The delay in Google, Inc.'s response with my multiple requests under the Order is damaging the receivership and the investor victims for whom the Receiver is seeking to recover assets.

10.  I declare under penalty of perjury that the foregoing is true and correct and is within my personal knowledge.

Dated:  November 6, 2020

_____
KELLY M. CRAWFORD
RECEIVER