State of California
County of Los Angeles

## Affidavit of Athena Hunter

1. My name is Athena Hunter. I am over the age of 21, am of sound mind, and am capable of being placed under oath. I have personal knowledge of the following facts and transactions contained in this affidavit and I swear and affirm that they are true and accurate.

2. I am the sole owner and interest holder of USA Accounts, Inc. Lucas Asher does not have any legal or equitable interest in USA Accounts, Inc. or any of the assets in USA Accounts, Inc. Specifically, Mr. Asher does not have any interests in the funds in the bank account at Bank of America in the name of USA Accounts, Inc.

3. Several months ago, I asked Lucas Asher to assist me with setting up a corporate entity and a bank account for that business. Mr. Asher established USA Accounts, Inc., and opened a bank account for USA Accounts, Inc. at Bank of America. Mr. Asher then transferred ownership and control of USA Accounts, Inc. and the bank account to another company I own and control, TPH Boss, Inc., on or about August 25 2020. We both executed a Stock Transfer Agreement on August 25, 2020. An authentic copy of that Stock Transfer Agreement is attached to this Affidavit as Exhibit A.

4. After Mr. Asher set up USA Accounts, Inc. and opened the bank account at Bank of America, I accepted deposits from customers for the retail metals products for sale for my business into the USA Accounts, Inc. bank account. These deposits were not associated in any way with TMTE, Inc., Chase Metals, Inc., Barrick Capital, Inc., or Lucas Asher.

5. I have paid numerous bills out of the Bank of America account. On several occasions, I asked Mr. Asher to complete the transactions. Mr. Asher remained as a signatory on the account during a transitional period as I took over the account. To be clear, even though Mr. Asher was a signatory on the account, Mr. Asher did not own any of the money in the account and was not in control of any of the money in the account. Mr. Asher does not have the authority or right to reverse these transactions or to exercise control over these funds. The money was and is property of USA Accounts, Inc., and I am the only shareholder in USA Accounts, Inc.

6. Specifically, on or about September 29, 2020, I directed Mr. Asher to pay $300,000 out of the USA Accounts, Inc. bank account to Talent Writers, LLC for search engine optimization and advertising on the internet. I also directed Mr. Asher to pay $250,000 to the Voice, Inc. as a

commission for work performed for USA Accounts, Inc. these were bills that were owed by USA Accounts, Inc. and paid by USA Accounts, Inc.

7. I previously worked as an Administrative Assistant at Metals.com. I was paid a salary. I was not a salesperson and I did not receive commissions from Metals.com.

SWORN this day of November ~~31~~ 28, 2020

Athena Hunter

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 28 st day of November, 2020.

By Athena M. Hunter

Notary Public

My commission expires:

1/27/2022

NARENDRA K. HORDAGODA
Notary Public - California
Los Angeles County
Commission # 2229623
My Comm. Expires Jan 27, 2022

State of Delaware

# STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement (this "Agreement") is made this 25 day of August, 2020, between USA ACCOUNTS, INC, located at 112 Capitol Trail suite a , Newark, DE 19711 (the "Seller") and TPH BOSS INC, located at 1201 ORANGE ST STE 600 ONE COMMERCE CENTER, WILMINGTON, DE 19801 (the "Purchaser"). The parties agree to the following:

**I. Shares.** The Seller is the owner of one thousand (1000) shares of Class Common Stock Stock (the "Stock") of USA ACCOUNTS, INC. (the "Company"), a Delaware Corporation.

**II. Purchase and Sale.** Seller agrees to sell one thousand (1000) shares to Purchaser for $1.00 per share, for a total price of $1,000.00 dollars. Seller shall deliver to Purchaser stock certificates representing this stock.

**III. Delivery.** Seller agrees to deliver the stock certificates on August 25th, 2020.

**IV. Seller's Representations.** Seller represents that:

1. The Company is in good standing under the laws of the State of Delaware.
2. The Seller is the record owner of the stock.
3. The stock is free and clear of all security interests, liens, encumbrances, equities, or other charges.
4. There are no other claims or restrictions on the Stock.
5. There is no act or omission that would give rise to any claim for commission, fees, or other payment in relation to the transaction.
6. Seller does not need approval from any officer of the corporation to sell the shares.

**V. Expenses.** The parties are responsible for their own fees, including legal counsel, accountants, and other agents incurred pursuant to this Agreement regardless of whether this Agreement is executed.

**VI. Indemnification.** The Purchaser and Seller agree to indemnify and hold harmless the other from any claim, damage, liability, loss, expense, arising out their failure to perform the obligations set forth in this agreement.

**VII. Miscellaneous**

1. **Dispute Resolution.** Any dispute arising out of or related to this Agreement that the Purchaser and Seller are unable to resolve by themselves shall be settled by arbitration in the

State of Delaware in accordance with the rules of the American Arbitration Association. The written decision of the arbitrator(s), as applicable, shall be final and binding. Judgment on a monetary award or enforcement of injunctive or specific performance relief granted by the arbitrator(s) may be entered in any court having jurisdiction over the matter.

2. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Purchaser and Seller and their respective legal representatives, heirs, administrators, executors, successors and permitted assigns.

3. **Severability.** If any provision of this Agreement is held to be invalid, illegal or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid, legal and enforceable as though the invalid, illegal or unenforceable parts had not been included in this Agreement.

4. **Governing Law.** The terms of this Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, not including its conflicts of law provisions.

5. **Headings.** The section headings herein are for reference purposes only and shall not otherwise affect the meaning, construction or interpretation of any provision in this Agreement.

6. **Entire Agreement.** This Agreement contains the entire understanding between the parties and supersedes and cancels all prior agreements, whether oral or written, with respect to such subject matter.

7. **Amendment.** This Agreement may be amended or modified only by a written agreement signed by both parties.

8. **Notices.** Any notice or other communication given or made to any party under this Agreement shall be in writing and delivered by hand, sent by overnight courier service or sent by certified or registered mail, return receipt requested, to the address in Exhibit 1 or to another address as that party may subsequently designate by notice and shall be deemed given on the date of delivery.

9. **Waiver.** No party shall be deemed to have waived any provision of this Agreement or the exercise of any rights held under this Agreement unless such waiver is made expressly and in writing. Waiver of a breach or violation of any provision of this Agreement shall not constitute a waiver of any other subsequent breach or violation.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered as of the date first written above.

_____  8-25-2020
**Purchaser Signature**

TPH BOSS INC
**Purchaser Full Name**

_____  8-25-2020
**Seller Signature**

USA ACCOUNTS, INC
**Seller Full Name**