IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION, and** <br><br> **ALABAMA SECURITIES COMMISSION, STATE OF ALASKA, ARIZONA CORPORATION COMMISSION, CALIFORNIA COMMISSIONER OF BUSINESS OVERSIGHT, COLORADO SECURITIES COMMISSIONER, STATE OF DELAWARE, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, OFFICE OF THE GEORGIA SECRETARY OF STATE, STATE OF HAWAII, SECURITIES ENFORCEMENT BRANCH, IDAHO DEPARTMENT OF FINANCE, INDIANA SECURITIES COMMISSIONER, IOWA INSURANCE COMMISSIONER DOUGLAS M. OMMEN, OFFICE OF THE KANSAS SECURITIES COMMISSIONER, KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS, MAINE SECURITIES ADMINISTRATOR, STATE OF MARYLAND EX REL MARYLAND SECURITIES COMMISSIONER, ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN, MISSISSIPPI SECRETARY OF STATE, NEBRASKA DEPARTMENT OF BANKING & FINANCE, OFFICE OF THE NEVADA SECRETARY OF STATE, NEW MEXICO SECURITIES DIVISION, THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, OKLAHOMA DEPARTMENT OF SECURITIES, SOUTH CAROLINA ATTORNEY GENERAL, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA DEPARTMENT OF LABOR & REGULATION, DIVISION OF INSURANCE, COMMISSIONER OF THE** | **Civil Action No.: 3-20-CV-2910-L** |

**Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders – Page 1**

| | |
|---|---|
| **TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE,** <br><br> **STATE OF TEXAS, WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS,** <br> **WEST VIRGINIA SECURITIES COMMISSION, AND STATE OF WISCONSIN.** <br><br> Plaintiffs, <br><br> v. <br><br> **TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI,** <br><br> Defendants, <br><br> and <br><br> **TOWER EQUITY, LLC,** <br><br> Relief Defendant. | |

## AGREED ORDER FINDING DEFENDANT LUCAS ASHER IN CONTEMPT OF THIS COURT'S ORDERS AND CONTINUANCE OF SHOW CAUSE HEARING

Before the court is the Receiver's Unopposed Motion for Entry of Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Order and Continuance of Show Cause Hearing (Doc. 215), filed December 15, 2020. The court determines that the motion should be, and is hereby, **granted**. Accordingly, the court **vacates** the hearing scheduled for Wednesday, December 16, 2020, and will reset the hearing, as necessary, after the deposition of Defendant Lucas Asher ("Defendant Asher" or "Mr. Asher").

On November 23, 2020, the Receiver filed the Receiver's Emergency Motion for Show Cause Hearing to Hold Defendant Lucas Asher in Civil Contempt, together with supporting evidence. (Doc. 195) (the "Receiver's Motion"). On November 24, 2020, the court granted the

**Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders – Page 2**

Receiver's Motion and ordered that Defendant Lucas Asher appear before the court on December 4, 2020 and show just cause as to why he should not be held in civil contempt of court. (Doc. 199). On December 4, 2020, the court conducted an evidentiary show-cause hearing at which both the Receiver and Mr. Asher testified. The court continued the hearing so that the parties could depose Athena Hunter, who provided an Affidavit relied upon by Defendant Asher at the show cause hearing. Since that recess the court has been informed as follows:

1. Defendant Asher, by his signature below, admits and confesses to the court as follows:

   a. As of September 28, 2020, Asher had actual knowledge of and was aware of the terms of the Order Granting Plaintiffs' Emergency *Ex Parte* Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SR0") issued on September 22, 2020.

   b. Prior to and after the date the SRO was issued, including on September 29, 2020, Mr. Asher controlled, had access to, and operated the USA Accounts, Inc. bank account at Bank of America. He was the sole signatory on this account from the time the account opened until December 7, 2020.

   c. Mr. Asher was the incorporator and operated and controlled USA Accounts, Inc.

   d. The USA Accounts, Inc. bank account was subject to the SRO, and the funds contained therein are properly included within the "Receivership Estate" as defined by the SRO. Therefore, Mr. Asher was enjoined from transferring any monies in the account.

   e. In violation of the SRO on September 29, 2020, Defendant Asher transferred from the USA Accounts, Inc. bank account at Bank of America the sum of $250,000 to

    The Voice, Inc., and $300,000 to Talent Writers, LLC for the payment of an invoice to USA Marketing, Inc., an entity owned and controlled by Defendant Asher.

  f. As of the date immediately prior to the entry of the SRO, and since that time, Defendant Asher has no signatory authority, ownership interest, control, access, and/or does not operate any bank account other than accounts at Balboa Bank & Trust in Panama; Capital One (personal); First Bank (Administrative Account Services, LLC); Bank of America (personal and USA Accounts, Inc.); Chase (Tower Holdings, Inc. and Best New, Inc.); and Wells Fargo (Administrative Account Services, LLC).

  g. Defendant Asher has not withdrawn, authorized, directed, ordered, accessed, or been the recipient or beneficiary of the transfer of any funds or monies in any bank account, located anywhere in the world, since issuance of the SRO, other than the two transfers from the USA Accounts, Inc. account at Bank of America confessed to as set forth above.

2. The Receivership Estate received from The Voice, Inc., a return of the $250,000 that The Voice, Inc. received from the USA Accounts, Inc. bank account at Bank of America.

3. Bank of America transferred to the Receivership Estate the sum of $172,261.83 from the Talent Writers, LLC account at Bank of America; and Talent Writers, LLC returned to the Receivership Estate the sum of $127,728.17. Therefore, the Receivership Estate has received a return of the $300,000 that was transferred by Asher on September 29, 2020 in violation of the SRO.

4. Defendant Asher agrees and consents to submitting to an asset deposition to be taken by the Receiver and the Plaintiffs.

**IT IS HEREBY ORDERED THAT:**

1. Defendant Asher is in civil contempt for violating the court's SRO.

2. The contempt has been purged, in part, by the return to the Receivership Estate of the $550,000 in monies that belonged to the Receivership Estate and that were transferred by Asher in violation of the SRO.

3. The court finds the funds at issue here are funds of the Receivership Estate.

4. In order to complete the purging of his contempt, Defendant Asher shall appear at the continued asset deposition taken by the Plaintiffs and Receiver commenced and continued on November 19, 2020 pursuant to the SRO. The parties and the Receiver will take this deposition on a mutually convenient date within the next 45 days. Mr. Asher shall provide full, complete, and accurate testimony in this asset deposition. Failure to do so will result in the court imposing sanctions on Mr. Asher as the court deems necessary and appropriate.

**It is so ordered**, this 15th day of December, 2020.

Sam A. Lindsay
United States District Judge

AGREED:

By: _____   Dated: 12-14-20
Lucas Asher

Approved as to form:

_____   Dated: 12/14/2020
Arnold A. Spencer
Counsel to Defendant Asher