IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al. | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § | |

**RECEIVER'S MOTION FOR ORDER ESTABLISHING
CLAIMS ADJUDCATION PROCESS**

Kelly M. Crawford, Receiver, moves the Court for an Order establishing a claims adjudication and distribution process for all Receivership Assets and respectfully petitions the Court as follows:

**I.
FACTUAL BACKGROUND**

1. On September 22, 2020, this Court entered an *Order Granting Plaintiff's Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief* (the "SRO") [Docket No. 16]. Pursuant to the SRO, this

1

Court appointed Kelly M. Crawford as Receiver of the assets of the Defendants and Relief Defendant.

2. Subsequently, on October 14, 2020, this Court entered two orders: (1) *Consent Order of Preliminary Injunction and Other Equitable Relief Against TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC* (the "Corporate Consent Order") [Docket No. 164]; and (2) *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili* (the "Individual Consent Order") [Docket No. 165].[1]

3. In light of the Receiver's recoveries to date, the Receiver recommends the Court establish a process for the Receiver to receive claims, make recommendations regarding the claims received, and for the Court to decide claims, which will be used for future distribution of Receivership Assets.

## II.

## RECEIVER'S RECOMMENDED CLAIMS PROCESS

4. The Receiver recommends the following claims adjudication process: The Receiver would be required to mail a written notice of the right to file a claim in the form attached as <u>Exhibit A</u> and publish in a publication with national circulation a notice of such right in the form attached as <u>Exhibit B</u>. All creditors asserting claims in the Receivership would be required to submit to the Receiver a claim on the "Proof of Creditor Claim" form attached hereto as <u>Exhibit C</u>. All investors asserting claims in the Receivership for the loss of monies associated with the purchase of metals from the Defendants, Relief Defendant, or their entities, would be

---

[1] Note hereafter the SRO, Corporate Consent Order, and the Individual Consent Order are collectively referred to herein as the "Orders."

required to submit to the Receiver a completed Confirmation in the form of Exhibit D[2]. All investors who lost monies from non-metals investments with the Defendants or Relief Defendants would be required to submit to the Receiver a completed Non-Metals Claim in the form of Exhibit E. The Receiver would then report to the Court regarding the submitted claims, and make a recommendation as to the amount, if any, to be allowed for each claim. After claimants have an opportunity to respond to the Receiver's report, the Court would conduct a hearing on any objections to the submitted claims before entering an order approving or rejecting such claims.

5. In order to accomplish the foregoing, the Receiver recommends the Court enter the proposed order attached as Exhibit F, which will establish a just and efficient adjudication process. The proposed order establishes the following dates as part of the claims adjudication process:

| | |
|---|---|
| April 30, 2021[3] | Deadline for submitting Claims to the Receiver. |
| May 28, 2021 | Deadline for the Receiver to file his Claims Report. |
| July 30, 2021 | Deadline for serving on the Receiver any objections to the Receiver's Claims Report. |
| August 20, 2021 | Deadline for the Receiver to file with the Court copies of objections and his response to objections. |
| September, 2021 | Hearing to adjudicate claims. |

6. The Receiver recommends the Court approve a process for the adjudication of

---

[2] Because many of the investors are elderly and may have difficulty completing forms, the Receiver will make an initial determination of the number and type of coins purchased by the investors, or the amount of monies invested with the Defendants, Relief Defendant, or their entities, and send such information to the investors for the investors to either confirm that the information is correct, or provide the Receiver with information to correct the Receiver's determination.

[3] The Receiver proposes that Confirmations mailed from the investors to the Receiver must be postmarked on or before April 30, 2021. If the Receiver finds that he has not received a high percentage of Confirmations from the investors dated on or before April 30, 2021, the Receiver reserves the right to request the Court to modify the bar date.

claims against the Receivership Assets now to allow for distribution of assets to approved claimants at the earliest reasonable time. To date the Receiver has already recovered in excess of $8 million. While the Plaintiffs' claims against the Defendants and Relief Defendant have not yet resulted in a judgment, starting the several-month-long claims adjudication process now will allow the Receiver to make distributions of Receivership Assets to victims of the Defendants and Relief Defendant much more expeditiously than if the claims process does not commence until all other legal matters are resolved. Indeed, many of the victims are elderly and in dire need of whatever distribution they may be awarded by the Court

7. After claims have been approved by the Court, the Receiver will make a recommendation to the Court regarding the priority in making distributions among approved Claimants, the amounts to distribute, and the basis for determining the amounts to distribute. Any distribution of Receivership Assets is dependent upon a future order of this Court and no distributions will be made without express authorization from the Court subsequent to compliance with all other provisions of the claims process.

WHEREFORE PREMISES CONDISERED, the Receiver respectfully requests the Court enter the proposed *Order Establishing Claims Adjudication Procedures* attached hereto at Exhibit F.

Respectfully submitted,

SCHEEF & STONE, L.L.P.


By: /s/ Peter Lewis
    Peter Lewis
    State Bar No. 12302100
Peter.Lewis@solidcounsel.com
500 North Akard, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**ATTORNEYS FOR RECEIVER
KELLY M. CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the Receiver conferred with counsel for the Commodity Futures Trading Commission ("CFTC") regarding this Motion and proposed Order and counsel for the CFTC are unopposed to the relief sought in the Motion and the Order. On January 25, 2021, for purposes of conferring, the Receiver sent a copy of the Motion and proposed Order to counsel for Defendants Asher and Batashvili, and informed counsel the undersigned desired to file the Motion by January 27, 2021. Counsel for the Defendants Asher and Batashvili has not responded to the Receiver's attempt to confer regarding the Motion and Order, and the relief sought.

/s/ Peter Lewis
PETER LEWIS

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 1, 2021 I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all attorneys of record.

/s/ Peter Lewis
PETER LEWIS