IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>ALABAMA SECURITIES COMMISSION, STATE OF ALASKA, ARIZONA CORPORATION COMMISSION, CALIFORNIA COMMISSIONER OF BUSINESS OVERSIGHT, COLORADO SECURITIES COMMISSIONER, STATE OF DELAWARE, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, OFFICE OF THE GEORGIA SECRETARY OF STATE, STATE OF HAWAII, SECURITIES ENFORCEMENT BRANCH, IDAHO DEPARTMENT OF FINANCE, INDIANA SECURITIES COMMISSIONER, IOWA INSURANCE COMMISSIONER, DOUGLAS M. OMMEN, OFFICE OF THE KANSAS SECURITIES COMMISSIONER, KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS, MAINE SECURITIES ADMINISTRATOR, STATE OF MARYLAND EX REL MARYLAND SECURITIES COMMISSIONER, ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN, MISSISSIPPI SECRETARY OF STATE, NEBRASKA DEPARTMENT OF BANKING & FINANCE, OFFICE OF THE NEVADA SECRETARY OF STATE, NEW MEXICO SECURITIES DIVISION, THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, OKLAHOMA DEPARTMENT OF SECURITIES, SOUTH CAROLINA ATTORNEY GENERAL, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA DEPARTMENT OF LABOR & REGULATION, DIVISION OF | **PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br><br>Case No.: **3-20-CV-2910-L**<br><br>Judge: Judge Sam A. Lindsay |

INSURANCE, COMMISSIONER OF THE
TENNESSEE DEPARTMENT OF
COMMERCE AND INSURANCE, STATE
OF TEXAS, WASHINGTON STATE
DEPARTMENT OF FINANCIAL
INSTITUTIONS, WEST VIRGINIA
SECURITIES COMMISSION, AND STATE
OF WISCONSIN.

  Plaintiffs,

v.

TMTE, INC. a/k/a METALS.COM, CHASE
METALS, INC., CHASE METALS, LLC,
BARRICK CAPITAL, INC., LUCAS
THOMAS ERB a/k/a LUCAS ASHER a/k/a
LUKE ASHER, and SIMON BATASHVILI,

  Defendants;

and

TOWER EQUITY, LLC,

  Relief Defendant.

## PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO WITHDRAW AS ATTORNEY OF RECORD

     Plaintiffs Commodity Futures Trading Commission ("CFTC" or "Commission"),

Alabama Securities Commission ("State of Alabama"), State of Alaska ("State of Alaska"),

Arizona Corporation Commission ("State of Arizona"), California Commissioner of Business

Oversight ("State of California"), Colorado Securities Commissioner ("State of Colorado"),

Delaware Department of Justice ("State of Delaware"), Office of the Attorney General, State of

Florida, Department of Legal Affairs and State of Florida, Office of Financial Regulation

(collectively "State of Florida"), Office of the Georgia Secretary of State ("State of Georgia"),

2

Hawaii Office of the Securities Commissioner ("State of Hawaii"), Iowa Insurance Division ("State of Iowa"), Idaho Department of Finance ("State of Idaho"), Indiana Securities Commissioner ("State of Indiana"), Iowa Insurance Commissioner, Douglas M. Ommen ("State of Iowa"), Office of the Kansas Securities Commissioner ("State of Kansas"), Kentucky Department of Financial Institutions ("Commonwealth of Kentucky"), Maine Office of Securities ("State of Maine"), Maryland Securities Commissioner ("State of Maryland"), Massachusetts Securities Division ("Commonwealth of Massachusetts"), Michigan Department of Attorney General ("State of Michigan"), Mississippi Secretary of State ("State of Mississippi"), Nebraska Department of Banking & Finance ("State of Nebraska"), Nevada Office of Secretary of State ("State of Nevada"), New Mexico Securities Division ("State of New Mexico"), New York Attorney General ("State of New York"), North Dakota Securities Department ("State of North Dakota"), Oklahoma Department of Securities ("State of Oklahoma"), Pennsylvania Department of Banking and Securities ("Commonwealth of Pennsylvania"), South Carolina Attorney General and South Carolina Secretary of State ("State of South Carolina"), South Dakota Department of Labor & Regulation ("State of South Dakota"), Tennessee Department of Commerce and Insurance ("State of Tennessee"), State of Texas ("State of Texas"), Washington State Department of Financial Institutions ("State of Washington"), West Virginia Securities Commission ("State of West Virginia"), and Wisconsin Department of Financial Institutions ("State of Wisconsin") (collectively "the States") respectfully submit this Memorandum of Law in Opposition to Motion to Withdraw as Attorney of Record filed by Arnold Spencer ("Spencer"), counsel for defendants Lucas Thomas Erb *a/k/a* Lucas Asher *a/k/a* Luke Asher ("Asher"), and Simon Batashvili ("Batashvili") ("Motion to Withdraw") (Docket Entry ("D.E.") # 222).

