IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § | |

## RECEIVER'S MOTION TO IDENTIFY CERTAIN ENTITIES IN RECEIVERSHIP

COMES NOW, Kelly M. Crawford ("Receiver") and respectfully requests the Court to identify certain entities as included in the receivership orders or this Court, and in support thereof the Receiver respectfully shows the Court as follows:

1. On September 22, 2020 this Court entered an *Order Granting Plaintiff's Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief (the "SRO")* [Docket No. 16]. Pursuant to the *SRO*, this Court appointed Kelly M. Crawford as Receiver of the assets of the Defendants and Relief Defendant and the affiliates or subsidiaries owned or controlled by Defendants or Relief Defendant and vested the Receiver with certain authority to recover assets and investigate

claims. The SRO was extended by an Order entered by the Court on October 5, 2020 [Docket No. 148]. On October 14, 2020, the Court entered a *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili (the "Individuals' Consent Order")* [Docket No. 165]. On October 14, 2020, the Court entered a *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC (the "Entities' Consent Order")*[Docket No. 164]. The SRO, October 5, 2020 Order, the Individuals' Consent Order, and the Entities' Consent Order are collectively referred to herein as the "Receivership Orders".

2. The Consent Order maintains the SRO in full force and effect. *Consent Order, ¶ 21*. The Receivership Orders extend to the "Defendants and Relief Defendant and their affiliates or subsidiaries owned or controlled by Defendants or Relief Defendant" and define such as the "Receivership Defendants". *SRO, ¶ 30; Individuals' Consent Order, ¶ 28 and Entities' Consent Order, ¶27*.

3. Since his appointment, the Receiver has investigated the ownership of certain entities to determine if they are included in the Receivership Orders as "affiliates or subsidiaries owned or controlled by Defendants and Relief Defendants". Such investigation includes obtaining a list of entities owned or controlled by the Defendants and Relief Defendants from the Defendants Asher and Batashvili, taking the depositions of Defendants Asher and Batashvili, obtaining information from an attorney used by Defendants Asher and Batashvili to set up corporate entities for them to own and control, and from seizing documents at the offices of the Defendants and Relief Defendant, which included corporate books and records for entities and mail addressed to entities as owned by Defendants and Relief Defendants. *See Declaration of*

*Receiver Kelly Crawford* and the exhibits to the Declaration attached as **Exhibit A** (the "Receiver's Declaration") to the *Appendix in Support of Receiver's Motion to Identify Certain Entities in Receivership* filed contemporaneously with this Motion (the "Appendix").

4. Based on the Receiver's investigation, the Receiver determined the following entities were owned or controlled by the Defendants and Relief Defendants as of September 22, 2020, the date the *SRO* was entered by the Court:

> Access Unlimited LLC[1]
> Administrative Account Services, LLC[2]
> Amerivise, LLC[3]
> Aqua Billboards [4]
> Best New Inc.[5]
> Chasing Gold[6]
> Chasing Metals, Inc.[7]
> Delaware Wholesale Inc.[8]
> Egon Pearson, LLC[9]
> Faulkner Management Corp.[10]
> Faulkner Music LLC[11]
> First American Estate & Trust[12]
> First American Savings, Inc.[13]
> Instribution, LLC, now Revo, LLC[14]
> Merrill Gold, LLC[15]
> Prometheus Laboratories, Int. (IBC)[16]
> Prometheus Laboratories, Int. (PIF)[17]
> Reagan Financial, Inc.[18]

---

[1] App. at pp. 6, 13.
[2] App. at pp. 27-28.
[3] App. at pp. 29-31.
[4] App. at pp. 13, 18.
[5] App. at pp. 11, 50.
[6] App. at p. 32.
[7] App. at p. 12.
[8] App. at p. 12.
[9] App. at pp. 13, 19, 48.
[10] App. at p. 33.
[11] App. at p. 11.
[12] App. at p. 12.
[13] App. at p. 43.
[14] App. at pp. 35-37, 40-42.
[15] App. at p. 12.
[16] App. at p. 11.
[17] App. at p. 11.
[18] App. at pp. 13, 20, 21.

     Resource Financial Services, Inc.[19]
     Retirement Insider, LLC[20]
     Street Invasion, Inc.[21]
     Stuttgart Industrial, Inc.[22]
     Tower Estates Holdings, Inc.[23]
     Tower Estates, Inc.[24]
     Tower Holdings, Inc.[25]
     Tower Property One, LLC[26]
     Tower Property Two, LLC[27]
     TX Admin., Inc.[28]
     USA Accounts, Inc.[29]
     USA Marketing, Inc.[30]

*See Appendix.* The foregoing are referred to as the "Affiliated Entities".

5. So that third parties will know which entities are subject to the Receivership Orders the Receiver requests the Court to enter an Order identifying the Affiliated Entities as included within the definition of "Receivership Defendants" under the Receivership Orders. The Receiver is not requesting the Court to expand or change the relief granted in the Receivership Orders, but rather to identify for clarity the Affiliated Entities as subject to and governed by the Receivership Orders.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests the Court enter an Order an Order identifying the Affiliated Entities listed herein as included within the definition of "Receivership Defendants" pursuant to the Receivership Orders, and grant such other and further relief, to which the Receiver may be justly entitled.

---

[19] App. at pp. 38, 47.
[20] App. at pp. 13, 22, 49.
[21] App. at p. 11.
[22] App. at pp. 13, 23.
[23] App. at pp. 12, 13.
[24] App. at pp. 12, 13, 51.
[25] App. at pp. 11, 13.
[26] App. at pp. 12, 13.
[27] App. at pp. 12, 13.
[28] App. at pp. 13, 24, 25.
[29] App. at p. 52.
[30] App. at pp. 13, 26.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: */s/ Peter Lewis*
Peter Lewis
Texas State Bar No.12302100
Peter.lewis@solidcounsel.com

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200 – Telephone
(214) 706-4242 – Telecopier

**ATTORNEY FOR RECEIVER
KELLY M. CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undesigned hereby certifies that on February 24, 2021 he conferred with attorneys for the U.S. Commodity Futures Trading Commission, as representatives of the Plaintiffs, regarding the relief sought in this Motion and they are unopposed to such relief. In addition, on February 24, 2021, the undersigned provided this Motion, the Appendix, and proposed Order to Arnold Spencer, attorney for the Individual Defendants, and informed Mr. Spencer of the Receiver's intent to file the Motion after 4 p.m. on February 25, 2021. Mr. Spencer informed the undersigned that he forwarded the Motion to his clients, but has not received word from his clients regarding their position regarding the Motion

*/s/ Kelly Crawford*
**KELLY CRAWFORD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 25, 2021, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Kelly Crawford*
**KELLY CRAWFORD**