IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al. | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § § | |

## RECEIVER'S THIRD FEE APPLICATION

Pursuant to the *Statutory Restraining Order* ("*SRO*") entered by the Court on September 22, 2020, the Receiver is required to submit periodic fee petitions for authorization to pay fees and expenses of the receivership. The Receiver provided the U.S. Commodity Futures Trading Commission (the "CFTC") with a complete copy of the proposed Application, together with all exhibits and relevant billing information. The CFTC is unopposed to the relief requested herein.

The Receiver's Third Fee Application covers the period from December 22, 2020 through March 25, 2021.

# I.
# FEES AND EXPENSES INCURRED

## A. Receiver Fees & Expenses

Fees. By this Application, the Receiver requests authority to pay **$58,141.20** in Receiver fees, which is 80% of the total Receiver fees of $72,676.50 incurred from December 22, 2020 through March 25, 2021. During this period, the Receiver provided 186.35 hours of service at his discounted hourly rate of $390.00[1]. In addition to reducing his standard hourly billing rate, the Receiver also discounted his total fees by 20%. The valuable services provided by the Receiver during this time period are set forth in the invoices attached hereto as **Exhibit A**. The services are also summarized in the Receiver's Third Report [Dkt. 233], filed on April 13, 2021.

Pursuant to the *SRO*, the Receiver seeks authority to pay a total of **$58,141.20** in Receiver fees incurred from December 22, 2020 through March 25, 2021.

## B. Receiver's Counsel Fees and Expenses.

Fees. The law firm of Scheef & Stone, L.L.P. ("Scheef & Stone") serves as primary counsel for the Receiver. Scheef & Stone submits monthly invoices to the Receiver for the services rendered. By this Application, the Receiver requests authority to pay Scheef & Stone **$104,245.48** in fees, which is 85% of the total fees of $122,641.75 billed by Scheef & Stone for the work performed from December 22, 2020 through March 25, 2021. Attached hereto as **Exhibit B** are Scheef & Stone's invoices for the period from December 22, 2020 through March 25, 2021.

The attorneys and paralegals of Scheef & Stone who provided services to the Receiver during this period, their billable rates, and the hours billed are summarized as follows:

---

[1] Mr. Crawford's regular billing rate for non-receivership matters is $450 per hour.

| Attorney/Paralegal | Hours Billed | Billable Rate | Total Billed |
|---|---|---|---|
| Peter Lewis (Partner) | 81.45 | $440 | $35,838 |
| James Stafford (Partner) | 11.25 | $400 | $4,500 |
| Mark Simon (Partner) | 7.05 | $435 | $3,066.75 |
| Leslie Sanderson (Associate) | 31.30 | $320 | $10,016 |
| Priya K. Jesani (Associate) | 12.80 | $300 | $3,840 |
| Walker S. Young (Associate) | 5.40 | $265 | $1,431 |
| Margaret Shea (Associate) | 32.35 | $225 | $7,278.75 |
| Jessica Rolls (Associate) | 107.60 | $225 | $24,210 |
| Katherine Whitlock (Law Clerk) | 7.25 | $200 | $1,450 |
| David E. Brezik (Associate) | 28.25 | $310 | $8,757.50 |
| Elizabeth Olivarez (Paralegal) | 107.50 | $125 | $13,437.50 |
| Alicia Echavarria (Paralegal) | 68.25 | $125 | $8,531.25 |
| David B. Dyer (Partner) | 0.60 | $475 | $285 |
| TOTALS | 501.05 | $245 blended rate | $122,641.75 |
| After 15% Discount | 501.05 | $208 (discounted blended rate) | $104,245.48 |

Scheef & Stone provided valuable services to the Receiver during the period of December 22, 2020 through March 25, 2021. A description of these services is set forth in the invoices attached hereto as Exhibit B. The services are also summarized in the Receiver's Third Report [Dkt. 233], filed on April 13, 2021.

