# FACT APPENDIX

### DECLARATION OF PATRICIA GOMERSALL
### PURSUANT TO 28 U.S.C. § 1746

I, Patricia Gomersall, hereby make the following declaration based upon my personal knowledge:

1.  I am a Senior Futures Trading Investigator in the Division of Enforcement at the Commodity Futures Trading Commission in Washington, D.C. I have worked in this capacity for the Commission since August 1987.

2.  I am submitting this declaration as part of Plaintiffs' Memorandum of Law in Support of Support of the Receiver's Motion for "Show Cause" Hearing To Hold Defendant Simon Batashvili ("Batashvili") In Civil Contempt

### II. Summary

3.  A true and correct copy of the pertinent parts of the transcript of Batashvili's asset deposition on November 4, 2020 is attached hereto as Exhibit 1.

4.  A true and correct copy of the pertinent parts of the transcript of the Court's December 4, 2020 contempt hearing is attached hereto as Exhibit 2. In this colloquy, the Court found Lucas Asher's answers "a bit troubling or perhaps not coming full circle." Page 154 at 10-11. The continues "No, no, no, no. Let me drive up and blow the horn again." Page 154 at 18-19.

5. A true and correct copy of the June 10, 2021 correspondence from the Receiver Kelly Crawford to CFTC counsel is attached hereto as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 10, 2021, in Washington, DC.

_____
Patricia Gomersall

# Exhibit 1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                     NORTHERN DISTRICT OF TEXAS

 3

 4                                      )
     COMMODITY FUTURES TRADING           )
 5   COMMISSION et al.,                  )
                                         )
 6          Plaintiff,                   ) Case No.:
                                         ) 3:20-CV-2910-L
 7      vs.                              )
                                         )
 8   TMTE, INC. A/k/a METALS.COM,        )
     CHASE METALS, INC., CHASE           )
 9   METALS, LLC, BARRICK                )
     CAPITAL, INC., LUCAS THOMAS         )
10   ERB a/k/a LUCAS ASHER a/k/a         )
     LUKE ASHER, and SIMON               )
11   BATASHVILI                          )
                                         )
12          Defendants.                  )
                                         )
13      and                              )
                                         )
14   Tower Equity, LLC,                  )
                                         )
15   Relief Defendant                    )
                                         )
16

17

18    REMOTE VIDEO-RECORDED DEPOSITION OF SIMON BATASHVILI

19                  Wednesday, November 4, 2020

20                            VOLUME I

21

22   Stenographically Reported by:
     Mechelle S. Gonzalez
23   CSR No. 13250
     Job No. 96641
24

25   PAGES 1 - 201
```

Trustpoint.One  Alderson
www.trustpoint.one
www.aldersonreporting.com
800.FOR.DEPO
(800.367.3376)

1    had a safe in my home.  That is correct.

2         Q.  Where is that safe today?

3         A.  I believe it's still exactly where it was.

4         Q.  Well, I can tell you I was just there last

5    week, and it's not -- the house is vacated.  It's

6    not in the closet of your bedroom.

7         A.  It's not there?

8         Q.  No, sir, it's not.

9         A.  Okay, sir.  Well, I -- I didn't move it.

10        Q.  Do you know who did?

11        A.  I don't.

12        Q.  Do you know where it is now?

13        A.  I do not, sir.

14        Q.  The order that we've marked as Exhibit 1

15   also requires you to turn over any assets which you

16   have possession or control of, over to me as

17   receiver.

18             Other than the Shelby Mustang that I asked

19   you to turn over, you have not turned over any

20   assets to me.  And why is that?

21        A.  You've asked for me to turn over assets.

22   You have access to information that's on the

23   computer and in the office, I believe would be the

24   reason why.  I just don't have access to them.

25        Q.  My question is:  Why have you not turned

```
 1    over any assets to me other than the Shelby Mustang?
 2         A.  I had -- I thought I had turned over the
 3    assets.
 4         Q.  What assets do you believe you turned over?
 5         A.  The Mustang and whatever else is -- I don't
 6    know.  I can't remember.
 7         Q.  Simon, do you understand that under the
 8    court's order, it's your obligation to turn your
 9    assets over to me?  It's not -- it's not my job to
10    go try to find them and then ask you to turn them
11    over before you turn them over.
12             Do you understand?
13         A.  I -- I -- I understand that, Mr. Crawford,
14    and I'm here to help.
15         Q.  Well, what steps have you taken to turn
16    over any assets to me?
17         A.  It would -- it would be -- it would be
18    helpful to have access to information so I can
19    assist you.
20         Q.  Well, we're here today.  So, hopefully, you
21    can assist me today, correct?
22             MR. SPENCER:  I'm sorry.  What's the
23    question?
24             MR. CRAWFORD:  My -- the question is, is
25    whether or not he's willing to assist today in his
```

# Exhibit 2

```
 1           IN THE UNITED STATES DISTRICT COURT FOR THE

 2                    NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
 3
    COMMODITY FUTURES TRADING       )
 4  COMMISSION, et al.,              )
                                     )
 5                   Plaintiff,      )
    vs.                              )Case No. 3:20-CV-2910-L
 6                                   )
    LUCAS THOMAS ERB also known     )
 7  as LUCAS ASHER also known as    )
    LUKE ASHER,                     )
 8  TMTE, Inc.,et al.,              )
                                     )
 9                   Defendants.    )
                _____
10
                  REPORTER'S TRANSCRIPT OF PROCEEDINGS
11
                  HAD ON FRIDAY, DECEMBER 4, 2020
12                CONTEMPT HEARING FOR LUCAS ASHER

