## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-L |
| TMTE, INC. a/l/da METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/l/da LUCAS ASHER a/l/da LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § | |

## APPENDIX IN SUPPORT OF RECEIVER'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO HOLD DEFENDANT SIMON BATASHVILI IN CIVIL CONTEMPT

The Receiver submits the following Appendix in Support of the Receiver's Reply to Defendant's Response to the Receiver's Motion to Hold Defendant Simon Batashvili in Civil Contempt, as follows:

Exhibit A        Order Finding Contempt Against Diane Phillips                pages 3 to 5

Dated: June 16, 2021

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By:     */s/ Peter Lewis*
          Peter Lewis
          Texas State Bar No.12302100
          Peter.lewis@solidcounsel.com

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200 – Telephone
(214) 706-4242 – Telecopier

**ATTORNEY FOR RECEIVER**
**KELLY M. CRAWFORD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 16, 2021, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Peter Lewis*
**PETER LEWIS**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**F I L E D**

APR - 3 2000

NANCY DOHERTY, CLERK

BY
Deputy

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | §<br>§<br>§ |
| Plaintiff, | §<br>§ |
| vs. | §<br>§ |
| BENJAMIN FRANKLIN COOK, individually and dba DENNEL FINANCE LIMITED, GERALD LEE PATE, ELLSWORTH WAYNE McLAWS, and ALAN CLAGG, | §<br>§<br>§<br>§<br>§<br>§ |
| Defendants, | §<br>§ |
| and | §<br>§ |
| FPC-1 LIMITED PARTNERSHIP, SAMUEL LIMITED PARTNERSHIP, ALLIANCE INVESTMENT CORP., CORNERSTONE MANAGEMENT, LLC, INTERNATIONAL BUSINESS CONSULTANTS LIMITED, HIGHLANDER LIMITED PARTNERSHIP, and C. KELLY OLSEN, | §<br>§<br>§<br>§<br>§<br>§<br>§ |
| Defendants Solely for Purposes of Equitable Relief | §<br>§<br>§ |

CIVIL ACTION NO. 399 CV0571-R

ENTERED ON DOCKET

APR - 3 2000

U.S. DISTRICT CLERK'S OFFICE

## ORDER FINDING CONTEMPT AGAINST DIANE PHILLIPS

On March 30, 2000, came on to be considered the Receiver's Motion to Have Diane
Phillips Held in Civil Contempt for Failure to Comply With This Court's Order. Despite receiving
notice of the hearing on the Receiver's Motion, Diane Phillips failed to appear and failed to show
cause as to why she should not be held in contempt of Court.





EXHIBIT
A

Accordingly, after considering the evidence and arguments submitted by the Receiver, the Court finds as follows:

1.     On March 16, 1999, this Court entered an Order Appointing Temporary Receiver that ordered all persons in active concert or participation with the Defendants or Relief Defendants who received actual notice of the Order to promptly deliver to the Receiver, all "Receivership Assets in the possession or under the control of any one or more of them.."

2.     The Receiver established that Diane Phillips received and had possession of Receivership Assets; specifically a diamond ring and gold bracelet she received from Defendant Benjamin Cook; $25,000 she received from Defendant Cook; and $2,000 she received from a Merrill Lynch account used by Defendant Cook and other Defendants.

3.     On May 27, 1999, the Receiver provided Phillips with the Order Appointing Temporary Receiver and made demand upon Phillips to turn over to the Receiver the jewelry and money she received from Cook.  Phillips refused to abide by the request of the Receiver.

4.     On November 3, 1999, the Receiver filed Petition 13 seeking a specific Order from this Court directing Phillips to turn over the Receivership Assets in her possession to the Receiver.  On November 6, 1999, the Court entered an Order approving Petition No. 13 and ordered Phillips to deliver to the Receiver by no later than November 16, 1999, a cashier's check in the amount of $27,000 representing a return of the cash she received from the defendants; and a diamond ring and gold bracelet she had received from the Defendant Cook. The Order Regarding Petition 13 was served upon Phillips.

5.     To date, Phillips has refused to turn over the Receivership Assets identified herein to the Receiver in disregard and contempt of this Court's Order.

6.      The Court finds that the directives of the Order Appointing Temporary Receiver and Order Regarding Petition 13 were clear and unambiguous and that Phillips received notice of the Order Appointing Temporary Receiver and Order Regarding Petition 13.

7.      The Court finds that Phillips received notice of the Court's Order that it would have a hearing on the Receiver's Motion to Have Diane Phillips Held in Civil Contempt for Failure to Comply With Court Orders, but that despite receiving notice of such Order, Phillips did not appear before the Court.

Accordingly, this Court finds Phillips in contempt of the Order Appointing Temporary Receiver; and the  Order Regarding Petition 13 for failing to deliver to the Receiver the Receivership Assets in Phillips' possession or control as required in the Order Appointing Temporary Receiver and the Order Regarding Petition 13.

IT IS, THEREFORE, ORDERED, that Diane Phillips be remanded into the custody of the United States Marshal and taken to the nearest detainment facility and there incarcerated until such time as she complies with the Court's Order Appointing Temporary Receiver and the Order Regarding Petition No. 13 and delivers the Receivership Assets set forth herein to the Receiver.

SO ORDERED.

Signed this __3__ day of April, 2000.

_____
UNITED STATES DISTRICT JUDGE

ORDER OF CONTEMPT- Page 3
orddpcon