**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § | |

<u>**RECEIVER'S RESPONSE TO DEFENDANT LUCAS ASHER'S NOTICE REGARDING**</u>
<u>**COURT'S JULY 1, 2021 ORDER AND RECEIVER'S REQUESTED DISCOVERY**</u>
<u>**MATERIALS**</u>

COMES NOW Kelly Crawford, as the court-appointed Receiver ("Receiver"), and responds to Defendant Lucas Asher's Notice Regarding Court's July 1, 2021 Order and Receiver's Requested Discovery Materials (the Notice)[Dkt. No. 288] as follows:

**I.**

<u>**FACTUAL BACKGROUND**</u>

1.    In an *Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders* entered on December 15, 2020, Defendant Lucas Asher confessed to knowingly violating this Court's *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief* (the "SRO") issued on September 22,

2020.[1]  As a condition to purging his contempt of the SRO, Defendant Asher was ordered to provide "full, complete, and accurate testimony" in an asset deposition to be taken by the Receiver.

2.      On January 29, 2021, the Receiver took the asset deposition of Defendant Lucas Asher.  During the course of the deposition, in response to 20 of the questions asked by the Receiver, Defendant Asher testified he would assist the Receiver or provide the information to the Receiver.  Indeed, pursuant to paragraph 34 of the *SRO*, Defendant Asher is ordered to provide information to the Receiver that the Receiver deems necessary to exercising his authority under the *SRO*.[2]

3.      Contrary to his testimony at the deposition, and despite numerous requests by the Receiver, Defendant Lucas Asher failed and refused to provide any of the information promised to the Receiver.

4.      On July 1, 2021, this Court ordered that "Defendant Asher must produce, by **July 29, 2021**, the discovery (materials) that he agreed to produce during his deposition on January 29, 2021, which was later identified in a letter that the Receiver sent to Mr. Spencer and Mr. Chris Davis." *Order [Dkt. No. 280]*.

5.      The Court further instructed Mr. Spencer in the *Order* that "[i]f the discovery is not produced, Mr. Spencer must inform the court in writing of the steps he took to convince Mr. Asher to comply with the court's order, and he may submit this information to the court for an in camera review." *Id*.

---

[1] See *Appendix, Exhibit A*.
[2] Paragraph 34 of the *SRO* provides that "Absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, Defendants.....shall cooperate fully with and assist the Temporary Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority as provided in this Order..."

## II.

### THE MISREPRESENTATION TO THE COURT IN THE NOTICE

6.     On July 29, 2021, Mr. Spencer filed the Notice representing to the Court that "Asher and his current counsel have provided the Receiver with all information available to Mr. Asher and responsive to the Receiver's requests. Counsel for Asher has offered to discuss any remaining issues on this matter with the Receiver." *Notice, [Dkt. No. 288].*

7.     Immediately after filing the Notice with the Court, Mr. Spencer provided the Receiver with a letter answering at best 7 of the 20 outstanding questions the Court ordered to be answered. The letter provided excuses for Asher either not answering or referring the Receiver to websites and other general information in response to the remaining 13 questions.[3]

## III.

### THE OPPORTUNITY FOR CORRECTION OF THE NOTICE

8.     By letter dated August 2, 2021, the Receiver informed Mr. Spencer that the Notice contained misrepresentations to the Court because Mr. Asher did not provide the Receiver with all information available to Mr. Asher.[4]  In his letter, the Receiver described the deficiencies in Mr. Asher's responses, and requested Mr. Spencer to voluntarily amend his Notice to inform the Court that after consultation with the Receiver that Mr. Asher answered some, but not all of the Receiver's questions to the satisfaction of the Receiver, and an indication Mr. Asher will provide complete responses for the remainder of the questions within 10 days.

9.     In response to the Receiver's letter requesting Mr. Asher and his counsel to amend the Notice to the Court to correct the misrepresentation, Mr. Spencer indicated he was on vacation and could not respond as quickly as the Receiver requested. The Receiver requested Mr. Arnold

---

[3] *Appendix*, Exhibit B.
[4] *Appendix*, Exhibit C.

to simply indicate whether he was going to file an amended notice or if it would be necessary for the Receiver to inform the Court of the misrepresentation in the Notice.[5]  To date, Mr. Spencer has failed to respond.

## IV.

### <u>DEFENDANT ASHER HAS NOT PURGED HIMSELF OF CONTEMPT</u>

10.     As indicated by Mr. Asher's failure to provide the discovery he promised to the Receiver, and as required by the *SRO*, he continues to play games with the Receiver and simply does not appreciate the consequences of failing to comply with this Court's Orders.  Indeed, Mr. Asher's continued refusal to provide such basic information as the address of the house he was staying at during his deposition exemplifies Mr. Asher's brazen disregard of this Court's Orders. Moreover, as an excuse for not providing the information to the Receiver, Mr. Asher contends he does not have access to documents, emails, etc.  On June 25, 2012, the Receiver made in excess of 53,000 documents he had recovered available to Mr. Spencer, as counsel for Defendant Asher and other counsel who are seeking to represent Defendant Asher on a limited basis.[6]  It is apparent from Mr. Asher's failure to respond to the outstanding discovery requests from the Receiver that Mr. Asher made no attempt whatsoever to search through the documents made available.

11.     Pursuant to the *Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders*, Defendant Asher is in contempt.  Despite have more than five months to purge himself of the contempt, Defendant Asher has not done so.  Accordingly, the Receiver requests that if Defendant Asher has not fully cured the deficiencies in his production of the information he

---

[5] *Appendix*, Exhibit D.
[6] *Appendix,* Exhibit E.  Despite the Court's July 2, 2021 order for substitute counsel to file an entry of appearance by July 30, 2021, attorney Gene Besen of the law firm of Bradley Arant Boult Cummings LLP filed a limited and conditional appearance as counsel for Defendant Asher.  Moreover, because of Defendant Asher's failure to provide the discovery responses ordered by the Court, the condition for Mr. Spencer's withdrawal as counsel of record, as specified by the Court, has not been satisfied.

promised to the Receiver within ten days, that he be taken into custody and incarcerated at the

Federal Detention Center closest to this Court until such time as he provides the information

ordered by this Court.  Unfortunately, it appears that only in this instance will Defendant Asher

appreciate the importance of obeying this Court's orders.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By:  */s/ Peter Lewis*
     Peter Lewis
     Texas State Bar No.12302100
     Peter.lewis@solidcounsel.com
500 N. Akard Street, Suite 2700
Dallas, Texas 7501
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**ATTORNEYS FOR RECEIVER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 4, 2021, a true and correct copy of the foregoing

document was electronically filed with the clerk of the U.S. District Court, Northern District of

Texas, using the electronic case filing system of the court.  The electronic case filing system sent

a "Notice of Electronic Filing" to attorneys of record.

*/s/ Peter Lewis*
PETER LEWIS