# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-L |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § § | |

## APPENDIX IN SUPPORT OF RECEIVER'S
## RESPONSE TO DEFENDANT LUCAS ASHER'S NOTICE REGARDING COURT'S
## JULY 1, 2021 ORDER AND RECEIVER'S REQUESTED DISCOVERY MATERIALS

Kelly M. Crawford, as the Court appointed Receiver, submits the following Appendix in Support of the Receiver's Response to Defendant Lucas Asher's Notice Regarding Court's July 1, 2021 Order and Receiver's Requested Discovery Materials, as follows:

| | | |
|---|---|---|
| **Exhibit A** | Agreed Order Finding Defendant Lucas Asher in Contempt | pages 3 to 7 |
| **Exhibit B** | Letter from Counsel for Asher to the Receiver | pages 8 to 12 |
| **Exhibit C** | Receiver's letter to Counsel for Asher | pages 13 to 19 |
| **Exhibit D** | Emails between the Receiver and Counsel for Asher | pages 20 to 22 |
| **Exhibit E** | Receiver's email to all parties making documents available | page 23 |

**APP 00001**

Dated: August 4, 2021

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: */s/ Kelly Crawford*_____
      Kelly Crawford
      State Bar No. 05030700
      Kelly.Crawford@solidcounsel.com

500 North Akard, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**RECEIVER KELLY CRAWFORD**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 4, 2021 I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all attorneys of record.

*/s/  Kelly Crawford*_____
KELLY CRAWFORD

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION, and**<br><br>**ALABAMA SECURITIES COMMISSION, STATE OF ALASKA, ARIZONA CORPORATION COMMISSION, CALIFORNIA COMMISSIONER OF BUSINESS OVERSIGHT, COLORADO SECURITIES COMMISSIONER, STATE OF DELAWARE, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, OFFICE OF THE GEORGIA SECRETARY OF STATE, STATE OF HAWAII, SECURITIES ENFORCEMENT BRANCH, IDAHO DEPARTMENT OF FINANCE, INDIANA SECURITIES COMMISSIONER, IOWA INSURANCE COMMISSIONER DOUGLAS M. OMMEN, OFFICE OF THE KANSAS SECURITIES COMMISSIONER, KENTUCKY DEPARTMENT OF FINANCIAL INSTITUTIONS, MAINE SECURITIES ADMINISTRATOR, STATE OF MARYLAND EX REL MARYLAND SECURITIES COMMISSIONER, ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN, MISSISSIPPI SECRETARY OF STATE, NEBRASKA DEPARTMENT OF BANKING & FINANCE, OFFICE OF THE NEVADA SECRETARY OF STATE, NEW MEXICO SECURITIES DIVISION, THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, OKLAHOMA DEPARTMENT OF SECURITIES, SOUTH CAROLINA ATTORNEY GENERAL, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA DEPARTMENT OF LABOR & REGULATION, DIVISION OF INSURANCE, COMMISSIONER OF THE** | **Civil Action No.: 3-20-CV-2910-L** |



EXHIBIT

A

TENNESSEE DEPARTMENT OF
COMMERCE AND INSURANCE,

STATE OF TEXAS, WASHINGTON
STATE DEPARTMENT OF FINANCIAL
INSTITUTIONS,
WEST VIRGINIA SECURITIES
COMMISSION, AND STATE OF
WISCONSIN.

  Plaintiffs,

v.

TMTE, INC. a/k/a METALS.COM, CHASE
METALS, INC., CHASE METALS, LLC,
BARRICK CAPITAL, INC., LUCAS
THOMAS ERB a/k/a LUCAS ASHER a/k/a
LUKE ASHER, and SIMON BATASHVILI,

  Defendants,

and

TOWER EQUITY, LLC,

  Relief Defendant.

## AGREED ORDER FINDING DEFENDANT LUCAS ASHER IN CONTEMPT OF THIS COURT'S ORDERS AND CONTINUANCE OF SHOW CAUSE HEARING

Before the court is the Receiver's Unopposed Motion for Entry of Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Order and Continuance of Show Cause Hearing (Doc. 215), filed December 15, 2020. The court determines that the motion should be, and is hereby, **granted**. Accordingly, the court **vacates** the hearing scheduled for Wednesday, December 16, 2020, and will reset the hearing, as necessary, after the deposition of Defendant Lucas Asher ("Defendant Asher" or "Mr. Asher").

