IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, <br><br> Defendants, <br><br> TOWER EQUITY, LLC, <br><br> Relief Defendant. | CIVIL ACTION NO. 3:20-CV-2910-L |

## RECEIVER'S SUPPLEMENTAL RESPONSE TO DEFENDANT LUCAS ASHER'S NOTICE REGARDING COURT'S JULY 1, 2021 ORDER AND RECEIVER'S REQUESTED DISCOVERY MATERIALS

COMES NOW Kelly Crawford, as the court-appointed Receiver ("Receiver"), and supplements his response to Defendant Lucas Asher's Notice Regarding Court's July 1, 2021 Order and Receiver's Requested Discovery Materials (the Notice)[Dkt. No. 288] as follows:

1.  In an *Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders* entered on December 15, 2020, Defendant Lucas Asher confessed to knowingly violating this Court's *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief* (the "SRO") issued on September 22, 2020. As a condition to purging his contempt of the SRO, Defendant Asher was ordered to provide "full, complete, and accurate testimony" in an asset deposition to be taken by the Receiver.

2. On January 29, 2021, the Receiver took the asset deposition of Defendant Lucas Asher. During the course of the deposition, in response to 20 of the questions asked by the Receiver, Defendant Asher testified he would assist the Receiver or provide the information to the Receiver. Indeed, pursuant to paragraph 34 of the *SRO*, Defendant Asher is ordered to provide information to the Receiver that the Receiver deems necessary to exercising his authority under the *SRO*.[1]

3. Contrary to his testimony at the deposition, and despite numerous requests by the Receiver, Defendant Lucas Asher failed and refused to provide any of the information promised to the Receiver.

4. On July 1, 2021, this Court ordered that "Defendant Asher must produce, by **July 29, 2021**, the discovery (materials) that he agreed to produce during his deposition on January 29, 2021, which was later identified in a letter that the Receiver sent to Mr. Spencer and Mr. Chris Davis." *Order [Dkt. No. 280]*.

5. The Court further instructed Mr. Spencer in the *Order* that "[i]f the discovery is not produced, Mr. Spencer must inform the court in writing of the steps he took to convince Mr. Asher to comply with the court's order, and he may submit this information to the court for an in camera review." *Id.*

6. On July 29, 2021, Mr. Spencer filed the Notice representing to the Court that "Asher and his current counsel have provided the Receiver with all information available to Mr. Asher and responsive to the Receiver's requests. Counsel for Asher has offered to discuss any remaining issues on this matter with the Receiver." *Notice, [Dkt. No. 288]*.

---

[1] Paragraph 34 of the *SRO* provides that "Absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, Defendants.....shall cooperate fully with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority as provided in this Order..."

7. Immediately after filing the Notice with the Court, Mr. Spencer provided the Receiver with a letter answering at best 7 of the 20 outstanding questions the Court ordered to be answered. The letter provided excuses for Asher either not answering or referring the Receiver to websites and other general information in response to the remaining 13 questions.

8. By letter dated August 30, 2021 from Gene Besen of Bradley Arant Boult Cummings, LLP to the Receiver, Mr. Besen provided answers to 9 of the 13 remaining questions the Court ordered Defendant Asher to answer.

9. By letter dated August 31, 2021, the Receiver acknowledged receipt of the information from Mr. Besen and informed Mr. Besen that Mr. Asher still had not provided sufficient information in response to 4 of the outstanding questions.

10. By letter dated September 21, 2021, Mr. Besen provided the Receiver with answers to 3 of the remaining four questions the Court ordered Defendant Asher to answer. Defendant Asher seems unable to answer the very basic question of where he was staying on January 29, 2021 during his deposition. Mr. Besen indicated that if Defendant Asher is ultimately successful in obtaining the address, he commits to provide the address to the Receiver.[2]

---

[2] The Receiver has not received a response to his inquiry as to why Defendant Asher is not able to simply drive by the place he was staying and get the address.

        Respectfully submitted,

        **SCHEEF & STONE, L.L.P.**

        By: */s/ Peter Lewis*
           Peter Lewis
           Texas State Bar No.12302100
           Peter.lewis@solidcounsel.com
       500 N. Akard Street, Suite 2700
       Dallas, Texas 7501
       Telephone: (214) 706-4200
       Telecopier: (214) 706-4242

        **ATTORNEYS FOR RECEIVER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 22, 2021, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record.

        */s/ Peter Lewis*
        PETER LEWIS