IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, e*t al.*, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, <br><br>　　　　Defendants, <br><br>TOWER EQUITY, LLC, <br><br>　　　　Relief Defendant. | §§§§§§§§§§§§§§§§§§§§§ 　　Civil Action No. **3:20-CV-2910-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Portfolio Insider, LLC's Motion to Prevent Receiver from Taking Possession of Property of a Non-Receivership Entity (Doc. 332), filed October 19, 2021. Having carefully considered the motion, response, reply, record, and applicable law, the court **denies** the motion as **moot**.

I.  **Background Facts and Procedural History**

On September 22, 2020, Plaintiffs United States Commodity Futures Trading Commission ("CFTC"), along with over thirty states or their state commissions or agencies, filed a thirty-count Complaint against Lucas Asher ("Mr. Asher"), Simon Batashvili ("Mr. Batashvili"), and their entities, TMTE. Inc., d/b/a Metals.com, Chase Metals LLC, Chase Metals, Inc. (collectively

**Memorandum Opinion and Order – Page 1**

"Metals.com") and Barrick Capital, Inc. ("Barrick"). The Complaint alleges that Defendants "have engaged and continue to engage in a fraudulent scheme to defraud at least 1,600 persons throughout the United States into purchasing gold and silver bullion ('Precious Metals Bullion')" in violation of the Commodities Exchange Act ("CEA"), 7 U.S.C. § 1 et seq., CFTC regulations, and various state laws. Compl. ¶ 1.

On September 22, 2020, the court entered an *ex parte* statutory restraining order that, *inter alia*, appointed Kelly Crawford as Receiver for the Defendants and Relief Defendant Tower Equity, LLC. *See* Order Granting Plaintiff's Emergency *Ex Parte* Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SRO"), Doc. 16. Pursuant to the SRO, the court vested the Receiver with certain authority to recover assets and investigate claims. *Id.* The SRO defined the "Receivership Estate" as "all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise," by the Receivership Defendants. *Id.* ¶ 30. The SRO defined assets as any "legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts . . . ." *Id.* ¶ 15.

On October 14, 2020, Mr. Asher and Mr. Batashvili, in consultation with their counsel, chose not to participate in a hearing and instead consented to the entry of a preliminary injunction. *See* Motion to Approve Consent Order of Preliminary Injunction, Doc. 162. The Receiver, as the appointed representative of Metals.com and Barrick, similarly consented to entry of a preliminary injunction on behalf of those entities. *Id.*

**Memorandum Opinion and Order – Page 2**

This court approved entry of the Consent Orders on October 14, 2020. *See* Consent Order of Preliminary Injunction and Other Equitable Relief Against TMTE. Inc., d/b/a Metals.com, Chase Metals LLC, Chase Metals, Inc., and Barrick Capital, Inc., and Relief Defendant Tower Equity, Inc., Doc. 164; Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili, Doc. 165.

The Consent Orders for Preliminary Injunction restrain and enjoin Defendants from directly or indirectly violating Section 6(c)(1) of the CEA (codified at 7 U.S.C. § 9(1)) and 17 C.F.R. § 1801.1(a)(1)-(3), as well as state law. The Consent Order for Preliminary Injunction related to Mr. Asher and Mr. Batashvili prevents them from withdrawing, transferring, removing, dissipating, and disposing of their funds, assets, or other property. In addition, it prevents them from engaging in any activity related to securities, commodities, or derivatives.

On February 25, 2021, the Receiver filed his Motion to Identify Certain Entities in Receivership (Doc. 226), identifying 30 entities Defendants Mr. Asher and Mr. Batashvili owned or controlled, and requesting that the court expressly name the 30 entities as part of the Receivership Estate. On March 22, 2021, the court entered an Order Granting Receiver's Motion to Identify Certain Entities in Receivership (Doc. 230), finding that Retirement Insider, L.L.C. ("Retirement Insider"), among other entities, was owned or controlled by Defendants or Relief Defendant, in receivership, and subject to the SRO. *Id.*

On September 16, 2021, the Receiver filed an Emergency Motion for Show Cause Hearing to Hold Lucas Asher and Simon Batashvili in Civil Contempt (Doc. 311) ("Show Cause Motion") for allegedly violating the SRO and Consent Order of Preliminary Injunction by, among other things, engaging—through Portfolio Insider—in activity related to securities, commodities, or

**Memorandum Opinion and Order – Page 3**

derivatives.[1] In support, the Receiver provided evidence he contends demonstrates that Portfolio Insider was begun prior to the receivership; that its assets were being misappropriated by the Portfolio Insider entity set up by Carlos Cruz; that the Mr. Asher and Mr. Batashvili were controlling Portfolio Insider; and that Retirement Insider and Portfolio Insider were one and the same. *See* Show Cause Mot. (Doc. 311); App. in Support (Doc. 312); *see also* CFTC Mem. of Law in Support and App. (Doc. 313). Based on this and other evidence, the Receiver requested that the court hold Mr. Asher and Mr. Batashvili in civil contempt. In addition, the Receiver requested that the court expressly name Portfolio Insider as part of the Receivership Estate for purposes of third parties. *See* Show Cause Motion (Doc. 311) at 24 ("To assist the Receiver in gathering such assets from third parties such as financial institutions, the business of Portfolio Insider should be expressly names as part of the Receivership Estate.").

