**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:20-CV-2910-E |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § | |

**RECEIVER'S STATUS REPORT REGARDING RECEIVER'S MOTION FOR "SHOW CAUSE" HEARING TO HOLD DEFENDANT SIMON BATASHVILI IN CIVIL CONTEMPT**

COMES NOW, Kelly M. Crawford ("Receiver") and pursuant to this Court's *Order* of May 25, 2022 [Doc. 403], submits this status report regarding the Receiver's Motion for "Show Cause" Hearing to Hold Defendant Simon Batashvili in Civil Contempt (the "Contempt Motion")[Doc. 250], respectfully showing the Court as follows:

RECEIVER'S STATUS REPORT REGARDING RECEIVER'S MOTION FOR "SHOW CAUSE" HEARING TO HOLD DEFENDANT SIMON BATASHVILI IN CIVIL CONTEMPT

PAGE 1

I.

**PROCEDURAL BACKGROUND**

1.    More than a year ago, on May 13, 2021, the Receiver filed the Contempt Motion. In the Contempt Motion the Receiver requested the Court find Defendant Batashvili in contempt of the Court's Orders for 1) transferring and hiding $492,500 in monies subject to the freeze orders of the Court; 2) failing to turn over to the Receiver two Rolex watches; and 3) failing to provide the Receiver with information Defendant Batashvili promised to turn over during his deposition.

2.    On June 10, 2021, Defendant Batashvili filed his Response to the Contempt Motion asserting he is "confident that the show-cause hearing will be mooted by the time the Motion is fully briefed, as [he] will continue to work with the Receiver as it relates to alleged contemptuous acts[.]" [Doc. 262]

3.    On June 16, 2021, the Receiver filed his Reply to Defendant Batashvili's Response to the Contempt Motion and indicated that Batashvili still had not:  1) returned to the receivership all of the $492,500; 2) turned over or explained the disposition of a Rolex Daytona watch valued at $36,600; and 3) provided all of the information promised at his deposition. [Doc. 377].

4.    The Court, *sua sponte*,  stayed this case for more than 7 months from October 5, 2021 until May 12, 2022.

5.    On May 4, 2022, the Court ordered the Receiver to provide supplemental briefing on the status of the Contempt Motion. [Doc. 371].

6.    On May 12, 2022, the Receiver filed a supplemental brief and reported to the Court that despite Defendant Batashvili's representation to the Court 11 months earlier that the contemptuous acts would be mooted, Defendant Batashvili has 1) still not returned $35,500 of the

receivership assets frozen by the Court; and 2) failed to turn over the Rolex Daytona watch or explain the disposition of the watch.  [Doc. 377].

7.    Based on the Receiver's supplemental brief [Doc. 377], the Court entered an Order Setting Show Cause Hearing on the Contempt Motion for May 26, 2022.  [Doc. 384].

8.    On the eve of the hearing of the Contempt Motion, Defendant Batashvili finally returned to the receivership the remaining $35,500 of the $492,500 that he transferred and hid from the Receiver in violation of the Court's freeze orders.  Consequently, the sole remaining issue for Defendant Batashvili to purge himself of the contemptuous acts was to turn over to the Receiver a Daytona Rolex watch or provide evidence of its disposition.  Accordingly, on May 23, 2022, Defendant Batashvili, with the agreement of the Receiver, filed an Unopposed Motion for Continuance of Show Cause Hearing [Doc. 402].  In the Motion, Defendant Batashvili represented that "a follow[-]up letter providing details about the Rolex Daytona watch would be forthcoming."

9.    On May 25, 2022, the Court entered an Order continuing the show cause hearing on the Contempt Motion and directing the Receiver to advise the court on or before Friday, June 10, 2022 if a show cause hearing is still needed. [Doc. 403].

## II.

## <u>STATUS OF THE CONTEMPT MOTION</u>

The Receiver is the agent of the Court[1].  As such, it is incumbent upon the Receiver, pursuant to his mandate, to bring to the Court's attention violations of this Court's Orders.  Indeed, the Receiver did that when he discovered that Defendant Lucas Asher violated the Court's Orders

---

[1] "The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order." *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief* ("*SRO*"), ¶30.").

by transferring $500,000 out of an account he controlled,[2] and the Receiver did that when he discovered that Defendant Batashvili violated the Court's Orders by transferring $492,500 out of an account he controlled and by failing to turn over to the Receiver two Rolex watches.

**A.  Perjury by Defendant Batashvili**

As set forth in the Contempt Motion, Defendant Batashvili lied in his deposition taken by the Receiver.  The Receiver specifically asked Defendant Batashvili what financial institutions he had been a signatory with since September of 2017. In his testimony, Defendant Batashvili purposely omitted EastWest Bank where he was the signatory on the account from which he transferred $492,500 to himself and family members *after* the freeze order was entered.  There can be no question that Defendant Batashvili committed perjury at that deposition.  The evidence of such perjury is set forth in the Appendix in Support of the Contempt Motion ("App")[Doc. 251].

**B.  Return of the Hidden Monies by Defendant Batashvili**

Despite Defendant Batashvili's promise that the monies would be quickly returned to the receivership so that the Contempt Motion would become moot, it took Defendant Batashvili more than a year to return the monies – and he only returned the final balance owing to the receivership on the eve of the continued hearing on the Contempt Motion.  Since the money has been returned, that contemptuous act by Defendant Batashvili has been purged.

