IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al. | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-E |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § § | |

**RECEIVER'S MOTION TO PAY FLAT FEE AMOUNT TO SPECIAL COUNSEL TO EJECT SQUATTERS IN PHILADELPHIA PROPERTIES**

COMES NOW, Kelly M. Crawford, as the Court appointed Receiver (as defined below), and respectfully moves the Court as follows:

1. On September 22, 2020, this Court entered an *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief* (the "SRO") [Docket No. 16].

2. Pursuant to the SRO, this Court appointed Kelly M. Crawford as receiver (the "Receiver") of the assets of the Defendants and Relief Defendant and vested the Receiver with certain authority to, amongst other things, recover assets and investigate claims (the

" Receivership"). Thereafter, the SRO was extended by an Order entered by the Court on October 5, 2020 [Docket No. 148] and agreed to by Defendants per the consent orders entered on October 15, 2020 (the "Consent Orders") [Docket Nos. 164-165].

3. On December 9, 2021, the Court entered the *Consent Order Governing the Administration of the Receivership, Procedures Governing the Sale or Abandonment of Personal Property, Notice of Intended Sale, Disposition of Various Items and Fee Application Procedures* (the "Administration Consent Order") [Docket No. 213].

4. The Administration Consent Order, which governs the administration of the Receivership, provided for, amongst other things, procedures for the sale of real property and incorporated the requirements of 28 U.S.C. § 2001(b in connection with such sales.

5. Pursuant to the authority provided by the SRO and Consent Orders, the Receiver obtained control of seventeen (17) real properties, located in Philadelphia, Pennsylvania, owned by Relief Defendant Tower Equity, LLC (the "Philadelphia Properties"). Thereafter, and under the afforded authority of the Administration Consent Order, the Receiver listed the Philadelphia Properties for sale through Daniel Baer of the brokerage, Baer Real Estate Group (the "Broker").

6. Subsequent to the entry of Administration Consent Order, in 2021, the Receiver obtained Court permission to sell, and in fact sold, no less than five (5) of the Philadelphia Properties--for a total cash consideration approximating $ 960,000.00[1] leaving approximately twelve (12) of the Philadelphia Properties remaining to be disposed of (the "Remaining Properties").

7. On October 5, 2021, the Court entered an order staying all proceedings in the

---

[1] See e.g., Order Appointing Appraisers, Approving Appraisals, And Setting Hearing Regarding Approval of Sale of Certain Real Properties, [ Docket No. 274]; Order Appointing Appraisers, Approving Appraisals, And Setting Hearing Regarding Approval of Sale of Certain Two Additional Properties, [Docket No. 275].

above styled matter including the Receiver's activities, absent leave of Court (the "Stay Order").[2] Accordingly the Receiver, immediately ceased marketing and/or selling the Remaining Properties.[3]

8.  On May 13, 2022, the Court lifted the Stay Order.[4]

9.  Since the lifting of the Stay Order, while the Receiver has reengaged the Broker to remarket the Remaining Properties, the Broker has advised the Receiver that the following three properties, which, upon information and belief, have an estimated, aggregate fair market value that approximates $400,000.00, have squatters living in or on them:

    a)  2222 South Clarion, Philadelphia, Pennsylvania.

    b)  1851 South Ringgold, Philadelphia, Pennsylvania; and

    c)  6616 Chew Ave, Philadelphia, Pennsylvania.

10. Upon information and belief, squatters have rights in Philadelphia, Pennsylvania that preclude their eviction but allow them to be ejected only pursuant to specific and detailed legal procedures.

11. Accordingly, the Receiver has retained the Philadelphia, Pennsylvania based law firm of Katz Barsky ("Special Counsel"), which firm specializes in ejectment actions against squatters, to represent the Receiver in ejecting the squatters from the subject properties. By this motion, the Receiver specifically seeks permission to pay Special Counsel a flat fee of $3,500, plus $500 filing fee, per case, for the total sum of $12,000.00 ("Flat Fee Amount").

---

[2] See Docket No. 322.
[3] On December 22, 2021, while the Receiver filed his Motion for Leave to File Motion for Appointment of Appraisers, Approval of Appraisals of Remaining Philadelphia Real Properties ("Motion for Leave") (Doc. # 342) to sell some if not all of the Remaining Properties (which Motion for Leave was subsequently granted per Court order entered April 19, 2022), the Receiver ultimately had to abandon the proposed disposition of the subject properties.
[4] See Docket No.380

**WHEREFORE, PREMISES CONSIDERED**, the Receiver requests that the Court (a) grant this motion to allow the Receiver to pay Special Counsel the Flat Fee Amount, and (b) afford the Receiver such other and further relief as to which the Receiver may be justly entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ Peter Lewis
   Peter Lewis
   State Bar No. 12302100
   peter.lewis@solidcounsel.com
   500 North Akard, Suite 2700
   Dallas, Texas 75201
   Telephone: (214) 706-4200
   Telecopier: (214) 706-4242

**ATTORNEYS FOR RECEIVER KELLY M. CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the Receiver conferred with counsel for the Commodity Futures Trading Commission ("CFTC") regarding this Motion and counsel for the CFTC is unopposed to the Motion. On June 9, 2022, for purposes of conferring, a copy of this Motion was sent to Gene Besen and Elisha Kobre, as putative counsel for Individual Defendants Asher and Batashvili. On June 10, 2022, Gene Besen confirmed that the Individual Defendants were not opposed to the Motion.

/s/ Peter Lewis
PETER LEWIS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2022, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all attorneys of record.

/s/ Peter Lewis
PETER LEWIS