IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> TMTE, INC. a/k/a METALS.COM, *et al*., <br><br> Defendants; <br><br> and <br><br> TOWER EQUITY, LLC, <br><br> Relief Defendant. | **CONFIDENTIALITY AND PROTECTIVE ORDER** <br><br><br> Case No.: **3:20-CV-2910-X** |

BRANTLEY STARR, District Judge:

WHEREAS, the undersigned Parties, through their respective counsel of record, anticipate that discovery in this action (the "Action") is likely to involve the disclosure of confidential or sensitive commercial, personal, financial and/or business information; and

WHEREAS, the Parties desire to enter into an agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect such confidential or sensitive commercial, personal, financial and/or business information ("Protective Order");

It is hereby ORDERED as follows:

A.     **Scope**

1.     This Protective Order shall govern the use of all materials or other information supplied or produced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits, by and among the Parties and any

1

non-parties to the Action in connection with discovery propounded or to be used by the Plaintiffs or Defendants Lucas Thomas Erb, *a/k/a* Lucas Asher *a/k/a* Luke Asher, and Simon Batashvili to prosecute or defend claims asserted by the Plaintiffs in the Action, whether supplied or produced pursuant to a formal discovery request or subpoena, a request made at a deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material"). This Protective Order shall also govern the redacted filing of certain information and certain other matters in connection with this Action.  All Parties to this Action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced and/or disclosed in discovery.  Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

   2. All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person, except for uses and disclosures made in accordance with the terms hereof, including but not limited to those described in Section H.  The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are:  (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons.  In particular, Discovery Material may not be used for any commercial, competitive, business, personal, or other purpose.  Nothing contained in this Protective Order shall preclude any Party from using its own documents in any manner it sees fit, without prior consent of any Party or the Court.

3.      Under this Protective Order, any Producing Party shall have the right to identify and designate Discovery Material as "Confidential" when the Producing Party in good faith believes it contains non-public technical, proprietary, confidential, commercially sensitive information, personally identifiable information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) whether embodied in documents, physical objects or factual knowledge of persons.

4.      Under this Protective Order, "Particularly Sensitive Confidential" material shall include personally identifiable information, the unauthorized disclosure of which could result in substantial harm to an individual.  Such information may include, but is not limited to, (a) any social security or tax identification number; (b) any financial account number, including for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) tax returns; (d) the home address, phone number, or personal email address of any individual person; (e) any passport number, driver's license number, or state-issued identification number; (f) the birth date of any individual person; (g) the name of any individual person known to be less than 18 years old; (h) personal medical information; or (i) information that may identify a whistleblower.  Particularly Sensitive Confidential information does not include the last four digits of a financial account number or phone number, the city and state of an individual's home address, the year of an individual's birth, or publicly available filings by registered entities.

5.      This Protective Order does not govern the assertion or applicability of privileges, except for the limitations on waiver discussed in Paragraphs D.5 and F.2.

6.      After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with Action.  A non-party who is

3

obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A.  By signing such declaration, the non-party also agrees to be bound by the terms of the Protective Order.

7.     This Order constitutes a court order within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendants without obtaining prior written consent of the individuals to whom the records pertain, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure. Any such record produced in this Action must be strictly protected in accordance with this Order.

**B.     <u>Designation of Confidentiality</u>**

Discovery Material may be designated Confidential within the meaning of this Protective Order as follows:

1.     A Producing Party shall, if appropriate, designate Discovery Material as "Confidential" or "Particularly Sensitive Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL", and may also include a field in the metadata in the production of such Discovery Material. "Particularly Sensitive Confidential" must be designated by adding the notation "-PSC" immediately following the Confidential designation.

2.     For Discovery Material that cannot be designated in the manner described in Paragraph B(1) above, the Producing Party may designate such Discovery Material as Confidential by stamping or labeling the Discovery Material itself or the exterior of the

container(s)/media in or on which the Discovery Material is stored with the label that appears in paragraph B(1), above, and may also include a field in the metadata in the production of such Discovery Material.  If an entire multi-page document is to be treated as Confidential, each page of such document should be marked.

