# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission, *et al*.,<br><br>   Plaintiffs,<br><br> v.<br><br>TMTE, Inc. a/k/a metals.com, Chase Metals Inc., Chase Metals, LLC, Barrick Capital, Inc., Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher, and Simon Batashvili,<br><br>   Defendants. | Civil Action No. 3:20-CV-2910-L |

## DEFENDANT LUCAS ASHER'S FIRST AMENDED ANSWER

Comes now Defendant Lucas Asher and respectfully files this Answer to the Plaintiffs' Complaint.

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted. Defendant specifically denies each and all conclusory allegations that he made fraudulent representations or otherwise engaged in fraudulent conduct.

In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows:

## I. SUMMARY

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendant Asher admits that "Metals provided investors with customer agreements." The remainder of the paragraph is denied.

8. Denied.

9. Denied.

10. Denied.

11. Defendant Asher admits "All of the investors' funds were deposited into bank accounts owned and controlled by Defendants." Defendant Asher has insufficient information to admit or deny the remainder of the paragraph.

12. Denied.

13. This paragraph consists of legal conclusions and explanations of the Plaintiff's actions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

14. Denied.

15. Denied.

## II. JURISDICTION AND VENUE

16. Admitted.

17. Defendant Asher denies the last sentence of this paragraph, has insufficient information to admit or deny the penultimate sentence in the paragraph, and declines to respond to the legal conclusions in the rest of the paragraph.

18. This paragraph consists of legal conclusions and explanations of the Plaintiff's actions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

19. Defendant Asher admits the Defendants "us[ed] instrumentalities of interstate commerce." Defendant Asher denies that "Defendants...engaged in the acts and practices described in the Complaint."

20. Admitted.

### III.   PARTIES

21. Admitted.

22. This paragraph consists of legal conclusions and explanations of the Plaintiff's actions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

23. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendant Asher admits the allegations in the first sentence. The remaining allegations in the paragraph are denied.

28. Admitted.

29. Defendant Asher admits he held the website domain names in his name, that he hired certain employees, and that he was a Founder of Metals. The remainder of the paragraph is denied.

30. Admitted as to the first sentence. Denied as to the second and third sentence.

### IV.  GENERAL ALLEGATIONS

31. Denied.

32. Denied.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Denied

41. Defendant Asher does not have sufficient information to admit or deny the first sentence of this paragraph Defendant Asher denies the second sentence.

42. Defendant Asher does not have sufficient information to admit or deny this paragraph.

43. Defendant Asher denies this paragraph as to his individual role. Defendant Asher admits that "Metals...solicited investors and sold them gold and silver." Defendant Asher denies the remainder of the paragraph.

44. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

45. This paragraph is a definition and does not require an admission or denial.

46. Defendant Asher denies this paragraph in his individual capacity. Defendant Asher admits that Metals solicited and sold the three identified gold and silver coins. Defendant Asher denies the remaining allegations in the paragraph.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant Asher does not have sufficient information to admit or deny this paragraph.

53. Defendant Asher does not have sufficient information to admit or deny this paragraph.

54. Denied.

55. Denied.

56. Defendant Asher does not have sufficient information to admit or deny this paragraph.

57. Denied.

58. Defendant Asher does not have sufficient information to admit or deny this paragraph.

59. Denied.

60. Denied

61. Denied.

62. Defendant Asher does not have sufficient information to admit or deny this paragraph.

63. Defendant Asher does not have sufficient information to admit or deny this paragraph.

64. Admitted.

65. Admitted.

66. Defendant Asher does not have sufficient information to admit or deny this paragraph.

67. Admitted.

68. Admitted.

69. Admitted.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Defendant Asher does not have sufficient information to admit or deny this paragraph.

83. Defendant Asher admits that the identified coins were worth significantly more than the Prevailing Market Price. Defendant Asher denies the remaining allegations in the paragraph.

84. Defendant Asher admits that Metals represented to investors that the lower valuation of the SDIRA statements was an undervaluation that did not reflect the resale value of the identified coins.

Defendant Asher denies that this representation was fraudulent. Defendant Asher does not have sufficient information to admit or deny the alleged statements in the sub-paragraphs.

85. Denied.

86. Denied.

87. Admitted.

88. Denied.

89. Denied.

90. The first sentence is a legal conclusion, and does not require Defendant to admit or deny. Defendant Asher admits the second and third sentence. Defendant Asher denies the fourth sentence

91. Denied

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

100. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

101. Denied

102. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

108. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant has insufficient information to admit or deny.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

115. Defendant Asher denies the allegations in the first sentence in this paragraph. Defendant Asher has insufficient information to admit or deny the second sentence in this paragraph.

116. Denied.

117. Defendant Asher denies all the allegations in the paragraph, except for sub-paragraph "d.", which he admits as to the corporate entities.

118. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

119. Admitted, except for the legal conclusion in the last clause of the last sentence.

120. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

121. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

135. Denied.

136. Denied.

137. Denied.

## V-XV. ALLEGED COUNTS

138-327. The previous answers in the preceding paragraphs are re-asserted and incorporated herein by reference. These paragraphs primarily consist of allegations and legal conclusions that have been previously and specifically denied, and are specifically denied again here, by reference. Many of the paragraphs consist of legal conclusions regarding state law, and do not require Defendant Asher to admit or deny, and to the extent an answer is required, Defendant Asher has insufficient information to admit or deny. The factual allegations that are not included and previously addressed in paragraphs 1 through 137 are addressed below. Any allegations in Paragraphs 138 through 327 have not been previously addressed and are not addressed below, the allegations are specifically denied.

170. Defendant Asher has insufficient information to admit or deny the specific allegations regarding "Alabama Investors." The remainder of the paragraph is denied.

