Daniel B. Spitzer - CA State Bar No. 121752
16311 Ventura Boulevard, Suite 1200
Encino, California 91436-2152
Telephone: 818-990-9700
Facsimile: 818-990-9705
Email: dspitzer@spitzeresq.com

Creditor Appearing In Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>TMTE, INC., etc., et al.<br><br>Defendants. | Case No. 3:20-cv-02910-E<br><br>**MOTION FOR CONTINUANCE OF HEARING ON OBJECTION TO RECEIVER'S AMENDED CLAIMS REPORT** |

## MOTION FOR CONTINUANCE OF HEARING

Creditor Daniel B. Spitzer ("**Spitzer**") respectfully moves this Court to grant this motion for continuance and enter the proposed order lodged concurrently herewith.

On September 22, 2020, the Commodities Futures Trading Commission ("**CFTC**") and various agencies and attorneys general of 29 different states ("**State Plaintiffs**")[1] commenced this action with the filing, under seal, of their Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("**Complaint**") [Docket 1].

---

[1] Alabama, Alaska, California, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Michigan, Mississippi, Nebraska, Nevada, New Mexico, New York, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Washington, West Virginia and Wisconsin.

1
MOTION FOR CONTINUANCE OF HEARING ON OBJECTION TO RECEIVER'S AMENDED CLAIMS REPORT

1   On the same date, the Court granted the plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and other Equitable Relief ("**Restraining Order**") [Docket 4-1], under the terms of which, among other things, the receiver was appointed.

On March 2, 2021, the Court issued its Order Establishing Claims Adjudication Process ("**Order for Claims Adjudication Process**") [Docket 227].

On March 31, 2021, Spitzer filed a timely Proof of Creditor Claim with the receiver.

In accordance with the Order Establishing Claims Adjudication Process, on July 30, 2021, the receiver filed the Receiver's Claims Report ("**Receiver's Claims Report**") [Docket 290]. In the Appendix in Support of Receiver's Claims Report [Docket 291], the receiver's recommendation as to Spitzer's claim was to "disallow and subordinate." [Docket 291, page 52].

On September 28, 2021, Spitzer filed his timely Objection to Receiver's Claims Report, etc. ("**Spitzer Objection**") [Docket 318].

On October 7, 2022, the Court issued its Order Setting Claims Adjudication Hearing [Docket 451], setting the hearing on the Spitzer Objection for November 1, 2022.

On October 26, 2022, the receiver filed the Receiver's Amended Claims Report ("**Receiver's Amended Claims Report**") [Docket 455] which, in relevant part, recommended the following as to the Spitzer Claim: "Allow $182,970.40 and Subordinate." [Docket 455-2, page 34].

Spitzer has agreed to accept the amount of the claim allowed by the receiver. The only contested issue remaining is whether grounds exist for the subordination of the Spitzer Claim. The hearing on Spitzer's Objection was originally set for November 1, 2022, and has been continued twice, first to December 13, 2022 and then to its present date of January 19, 2023.

On January 10, 2023, Spitzer filed a Motion to Dismiss Under F.R.C.P. Rules 12(b)(1) and 12(h)(3) ("**Motion to Dismiss**"), based on Spitzer's contention that this Court *ab initio* has lacked subject matter jurisdiction over this dispute. Counsel for both the CFTC and the Receiver have indicated that they intend to oppose the Motion to Dismiss. Given the dispositive nature of the relief sought therein, Spitzer believes that the Court is likely to set a hearing on the Motion to Dismiss,

which will entail another trip to Dallas from Spitzer's home in Los Angeles if the Court again insists on a personal appearance.

In light of the financial hardship to Spitzer from making two trips to Dallas rather than one, and in the interest of equity, Spitzer respectfully requests that the Court continue the hearing on Spitzer's Objection for approximately 45 days, to a date on which both Spitzer's Objection and the Motion to Dismiss can both be heard.

Both the Receiver's counsel and counsel for the CFTC have indicated that they oppose the relief sought herein.

Respectfully submitted,

DATED:   January 13, 2023

Daniel B. Spitzer, In Pro Per

**CERTIFICATE OF CONFERENCE**

Daniel B. Spitzer, appearing in pro per, conferred by email on January 11, 2023 with counsel for the receiver, Peter Lewis of Scheef & Stone, LLP, and with counsel for the Commodities Futures Trading Commission, Christine Ryall. In his email, Spitzer stated:

> At the present time, I am supposed to appear personally on January 19, 2023 for a hearing on my objection to the Receiver's Report. Since I am not local to Dallas, travelling from my home in Los Angeles is both time consuming and entails a sizeable expense. I would like to ask the Court to postpone the hearing on my objection to the Receiver's Report until an anticipated hearing date on the motion to dismiss, presumably at some point 45-60 days out. This will make it possible for me to make one trip, rather than two, to Dallas. Please let me know if you object to this request.

Both Mr. Lewis and Ms. Ryall responded by email on the same date. Both counsel indicated that they oppose any postponement of the hearing on the Spitzer Objection.

DATED: January 13, 2023

Daniel B. Spitzer, In Pro Per

**CERTIFICATE OF SERVICE**

I, Daniel B. Spitzer, in pro per, do hereby certify that I have filed the foregoing document with the Clerk of the U.S. District Court for the Northern District of Texas via the ECF system, which sent a Notice of Electronic Filing to all counsel of record, in accordance with the Federal Rules of Civil Procedure.

DATED: January 13, 2023

Daniel B. Spitzer, In Pro Per