3

Plaintiffs respectfully submit that the instant motion fails to meet the requirements of Local Rule LR 83.12(a) and that withdrawal at this time will delay or disrupt the case, cause prejudice to Plaintiffs, and harm to the administration of justice.  Spencer should not be permitted to withdraw until a succeeding attorney becomes attorney of record for Asher and Batashvili or until Asher and Batashvili represent to the Court that they will proceed *pro se*.  If Asher and Batashvili decide to proceed *pro se*, they should each be ordered to provide (and regularly update) their residential address, cellphone numbers, and designate an email address where they will accept service of process via electronic means from Plaintiffs and the Court. Finally, Spencer should not be permitted to withdraw as counsel for Asher and Batashvili until Asher submits to the Plaintiffs and the Receiver the pending discovery items from Asher's January 29, 2021 deposition.

## I.  ARGUMENT

Plaintiffs oppose Spencer's Motion to Withdraw for both substantive and procedural reasons.[1]  A recent opinion from the United States District Court for the Northern District of Texas addresses the factors considered by a court in deciding whether to allow an attorney to withdraw.  *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013).  The withdrawal of counsel is at the district court's discretion. *Matter of Wynn,* 889 F.2d at 646 (citation omitted).  If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. *See Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir.1999) ("District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal."), *Denton* at *1.  The court

---

[1] Plaintiffs note that Spencer failed to meet and confer prior to the filing of this motion as required by Local Rule 7.1.

considers a number of factors including 1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; and 3) prejudice to the other parties.  As the Court in *Denton* stated:

> While the undersigned agrees that Defendant's Counsel has demonstrated good cause for withdrawing based on their allegations—that Defendant has violated the terms of his engagement letter with Defendant's Counsel by failing to timely pay his attorneys' fees, consideration of the additional factors—in particular the extent to which the attorney's withdrawal will delay or disrupt the case; prejudice to Plaintiffs; and harm to the administration of justice—lead the undersigned to determine that Defendant's Counsel's Motion to Withdraw should be denied at this time.

*Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013).

Spencer's withdrawal will delay or disrupt the case, prejudice the Plaintiffs, and harm to the administration of justice.

Local Rule LR 83.12(a) requires that a motion to withdraw include:

> (a) Except as provided in subsection (b) or (c) of this rule, an attorney desiring to withdraw in any case must file a motion to withdraw. This motion must, in addition to the matters required by LR 7.1, specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

In this instance, since no succeeding attorney has been identified, "the motion must set forth the name, address, and telephone number of the client." *Id*.  Yet, the Motion to Withdraw fails to provide contact information for Asher or Batashvili and no reliable contact information has been provided to Plaintiffs.

5

This is extremely important in this matter because Asher and Batashvili have not provided Plaintiffs with a reliable means to contact them.   Instead, Asher and Batashvili have provided sworn testimony that they are transient and lack permanent addresses, phone numbers, email addresses, and other pertinent contact information. At Batashvili's deposition, he testified that he is moving frequently and has no regular residential address. He testified:[2]

> Q. Where are you living, then, currently?
> A. I am -- I'm staying at friends and family.
> Q. What are the name of friends that you're staying with?
> A. I've been hopping around, Andrew being one of them, one of
> my friends.