Expenses. In addition, to assist the receivership estate, Scheef & Stone incurred expenses in the amount of **$6,116.22** between December 22, 2020 and March 25, 2021. The expenses are set forth in detail in the invoices attached hereto as Exhibit B, but can be summarized as follows:

| | |
|---|---|
| Computer Forensic Services, Inc. (outside professional fees) | $541.25 |
| C. Jackson Investigation (asset investigation) | $1,081.50 |
| Automobile insurance on Cobra and Mercedes | $190.78 |
| Filing fees for lis pendens as to Philadelphia properties | $513.50 |
| Overnight mail for filing lis pendens and to targets of holders of assets/records | $1,550.86 |
| Google fees | $252.00 |

In sum, pursuant to the *SRO*, the Receiver seeks authority to pay Scheef & Stone a total of **$110,361.70** in fees and expenses incurred from December 22, 2020 through March 25, 2021.

Fees and Expenses to Ancillary Counsel. The Receiver retained Cort Thomas of the law firm of Brown Fox, PLLC to represent the Receiver in the Receiver's dispute with Bank of America because the Receiver's primary counsel had a conflict of interest in being adverse to Bank of America. Specifically, Mr. Thomas was retained to represent the Receiver with claims against Bank of America arising from the failure of Bank of America to comply with the *SRO*. By this Application, the Receiver requests authority to pay Brown Fox, PLLC **$1,822.50** in fees, which is based upon 4.50 hours of work performed from January 19, 2021 through March 30, 2021 at Mr. Thomas' rate of $405. Mr. Thomas provided valuable services to the Receiver from the period of January 19, 2021 through March 30, 2021, specifically by assisting the Receiver in obtaining bank records from Bank of America and pursuing claims against Bank of America to recover damages to the receivership estate caused by Bank of America allowing $550,000 to be transferred out of an account controlled by Defendant Lucas Asher that should have been frozen

by Bank of America pursuant to the *SRO*. A description of the services provided by Mr. Thomas of Brown Fox PLLC is set forth in the invoices attached hereto as **Exhibit C**.

In sum, pursuant to the *SRO*, the Receiver seeks authority to pay Brown Fox PLLC a total of **$1,822.50** in fees incurred from January 19, 2021 through March 30, 2021.

The Receiver also retained Sanjay Bansal of Bansal Law in Los Angeles, California to assist the Receiver in appearing *pro hac vice* in a California federal court case pending against Defendants in receivership for purposes of staying the litigation pursuant to the terms of the SRO. The attorney incurred 3.5 hours of time in November, 2020 at his hourly rate of $500.00, which he discounted by 10%. By this Application, the Receiver requests authority to pay Bansal Law **$1,575** in fees, which is based upon 3.50 hours of work performed in November, 2020 at Mr. Basal's discounted rate of $450. A description of the services provided by Mr. Bansal of Bansal Law is set forth in the invoice attached hereto as **Exhibit D**. In addition, Bansal Law incurred expenses of $500.00 in court fees for the Receiver's *pro hac vice* application.

In sum, pursuant to the *SRO*, the Receiver seeks authority to pay Bansal Law a total of **$2,075** in fees and expenses incurred in November, 2020.

***

Based on the foregoing, the Receiver believes the services rendered to the receivership by the Receiver, the Receiver's law firm Scheef & Stone, and the Receiver's ancillary attorneys with Brown Fox and Bansal Law were valuable and that the rates charged to the receivership were fair and reasonable. Moreover, the expenses incurred for the receivership were reasonable and necessary. The attorneys for the CFTC previously reviewed the invoices of the Receiver, Scheef & Stone, Brown & Fox, PLLC, and Bansal Law and are unopposed to the invoices being paid with the discounts being applied by the Receiver as set forth herein.