13    BEFORE THE HONORABLE SAM A. LINDSAY, JUDGE PRESIDING

14                     A P P E A R A N C E S

15  MR. JONMARC PHILLIP BUFFA (By Video Teleconference)
    MR. RICHARD P. FOELBER
16  Commodity Futures Trading Commission
    1155 21st Street, NW
17  Washington, DC 20581
    (202)418-5332
18  jbuffa@cftc.gov, rfoelber@cftc.gov

19  COUNSEL FOR THE COMMODITY FUTURES TRADING COMMISSION

20  MR. PETER C. LEWIS
    MR. JAMES STAFFORD
21  MR. WALKER YOUNG
    Scheef & Stone, LLP
22  500 N. Akard, Suite 2700
    Dallas, TX 75201
23  (214)706-4241
    peter.lewis@solidcounsel.com,
24  james.stafford@solidcounsel.com,
    walker.young@solidcounsel.com
25
    COUNSEL FOR THE RECEIVER
```

1       MR. SPENCER: Nothing further, Your Honor.  Pass
2  the witness.
3       THE COURT:  Thank you.
4     Mr. Lewis, any questions?
5       MR. LEWIS:  Nothing further, Your Honor.
6       THE COURT: Before we move off, there was a
7  recording left by Mr. Asher.  Do we have a hard copy of
8  that?
9       MR. LEWIS: Well, Your Honor, we have it recited
10 in the motion.  I believe it is.  It was transcribed for
11 you.  One second.
12      THE COURT: Okay, was it part of the exhibits or
13 not?  The recording was played, but I thought there was a
14 transcript.
15      MR. LEWIS:  Yes, Your Honor, it is Exhibit C to
16 the declaration which is docket number 196, so Exhibit C.
17 It is on the screen.
18      THE COURT: All right, it is on the screen now.
19 Hold it right there then.
20     All right, that email was on September 28, 2020 at
21 7:46 p.m.  Mr. Asher, you can see that on the screen; can
22 you not?
23      THE WITNESS: Yes, Your Honor.
24      THE COURT: We discussed this a little, but I may
25 have a few questions.  About midway in that paragraph,

1  the first paragraph, you state, quote, I deny that
2  accusation.  I am in full compliance with the Honorable
3  Judge Lindsay's order, and I will continue to be in full
4  compliance.
5      In reading that, you would agree, would you not, that
6  at least as of September 28, 2020, you had read the order
7  -- the statutory restraining order, you had read it; is
8  that correct?
9          THE WITNESS: Yes, Your Honor, parts of it.
10         THE COURT: I guess that's what I find a bit
11 troubling or perhaps not coming full circle.  You said
12 you had read parts of it.  My question is this.  For a
13 person to boldly assert or declare that he or she is in
14 full compliance with a court order, would not the person
15 have to be familiar with what the order says?
16         THE WITNESS: Your Honor, I was under the
17 impression that the order --
18         THE COURT: No, no, no, no.  Let me drive up and
19 blow the horn again.  You are not hearing me.  Once
20 again, if a person tells me or tells you that I am in
21 full compliance with this contract.  Or I am in full
22 compliance with the letter that sets out my
23 responsibilities between the two of us.  Is not the
24 reasonable inference that can be drawn is that you are
25 familiar with that document?

# Exhibit 3

| | |
|---|---|
| **From:** | Buffa, JonMarc |
| **To:** | Gomersall, Patricia A. |
| **Subject:** | FW: [EXTERNAL] Status of Batashvili contempt |
| **Date:** | Thursday, June 10, 2021 8:16:24 PM |
| **Attachments:** | image001.png |
| | image003.png |

**From:** Kelly Crawford <kelly.crawford@solidcounsel.com>
**Sent:** Thursday, June 10, 2021 8:15 PM
**To:** Foelber, Richard P. <rfoelber@CFTC.gov>; Buffa, JonMarc <JBuffa@CFTC.gov>
**Subject:** [EXTERNAL] Status of Batashvili contempt

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

To date, I have not received from Mr. Batashvili any of the information he promised to produce to me at this deposition that forms a basis for my motion for contempt.

To date, I have received one of two watches I traced to Mr. Batashvili, and a ring I traced to his wife Fainche. I received the Rolex Cosmograph that was valued at $28,500. The Daytona Rolex valued at $36,600 has not been produced to date.

With respect to the $492,500 that Mr. Batashvili transferred in violation of the SRO, to date I have received the following wires:

   A wire of $130,000 from Manana Batashvili on 5-24-21
   A wire of $100,000 from Batashvili Management on 5-25-21
   A wire of $86,000 from Batashvili Management on 6-2-21
   A wire of $60,000 from Manana Batashvili on 6-10-21
    A wire of $40,000 from Batashvili Management on 6-10-21

   Total returned to date:  $416,000

The receivership is still missing $76,500 that was hidden by Mr. Batashvili from me.

Thank you.

**Kelly Crawford** PARTNER

**Scheef & Stone, LLP**

[www.solidcounsel.com](http://www.solidcounsel.com) **| 214.706.4213**

Office: 214.706.4200  |  Fax: 214.706.4242

500 North Akard Street, Suite 2700, Dallas, TX 75201

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.