On November 23, 2020, the Receiver filed the Receiver's Emergency Motion for Show Cause Hearing to Hold Defendant Lucas Asher in Civil Contempt, together with supporting evidence. (Doc. 195) (the "Receiver's Motion"). On November 24, 2020, the court granted the

Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders – Page 2

Receiver's Motion and ordered that Defendant Lucas Asher appear before the court on December 4, 2020 and show just cause as to why he should not be held in civil contempt of court. (Doc. 199). On December 4, 2020, the court conducted an evidentiary show-cause hearing at which both the Receiver and Mr. Asher testified. The court continued the hearing so that the parties could depose Athena Hunter, who provided an Affidavit relied upon by Defendant Asher at the show cause hearing.  Since that recess the court has been informed as follows:

      1.     Defendant Asher, by his signature below, admits and confesses to the court as follows:

      a.     As of September 28, 2020, Asher had actual knowledge of and was aware of the terms of the Order Granting Plaintiffs' Emergency *Ex Parte* Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SR0") issued on September 22, 2020.

      b.     Prior to and after the date the SRO was issued, including on September 29, 2020, Mr. Asher controlled, had access to, and operated the USA Accounts, Inc. bank account at Bank of America. He was the sole signatory on this account from the time the account opened until December 7, 2020.

      c.     Mr. Asher was the incorporator and operated and controlled USA Accounts, Inc.

      d.     The USA Accounts, Inc. bank account was subject to the SRO, and the funds contained therein are properly included within the "Receivership Estate" as defined by the SRO.  Therefore, Mr. Asher was enjoined from transferring any monies in the account.

      e.     In violation of the SRO on September 29, 2020, Defendant Asher transferred from the USA Accounts, Inc. bank account at Bank of America the sum of $250,000 to

The Voice, Inc., and $300,000 to Talent Writers, LLC for the payment of an invoice to USA Marketing, Inc., an entity owned and controlled by Defendant Asher.

f.  As of the date immediately prior to the entry of the SRO, and since that time, Defendant Asher has no signatory authority, ownership interest, control, access, and/or does not operate any bank account other than accounts at Balboa Bank & Trust in Panama; Capital One (personal); First Bank (Administrative Account Services, LLC); Bank of America (personal and USA Accounts, Inc.); Chase (Tower Holdings, Inc. and Best New, Inc.); and Wells Fargo (Administrative Account Services, LLC).

g.  Defendant Asher has not withdrawn, authorized, directed, ordered, accessed, or been the recipient or beneficiary of the transfer of any funds or monies in any bank account, located anywhere in the world, since issuance of the SRO, other than the two transfers from the USA Accounts, Inc. account at Bank of America confessed to as set forth above.

2.  The Receivership Estate received from The Voice, Inc., a return of the $250,000 that The Voice, Inc. received from the USA Accounts, Inc. bank account at Bank of America.

3.  Bank of America transferred to the Receivership Estate the sum of $172,261.83 from the Talent Writers, LLC account at Bank of America; and Talent Writers, LLC returned to the Receivership Estate the sum of $127,728.17. Therefore, the Receivership Estate has received a return of the $300,000 that was transferred by Asher on September 29, 2020 in violation of the SRO.

4.  Defendant Asher agrees and consents to submitting to an asset deposition to be taken by the Receiver and the Plaintiffs.

**Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders – Page 4**

**IT IS HEREBY ORDERED THAT:**

1.    Defendant Asher is in civil contempt for violating the court's SRO.

2.    The contempt has been purged, in part, by the return to the Receivership Estate of the $550,000 in monies that belonged to the Receivership Estate and that were transferred by Asher in violation of the SRO.

3.    The court finds the funds at issue here are funds of the Receivership Estate.

4.    In order to complete the purging of his contempt, Defendant Asher shall appear at the continued asset deposition taken by the Plaintiffs and Receiver commenced and continued on November 19, 2020 pursuant to the SRO. The parties and the Receiver will take this deposition on a mutually convenient date within the next 45 days. Mr. Asher shall provide full, complete, and accurate testimony in this asset deposition. Failure to do so will result in the court imposing sanctions on Mr. Asher as the court deems necessary and appropriate.

**It is so ordered**, this 15th day of December, 2020.

Sam A. Lindsay
United States District Judge

**AGREED:**

By: _Lucas Asher_          Dated: 12-14-20

Approved as to form:

_Arnold A. Spencer_          Dated: 12/14/2020
*Counsel to Defendant Asher*

**Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders – Page 5**

# Spencer & Associates

5956 Sherry Lane, Suite 2000
Dallas, Texas 75225

July 29, 2021

Dear Mr. Crawford:

Pursuant to the Court's July 1, 2021 order, I am writing to provide you with responsive information related to your February 16, 2021 letter addressed to Chris Davis. Your February 16, 2021 letter contains twenty requests. As explained below, certain circumstances prevent Mr. Asher from complying with the precise terms of your request; however, I have attempted to provide you with as much relevant information as possible to allow you to follow up as appropriate on issues related to these requests. As has been discussed previously and throughout this case, Mr. Asher does not have access to certain information related to certain matters anymore—e.g., email accounts—and other persons, including you in certain instances, have more direct access to these sources of information.