On October 5, 2021, the court vacated the hearing it had set on the Show Cause Motion and stayed the filing of any additional motions without leave of court. On October 19, 2021, with leave of court, Portfolio Insider filed its Motion to Prevent Receiver from Taking Possession of Property of a Non-Receivership Entity (Doc. 332), which has been fully briefed.

---

[1] The court observes that the Receiver's Show Cause Order is the third contempt motion against Defendants Mr. Asher and/or Mr. Batashvili. On November 23, 2020, the Receiver filed a contempt motion against Mr. Asher for transferring and hiding $550,000 in Receivership Assets. *See* Doc. 195. Following a hearing, the court issued an Agreed Order Finding Defendant Lucas Asher in Contempt of the Court's Orders, finding the contempt had been purged, in part, by the return to the Receivership Estate of the $550,000, and, to complete the purging of his contempt, ordering Mr. Asher to give his deposition and provide full, complete and accurate testimony in his asset deposition. *See* Doc. 216. On May 13, 2021, the Receiver filed a contempt motion against Mr. Batashvili for transferring and hiding $492,500 in Receivership Assets as well as failing to turn over two Rolex watches and failing to cooperate with the Receiver. *See* Doc. 250. In that motion, the Receiver also renewed his contempt motion against Mr. Asher for failing and refusing to provide the information he promised to provide, and which the court ordered him to provide to purge himself of contempt. This motion is pending.

**Memorandum Opinion and Order – Page 4**

## II. Analysis

Portfolio Insider contends that the Receiver "has taken steps to take possession of Portfolio Insider's property and interfered with [its] business based on the mere assertion that [it] is a Receivership Defendant or Relief Entity with no such determination made by the court." Mot. 1, Doc. 332. Portfolio argues that, because it has not been named as a Receivership Defendant, the Receiver's actions are unauthorized and have adversely affected its business. *Id.* at 1, 4. In its Reply, Portfolio Insider summarizes the "narrow relief" it seeks: "an order preventing the Receiver and Plaintiffs from taking any action against or related to Portfolio Insider's business on the basis that [it] is a Receivership Defendant or Relief Entity." Reply 1, Doc. 337.

In response, although the Receiver disputes Portfolio Insider's contentions and points to the evidence attached to his Show Cause Motion, he states that, with respect to Portfolio Insider, he "has deferred taking any [of the actions set forth in paragraph 31 of the SRO for entities that are part of the Receivership Estate] until such time as the Court makes the determination that Portfolio Insider is expressly named in the Receivership Estate." Receiver's Resp. 21, Doc. 334. In its reply brief, Portfolio Insider recognizes that "the Receiver does not oppose Portfolio Insider's requested relief." Reply 2, Doc. 337.

Based on the briefing and statements of the Receiver in his response brief, the court finds that the narrow relief requested in Portfolio Insider's motion has been rendered moot. Accordingly, the court will deny Portfolio Insider's motion on this basis.

## III. Conclusion

Based on the foregoing, the court **denies as moot** Portfolio Insider, LLC's Motion to Prevent Receiver from Taking Possession of Property of a Non-Receivership Entity (Doc. 332).

**Memorandum Opinion and Order – Page 5**

Finally, as the parties are aware, on April 20, 2022, with regard to the Receiver's Show Cause Motion, the court entered an Order directing Mr. Asher and Mr. Batashvili to file a written brief and show cause why they should not be held in civil contempt for their conduct related to Portfolio Insider, as detailed by the Receiver and CFTC. *See* Order, Doc. 364.[2] Once briefing is complete, the court intends to rule on the motion without delay.

**It is so ordered** this 12th day of May, 2022.

Sam A. Lindsay
United States District Judge

---

[2] The court recognizes that the parties originally briefed this matter in October 2021, after the court's October 5, 2021 order requiring any party seeking relief from the court to file a motion for leave. In light of the passage of approximately seven months, however, the court concluded that a new round of briefing was required.

**Memorandum Opinion and Order – Page 6**