**C.  The Missing Watch**

After Defendant Batashvili testified in his deposition that he did not have any watches, the Receiver discovered that on April 30, 2020, Defendant Batashvili and his wife sought insurance

---

[2] After the Receiver filed a contempt motion against Defendant Asher, and a hearing on such motion, Defendant Asher entered into an *Agreed Order Finding Defendant Lucas Asher in Contempt of this Court's Orders* [Doc. 216] and returned the $500,000 to the receivership.

coverage on two watches owned by Defendant Batashvili – a Men's Rolex Daytona 116528-GLDD Champagne Diamond 18K Yellow Gold watch valued at $36,600 (the "Daytona Watch") and a Men's Rolex Cosmograph Daytona, Oyster, 40mm, Yellow Gold watch valued at $28,500 (the "Oyster Watch")[3]. Defendant Batashvili failed to turn over the two watches to the Receiver as required by the Court Orders. As a result, the Receiver informed the Court in the Contempt Motion of Defendant Batashvili's violations of the Court Orders. In response Defendant Batashvili turned over the Oyster Watch to the Receiver.

Despite numerous requests by the Receiver, Defendant Batashvili failed and refused to turn over or provide evidence of the disposition of the Daytona Watch. This failure and refusal continued for more than a year. On the eve of the hearing on the Contempt Motion, Defendant Batashvili pleaded for a continuance of the hearing, promising he would provide the Receiver with a letter providing details about the Daytona Watch. In reliance upon the representation of the Defendant Batashvili, the Court continued the contempt hearing and directed the Receiver to file this report 14 days later.

Earlier this week the Receiver requested counsel for Defendant Batashvili about the whereabouts of the "letter providing details about the Daytona Watch" and reminded counsel of the Receiver's need to file a report with the Court on or before January 10, 2022. At 7:07 on the evening of January 9, 2022, Defendant Batashvili's counsel provided the Receiver with a declaration from Perez Batashvili, the brother of Defendant Simon Batashvili (the "Perez Declaration"). A true and correct copy of the Perez Declaration is attached hereto as **Exhibit A**.

---

[3] App at p. 6, ¶11; pp. 38-42, 45, 51, 52, 55.

Counsel for Defendant Batashvili provided this declaration stating "we believe this moots" the Contempt Motion.

Defendant Batashvili has an obligation to either turn over the Daytona Watch or explain its disposition. Defendant Batashvili has done neither. Where is the declaration from Defendant Batashvili stating that he does not have the Daytona Watch, did not have it when the receivership was put in place, and explaining the disposition of the Daytona Watch? Why has that not been provided? Why did his counsel wait until the eve of the deadline for the Receiver to report to the Court to provide the Perez Declaration?

A careful examination of the Perez Declaration raises more questions than it answers. First, Perez Batashvili is vague about the timeline – "in or about August 2020, at or around the time of my birthday, Simon gave me a Rolex Daytona watch as a gift." The receivership was put in place on September 22, 2020. The "in or about" language used by Perez Batashvili in his declaration is nothing more than wiggle room in case it is revealed that the transfer of the watch occurred after the receivership was put in place and in violation of the freeze order. Second, Perez Batashvili does not specifically identify the Rolex Daytona given to him as a gift. The Receiver provided very specific information regarding the specific watch at issue. Defendant Batashvili knew the specifics of the watch at issue and yet the Declaration of Perez Batashvili vaguely refers to only a Rolex Daytona watch.

The evidence Defendant provided to the Receiver at the eleventh hour is deficient because of 1) the failure of Defendant Simon Batashvili to provide a declaration; 2) the vague reference in the Perez Declaration as to the date he received the watch; and 3) the failure of the Perez Declaration to specifically identify the watch at issue.

In a lawsuit involving more than $185 million, the disposition of a watch worth $36,600 may seem relatively insignificant.  And the Receiver has an obligation to efficiently manage the receivership estate.  But, it is apparent that if the Receiver had never filed the contempt motion against Defendant Asher, the $500,000 Asher transferred in frozen monies would never have been turned over to the receivership estate.  Likewise, if the Receiver had never filed the Contempt Motion against Defendant Batashvili, the $492,500 Batashvili transferred in frozen monies and at least one Rolex watch would never been turned over to the receivership estate.

The failure of Batashvili to be forthcoming regarding the disposition of the Daytona Watch – taking more than a year to provide information about the watch; failing to provide his own declaration regarding the watch; and providing a vague and ambiguous declaration from his brother – follows a pattern of evasiveness and gamesmanship in complying with the Court's orders.

Because counsel for Defendant Batashvili provided the Perez Declaration last night and the report to the Court is due today, the Receiver believes the most expedient way to proceed is for the Receiver to continue discussions with counsel for Defendant Batashvili to determine if the Receiver's concerns regarding the inadequacy of the information regarding the disposition of the watch can be resolved without a hearing.  For that reason, the Receiver requests the Court to allow the Receiver until June 17, 2022 to inform the Court whether a show cause hearing on the Contempt Motion is still needed.

Respectfully submitted

**SCHEEF & STONE, L.L.P.**

*/s/ Kelly M. Crawford*

Kelly M. Crawford
Texas State Bar No. 05030700

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214.706.4200
Telecopier: 214.706.4242

**RECEIVER KELLY CRAWFORD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2022 I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Kelly Crawford*
Kelly Crawford