3.      The designation of Discovery Material as Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.

4.      Portions of depositions shall be deemed Confidential only if they are designated as such when the deposition is taken or are so designated within thirty (30) days after receipt of the transcript(s) by counsel for a Party or the deponent.  All information disclosed in a deposition shall be treated as Confidential until (30) days after the transcript(s) of said deposition is actually received by counsel for such party or the deponent to provide the opportunity for making the Confidential designation provided herein.

5.      The Parties shall serve a copy of this Order to each non-party, along with service of any subpoena.  If a non-party believes that this Order does not adequately protect its information, it may, within fourteen (14) days after receipt of this Order, seek additional relief from the Court.  If a non-party seeks additional relief from the Court, the information or document for which additional protection has been sought will not be produced until the Court has ruled.

**C.        Disclosure of Confidential Information**

1.      Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel for the Party receiving such Discovery Material to the following persons:

a.  counsel of record for the Parties, employees and agents of counsel, and employees and agents of the Parties who have responsibility for the Action;

b.  any individual who is a Party to this Action and any individual employed by a Party who has substantial involvement in the prosecution or defense of this Action;

c.  outside experts, investigators, or consultants retained by the Parties for purposes of this Action, including secretarial, paralegal, clerical, duplicating, and data processing personnel of the same; provided, however, that prior to any such person receiving any Discovery Material designated as Confidential, the person shall execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

d.  any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Confidential information is to be disclosed to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

e.  any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

f.  mediators assigned by the Court or agreed to by the Parties to assist in resolving this dispute;

g.  vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters and videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, professional translators, and document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.  the Court and its personnel, and any jury selected to hear this Action;

i.  any other person or entity authorized by law; and

6

j.   any other person only upon order of the Court or upon stipulation of the Producing Party.

**D.**   **Restrictions and Procedures Regarding Confidential or Particularly Sensitive Confidential Information**

1.      Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated Confidential or that is Particularly Sensitive Confidential information.  Except as provided in paragraph C above, counsel for the Parties shall keep all documents designated as Confidential or that is Particularly Sensitive Confidential information secure within their possession. Each person accessing or receiving information designated as Confidential or that is Particularly Sensitive Confidential information shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such information: (i) only in compliance with the terms of this Protective Order; (ii) in a location and manner sufficient to protect such information from unauthorized access or disclosure; and (iii) in accordance with industry standard safeguards Specifically with regard to Confidential or Particularly Sensitive Confidential information produced by the CFTC in this action on electronic storage media, the Receiving Party must maintain, transmit, and store such data using industry standard, off-the-shelf encryption programs and tools.

2.      No extract or summary of Discovery Material designated as Confidential or that contains Particularly Sensitive Confidential information shall be maintained unless it is marked Confidential.

3.      To the extent that any materials subject to this Protective Order are proposed to be filed or are filed with the Court, the Party proposing to file those materials and papers, or any portion thereof, which disclose Particularly Sensitive Confidential information, shall conform with Federal Rule of Civil Procedure 5.2.  The Parties shall be allowed to file or otherwise

7

publish with the Court Confidential information, but not unredacted Particularly Sensitive Confidential information, if such information is material to any facts or issues in this proceeding. If a party determines that it must file unredacted Particularly Sensitive Confidential information that is material to any facts or issues in this proceeding, that party shall move to file the information under seal.

The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.[1] The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter altogether. Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[2]

A party seeking to file a specific document under seal[3] must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).

[2] "The public's right of access to judicial records is a fundamental element of the rule of law. . . . Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up). "The rationale for public access is even greater" in cases that "involve matters of particularly public interest." *June Med. Servs.*, 2022 WL 72074, at *5 (cleaned up); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[3] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private— simply because it was placed in the courts that belong to the public. We will abide no such absurdity." (cleaned up)).

line-by-line, page-by-page analysis[4] explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[5] Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[6]

The Court recognizes that typically the party seeking to seal documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal. In these instances, the parties should either prepare joint motions for leave to file documents under seal (and the party with personal knowledge verifies the facts in the section on justification) or the parties should make separate filings.

5.      In the event any Discovery Material designated as Confidential or that contains Particularly Sensitive Confidential information is lost, accessed by or disclosed to any person not

---

[4] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review").