180. Denied.

189. Denied.

193. Denied.

194. Denied.

200. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

201. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusion.

202. Denied.

203. Denied.

211. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

212. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

213. Defendant Asher has insufficient information to admit or deny the allegations in the paragraph.

214. Denied.

218. Denied.

227. Admitted.

229. Admitted.

230. Denied.

241. Admitted.

242. Denied.

243. Admitted.

244. Denied.

263. Defendant Asher admits that Metals and Barrick have never been registered in Maryland as an investment advisor. The remaining allegations in the paragraph constitute legal conclusions, for which no answer is required. To the extent an answer is deemed required, Defendant Asher denies the remaining allegations.

265. Defendant Asher admits that Mr. Batashvili and he have never been registered in Maryland as an investment advisor representative. The remaining allegations in the paragraph constitute legal conclusions, for which no answer is required. To the extent an answer is deemed required, Defendant Asher denies the remaining allegations.

266. Denied.

270. Denied.

289. Denied.

293. Denied.

295. Denied.

302. Admitted.

316. Denied.

317. Admitted.

318. Defendant Asher has insufficient information to admit or deny the allegations in this paragraph.

326. Defendant Asher has insufficient information to admit or deny the allegations in this paragraph.

327. Denied.

## XVI. DISGORGEMENT OF FUNDS FROM RELIEF DEFENDANT

328. The previous answers in the preceding paragraphs are re-asserted and incorporated herein by reference.

329. Denied.

330. Denied.

331. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the conclusions.

## XVII. RELIEF REQUESTED

332. This paragraph consists of a request for relief from the Plaintiffs, to which no answer is required. To the extent a response is deemed required, Defendant respectfully requests that the Court deny the relief requested and dismiss the case.

Defendant Asher denies all and all other allegations set forth in the Complaint not otherwise admitted or qualified above.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c). Defendant undertakes the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Further, Defendant reserves the right to amend the Answer if additional affirmative defenses become apparent through the course of this action, and Defendant reserves the right to assert any and all defenses as to which it does not bear the burden of proof.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to state a cause of action for restitution.  Section 744 of the Dodd Frank Act, 7 U.S.C. §13a-1(d)(3) provides that

the Commission may seek "[r]estitution to persons who have sustained losses proximately caused by such violation (in the amount of such losses)." Plaintiffs have failed to plead that Defendant proximately caused any losses to any person.

## SECOND DEFENSE

The violations alleged by Plaintiffs, if any, are the result of acts or omissions committed by third persons over whom Defendant had neither control nor responsibility, and whose actions or inactions cannot be imputed to Defendant.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate any alleged damages after it had knowledge of relevant facts.

## FOURTH DEFENSE

Plaintiffs have failed to state a cause of action for disgorgement of ill-gotten gains.

## FIFTH DEFENSE

Plaintiffs have requested that this Court enter a permanent injunction, enjoining Defendants, or any other person associated with them from engaging in violations of the statutes at issue herein. Plaintiffs cannot prove that Defendant has any reasonable likelihood to repeat the misconduct alleged in the Complaint and thus a permanent injunction will not lie. Plaintiffs requested injunction would also violate Defendant's constitutional rights related to his right to obtain gainful employment.

## SIXTH DEFENSE

The Complaint and each purported cause of action fails in whole or in part to state a claim on which relief can be granted to Plaintiff.

## SEVENTH DEFENSE

The Complaint and each purported cause of action set forth therein fails to comply with Federal Rule of Civil Procedure 9(b) in that the allegations are not stated with particularity.

## EIGHTH DEFENSE

Plaintiff fails to allege intent on the part of the Defendant sufficient to state a claim pursuant to the Commodity Exchange Act, as he did not "knowingly" act in violation of the Commodity Exchange Act. Further, Defendant acted in good faith and not with any improper or illegal purpose, intent, or knowledge.

## NINTH DEFENSE

An award of statutory or punitive damages would violate Defendant's rights to due process, and Plaintiffs' claim for damages or penalties is thus barred by the Constitution of the United States.

## TENTH DEFENSE

Defendant's reading of the statutes and regulations in this case were objectively and/or subjectively reasonable and there was no rules or guidance warning him away from those constructions, such that Defendant was operating based on a reasonable interpretation of law, and therefore could not have acted with the requisite scienter.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was in compliance with, or authorized by, laws and regulations administered by any regulatory body or officer acting under statutory authority.

## **TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations they rely upon are not actionable misrepresentations.

## **PRAYER**

Defendant reserves the right to amend this Answer to add further affirmative defenses and allege any counterclaims when they are discovered.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests judgment:

1. Dismissing the Complaint with prejudice;
2. Denying all relief requested in the Complaint;
3. Granting Defendant any appropriate costs and fees; and
4. Granting such other relief, available at law or equity, as may be just and proper.

DEFENDANT LUCAS ASHER'S
FIRST AMENDED ANSWER                                                                                        16

Dated: October 27th, 2022                    Respectfully submitted,

*/s/ Kristina A. Reliford*
Gene R. Besen
Texas Bar No. 24045491
gbesen@bradley.com
Elisha J. Kobre
Texas Bar. No. 24127663
ekobre@bradley.com
David C. Miller
Texas Bar No. 24110114
dmiller@bradley.com
Bradley Arant Boult Cummings LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone (214) 257-8700
Facsimile (214) 939-8787

Kristina A. Reliford (admitted *pro hac vice*)
kreliford@bradley.com
1600 Division Street, Suite 700
Telephone (615) 252-3573
Facsimile (615) 252-6380

**ATTORNEYS FOR DEFENDANTS**
**LUCAS ASHER AND SIMON BATASHVILI**

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document via the Court's CM/ECF system on this 27th day of October, 2022.

                                              */s/ Kristina A. Reliford*
                                              Kristina A. Reliford