Further, at Batashvili's deposition, Spencer instructed him not to provide his email address that he uses to communicate with Spencer under a purported claim of attorney-client privilege.[3]

At both of Asher's sworn depositions,[4] Asher testified that he is moving almost daily from one location to another and so has no regular residential address.[5] He also claimed to use varying email addresses—some that he can't remember—and cell phone numbers. Though he proffered one email address at the second deposition, he refused, at the direction of Spencer, to provide the email that he uses to communicate with counsel, as occurred with Batashvili.[6]

---

[2] Batashvili deposition at 36: 10-15. A true and accurate copy of the pertinent parts of Batashvili's deposition is attached as Exhibit 1.

[3] Exhibit 1 at 59:14-60:22.

[4] Asher's deposition was continued pursuant to the Court's contempt order (D.E. #216). Thus, though it occurred over 2 separate sessions (November 5, 2020 and January 29, 2021), the numbering is continuous.

[5] Asher's deposition at 24: 12-19; 31: 11-19; 141: 8-12; 338:3 - 340:3; and 449:24 – 450:5. A true and accurate copy of the pertinent parts of Asher's deposition is attached as Exhibit 2.

[6] Exhibit 2 at 72:24-74:8.

Without a counsel of record, it will be almost impossible for Plaintiffs and the Court to locate, communicate, and serve pertinent documents and Court notices/orders on Asher and Batashvili. This will prejudice Plaintiffs ability to prosecute this civil enforcement action and harm the administration of justice.

## II.  RECOMMENDED CONDITIONS FOR WITHDRAWAL

Plaintiffs respectfully make two recommendations for conditions for withdrawal of counsel for Asher and Batashvili. First, the granting of the instant motion should be conditioned on a substitution of counsel of record for Asher and Batashvili or a representation by Asher and Batashvili to the Court that they intend to proceed *pro se*.  Spencer alerted Asher and Batashvili almost a month ago that he wished to terminate this representation. In fact, on January 28, 2021—the eve of the Asher's deposition pursuant to the Court's contempt order (D.E. #216)— Arnold emailed Plaintiffs' counsel and said:

> I have accepted an in-house position at a start up company and am winding down my firm.  Accordingly, I am withdrawing from this matter and will not be attending tomorrow's deposition.  Mr. Asher and Mr. Batashvili have been informed of my new position and are seeking to retain counsel to represent them going forward. [7],[8]

Given the timeline of Spencer's notice to his clients of his wish to withdraw, Asher and Batashvili have had ample time to retain another attorney or to determine to proceed *pro se*. Therefore, unless Asher and Batashvili represent to the Court their intent to proceed *pro se*, Spencer should remain in place until new counsel formally undertakes this representation. This

---

[7] A true and accurate copy of this email is attached as Exhibit 3.

[8] At Asher's deposition, Asher did have another counsel representing him (Chris Davis of the firm, Gray Reed, in Dallas, TX). Mr. Davis represented that he was only appearing for purposes of the deposition and was not counsel of record.

will avoid the prejudicial harm to Plaintiffs and the Court by allowing the case to proceed unobstructed.

If Asher and Batashvili decide to proceed *pro se*, they should be required to provide the Court with their intent to do so prior to Arnold's withdrawal.  In that event, they should be ordered to provide (and regularly update) residential addresses, work and personal telephone numbers and designate an email address where they will accept service of process via electronic means to both Plaintiffs and the Court. Without such requirements, Asher and Batashvili will be able to avoid service of process from the Plaintiffs and the Court and forestall the efficient and timely prosecution of this matter.