## II.
## LEGAL DISCUSSION OF GUIDELINES FOR PAYMENT OF RECEIVERSHIP FEES AND EXPENSES

In reviewing the total discounted fees of the Receiver, the Receiver's counsel, and the Receiver's accountants incurred, divided by the hours worked, the lodestar average rate per hour is $238. In accordance with the law governing calculation of the lodestar rate, the lodestar rate for which approval is sought in this case is reasonable and does not merit any adjustment.

The "lodestar" method of evaluating the reasonableness of fees, which has been expressly approved by the Supreme Court, requires the court to look into the prevailing market rates in the relevant community and compare the prevalent rates with the average rate charged in the matter in issue. *Perdue v. Kenny*, 130 S.Ct. 1662, 1673 (2010). The lodestar method also includes most of the relevant factors constituting a "reasonable" fee, but does not rely expressly require the "subjective" *Johnson* factor analysis.[2] *Id.*

The Court calculates the lodestar by determining the number of hours reasonably expended by an appropriate hourly rate in the community.[3] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In evaluating whether requested fees are reasonable, the court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. Of Sch. Comm'rs of Mobile County*, 526 F.2d 865, 868 (5th Cir. 1976). The Court also looks for evidence of "billing judgment," or the attorney or receiver's decision to discount or write off time that was unproductive or duplicative. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The amount of the award, and any reduction of the requested fee award, is within the trial court's discretion. *See, e.g., United States Football league v. National Football League*, 887 F.2d 408, 415 (2d Cir. 1989).

---

[2] These *Johnson* factors are nevertheless addressed herein. *See infra.*

[3] The movant bears the burden of proving that the compensation requested is reasonable, and satisfaction of this burden requires that the movant present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required. *Louisiana Power*, 50 F.3d at 324.

Additional considerations are also relevant in the context of an equity receivership. First, the agreement or opposition of the CFTC to the fee application is entitled to great weight. *See, e.g., SEC v. Fifth Ave. Coach Lines, Inc.,* 364 F.Supp. 1220, 1222 (S.D.N.Y. 1973). Further, given the public service nature of equity receiverships, courts also consider the amounts recovered or other results obtained by the receiver in determining what constitutes a "reasonable fee." *SEC v. Goren,* 272 F.Supp.2d 202, 207 (E.D.N.Y. 003). Additionally, examination of reasonableness and necessity should take into account all circumstances surrounding the receivership. *See, SEC v. W.L. Moody & Co., Bankers (Unincorporated),* 374 F. Supp. 465, 480 (S.D. Tex. 1974), *aff'd, SEC v. W.L. Moody & Co.,* 519 F.2d 1087 (5th Cir. 1975). The complexity and difficulty associated with the receivership are highly relevant factors in determining the reasonableness of professional fees. *See, SEC v. Fifth Ave. Coach Lines, Inc.,* 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) (awarding interim fees and expenses to law firm for role in receivership and noting that it involved wide variety of complex legal matters requiring the time, competence, and diverse resources of a law firm of high caliber). Further, Courts examine the credentials, experience, reputation, and other professional qualities required to carry out a court's orders when assessing the reasonableness of the rates charged for services to a receivership. *See, W.L. Moody & Co.,* 374 F. Supp. at 481 (holding that a court should give "considerable weight" to "a receiver's abilities, as required by the tasks of the receivership"); *see also, Fifth Ave. Coach Lines, Inc.,* 364 F. Supp. at 1222 (fees awarded in full because they were based on law firm's usual hourly rate and supported by meticulous records).

The Receiver submitted detailed descriptions of the matters on which services were expended, the number of hours billed by each professional, the rates charged by each, and the lodestar calculation for the fees submitted in this petition. Further, the Receiver's invoices and this petition demonstrate that billing judgment was exercised in the reduction of the standard

rates charged by the Receiver and his firm[4], and in discounting the total invoices of not only the Receiver, but also the invoices of the Receiver's law firm and the Receiver's accountants. Finally, the Receiver requests that the Court judicially notice the much higher hourly rates approved in other receiverships in Texas.[5]

The request for approval of the disbursements is also consistent with the "*Johnson factors*" set forth by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Based on the lodestar calculation and the Johnson factors discussed above, the Receiver believes that the fees submitted are appropriate, just, and reasonable.