If it is your position that this letter does not comply with the Court's July 1, 2021 order, please let me know specifically the basis for such position. Per the order, I intend to file a notice with the Court as it relates to the "discovery issue" immediately following the transmission of this letter. If it is your position that I have not complied with the order's terms as it relates to the "discovery issue," please inform me specifically of the basis or bases for such position. If necessary, I will submit a letter to the court for in camera review explaining why the information contained in this letter represents the full amount of responsive information Mr. Asher can provide regarding your requests.

Below I include your requests, with the responses to each request directly below the relevant request:

1. Please produce a copy of the engagement agreement between Mr. Asher and Mr. Spencer. *See page 319, lines 15-22.*

    a. A copy of the engagement letter is attached to this letter as Exhibit A.

2. Mr. Asher testified he informed Mr. Spencer of corporations I was not aware of. Please provide the names of such corporations. *See page 329, lines 4-17.*

    a. The excerpt of the deposition transcript that you cite explains that I sent you the name of the corporations via email. For clarity, the corporations referenced by Mr. Asher in his deposition transcript are the entities I disclosed in my October 25,

1

**APP 00008**



2020 email. Mr. Asher is not aware of any other corporations for which he had an ownership interest or was personally involved.

3. Mr. Asher testified he would provide the address of the "We-Works like" office he spent time at on the Wednesday prior to his deposition. Please provide the address. *See page 344, line 25 and page 345, lines 1-2.*

   a. CommonGrounds Workplace, 7007 Romaine St., Los Angeles, CA 90038.Mr. Asher indicated he would take action to have the monies he deposited at Balboa Bank & Trust in Panama turned over to the Receiver. Please request Mr. Asher to contact the bank, obtain the relevant information about the account, and provide me such information with his consent for the turnover of the monies. *See page 350, lines 22-24.*

   b. Balboa Bank & Trust is no longer operating.[1] To the best of Mr. Asher's knowledge, the last time he banked with Balboa Bank & Trust was 2014 or 2015. Consequently, Mr. Asher cannot contact the bank or otherwise comply with your request on this matter.

4. Mr. Asher testified he would provide the amount of dividends he received from Tower Equity and Best New. *See page 356, lines 5-6.*

   a. Mr. Asher testified in his deposition that he would "try to get that information" for you. Mr. Asher does not have access to his records for Tower Holdings or Best New,[2] as those records were seized. Mr. Asher has, however, previously provided you with the names of the accountants who might be able to provide you the requested information. *See page 356, lines 11–15.*

5. Mr. Asher testified he would provide his income from Chase Metals in 2019. *See page 356, line 21-22.*

   a. Mr. Asher does not have access to that information, but he believes that the CPA for Chase Metals likely would: Dean Fredgant (310-481-7439).

6. Mr. Asher indicated he asked for information from Brager Tax Law Group, including tax returns, and Brager Tax Group refused because of monies owed. *See page 357, lines 17-22.* I provided Brager Tax Law Group with a copy of the receivership Orders and demanded the production of records. Brager Tax Law Group refused to make such production without Mr. Asher's consent, claiming an attorney client privilege with Mr. Asher. With respect to Mr. Asher's tax returns, in which there is no attorney client privilege, I request that Mr. Asher direct the Brager Tax Law Group to produce his tax returns to me.

---

[1] *See* https://www.treasury.gov/press-center/press-releases/pages/jl0450.aspx; https://www.reuters.com/article/us-panama-usa-bank/panama-based-balboa-bank-trust-seized-following-u-s-probe-idUSKCN0XX03R.

[2] Your letter references dividends from Tower Equity and Best New, but, as the deposition transcript demonstrates, Mr. Asher believes that Tower Equity *paid* dividends <u>to</u> Tower *Holdings* and Best New.

2

**APP 00009**

    a. Mr. Asher has contacted Brager Tax Law Group and authorized it to provide his personal tax returns to you upon your request.

7. Mr. Asher testified he would provide me with the telephone numbers he has used in the past three years. *See page 357, lines 23-24.*

    a. 424-744-7310, 310-904-8589, 747-500-1778 are the numbers that Mr. Asher can recall. Other phone numbers that he may have used over the past decade would be in his office under his desk in a drawer.

8. Mr. Asher testified that he would find out the location of the bank accounts for MagicStar Arrow. *See page 379, lines 8-9.*

    a. Per Mr. Asher's deposition testimony cited by you, he does not know where any bank accounts for MagicStar Arrow are located. Simon Batashvili is also currently unable to recall the location of any MagicStar Arrow bank accounts without reference to any past wire transfers. With access to certain financial records, Mr. Asher or Mr. Batashvili could identify MagicStar Arrow's bank account(s).