[5] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket). Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. *Brown*, 710 F.2d at 1179.

[6] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

authorized by this Protective Order to receive the Discovery Material, the Party responsible for

the loss, unauthorized access or disclosure shall immediately after discovery of such situation:

a.  notify the other Parties, the Producing Party and/or the Party whose information was lost, accessed, or disclosed without authorization, and, as may be required by law, appropriate law enforcement entity(ies) of the situation in writing.  To the extent possible, the notification shall identify the Confidential or Particularly Sensitive Confidential information at issue, circumstances surrounding the incident (including to whom, how, when and where such information was placed at risk or compromised) and any other information that the Party whose Confidential or Particularly Sensitive Confidential information was affected considers relevant;

b.  take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the information; and

c.  fully cooperate with the Party whose information was lost, or accessed or disclosed without authorization.

The identification under this section of a party to whom disclosure was made shall not constitute

a waiver of attorney work product or attorney-client privileges.  Nothing contained in this Order

shall be deemed or relied upon to limit the rights of the Parties to seek equitable or other relief

from the responsible Party in the event of a loss, or unauthorized access or disclosure of

Confidential or Particularly Sensitive Confidential information, or create any right or benefit,

substantive or procedural, for any person or entity other than the Parties.

7.      In the event disclosure of any Discovery Material designated as Confidential or

that contains Particularly Sensitive Confidential information is sought from anyone subject to

this Protective Order pursuant to a lawful subpoena or other legal process, such person or entity

shall upon receipt of such request, notify the Producing Party within three business days and

provide a copy of the subpoena or process and the date set for production, if specified.  The

Producing Party may then seek to prevent disclosure by filing a motion for protective order or to

take other appropriate action within a reasonable time, under the circumstances, but in any event

prior to the date set for production, and the Confidential or Particularly Sensitive Confidential

Discovery Material shall not be disclosed until resolution of any such challenge to the subpoena or process.

8.      The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.  The Parties may not disclose any Confidential information or material that contains Particularly Sensitive Confidential information to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

9.      The Producing Party may withdraw the designation of Confidential at any time during the pendency of this matter.

**E.      <u>Challenging Designation of Confidentiality</u>**

If any Party disputes whether any Discovery Material is properly designated as Confidential, the Parties agree to attempt to resolve such dispute among themselves.  The Party who disputes the designation shall provide notice of its objection to the Producing Party.  The Producing Party shall then respond in writing within twenty-one (21) days with its reason(s) for its designation.  The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences.  In the event the Parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion by the party challenging the designation.  The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality.  However, a Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of

11

Discovery Material prior to the final Pre-Trial conference shall preclude any subsequent challenge.

**F.**     **<u>Inadvertent or Unintentional Disclosure</u>**

1.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Discovery material that should have been designated as Confidential, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality.  If a Party inadvertently produces or provides Discovery Material that contains any Confidential information without designating it Confidential as provided in this Protective Order, it may be disclosed to others until the Receiving Party is notified of the error by the Producing Party and/or the party whose information was disclosed.  The Producing Party may give written notice to the Receiving Party that the Discovery Material is Confidential and should be treated in accordance with the provisions of this Protective Order.  As soon as the Receiving Party receives such notice, the Confidential information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must make good faith efforts to retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such information, as well as retrieve copies made by all such persons, and must inform all such persons that the Confidential information is so designated and is subject to this Protective Order. If the Receiving Party becomes aware during the review of any unmarked Discovery Material that such Discovery Material clearly contains Confidential or Particularly Sensitive Confidential information, the receiving Party must immediately notify the Producing Party and sequester the Discovery Material until the Producing Party has had a reasonable opportunity to respond. Counsel for the Producing Party is responsible for providing substitute copies of Discovery

Material marked Confidential in accordance with this Protective Order, and counsel for the receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