Second, at Asher's continued asset deposition on January 29, 2021, Asher agreed to produce certain materials and assist the Receiver with other items. On February 16, 2021, the Receiver sent a letter identifying all of these items to Spencer and Davis.[9] To date, none of those items have been produced. Notably, much of this long-awaited information has been pending since the first deposition and the contempt hearing.  To allow Spencer to withdraw while these discovery issues remain pending would further interrupt the adjudication of this case to the detriment of the Plaintiffs and the Court. As such, Spencer should not be allowed to withdraw until Asher submits these pending items to the Receiver and the Plaintiffs.

### III.   CONCLUSION

Plaintiffs oppose the instant motion because it fails to meet the requirements of Local Rule LR 83.12(a) and that withdrawal at this time will delay or disrupt the case, cause prejudice to Plaintiffs, and harm to the administration of justice.  Spencer should not be

---

[9] A true and accurate copy of the Receiver's letter is attached as Exhibit 4.

permitted to withdraw until a succeeding attorney becomes attorney of record for Asher and Batashvili or until Asher and Batashvili represent to the Court that they will proceed *pro se*. If Asher and Batashvili decide to proceed *pro se*, they should each be ordered to provide (and regularly update) their residential address, cellphone numbers, and designate an email address where they will accept service of process via electronic means from Plaintiffs and the Court. Finally, Spencer should not be permitted to withdraw as counsel for Asher and Batashvili until Asher submits to the Plaintiffs and the Receiver the pending discovery items from Asher's January 29, 2021 deposition.

Dated: February 21, 2021                              Respectfully submitted,

                                                     By: /s/ JonMarc P. Buffa

                                                     JONMARC P. BUFFA
                                                     jbuffa@cftc.gov
                                                     California Bar # 217324

                                                     RICHARD P. FOELBER
                                                     rfoelber@cftc.gov
                                                     Illinois Bar # 0840904

                                                     Attorneys for Plaintiff
                                                     COMMODITY FUTURES TRADING
                                                     COMMISSION
                                                     1155 21st Street. NW
                                                     Washington, DC 20580
                                                     (202) 418-5000

                                                     FOR THE STATE OF ALABAMA

                                                     By: /s/ Jeffery A. "Beau" Brown, Jr

                                                     JEFFERY A. "BEAU" BROWN, JR., *pro hac vice*
                                                     Beau.Brown@asc.alabama.gov
                                                     Alabama Bar No. 7258R80B

ANNE GUNTER, *pro hac vice*
anne.gunter@asc.alabama.gov
Alabama Bar No. 4666N91P

Attorneys for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
 Montgomery, AL 36104
Telephone: (334) 322-8586
Fax: (334) 242-0240


FOR THE STATE OF ALASKA

By: /s/ Robert Schmidt

ROBERT SCHMIDT, *pro hac vice*
rob.schmidt@alaska.gov
Alaska Bar No. 9909048
JOHN HALEY
john.haley@alaska.gov
Alaska Bar No. 1402010

Attorneys for Plaintiff
STATE OF ALASKA
OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-6645
Fax: (907) 276-3697


FOR THE STATE OF ARIZONA

By: /s/ Christopher Nichols

CHRISTOPHER NICHOLS, *pro hac vice*
cnichols@azcc.gov
Arizona Bar No. 029958

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007

Telephone: (602) 542-0639
Fax: (602) 714-8120


FOR THE STATE OF CALIFORNIA

By: /s/ Danielle Stoumbos

MARY ANN SMITH
MaryAnn.Smith@dbo.ca.gov
SEAN ROONEY
Sean.Rooney@dbo.ca.gov
DANIELLE A. STOUMBOS, *pro hac vice*
California Bar No. 264784
Danielle.Stoumbos@dbo.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Fax: (213) 576-7181


FOR THE STATE OF COLORADO
PHILIP J. WEISER
Attorney General of the State of Colorado

By: /s/ Janna Fischer

JANNA FISCHER*, *pro hac vice*
janna.fischer@coag.gov
Colorado Bar No. 44952
ROBERT FINKE*, *pro hac vice*
robert.finke@coag.gov
Colorado Bar No. 40756
*Counsel of Record