A. **The Time and Labor Required.** The Receiver respectfully directs the Court's attention to the foregoing summary schedule of unpaid fees and expenses, which identifies the total number of hours billed by the Receiver and the Receiver's attorneys (695.40 hours) from November, 2020 through March 30, 2021. More than half of the attorneys fees billed by the Receiver's law firm Scheef & Stone, LLP were for time incurred in assisting investors with the claims process, obtaining information from investors, and assisting investors with metals orders that were pending at the time of the receivership. *Declaration of Receiver Kelly M. Crawford,* ¶*3*, attached hereto as **Exhibit E.**

---

[4] The Receiver's standard hourly rate is $450, but it is discounted for receivership work to $390.

[5] *See, for example, Securities and Exchange Commission v. Correll;* Case No. 4:05-CV-472, in the United States District Court for the Eastern District of Texas, Sherman Division (approving Receiver fees of $400 per hour and lead counsel fees of $585 per hour); *SEC v. Amerifirst Funding, Inc., et al.,* Cause No. 3:07-CV-01188, Docket No. 117, in the United States District Court for the Northern District of Texas; Receiver's counsel's rates, discounted by 10–20% is $420 per hour; *SEC v. W Financial Group, LLC, et al.,* Cause No. 3:08-CV-0499-N, Docket No. 65, in the United States District Court for the Northern District of Texas; Receiver's counsel's rate is $510 per hour, and $165 per hour for a law clerk; *CFTC v. Pousa;* Case No. 1:12-cv-00862 in the United States District Court for the Western District of Texas, Austin Division (approving Receiver fees in excess of $600 per hour); and *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.;* Case No. 3:09-CV-0298-N, in the United States District Court for the Northern District of Texas, Dallas Division (approving Receiver fees of $440 per hour and lead counsel fees of $420 to $500 per hour).

B. **The Novelty and Difficulty of the Questions.** Federal equity receiverships require extensive experience in order to act swiftly and efficiently in securing assets, obtaining documents and data to find additional assets, and to communicate with investors and law enforcement agencies. As set forth in Receiver's Third Report filed with the Court and the detailed invoices attached hereto the Receiver and his personnel, devoted a great deal of time responding to worried calls from investors, building the database of investors to use for the claims process, preparing and distributing claim forms to investors and creditors, communicating with various State regulatory bodies regarding consent orders or pending regulatory actions, deposing Defendant Lucas Asher for a second time, investigating other entities owned or controlled by the Defendants, reviewing digital platforms used by the Defendants, including google, retaining a broker to market for sale the real properties owned in Philadelphia; and communicating with third parties to identify interests subject to the receivership and liquidation of such interests.

C. **The Skill Requisite to Perform the Service.** The Receiver believes the services performed in this case to date required individuals possessing considerable experience in the administration of receiverships, claims processes, distribution plans, asset seizure, collection and litigation. The Receiver, Scheef & Stone, L.L.P., and Brown & Fox, for which disbursement approval is sought, have considerable experience in such areas.

D. **The Preclusion of Other Employment Due to Acceptance of the Case.** Neither the Receiver, Scheef & Stone, LLP, nor Brown & Fox declined any representation solely because of their services in this case, although the scope of the receivership is so broad that it requires substantially most of the Receiver's time.