9. Mr. Asher testified he would find and share with me the name of the individual at Equidate who led the syndicate that Tower Equity invested in that in turn invested in Space Exploration, Inc. *See page 397, lines 23-25 and page 398, lines 1-4.*

    a. On further review, Mr. Asher does not know the name of the individual who led the above-referenced syndicate, as he never communicated directly with a single, devoted individual. He believes anyone at Equidate could provide the requested information. Equidate's website is forgeglobal.com, and its phone number is 415-881-1612.

10. Mr. Asher testified he would find out information about the acquisition of the painting by Jean-Michael Basquiat called "Per Capita" that was in the office at 8383 Wilshire Blvd. *See page 399, line 25 and page 400, lines 1-13.*

    a. Mr. Asher is unsure whether the painting referenced in the deposition was entitled "Per Capita" and is unsure who the artist was; however, Mr. Asher remembers the painting in the back office of 8383 Wilshire Blvd. Mr. Asher is unsure whether the painting was purchased. The entity who will have the most information regarding this painting will be the decorator of the suite: Douglas Emmett (https://www.douglasemmett.com/contact-us).

11. Mr. Asher testified he would determine what was purchased at VIBE Motorsports for $2,400 as shown on his Capital One card. *Page 403, lines 20-23.*

    a. VIBE motorsports repaired a broken car rim.

12. Mr. Asher testified he would determine the ownership of Newmont Administration, Inc. or Newmont Financial. *See page 408, lines 12-18.*

    a. While Mr. Asher does not know the ownership structure for Newmont Administration, Inc. or Newmont Financial and does not have access to

documents to reference to provide that information, he has reached out to attorney Connor O'Reilly and authorized Mr. O'Reilly to provide the ownership information Mr. O'Reilly has to you. Conor O'Reilly's publicly available contact information can be found at the following link: http://members.calbar.ca.gov/fal/Licensee/Detail/322684.

13. Mr. Asher testified he would determine the ownership of Reagan Financial, Inc. *See page 408, lines 23-25 and page 409, lines 1-3.*

    a. Mr. Asher was able to determine that one of the owners is Sean Raza. With access to the files in his office, he believes there are files with the ownership structure that contain additional information, as well as potentially files that would provide past contact information for Mr. Raza.

14. Mr. Asher testified he would contact Dennis Belichenko to obtain financial information to turn over to the receivership. *See page 412, lines 16-20.* His email is dennis.sf@gmail.com.

    a. Mr. Asher has made efforts to communicate with Mr. Belichenko through the lines of communication Mr. Asher knows at this time, but Mr. Belichenko has not gotten back to Mr. Asher. Mr. Asher does not currently have the cell phone number for Mr. Belichenko but believes it is in his office. With access to that cell phone number, Mr. Asher would call and attempt to connect you with Mr. Belichenko.

15. Mr. Asher testified he would call EquityZen and obtain information regarding the investments made by Tower and assist in transferring those investments to the Receiver. *See page 416, lines 21-25 and page 418, lines 14-20.*

    a. Mr. Asher did not work with any devoted person at EquityZen, but Mr. Asher has reached out to EquityZen and informed it that you may be reaching out for purposes of determining the nature of investments and having those investments transferred to the Receiver. EquityZen's website is equityzen.com, and its contact information is listed on https://equityzen.com/contact/.

16. Mr. Asher testified he would provide the name of the management company for Tower Equity and the name of other companies used to purchase properties. *See page 420, lines 14-18.*

    a. On further review, and consistent with his testimony that he thought it was "*possible* that [Mr. Batashvili] set up some real estate or property corporations, and there could be a management fee for those property corporations," Mr. Asher is not aware of a "management company for Tower Equity." *See page 42, lines 8–11 (emphasis added).* Mr. Asher believes that the companies used to purchase properties were Tower Equity LLC, Tower Estates Inc., and Tower Property One LLC; however, Mr. Asher cannot verify that this list is exhaustive without consulting his records.

4

17. Mr. Asher testified he would provide Blake Corbin's address. *See page 450, line 10*.

    a. Mr. Corbin has moved out of California, where Mr. Asher previously stayed for a short period of time—one to two nights. Mr. Asher cannot recall Mr. Corbin's address, as it was one of many places he stayed for a few nights over the past year. Mr. Corbin no longer communicates with Mr. Asher, and Mr. Asher does not know Mr. Corbin's new address.

18. M. [sic] Asher testified he would assist in obtaining information from EquityZen and Forge regarding equity investments made by Tower Equity in Ripple and other investments. *See page 456, lines 11-14*.

    a. See above answers to Requests #10 and #16.