2.      Any Discovery Material that contains privileged information, including but not limited to information protected by the attorney-client privilege, the confidential informant privilege, the deliberative process privilege or the attorney work product doctrine, shall be immediately returned if the Discovery Material appears on its face to have been inadvertently produced or if there is notice of the inadvertent production.  The receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  The Parties agree not to assert that such inadvertent or mistaken disclosure of such Discovery Material by itself constitutes a waiver by the Producing Party of any claims of privilege or work-product immunity.  Further, this order constitutes an order under Federal Rule of Evidence 502(d) that any inadvertent disclosure of attorney-client privileged and/or work-product protected information does not waive that privilege or protection.  However, nothing herein restricts the right of the receiving party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**G.      <u>Return of Confidential Material at Conclusion of Litigation</u>**

Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material treated as Confidential or that contains Particularly Sensitive Confidential information under this Protective Order and not received in evidence (other than material subject to work product protection) shall be destroyed or returned to the Producing Party, at the option of the Receiving Party.  Any work product treated as Confidential or that contains Particularly

Sensitive Confidential information under this Protective Order shall be destroyed.  Counsel of record for each Party shall make written confirmations of compliance herewith and shall deliver the same to counsel for the Producing Parties not more than ninety (90) days after final termination of this litigation, along with executed copies of EXHIBIT A - ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE obtained by such counsel.  The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**H.**     **Use of Discovery Material by the CFTC**

Notwithstanding any of the foregoing terms, nothing in this Protective Order shall limit the CFTC's retention, sharing, or use of any Discovery Material, including information designated by any Party to this Order as Confidential or that contains Particularly Sensitive Confidential information, for any of the "Routine Uses of Information" identified in the CFTC Privacy Act System of Records Notice(s) applicable to such Discovery Material, or as otherwise authorized, permitted, or required by statutes and regulations governing CFTC practice, policy and procedures, including without limitation, Sections 8 and 12 of the Commodity Exchange Act, the Federal Records Act and Freedom of Information Act.

**I.**     **Court Retains Jurisdiction**

After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Discovery Material that is Confidential or material that contains Particularly Sensitive Confidential information produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

**<u>The Court amended paragraph D(4) of this Protective Order after it was agreed to by the parties.</u>**

**IT IS SO ORDERED** this 14th day of July, 2022.

BRANTLEY STARR
United States District Judge

SO STIPULATED AND AGREED.

Dated: July 1, 2022

By: */s/ Elisha J. Kobre*

Gene R. Besen
Texas Bar No. 24045491
gbesen@bradley.com
Elisha J. Kobre
Texas Bar. No. 24127663
ekobre@bradley.com
David C. Miller
Texas Bar No. 24110114
dmiller@bradley.com
Bradley Arant Boult Cummings LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone (214) 257-8700
Facsimile (214) 939-8787

Kristina A. Reliford (admitted *pro hac vice*)
kreliford@bradley.com
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone (615) 252-3573
Facsimile (615) 252-6380

ATTORNEYS FOR DEFENDANTS
LUCAS ASHER AND SIMON
BATASHVILI

By: */s/ Christine Ryall*

CHRISTINE RYALL, *pro hac vice*
Chief Trial Attorney
cryall@cftc.gov
Florida Bar # 0983550

JONMARC P. BUFFA, *pro hac vice*
Asst. Chief, Ofc. of Coop. Enf.
jbuffa@cftc.gov
California Bar # 217324

SEAN HENNESSY, *pro hac vice*
Trial Attorney
shennessy@cftc.gov
D.C. Bar # 1011564

SARAH WASTLER, *pro hac vice*
Trial Attorney
swastler@cftc.gov
D.C. Bar # 944534

PAUL HAYECK
Deputy Director
phayeck@cftc.gov
Mass. Bar # 554815

Attorneys for Plaintiff

15

SCHEEF & STONE, L.L.P.

By: /s/ Peter Lewis
Peter Lewis
Texas State BarNo.12302100
Peter.lewis@solidcounsel.com
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200 -Telephone
(214) 706-4242 -Telecopier

ATTORNEY FOR RECEIVER
KELLY M. CRAWFORD

COMMODITY FUTURES
   TRADING COMMISSION
1155 21st Street, NW
Washington, D.C.  20581-0001
Phone:  (202) 418-5000
Fax:  (202) 418-5521


FOR THE STATE OF ALABAMA

By: /s/ Anne Gunter

ANNE GUNTER, *pro hac vice*
anne.gunter@asc.alabama.gov
Alabama Bar No. 4666N91P

Attorneys for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
Montgomery, AL 36104
Telephone: (334) 322-8586
Fax: (334) 242-0240