Attorneys for Plaintiff
SECURITIES COMMISSIONER
FOR THE STATE OF COLORADO
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: (720) 508-6374
Fax: (720) 508-6037

11

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware


By: /s/ Katherine M. Devanney

KATHERINE M. DEVANNEY, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 6356
Texas Bar No. 24116281
katherine.devanney@delaware.gov
JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

Attorneys for Plaintiff the State of Delaware


FOR THE STATE OF FLORIDA
ASHLEY MOODY
Attorney General for the State of Florida


By: /s/ Victoria Butler

VICTORIA BUTLER, *pro hac vice*
Assistant Attorney General
Director of Consumer Protection
victoria.butler@myfloridalegal.com
Florida Bar No. 861250

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
Department of Legal Affairs
3507 E Frontage Rd, Suite 325
Tampa, FL 33607-1795

Telephone: (813) 287-7950
Fax: (813) 281-5515


By: /s/ A. Gregory Melchior

A. GREGORY MELCHIOR, *pro hac vice*
Assistant General Counsel
greg.melchior@flofr.com
Florida Bar No. 407290

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION
1313 Tampa Street, Suite 615
Tampa, Florida 33602-3394
Telephone: (813) 218-5327
Fax: (813) 272-2498


FOR THE STATE OF GEORGIA

By: /s/ Logan B. Winkles

LOGAN B. WINKLES, *pro hac vice*
Georgia Bar No. 136906
lwinkles@law.ga.gov
RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3434
Fax: (404) 657-3239


FOR THE STATE OF HAWAII

By: /s/ Rayni M. Nakamura-Watanabe

RAYNI M. NAKAMURA-WATANABE, *pro hac*

13

*vice*
Hawaii Bar No. 9032-0
RNakamur@dcca.hawaii.gov
PATRICIA J. MOY
Hawaii Bar No. 5845-0
PMoy@dcca.hawaii.gov

Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977


FOR THE STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
LAWRENCE G. WASDEN


By: /s/ Loren Messerly


LOREN MESSERLY, *pro hac vice*
Deputy Attorney General
loren.messerly@finance.idaho.gov
Idaho Bar No. 7434

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE
P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 332-8093
Fax: (208) 332-8099


FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL
Patricia Orloff Erdmann
Chief Counsel of Litigation


By: /s/ Jefferson S. Garn


JEFFERSON S. GARN, *pro hac vice*

14

Deputy Attorney General
Jefferson.Garn@atg.in.gov
Indiana Bar No. 29921-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Fax: (317) 232-7979


FOR THE STATE OF KANSAS

By: /s/ Thomas E. Knutzen _____

THOMAS E. KNUTZEN, *pro hac vice*
*Special Assistant Attorney General*
tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road
Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872


FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens _____

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740
CATHERINE FALCONER
Catherine.falconer@ky.gov

Attorneys for Plaintiff
STATE OF KENTUCKY
DEPARTMENT OF FINANCIAL INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601

15

Telephone: (502) 782-9052
Fax: (502) 573-8787


FOR THE STATE OF MAINE

By: /s/ Gregg D. Bernstein _____

GREGG D. BERNSTEIN, *pro hac vice*
gregg.bernstein@maine.gov
Maine Bar No. 8424

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8800
Fax: (207) 626-8828


FOR THE STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL OF THE STATE OF
MARYLAND

By: /s/ Max F. Brauer _____

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532


FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin _____

16

PEOPLE OF THE STATE OF
MICHIGAN, by DANA NESSEL
ATTORNEY GENERAL

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-7632


FOR THE STATE OF MISSISSIPPI


By: /s/ Seth Shannon

SETH SHANNON, *pro hac vice*
seth.shannon@ago.ms.gov
Mississippi Bar No. 103466
CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231


FOR THE STATE OF NEBRASKA
L. JAY BARTEL
Bureau Chief
Legal Services Bureau


By: /s/ Joshua R. Shasserre

17

JOSHUA R. SHASSERRE, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 23885
joshua.shasserre@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3888
Fax: (402) 471-3297