E. **The Customary Fee.** The hourly rates sought herein for the Receiver and the Receiver's attorneys are *substantially* lower than the rates charged by other practitioners of

similar experience levels in Texas. Indeed the per hour rates charged by the Receiver's counsel whose fees are included herein (ranging between $200 – $435 charged for attorneys) are $100 to $200 per hour lower than the rates charged on other receiverships pending in Texas.[6] The lodestar rate of $238 per hour also demonstrates that when appropriate the Receiver is having work performed by less expensive attorneys or legal assistants. Moreover, the Receiver exercised his billing judgment by writing off more than $26,000 of fees. *Declaration of Receiver Kelly M. Crawford,* ¶2, attached hereto as **Exhibit E.**

     F.    **Whether the Fee is Fixed or Contingent.** The Receiver's fees and his counsel's fees are fixed insofar as monies exist by way of Receivership Assets from which to pay such fees, but payment of the fees and expenses is subject to approval by the Court.

     G.    **Time Limitations Imposed by the Client or Other Circumstances.** There were no time limitations imposed for this period other than the Receiver continuing to move promptly to identify and seize assets and expedite building the investor database for implementation of the claims process approved by the Court.

     H.    **The Amount Involved and the Results Obtained.** The fees for which payment is sought were for work summarized previously. The Receiver's attorneys and accountants contributed significantly to the Receiver's recovery of monies. The receivership account currently has a balance in excess of $8 million – an increase of more than $2 million since the Receiver's First Fee Application. The Receiver has also seized numerous assets consisting of real and personal property that remain to be liquidated.

     I.    **The Experience, Reputation and Ability of the Attorneys.** Scheef & Stone, the Receiver's primary counsel, include numerous attorneys who have experience in representing equity receivers in federal securities or commodities enforcement cases, and have done so for

---

[6] *See footnote 6, supra.*

numerous years. The reputation of Scheef & Stone is recognized and respected in these fields. Mr. Crawford has served as a receiver in more than 12 federal court cases brought by either the CFTC or the Securities and Exchange Commission, with Scheef & Stone as Mr. Crawford's counsel.

J. **The Undesirability of the Case.** The representation of the Receiver incident to this case has not been undesirable.

K. **The Nature and Length of the Professional Relationship with the Client.** Scheef & Stone has represented the Receiver in numerous prior receiverships, including a receivership before this Court.[7]

L. **Awards in Similar Cases.** The Receiver believes the fees requested in this case for his counsel are less than or equal to those which have been awarded in similar cases in federal courts in Texas.

### III.
### CONCLUSION

In conclusion, in accordance with the *SRO*, the Receiver represents that the fees and expenses included in this Application were incurred in the best interests of the Receivership Estate, and the Receiver requests authority for payment of such fees and expense.

---

[7] *See Securities and Exchange Commission v. Alan Todd May and Prosper Oil & Gas, Inc,* Case No. 3:10-CV-0425-L in the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted April 28, 2021.

                                    **RECEIVER KELLY M. CRAWFORD**

                                    */s/ Kelly M. Crawford*
                                    Kelly M. Crawford, Receiver
                                    State Bar No. 05030700

                                    Scheef & Stone, LLP
                                    500 N. Akard Street, Suite 2700
                                    Dallas, Texas 75201
                                    Telephone: 214.706.4200
                                    Telecopier: 214.706.4242

## CERTIFICATE OF CONFERENCE

The undersigned certifies that this Motion and true and correct copies of the invoices that are exhibits to this Motion were provided to Richard Foelber and JohnMarc Buffa of the Plaintiff U.S. Commodity Futures Trading Commission, as representatives of the Plaintiffs, for review on January 20, 2021. In addition, on April 27, 2021 this Motion was provided to Arnold Spencer, Esq., counsel for Defendants Lucas Asher and Simon Batashvili. Mr. Buffa indicated the U.S. Commodity Futures Trading Commission is unopposed to the relief sought. Mr. Spencer did not respond to the undersigned's attempt confer about the Motion.

                                    */s/ Kelly M. Crawford*
                                    KELLY M. CRAWFORD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2021 I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

                                    */s/ Kelly M. Crawford*
                                    KELLY M. CRAWFORD