19. Mr. Asher testified he would provide the addresses of the apartment complexes in Ft. Worth, Texas and Edinburg, Texas in which Tower invested. *See page 457, lines 15-17*.

    a. On further review, Mr. Asher does not have the exact addresses for these apartment complexes that he previously recalled; however, he does remember Cadre (https://cadre.com/) and Crowd Street (https://www.crowdstreet.com/) being involved in the transactions underlying the apartment complexes. Mr. Asher believes these companies would have more information about the apartment complexes.

                Sincerely,


                /s/

                Arnold A. Spencer

**Kelly Crawford**
Receiver
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4213
kelly.crawford@solidcounsel.com

August 2, 2021

***Via Electronic Mail and First Class Mail***

Arnold Spencer
Spencer & Associates
5949 Sherry Lane, Suite 900
Dallas, Texas 75225

RE:   *Commodity Futures Trading Commission, et al v. TMTE, Inc. a/k/a Metals.com,*
*Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., Lucas Thomas Erb*
*a/k/a Lucas Asher a/k/a Luke Asher, Simon Batashvili, Defendants and Tower*
*Equity, LLC, Relief Defendant.;* Cause No. 3:20-CV-2910-L; pending in the
United States District Court for the Northern District of Texas, Dallas Division

Dear Arnold:

Your representations to the Court in the *Notice Regarding Court's July 1, 2021 Order*
*and Receiver's Requested Discovery Materials* [Dkt. 288] are not true. Specifically, you
represented to Judge Lindsay that "Asher and his current counsel have provided the Receiver
with all information available to Mr. Asher and responsive to the Receiver's requests." This is
simply not the case.

In your letter to me of July 29, 2021, you indicate that "Mr. Asher does not have access
to certain information related to certain matters anymore – e.g., email accounts…" On March
27, 2021 the Plaintiffs made their Initial Disclosures to you. More than a month ago I made the
database of digital information I obtained (57,000+ documents) and the bank records and other
records in my possession available to Mr. Asher through his purported counsel. Mr. Asher's
purported counsel requested and I provided such counsel access to the digital platform for such
documents. Furthermore, I invited Mr. Asher's purported counsel to inspect the bank and other
records in my office, and no request was made by Mr. Asher's purported counsel to review the
records.

Mr. Asher has had available to him more than 57,000 documents containing emails,
documents, texts, etc. that he obviously, based on your letter, did not search to respond to my
questions. Indeed, of the 20 questions I asked during the deposition that Mr. Asher testified he
would assist me with or provide information to me regarding, he answered at best 7 of the 20.

**APP 00013**

EXHIBIT

C

August 2, 2021
Page 2

For the remainder of the questions, Mr. Asher either provided excuses for not being able to answer the questions, or he provided vague and general references to websites. These responses indicate that despite having more than 5 months to gather the information he promised to provide, Mr. Asher is choosing still not to cooperate with the Receiver as he is ordered to do by the Court.

Specifically, the deficiencies in his responses (corresponding by number to the number of each of my 20 requests set forth in my letter attached hereto) are as follows:

1. Thank you for providing a copy of an engagement agreement. The copy you provided is not signed by Mr. Asher. Please provide the engagement agreement signed by Mr. Asher, or confirm that Mr. Asher never signed an engagement agreement with you.

2. Answer explained.

3. Answered.

4. Answered.

5. Deficient. Mr. Asher has access to the records for Tower Holdings and Best New and needs to provide this information.

6. Deficient. Mr. Asher has access to the records and to the CPA he used that he identified. He has no excuse for not providing this information.

7. Answered.

8. Answered.

9. Deficient. Mr. Asher has access to the records. Mr. Asher's companies transferred more than $20 million to MagicStar Arrow operated by Mr. Asher's friend and associate Carlos Cruz. Indeed, based on disclosures of Mr. Asher's proposed substitute counsel compelled by order of Magistrate Toliver, it appears Mr. Cruz is attempting to fund Mr. Asher's defense through other entities he owns. Mr. Asher's inability to identify the bank accounts to which the millions of dollars were transferred demonstrates Mr. Asher's refusal to cooperate with the Receiver and his efforts to obstruct the Receiver.

10. Deficient. Certainly Mr. Asher dealt with someone at Equidate regarding the investment in Space Exploration, Inc. Indeed, Mr. Asher represented himself to the public as very involved in the SpaceEx investment. Mr. Asher's general reference to the Equidate website and a general telephone number is simply indicative of Mr. Asher's failure to search through the records to identify the person at Equidate he dealt with regarding the investment, as he testified to in his deposition.

August 2, 2021
Page 3

11. Deficient. Mr. Asher testified he would investigate and obtain the information regarding the painting. Now, he is changing his position, and simply claiming a general memory of the painting and referring me to the company Douglas Emmett that serves as property manager for the property. Indeed, he has had five months to obtain this information and obviously made no effort to respond to this question that he promised he would at his deposition.