FOR THE STATE OF ALASKA

By: /s/ John Haley

JOHN HALEY
john.haley@alaska.gov
Alaska Bar No. 1402010

Attorney for Plaintiff
STATE OF ALASKA
OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-6645
Fax: (907) 276-3697


FOR THE STATE OF ARIZONA
By: /s/ Christopher Nichols

CHRISTOPHER NICHOLS, *pro hac vice*
cnichols@azcc.gov
Arizona Bar No. 029958

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007
Telephone: (602) 542-0639
Fax: (602) 714-8120


FOR THE STATE OF CALIFORNIA

By: /s/ Danielle Stoumbos

MARY ANN SMITH
MaryAnn.Smith@dfpi.ca.gov
SEAN ROONEY
Sean.Rooney@dfpi.ca.gov
DANIELLE A. STOUMBOS, pro hac vice
California Bar No. 264784
Danielle.Stoumbos@dfpi.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT
(now known as the DEPARTMENT OF
FINANCIAL PROTECTION AND
INNOVATION)
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046

17

Fax: (213) 576-7181


FOR THE STATE OF COLORADO
PHILIP J. WEISER
Attorney General of the State of Colorado

By: /s/ Janna Fischer

JANNA FISCHER*
janna.fischer@coag.gov
Colorado Bar No. 44952
*Counsel of Record

Attorneys for Plaintiff
SECURITIES COMMISSIONER
FOR THE STATE OF COLORADO
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: (720) 508-6374
Fax: (720) 508-6037


FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware

By: /s/ Katherine M. Devanney

KATHERINE M. DEVANNEY, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 6356
Texas Bar No. 24116281
katherine.devanney@delaware.gov
JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

Attorneys for Plaintiff the State of Delaware

18

FOR THE STATE OF GEORGIA

By: /s/ Jonathan Loegel

JONATHAN D. LOEGEL, pro hac vice
Georgia Bar No. 755706
jloegel@law.ga.gov

RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3434
Fax: (404) 657-3239

FOR THE STATE OF HAWAII

By: /s/ Rayni M. Nakamura-Watanabe

RAYNI M. NAKAMURA-WATANABE, *pro hac vice*
Hawaii Bar No. 9032-0
RNakamur@dcca.hawaii.gov
PATRICIA J. MOY
Hawaii Bar No. 5845-0
PMoy@dcca.hawaii.gov

Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977

FOR THE STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
LAWRENCE G. WASDEN

By: /s/ Loren Messerly

LOREN MESSERLY, *pro hac vice*
Deputy Attorney General
loren.messerly@finance.idaho.gov
Idaho Bar No. 7434

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE
P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 332-8093
Fax: (208) 332-8099


FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL
Patricia Orloff Erdmann
Chief Counsel of Litigation

By: /s/ Jefferson S. Garn

JEFFERSON S. GARN, *pro hac vice*
Deputy Attorney General
Jefferson.Garn@atg.in.gov
Indiana Bar No. 29921-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Fax: (317) 232-7979


FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

20

By: /s/ Amanda K. Robinson
AMANDA K. ROBINSON, *pro hac vice*
Compliance Attorney
amanda.robinson@iid.iowa.gov
Iowa Bar No. AT0006754

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6475
Fax: (515)-654-6500


FOR THE STATE OF KANSAS

By: /s/ Thomas E. Knutzen

THOMAS E. KNUTZEN, *pro hac vice*
*Special Assistant Attorney General*
tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road
Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872


FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740
CATHERINE FALCONER
Catherine.falconer@ky.gov

Attorneys for Plaintiff
STATE OF KENTUCKY

DEPARTMENT OF FINANCIAL
INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601
Telephone: (502) 782-9052
Fax: (502) 573-8787


FOR THE STATE OF MAINE

By: /s/ Gregg D. Bernstein

GREGG D. BERNSTEIN, *pro hac vice*
gregg.bernstein@maine.gov
Maine Bar No. 8424

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8800
Fax: (207) 626-8828


FOR THE STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL OF THE STATE OF
MARYLAND