FOR THE STATE OF NEVADA

By: /s/ Erin M. Houston

ERIN M. HOUSTON, *pro hac vice*
Deputy Secretary of State, Securities Administrator
Nevada Bar No. 11814
ehouston@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030
Telephone: (702) 486-2440
Fax: (702) 486-2452

FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
Securities Enforcement Prosecutor
New Mexico Securities Division
New Mexico Bar No. 21769
Alissa.Berger@state.nm.us

Attorney for Plaintiff
STATE OF NEW MEXICO
New Mexico Securities Division
New Mexico Regulation and Licensing Department

18

5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848


FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE OF
NEW YORK

By: /s/ Tatyana Trakht

TATYANA "TANYA" TRAKHT, *pro hac vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers
PETER POPE
Chief, Investor Protection Bureau
peter.pope@ag.ny.gov

Attorneys for Plaintiff
ATTORNEY GENERAL FOR THE STATE OF
NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816


FOR THE STATE OF OKLAHOMA

By: /s/ Robert Fagnant

ROBERT FAGNANT, *pro hac vice*
rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742

FOR THE STATE OF SOUTH CAROLINA

By: /s/ Jonathan Williams

JONATHAN WILLIAMS, *pro hac vice*
jwilliams@scag.gov
South Carolina Bar No. 72509

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-7208
Fax: (803) 734-7208

By: /s/ Shannon A. Wiley

SHANNON A. WILEY, *pro hac vice*
swiley@sos.sc.gov
South Carolina Bar No. 69806

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF THE SECRETARY OF STATE
1205 Pendleton Street, Suite 525
Columbia, SC 29201
Telephone: (803) 734-0246
Fax: (803) 734-1661

FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor & Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701

20

Telephone: (605) 773-3563
Fax: (605) 773-5369


FOR THE STATE OF TENNESSEE
HERBERT H. SLATERY III
Attorney General and Reporter
for the State of Tennessee

By: /s/ James P. Urban

JAMES P. URBAN, *pro hac vice*
Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

Office of Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department of
Commerce and Insurance



FOR THE STATE OF TEXAS
KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

JOSHUA R. GODBEY
Division Chief
Financial Litigation and Charitable Trusts Division

By: */s/ Christina Cella*

CHRISTINA CELLA
Assistant Attorney General
State Bar No. 24106199
christina.cella@oag.texas.gov
LEA N. BRIGTSEN
Assistant Attorney General
State Bar No. 24054504
lea.brigtsen@oag.texas.gov

Financial Litigation and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-2952
Fax: (512) 477-2348
*Attorneys for Plaintiff the State of Texas*


FOR THE STATE OF WASHINGTON


By: /s/ Ian S. McDonald

IAN S. MCDONALD, *pro hac vice*
Washington Bar No. 41403
Ian.McDonald@atg.wa.gov
Telephone: (360) 586-3264
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial
Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524


FOR THE STATE OF WEST VIRGINIA


By: /s/ Michael Nusbaum

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov
West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211


FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice

By: /s/ Shannon A. Conlin

SHANNON A. CONLIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1089101
Conlinsa@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-1677
Fax: (608) 267-2779

*Attorney for Plaintiff State of Wisconsin*


FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

By: /s/ Adam J. Kenworthy
ADAM KENWORTHY* *pro hac vice*
Iowa Bar No. AT0012137
Enforcement Attorney
adam.kenworthy@iid.iowa.gov

23

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6562
Fax: (515)-654-6500

## <u>CERTIFICATE OF SERVICE</u>

On February 21, 2021, I electronically filed the foregoing PLAINTIFFS

MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO WITHDRAW AS

ATTORNEY OF RECORD with the Clerk of this Court in the above captioned matter using the

CM/ECF system and I am relying upon the transmission of the Clerk's Notice of Electronic

Filing for service upon all parties in this.


/s/ JonMarc P. Buffa