12. Answered.

13. Deficient. Mr. Asher has access to the records and Newmont was an entity he and Simon controlled. If Mr. Asher contacted Conor O'Reilly as a resource who would know about the ownership of Newmont, why didn't Mr. Asher obtain the information and provide it to me? Instead, he is referring me to Mr. O'Reilly.

14. Deficient. Mr. Asher has access to the records and Reagan Financial was an entity he and Simon controlled. Identifying Sean Raza as *one* of the owners does not identify the ownership of Reagan Financial.

15. Deficient. Please identify specifically all attempts Mr. Asher made to communicate with Mr. Belichenko and Mr. Belichenko's failure to respond to such attempts.

16. Deficient. Please identify the person at Equity Zen Mr. Asher spoke with about transferring investments to me, as Receiver. In addition, Mr. Asher has access to the records of Tower Equity that would show investments made in Ripple and other investments, but it is obvious Mr. Asher has not conducted a search of such records to provide the information he promised to me as Receiver.

17. Deficient. Mr. Asher has access to the records and should be able to provide the list of the name of companies used to purchase properties. In addition, Mr. Asher testified that Simon set up a management company and that he would get me that information. *Page 420, lines 12-18.*

18. Deficient. Mr. Asher was asked about Blake Corbin's address because Mr. Asher testified he was staying at such address. Mr. Asher testified he would provide Mr. Corbin's address, and now five months later he continues to refuse to provide this information? Certainly he knows where he stayed and can return to that place, find the address, and provide it to me as he promised during his deposition.

19. Deficient. See No. 16 above.

20. Deficient. Mr. Asher has access to the records and should be able to provide the addresses of the properties he invested in using investor funds. His general reference to two websites without any point of contact is not providing information regarding the addresses of the properties he promised to provide.

August 2, 2021
Page 4

Arnold, it is apparent by Mr. Asher's deficient responses after 5 months of not-responding, that Mr. Asher simply does not take Judge Lindsay's orders seriously or understand the consequences of refusing to comply with Judge Lindsay's orders. Mr. Asher's excuse of being unable to answer the questions because he does not have access to the records falls apart considering that he has had access to the records for the past month, and other records since March. Moreover, still feigning the inability to recall the address where he was staying during the deposition, demonstrates his brazen disregard of his obligations to cooperate.

As described herein, the representations contained in the *Notice Regarding Court's July 1, 2021 Order and Receiver's Requested Discovery Materials* are not true. By no later than Tuesday, August 3, 2021, please file an Amended Notice clarifying that after consultation with the Receiver you need to revise your Notice to indicate that Mr. Asher answered some, but not all of the Receiver's questions to the satisfaction of the Receiver, and an indication Mr. Asher will provide the Receiver with complete responses for the remainder of the questions within 10 days. If you choose not to make this filing, then I will inform the Court of my belief the Notice contained a misrepresentation to the Court and I will outline the deficiencies in Mr. Asher's responses. If you submit a communication to Judge Lindsay, *in camera*, I request that you include a copy of this letter in the *in camera* communication.

Sincerely,

*/s/Kelly M. Crawford*

Kelly M. Crawford
Receiver

cc:   Rich Foelber, CFTC (via email)
      JonMarc Buffa, CFTC (via email)
      Chrissi Cella, Office of Attorney General, State of Texas (via email)
      Peter Lewis, Firm

# Kelly Crawford
## Receiver
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-42123
kelly.crawford@solidcounsel.com

February 16, 2021

*Via Electronic Mail to cdavis@grayreed.com*

Chris Davis
Gray Reed
1601 Elm Street, Suite 4600
Dallas, Texas 75201

RE:    *Commodity Futures Trading Commission, et al v. TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher, Simon Batashvili, Defendants and Tower Equity, LLC, Relief Defendant.;* Cause No. 3:20-CV-2910-L; pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Chris:

As we discussed at Mr. Asher's deposition, the following is a list of items Mr. Asher testified he would assist me with or provide information to me regarding:

1. Please produce a copy of the engagement agreement between Mr. Asher and Mr. Spencer. *See page 319, lines 15-22.*

2. Mr. Asher testified he informed Mr. Spencer of corporations I was not aware of. Please provide the names of such corporations. See *page 329, lines 4-17.*

3. Mr. Asher testified he would provide the address of the "We-Works like" office he spent time at on the Wednesday prior to his deposition. Please provide the address. *See page 344, line 25 and page 345, lines 1-2.*