By: /s/ Max F. Brauer

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES
COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532

22

FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin

PEOPLE OF THE STATE OF
MICHIGAN, by DANA NESSEL
ATTORNEY GENERAL

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-7632

FOR THE STATE OF MISSISSIPPI

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: /s/ James M. Rankin
JAMES M. RANKIN
James.Rankin@ago.ms.gov
Mississippi Bar No. 102332

CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231

FOR THE STATE OF NEBRASKA
L. JAY BARTEL
Bureau Chief
Legal Services Bureau

By: /s/ Joshua R. Shasserre

JOSHUA R. SHASSERRE, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 23885
joshua.shasserre@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3888
Fax: (402) 471-3297


FOR THE STATE OF NEVADA

By: /s/ Erin M. Houston

ERIN M. HOUSTON, *pro hac vice*
Deputy Secretary of State, Securities
Administrator
Nevada Bar No. 11814
ehouston@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030
Telephone: (702) 486-2440
Fax: (702) 486-2452


FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
Securities Enforcement Prosecutor

24

New Mexico Securities Division
New Mexico Bar No. 21769
Alissa.Berger@state.nm.us

Attorney for Plaintiff
STATE OF NEW MEXICO
New Mexico Securities Division
New Mexico Regulation and Licensing
Department
5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848


FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE OF
NEW YORK

By: /s/ Tatyana Trakht_____

TATYANA "TANYA" TRAKHT, *pro hac vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers
PETER POPE
Chief, Investor Protection Bureau
peter.pope@ag.ny.gov

Attorneys for Plaintiff
ATTORNEY GENERAL FOR THE STATE
OF NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816


FOR THE STATE OF OKLAHOMA

By: /s/ Robert Fagnant_____

ROBERT FAGNANT, *pro hac vice*
rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

25

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF
SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742


FOR THE STATE OF SOUTH CAROLINA


By: /s/ Jonathan Williams

JONATHAN WILLIAMS, *pro hac vice*
jwilliams@scag.gov
South Carolina Bar No. 72509

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-7208
Fax: (803) 734-7208


By: /s/ Shannon A. Wiley

SHANNON A. WILEY, *pro hac vice*
swiley@sos.sc.gov
South Carolina Bar No. 69806

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF THE SECRETARY OF STATE
1205 Pendleton Street, Suite 525
Columbia, SC 29201
Telephone: (803) 734-0246
Fax: (803) 734-1661


FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor &
Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701
Telephone: (605) 773-3563
Fax: (605) 773-5369


FOR THE STATE OF TENNESSEE
HERBERT H. SLATERY III
Attorney General and Reporter
for the State of Tennessee

By: /s/ James P. Urban

JAMES P. URBAN, *pro hac vice*
Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

Office of Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department of
Commerce and Insurance


FOR THE STATE OF TEXAS
KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH

27

Chief of Staff

MURTAZA F. SUTARWALLA
Deputy Attorney General for Legal Counsel

CYNTHIA A. MORALES
Deputy Division Chief
Financial Litigation and Charitable Trusts
Division

By: */s/ Robin Burt*

B. ROBIN BURT
Assistant Attorney General
State Bar No. 24120459

Financial Litigation and Charitable Trusts
Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-0562
robin.burt@oag.texas.gov
*Attorneys for Plaintiff the State of Texas*


FOR THE STATE OF WASHINGTON

By: /s/ Stephen Manning

Stephen Manning, *pro hac vice*
stephen.manning@atg.wa.gov
Telephone: (360) 586-3264
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial
Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524


FOR THE STATE OF WEST VIRGINIA

By: /s/ Michael Nusbaum

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov
West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES
COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211


FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice

By: /s/ Lewis W. Beilin_____

LEWIS W. BEILIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1038835
beilinlw@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-3076
Fax: (608) 266-2250

*Attorneys for Plaintiff State of Wisconsin*

## <u>CERTIFICATE OF SERVICE</u>

On July 1, 2022, I electronically filed the foregoing **[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** in the above captioned matter using the CM/ECF system and I am relying upon the transmission of the Clerk's Notice of Electronic Filing for service upon all parties in this.

<u>/s/ Christine Ryall</u>