4. Mr. Asher indicated he would take action to have the monies he deposited at Balboa Bank & Trust in Panama turned over to the Receiver. Please request Mr. Asher to contact the bank, obtain the relevant information about the account, and provide me such information with his consent for the turnover of the monies. *See page 350, lines 22-24.*

February 16, 2021
Page 2

5. Mr. Asher testified he would provide the amount of dividends he received from Tower Equity and Best New. *See page 356, lines 5-6.*

6. Mr. Asher testified he would provide his income from Chase Metals in 2019. *See page 356, line 21-22.*

7. Mr. Asher indicated he asked for information from Brager Tax Law Group, including tax returns, and Brager Tax Group refused because of monies owed. *See page 357, lines 17-22.* I provided Brager Tax Law Group with a copy of the receivership Orders and demanded the production of records. Brager Tax Law Group refused to make such production without Mr. Asher's consent, claiming an attorney client privilege with Mr. Asher. With respect to Mr. Asher's tax returns, in which there is no attorney client privilege, I request that Mr. Asher direct the Brager Tax Law Group to produce his tax returns to me.

8. Mr. Asher testified he would provide me with the telephone numbers he has used in the past three years. *See page 357, lines 23-24.*

9. Mr. Asher testified that he would find out the location of the bank accounts for MagicStar Arrow. *See page 379, lines 8-9.*

10. Mr. Asher testified he would find and share with me the name of the individual at Equidate who led the syndicate that Tower Equity invested in that in turn invested in Space Exploration, Inc. *See page 397, lines 23-25 and page 398, lines 1-4.*

11. Mr. Asher testified he would find out information about the acquisition of the painting by Jean-Michael Basquiat called "Per Capita" that was in the office at 8383 Wilshire Blvd. *See page 399, line 25 and page 400, lines 1-13.*

12. Mr. Asher testified he would determine what was purchased at VIBE Motorsports for $2,400 as shown on his Capital One card. *Page 403, lines 20-23.*

13. Mr. Asher testified he would determine the ownership of Newmont Administration, Inc. or Newmont Financial. *See page 408, lines 12-18.*

14. Mr. Asher testified he would determine the ownership of Reagan Financial, Inc. *See page 408, lines 23-25 and page 409, lines 1-3.*

February 16, 2021
Page 3

15. Mr. Asher testified he would contact Dennis Belichenko to obtain financial information to turn over to the receivership. *See page 412, lines 16-20.* His email is dennis.sf@gmail.com.

16. Mr. Asher testified he would call EquityZen and obtain information regarding the investments made by Tower and assist in transferring those investments to the Receiver. *See page 416, lines 21-25 and page 418, lines 14-20.*

17. Mr. Asher testified he would provide the name of the management company for Tower Equity and the name of other companies used to purchase properties. *See page 420, lines 14-18.*

18. Mr. Asher testified he would provide Blake Corbin's address. *See page 450, line 10.*

19. M. Asher testified he would assist in obtaining information from EquityZen and Forge regarding equity investments made by Tower Equity in Ripple and other investments. *See page 456, lines 11-14.*

20. Mr. Asher testified he would provide the addresses of the apartment complexes in Ft. Worth, Texas and Edinburg, Texas in which Tower invested. *See page 457, lines 15-17.*

With respect to each of the foregoing items, I request that Mr. Asher provide me the information he testified he would obtain. Should have you have any questions regarding any of the foregoing, please let me know.

> Sincerely,
>
> */s/Kelly M. Crawford*
>
> Kelly M. Crawford
> Receiver

cc:    Rich Foelber, CFTC (via email)
       JonMarc Buffa, CFTC (via email)
       Chrissi Cella, Office of Attorney General, State of Texas (via email)
       Arnold Spencer, Esq. (via email)
       Peter Lewis, Firm

**Kelly Crawford**

| | |
|---|---|
| **From:** | Kelly Crawford |
| **Sent:** | Tuesday, August 03, 2021 4:59 PM |
| **To:** | Arnold Spencer |
| **Cc:** | Peter Lewis |
| **Subject:** | RE: Notice Regarding Court's July 1, 2021 Order |

The issue is pretty simple Arnold.  Are you going to file an amended notice as I am requesting (1 page pleading) or not?  If you are not, then I need to file a pleading to let Judge Lindsay know that I do not agree that Mr. Asher has satisfied his obligations.   I need to make that filing tomorrow.  Thank you.

**Kelly Crawford** PARTNER
**Scheef & Stone, LLP**
**www.solidcounsel.com | 214.706.4213**
Office: 214.706.4200  |  Fax: 214.706.4242
500 North Akard Street, Suite 2700, Dallas, TX 75201



**SCHEEF & STONE**
SOLID COUNSEL

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.

**From:** Arnold Spencer <arnoldspencer75225@gmail.com>
**Sent:** Tuesday, August 03, 2021 4:54 PM
**To:** Kelly Crawford <kelly.crawford@solidcounsel.com>
**Cc:** Gene Besen <gbesen@bradley.com>; David Miller <dmiller@bradley.com>
**Subject:** Re: Notice Regarding Court's July 1, 2021 Order

CAUTION: EXTERNAL EMAIL

Kelly-

I am just reading this.  It appears that you set a deadline for today.  I don't know if that deadline relates to any court order or other date, but I simply cannot respond as quickly as you requested.  I will try to get responses to you as soon as possible.

Arnold A. Spencer


EXHIBIT
D

On Aug 2, 2021, at 5:26 PM, Kelly Crawford <kelly.crawford@solidcounsel.com> wrote:

Arnold,

       Sorry to interrupt your vacation but my letter does have some time constraints based on the filings made in the Court last week.  My letter explains.  Thanks,

**Kelly Crawford** PARTNER

**Scheef & Stone, LLP**
www.solidcounsel.com | **214.706.4213**
Office: 214.706.4200 | Fax: 214.706.4242
500 North Akard Street, Suite 2700, Dallas, TX 75201

<image002.png>

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.

**From:** Arnold Spencer <arnoldspencer75225@gmail.com>
**Sent:** Monday, August 02, 2021 4:25 PM
**To:** Kelly Crawford <kelly.crawford@solidcounsel.com>
**Subject:** Re: Notice Regarding Court's July 1, 2021 Order

CAUTION: EXTERNAL EMAIL

Kelly-

I am out of town with the family on vacation this week.  I'll review the letter as soon as I can, but am not able to coordinate with Besen or my clients until next week.  Please email if you need an  immediate, emergency response

Arnold A. Spencer

On Aug 2, 2021, at 4:27 PM, Kelly Crawford <kelly.crawford@solidcounsel.com> wrote:

Arnold,

Please see the attached letter from me regarding your Notice that you filed with the Court on July 29, 2021.  Thank you.

**Kelly Crawford** PARTNER
**Scheef & Stone, LLP**
**www.solidcounsel.com  |  214.706.4213**
Office: 214.706.4200  |  Fax: 214.706.4242
500 North Akard Street, Suite 2700, Dallas, TX 75201

<image002.png>

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.

<20210802154015556.pdf>

## Kelly Crawford

| | |
|---|---|
| **From:** | Kelly Crawford |
| **Sent:** | Friday, June 25, 2021 1:10 PM |
| **To:** | rfoelber@CFTC.gov; JBuffa@CFTC.gov; arnoldspencer75225@gmail.com; Besen, Gene; lizdevaney@quinnemanuel.com |
| **Cc:** | Peter Lewis; james.stafford@solidcounsel.com |
| **Subject:** | CFTC, et al. v. TMTE, et al;   Documents |
| **Attachments:** | 20210625130850404.pdf |

In accordance with the Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief ("SRO")  [Docket No. 16], the October 14, 2020, Consent Order of Preliminary Injunction and Other Equitable Relief Against TMTE, Inc. a/k/a Metals.Com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC("Entity Consent Order")  [Docket No. 164] and the October 14, 2020, Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas ERB a/k/a Lucas Asher and Simon Batashvili. ("Individual Consent Order")  [Docket No. 165], I, as Receiver, have recovered in excess of 53,000 documents. These include documents obtained from the Defendants' offices and/or produced by various third parties, including Google, Salesforce, and Microsoft.  As Receiver, I am producing the documents to Plaintiffs and Defendants via dropbox links.  In producing these documents the parties are expected to comply with paragraph 22 [sic]* of the Individual Consent Order and the Entity Consent Order. To this end, it is my understanding Plaintiffs have a means of reviewing information that is produced to prevent review by Plaintiffs' attorneys and staff of privileged communications between Defendants Asher and Batashvili and their attorneys.  [As set forth in the attachment, as Receiver, I waived the privilege on behalf of the entities in receivership.] Five separate drop box links will be sent electronically via secure links upon request to me. The documents are bates labeled and will be available for 30 days.

In addition, I received bank records and credit card statements from third parties that are not included in the dropbox links.  I also have investor files and some other documents taken from the office of the Defendants that are not included in the dropbox links.  Upon your request I will make these documents available for your review and inspection in my office at a mutually convenient date and time.

Please let me know if you have any questions.  Thank you.


*The Entity Consent Order and the Individual Consent Order repeat paragraph 22 twice. The reference herein is to the second paragraph labelled "22".


## Kelly Crawford  PARTNER
**Scheef & Stone, LLP**
www.solidcounsel.com | **214.706.4213**
Office: 214.706.4200 | Fax: 214.706.4242
500 North Akard Street, Suite 2700, Dallas, TX 75201


EXHIBIT
E
tabbies