IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> TMTE, INC. a/k/a METALS.COM, *et al*., <br><br> Defendants; <br><br> and <br><br> TOWER EQUITY, LLC, <br><br> Relief Defendant. | Case No.: **3:20-CV-2910-X** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY DANIEL B. SPITZER'S MOTION TO DISMISS PURSUANT TO 12(b)(1) AND 12(h)(3)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 4

    I.      Mr. Spitzer's Motion Does Not Raise A Jurisdictional Question. .................................. 4

    II.     Mr. Spitzer's Disguised 12(b)(6) Motion is Procedurally Deficient............................. 5

    III.    The Actual Delivery Exception is an Affirmative Defense and an Improper Basis for
           Dismissal........................................................................................................................ 7

    IV.    The Actual Delivery Exception is Inapplicable to the CEA's Anti-fraud Provisions, 6(c)
           and CFTC Rule 180.1. .................................................................................................. 7

CONCLUSION.......................................................................................................................... 14

i

**TABLE OF AUTHORITIES**

**Cases**

*Alabama Assn. of Realtors* v. *Department of Health and Human Servs.*, 594 U. S. ——,

   141 S.Ct. 2485, 210 L.Ed.2d 856 (2021) ................................................ 13

*Blasingim v. Hill*, 2008 WL 11320088 (N.D. Ga. Sept. 8, 2008) ................................... 6

*CFTC et al v. Safeguard Metals LLC, et al*, Case No. 2:22-cv-691 (C.D. Cal. Feb. 1, 2022) ..... 11

*CFTC v. Baldwin*, Case No. 1:21-cv-5707 (S.D.N.Y. Jul. 1, 2021) .............................. 11

*CFTC v. Hunter Wise Commodities LLC*, 749 F.3d 967 (11th Cir. 2014) ...................... 8

*CFTC v. Kraft Foods Grp., Inc.*, 153 F. Supp. 3d 996 (N.D. Ill. 2015) ....................... 8

*CFTC v. McAllister*, Case No. 1:18-cv-0346 (W.D. Tex. Apr. 26, 2018) .................... 11

*CFTC v. McAllister*, Case No. 1:18-cv-0346, 2021 WL 7541402 (W.D. Tex. Aug. 18, 2021) ... 11

*CFTC v. McDonnell*, 287 F.Supp. 3d 213 (E.D.N.Y. 2018) ...................................... 10

*CFTC v. Mintco LLC*, No. 15-CIV-61960, 2016 WL 3944098 (S.D. Fla. Feb. 4, 2016) .......... 4, 5

*CFTC v. Monex Credit Co.*, 931 F.3d 966 (9th Cir. 2019) .................................... passim

*CFTC v. My Big Coin Pay, Inc.*, 334 F.Supp.3d 492 (D. Mass. 2018) ........................ 10

*CFTC v. Rust Rare Coin Inc.*, Case No. 2:18-cv-00892 (D. Utah Nov. 13, 2018) ...................... 11

*CFTC v. Rust Rare Coin Inc.*, Case No. 2:18-cv-00892, 2018 WL 7051378

   (D. Utah Nov. 15, 2018) ....................................................................... 11

*CFTC v. S. Trust Metals, Inc.*, 894 F.3d 1313 (11th Cir. 2018) ........................... 7

*CFTC v. Scott*, Case No. 3:18-cv-05802-RAJ (W.D. Wash. Oct. 3, 2018) .................. 11

*CFTC v. Scott*, Case No. 3:18-cv-05802-RAJ, 2021 WL 2680296

   (W.D. Wash. Dec. 17, 2020) ................................................................ 11

*CFTC v. U.S. Coin Bullion LLC*, Case No. 6:20-cv-00040-PGB-LRH

   (M.D. Fla. Jan. 8, 2020) ..................................................................... 11

*CFTC v. White Pine Trust Corp.*, 574 F.3d 1219 (9th Cir. 2009) ................................................... 4

*Dolphin v. Waterbury Police Dep't*, 2007 WL 1020741 (D. Conn. Mar. 30, 2007)...................... 6

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 120 S.Ct. 1291,

    146 L.Ed.2d 121 (2000) ................................................................ 13

*Gonzales v. Oregon*, 546 U.S. 243, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006) ............................. 13

*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010) ................................................... 8

*Joe Hand Promotions, Inc. v. Martin*, No. 3:18-CV-2798-B, 2019 WL 111209

    (N.D. Tex. Jan. 4, 2019) ................................................................ 7

*Kimes v. Laboratory Corp. of America, Inc*., 2002 WL 31812919 (M.D.N.C. Dec. 13, 2002) ..... 6

*Mendez v. The City of New York Human Resources Admin*., 2005 WL 1109451

    (S.D.N.Y. May 10, 2005) ................................................................ 6

*Middaugh v. InterBank*, 528 F. Supp. 3d 509 (N.D. Tex. 2021) ................................................... 6

*Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010) ................................................... 4

*National Federation of Independent Business* v. *Occupational Safety and Health*

    *Administration*, 595 U. S. ——, 142 S.Ct. 661, 211 L.Ed.2d 448 (2022) ............................... 13

*Steel Co. v. Citizens for a Better Env 't*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ... 5

*Utility Air Reg. Grp. v. EPA*, 573 U.S. 302, 134 S.Ct. 2427, 189 L.Ed.2d 372 (2014)............... 12

*Wasson v. Riverside County*, 237 F.R.D. 423 (C.D. Cal. 2006) ................................................... 6

*West Virginia v. Environmental Protection Agency*, 142 S. Ct. 2587,

    213 L.Ed.2d 896 (2022) ............................................................. 12, 13

**Statutes**

7 U.S.C. § 2(c)(2)(D)(ii)(III)(aa) ................................................................ 12

7 U.S.C. § 9................................................................ 12

7 U.S.C. § 13a-1(a) ............................................................................................ 4, 10, 14

7 U.S.C. § 13a-2(1) ....................................................................................................... 14

28 U.S.C. § 1331 ........................................................................................................ 2, 4

28 U.S.C. § 1345 ........................................................................................................ 2, 4

28 U.S.C. § 1367(a) ...................................................................................................... 14

Section 2(c)(2)(D) of the CEA, 7 U.S.C. § 2(c)(2)(D) ........................................... 9, 11

Section 2(c)(2)(D)(ii) of the Act, 7 U.S.C. § 2(c)(2)(D)(ii) ........................................ 9

Section 4(a) of the CEA, 7 U.S.C. § 6(a) ..................................................................... 9

Section 4(b) of the CEA, 7 U.S.C. § 6(b) ..................................................................... 9

Section 4b of the CEA, 7 U.S.C. § 6b ........................................................................... 9

Section 6(c)(1) of the CEA, 7 U.S.C. § 9(1) ......................................................... passim

**Rules**

Federal Rule of Civil Procedure 12 ............................................................................... 6

Federal Rule of Civil Procedure 12(b)(1) .................................................................. 1, 4

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 5, 6

Federal Rule of Civil Procedure 12(h)(3) .............................................................. 1, 4, 5

**Regulations**

Regulation 180.1, 17 C.F.R. § 180.1 (2022)............................................... 10, 11, 12, 13

Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2022)............................ passim

*Prohibition on the Employment, or Attempted Employment, of Manipulative and Deceptive*

*Devices and Prohibition on Price Manipulation*, 76 Fed. Reg. 41,398  (Jul. 14, 2011)..... 11, 14

Plaintiffs Commodity Futures Trading Commission ("CFTC" or "Commission"), and Alabama Securities Commission, State of Alaska, Arizona Corporation Commission, California Commissioner of Business Oversight, Colorado Securities Commissioner, State of Delaware, State of Florida, Office of the Attorney General and State of Florida, Office of Financial Regulation, Office of the Georgia Secretary of State, State of Hawaii, Securities Enforcement Branch, Idaho Department of Finance, Indiana Securities Commissioner, Iowa Insurance Division, Office of the Kansas Securities Commissioner, Kentucky Department of Financial Institutions, Maine Securities Administrator, State of Maryland Ex Rel the Maryland Securities Commissioner, Attorney General Dana Nessel on Behalf of the People of Michigan, Mississippi Secretary of State, Nebraska Department of Banking & Finance, Office of the Nevada Secretary of State, New Mexico Securities Division, The People of the State of New York by Letitia James, Attorney General of the State of New York, Oklahoma Department of Securities, State of South Carolina, by and through Alan Wilson, South Carolina Attorney General, and Mark Hammond, South Carolina Secretary of State, South Dakota Department of Labor & Regulation, Division of Insurance, Commissioner of the Tennessee Department of Commerce and Insurance, State of Texas, Washington State Department of Financial Institutions, West Virginia Securities Commission, and State of Wisconsin (collectively "the States") respectfully submit this memorandum of law in opposition to non-party Daniel B. Spitzer's motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and 12(h)(3).

## **INTRODUCTION**

More than two years ago, on September 22, 2020,[1] Plaintiffs filed the instant enforcement action against Lucas Asher and Simon Batashvili and their entities, TMTE. Inc., d/b/a Metals.com,

---

[1] The case was stayed from October 5, 2021, to May 12, 2022.  ECF Nos. 322, 380.

Chase Metals LLC, Chase Metals, Inc. (collectively "Metals.com") and Barrick Capital, Inc. (collectively, "Defendants") alleging that Defendants engaged in a scheme to defraud at least 1,600 primarily elderly persons by selling them more than $185 million of precious metals bullion at wildly inflated prices in violation of the anti-fraud provisions of the Commodity Exchange Act ("CEA"), Section 6(c)(1) of the CEA, 7 U.S.C. § 9(1), and CFTC Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2022), as well as numerous states laws.  As set forth in the Complaint, Plaintiffs alleged that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345 (civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress) and has supplemental and pendent jurisdiction over the State-law claims.  ECF. No. 2 at ¶¶ 16–19.

During the pendency of this litigation, no party to this action (nor the Court *sua sponte*) has questioned the Court's authority to adjudicate the quintessentially federal question at the heart of this litigation—whether Defendants' conduct violated the anti-fraud provisions of the CEA, a federal statute.  In fact, shortly after this action was commenced, on October 14, 2020, Defendants each entered into a Consent Order of Preliminary Injunction in which they admitted Plaintiffs' jurisdictional allegations.  ECF. Nos. 165 at ¶¶ 6, 12–15; 164 at ¶¶ 5, 11–14.  Moreover, Defendants Asher and Batashvili have twice affirmed the Court's jurisdiction in their Answers and Amended Answers.  ECF. Nos. 167 at ¶ 16; 168 at ¶ 16; 458 at ¶ 16; 459 at ¶ 16.

The Court's power to hear this case is now being challenged by an individual, Daniel B. Spitzer, who is neither a party nor counsel to a party in this litigation.  Mr. Spitzer's relationship to this action is, at most, tangential.  According to Mr. Spitzer, at the time the instant action was filed, Mr. Spitzer was serving as counsel for Defendants in several unrelated legal matters.  In accordance with the Claims Adjudication Process established by the Court, *see* ECF No. 227, Mr.

Spitzer filed a Proof of Claim form with the Receiver seeking to recover $213,413 in outstanding legal fees he claims were owed to him by Defendants based on the unrelated legal matters. In his July 30, 2021, Claims Report, the Receiver recommended that the claims be disallowed for insufficient information and, as with all unsecured creditor claims, subordinated to the claims of the defrauded investors. *See* ECF No. 290 at 15; 291 at App052. In response, Mr. Spitzer filed an objection in which he argued, *inter alia*, that the Court lacks jurisdiction "since the contracts of sale involved herein are believed to result in 'actual delivery within 28 days.'" ECF No. 318 at 4.

Having had his objection to subordination overruled by the Court, *see* ECF No. 492, Mr. Spitzer instead seeks to advance his claims over the claims of Defendants' victims by seeking to have the lawsuit dismissed in its entirety. His argument is as simple as it is wrong—the Court lacks subject matter jurisdiction over this action, because the metals transactions at issue fall within a statutory exception to the CEA. Unfortunately for Mr. Spitzer, his motion is both procedurally deficient and wrong on the law.

The Court should deny Mr. Spitzer's motion for at least four reasons. **First**, the applicability of the so-called "Actual Delivery Exception" under the CEA is a merits, not a jurisdictional, issue. **Second**, Mr. Spitzer's motion is procedurally improper. As a non-party, Mr. Spitzer has no standing to file a motion challenging the merits of Plaintiffs' claims under FRCP 12(b)(6), and any such motion is, at this point in the litigation, *very* untimely. **Third**, the Actual Delivery Exception is an affirmative defense and dismissal on that basis would be premature. **Fourth**, and critically, the Actual Delivery Exception is inapplicable to the CEA's anti-fraud claims under Section 6(c)(1) of the CEA, 7 U.S.C. § 9(1), and CFTC Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2022). Accordingly, Plaintiffs respectfully request that the Court deny Mr. Spitzer's motion to dismiss in its entirety.

3

## ARGUMENT

### I.  Mr. Spitzer's Motion Does Not Raise A Jurisdictional Question.

Mr. Spitzer purports to bring this Motion under FRCP 12(b)(1) and 12(h)(3), arguing that "[t]here is not — and never was — federal subject matter jurisdiction over the claims asserted in this lawsuit." Mot. 17.  Mr. Spitzer argues that the Court lacks power to hear the case because the CEA does not apply to the transactions at issue, writing:  "By definition, the retail sales of the precious metals at issue herein are expressly ***excluded*** from coverage under the CEA." *Id.*  But even if Mr. Spitzer were correct that the Actual Delivery Exception precludes the CFTC from enforcing the CEA's anti-fraud provisions against the metals transactions that are the subject of this litigation—and he clearly is not for the reasons set forth below (*infra* Section IV)—that would not deprive this Court of subject matter jurisdiction.

This Court has subject matter jurisdiction over civil actions brought by federal agencies, such as the Commission, 28 U.S.C. § 1345, as well as civil actions brought under federal laws, such as the CEA, *id.* § 1331, and is specifically empowered to adjudicate the Commission's actions to enjoin violations of or enforce compliance with the CEA, 7 U.S.C. § 13a-l(a).  "[C]hallenges to an agency's authority to bring an action," like the challenge brought by Mr. Spitzer, "speak to the **agency's** jurisdiction, ***not the court's power to adjudicate***." *See CFTC v. Mintco LLC*, No. 15-CIV-61960, 2016 WL 3944098, at *6 (S.D. Fla. Feb. 4, 2016) (emphasis added) (quoting *CFTC v. White Pine Trust Corp.*, 574 F.3d 1219, 1222 n.2 (9th Cir. 2009)) ("The language of the CFTC statute, however, speaks in terms of jurisdiction.  But this refers to the jurisdiction of the *CFTC*.  While we adopt the statutory terms, we clarify that they speak only of the CFTC's power to bring its claims, not of the federal courts' jurisdiction to hear the case." (emphasis in original)).  *See also Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 253-54 (2010) ("But to ask what conduct § 10(b) [of the Securities Exchange Act of 1934] reaches is to ask what conduct § 10(b) prohibits,

4

which is a merits question.  Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case.  It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief.").  This action is brought under federal law, there is a federal question, and the Court has subject matter jurisdiction.

Dismissal for lack of subject matter jurisdiction due to the inadequacy of an asserted federal claim is proper "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) (internal quotations omitted).  "[J]urisdiction [over a federal claim] . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.  Rather, the District Court has jurisdiction . . . unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* (internal quotations omitted).  That is plainly not the case here.

Mr. Spitzer's motion challenges the Commission's authority to bring this action under the CEA and "[a]nalysis of [the] 'actual delivery' argument is, therefore, proper under the 12(b)(6) standard." *Mintco*, 2016 WL 3944098, at *6.

## II.    Mr. Spitzer's Disguised 12(b)(6) Motion is Procedurally Deficient.

Mr. Spitzer's attempt to cast his motion as falling under 12(h)(3) is not surprising.  As Mr. Spitzer correctly notes, challenges to subject matter jurisdiction "may not be waived," may be brought at any time in the litigation, and must be considered by the Court even "if not raised by the parties."  Mot. at 8–9.  Absent that jurisdictional toehold, his motion is procedurally defective and must be denied.

5

The text of Rule 12(b)(6) is clear.  It permits parties—*not* non-parties like Mr. Spitzer—to assert defenses to claims for relief.  *See* FRCP 12(b)(6).  As the Rule plainly states, in pertinent part:  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But ***a party*** may assert the following defenses by motion . . ."  *Id*. (emphasis added).  Courts routinely deny, strike, or decline to consider 12(b)(6) motions filed by a non-party.  *See Blasingim v. Hill*, 2008 WL 11320088, at *2 (N.D. Ga. Sept. 8, 2008), report and recommendation adopted, 2008 WL 11320126 (N.D. Ga. Oct. 14, 2008) ("Dismissal pursuant to Rule 12(b)(6) is not available to a non-party."); *Dolphin v. Waterbury Police Dep't*, 2007 WL 1020741, *1 (D. Conn. Mar. 30, 2007) (denying as moot Rule 12(b)(6) motion to dismiss of non-party); *Wasson v. Riverside County*, 237 F.R.D. 423, 423 n.1 (C.D. Cal. 2006) (striking Rule 12(b)(6) motions to dismiss from non-parties for lack of standing); *Mendez v. The City of New York Human Resources Admin*., 2005 WL 1109451, *3 (S.D.N.Y. May 10, 2005) (denying Rule 12(b)(6) motion by non-party); *Kimes v. Laboratory Corp. of America, Inc*., 2002 WL 31812919, *1 (M.D.N.C. Dec. 13, 2002) (finding court could not consider motion to dismiss filed by non-party due to lack of standing).  Because Mr. Spitzer is not a party to the litigation, his motion attacking the merits of Plaintiffs' claims must be denied.

In addition, Mr. Spitzer's motion is untimely.  Again, the plain language of Rule 12 makes clear that "[a] motion asserting any of these defenses must be made ***before pleading*** if a responsive pleading is allowed."  FRCP 12(b) (emphasis added).  "A motion seeking dismissal under Rule 12(b)(6) filed after a responsive pleading, such as an answer, is untimely filed."  *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 532 (N.D. Tex. 2021).  As stated above, Defendants Asher and Batashvili first filed answers to this complaint on October 22, 2020, and filed amended answers on October 28, 2022.  Thus, the time for filing a motion under Rule 12(b)(6) has long since passed.

**III.     The Actual Delivery Exception is an Affirmative Defense and an Improper Basis for Dismissal.**

Assuming, again, for the sake of argument that the Actual Delivery Exception prevented application of the CEA's anti-fraud provisions, it still would not provide an appropriate basis for dismissal of this action.  As both the Ninth and Eleventh Circuit have held, the Actual Delivery Exception "is an affirmative defense on which the commodities trader bears the burden of proof." *CFTC v. Monex Credit Co*., 931 F.3d 966, 972–73 (9th Cir. 2019); *CFTC v. S. Trust Metals, Inc*., 894 F.3d 1313, 1324–25 (11th Cir. 2018).  Because it is an affirmative defense, Plaintiffs are not required to plead around it and "ordinarily affirmative defenses . . . may not be raised on a motion to dismiss."  *Monex*, 931 F.3d at 972 (internal quotations omitted).  Rather, dismissal is only appropriate on an affirmative defense where there is some obvious bar to securing relief on the face of the complaint."  *Id.* at 973; *see also Joe Hand Promotions, Inc. v. Martin*, No. 3:18-CV-2798-B, 2019 WL 111209, at *2 (N.D. Tex. Jan. 4, 2019) ("As a general matter, the Fifth Circuit has determined that Rule 12(b)(6) motions to dismiss typically cannot be granted on affirmative defense grounds unless a successful affirmative defense appears clearly on the face of the pleadings.") (internal quotations omitted).

No such infirmity exists here.  Indeed, Mr. Spitzer relies on two declarations and multiple exhibits in arguing that "'actual delivery' was made to the customers, either directly or by deposit of those metals into a precious metals' depository."  Mot. at 12–13.  Where, as here, the affirmative defense does not clearly apply on the face of the pleadings, the Court should decline to dismiss the Complaint.

**IV.     The Actual Delivery Exception is Inapplicable to the CEA's Anti-fraud Provisions, 6(c) and CFTC Rule 180.1.**

Finally, and perhaps most importantly, Mr. Spitzer's Motion must be denied, because the Actual Delivery Exception on which his entire argument is premised *does not apply* to the CEA's

7

anti-fraud provisions, Section 6(c)(1) and Regulation 180.1(a)(1)-(3), which are the basis for the Commission's claims.  Mr. Spitzer argues that the CEA's prohibition on fraud does not apply to the precious metals transactions involved in this case, because the retail contracts of sale at issue all resulted in actual delivery within 28 days.[2]  This argument reflects a fundamental misunderstanding of the structure of the CEA.  The Actual Delivery Exception has no applicability to the fraud charges here.

"The cardinal canon of statutory interpretation is that the Court looks first to the text of the statute," and ends the exercise if the statute is unambiguous.  *CFTC v. Kraft Foods Grp., Inc.*, 153 F. Supp. 3d 996, 1008 (N.D. Ill. 2015) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010)).  On its face, the plain language of Section 6(c)(1) of the CEA and Regulation 180.1(a)(1)-(3) give the Commission broad anti-fraud and anti-manipulation jurisdiction over *all* commodity transactions in interstate commerce and neither contains any exclusion for retail commodity transactions where the commodity is delivered within 28 days.  Section 6(c)(1) of the CEA provides, in relevant part:

> It shall be unlawful for any person, directly or indirectly, to use or employ, or attempt to use or employ, in connection with any swap, or ***contract of sale of any commodity in interstate commerce***, or for future delivery on or subject to the rules of any registered entity, any manipulative or deceptive device or contrivance, in contravention of such rules and regulations as the Commission shall promulgate…

7 U.S.C. § 9(1) (emphasis added).  Similarly, CFTC Regulation 180.1, as promulgated thereunder, provides:

> (a) It shall be unlawful for any person, directly or indirectly, ***in connection with any*** swap, or ***contract of sale of any commodity in interstate commerce***, or

---

[2] Mr. Spitzer spends several pages distinguishing the facts of this case from *Monex*, 931 F.3d 966, and *CFTC v. Hunter Wise Commodities LLC*, 749 F.3d 967 (11th Cir. 2014), in an effort to establish that the metals at issue here were "actually delivered." Mot. at 10–14. But this argument is a straw man.  As set forth above, whether or not actual delivery occurred within 28 days has no bearing on Plaintiffs' fraud claims.

contract for future delivery on or subject to the rules of any registered entity, to intentionally or recklessly:

> (1) Use or employ, or attempt to use or employ, any manipulative device', scheme, or artifice to defraud;

> (2) Make, or attempt to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading;

> (3) Engage, or attempt to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person . . .

17 C.F.R. § 180.1 (2022) (emphasis added).  As this language lends itself to no other meaning, it must be given its plain meaning, which is that the Commission has the authority to bring an enforcement action against the perpetrator of a fraud in connection with the sale of a commodity in interstate commerce, including the sale of precious metals to retail customers, regardless of whether actual delivery occurs within 28 days.

Moreover, Mr. Spitzer's argument—that the Actual Delivery Exception set forth in Section 2(c)(2)(D)(ii) of the Act, 7 U.S.C. § 2(c)(2)(D)(ii), limits the types of transactions the CFTC can prosecute under the CEA's anti-fraud provisions in Section 6(c)(1) and CFTC Regulation 180.1(a)(1)-(3)—has already been considered **and rejected** by the Ninth Circuit.  In *Monex,*, the Court explicitly rejected the argument that the CFTC could not bring a Section 6(c)(1) fraud claim without an independent jurisdiction grant from Section 2 of the Act, stating:

> [T]he retail commodity provision merely describes the types of transactions to which other CEA sections—§§ 4(a), 4(b), and 4b—apply.  In other words, § 2(c)(2)(D)—the retail commodity provision—clarifies the interplay between margined commodity sales and other sections that apply to future contracts. This is necessary because §§ 4(a), 4(b), and 4b applied *only* to futures trades, until § 2(c)(2)(D) confirmed that those sections *also apply* to leveraged commodity sales.

> No such clarification is needed with § 6(c)(1) because the section applies to "any . . . contract of sale of any commodity in interstate commerce." And in those sales, § 6(c)(1) outlaws the use of any manipulative or deceptive device. Later, the

9

> CEA clarifies that "[w]henever it shall appear to the Commission that any registered entity or other person has" violated "any provision of this chapter . . . the Commission may bring an action in the proper district court of the United States." 7 U.S.C. § 13a-1(a). When someone violates § 6(c)(1), the CFTC can bring an enforcement action.

931 F.3d at 977 (emphasis in original). The *Monex* Court applied its holding to the leveraged and margined commodity sales at issue in that action, not ordinary retail cash commodity sales, stating "[w]hether the statute extends to non-leveraged sales is not before us." *Id*. However, the *Monex* Court noted "[b]y its terms, § 6(c)(1) applies broadly to commodities in interstate commerce." *Id*.

The contention that Section 6(c)(1) of the Act and Regulation 180.1(a)(1)-(3) are inapplicable generally to cash or spot market transactions (i.e. non-leveraged or margined) has been rejected in the context of another commodity, virtual currency. *See, e.g. CFTC v. McDonnell*, 287 F.Supp.3d 213, 228 (E.D.N.Y. 2018) (holding that the plain language of Section 6(c)(1) and Regulation 180.1 allow the prosecution of fraud claims in spot virtual currency). *See also CFTC v. My Big Coin Pay, Inc*., 334 F.Supp.3d 492, 495-6 (D. Mass. 2018) (stating Section 6(c)(1) and Regulation 180.1 apply to the alleged fraud if the conduct involved a "commodity" under the CEA). The reasoning in these cases is equally applicable to the exercise of jurisdiction over fraud in cash commodity sales of precious metals.

This interpretation of Section 6(c)(1) and Regulation 180.1(a)(1)-(3) is consistent with CFTC guidance and practice. The Commission has stated its intent to apply Regulation 180.1 to fraudulent schemes involving the purchase of precious metals for the purpose of investment:

> By way of non-exclusive example, if an entity employed a deceptive device to sell precious metals to customers as a way for the customers to speculate on the value of such commodities, or if an entity employed a deceptive device to sell an agricultural commodity to persons seeking to hedge price risk in that commodity, depending on the facts and circumstances, the Commission would exercise its authority against the entity under Section 6(c)(1) and final Rule 180.1.

10

*Prohibition on the Employment, or Attempted Employment, of Manipulative and Deceptive Devices and Prohibition on Price Manipulation*, 76 Fed. Reg. 41,398, 41,401 n.37 (Jul. 14, 2011). And in fact, the Commission has authorized, and the Division has brought, numerous enforcement actions under Section 6(c)(1) and Regulation 180.1 for fraudulent schemes involving non-leveraged precious metals. *See e.g.*, *CFTC et al v. Safeguard Metals LLC, et al*, Case No. 2:22-cv-691 (C.D. Cal. Feb. 1, 2022); *CFTC v. Baldwin*, Case No. 1:21-cv-5707 (S.D.N.Y. Jul. 1, 2021); *CFTC v. U.S. Coin Bullion LLC*, Case No. 6:20-cv-00040-PGB-LRH (M.D. Fla. Jan. 8, 2020); *CFTC v. Rust Rare Coin Inc.*, Case No. 2:18-cv-00892 (D. Utah Nov. 13, 2018);[3] *CFTC v. Scott*, Case No. 3:18-cv-05802-RAJ (W.D. Wash. Oct. 3, 2018);[4] *and CFTC v. McAllister*, Case No. 1:18-cv-0346 (W.D. Tex. Apr. 26, 2018).[5]

Despite Mr. Spitzer's insistence that the CFTC has "misapprehend[ed] the scope of [its own] enforcement powers," none of his arguments in favor of his alternative statutory interpretation withstand scrutiny. Mot. at 13. Mr. Spitzer argues that failure to apply the Actual Delivery Exception to the anti-fraud positions would "render the definition of the Actual Delivery Exception in Section 2(c) a nullity" and would "violate the cannon against superfluity." Mot. at 16. But this argument fails in light of *Monex.* As the Ninth Circuit explained, the language in Section 2(c)(2)(D) serves a clear purpose—to "clarify the interplay between margined commodity sales and other sections that apply to future contracts"—that is completely independent of Section 6(c). 931 F.3d at 977.

---

[3] Order Granting *ex parte* Statutory Restraining Order and appointing receiver at *CFTC v. Rust Rare Coin Inc.*, Case No. 2:18-cv-00892, 2018 WL 7051378 (D. Utah Nov. 15, 2018).
[4] Consent Order at *CFTC v. Scott*, Case No. 3:18-cv-05802-RAJ, 2021 WL 2680296 (W.D. Wash. Dec. 17, 2020).
[5] Consent Order at *CFTC v. McAllister*, Case No. 1:18-cv-0346, 2021 WL 7541402 (W.D. Tex. Aug. 18, 2021).

Mr. Spitzer also suggests that the CFTC's position would require that "the term 'contract of sale' as used in 7 U.S.C. § 9 means something different than it does in 7 U.S.C. §2(c)(2)(D)(ii)(III)(aa)" in violation of the "standard principle of statutory construction ... that identical words and phrases within the same statute should normally be given the same meaning." Mot. at 15, 20. Not so. "Contract of sale" has *exactly* the same meaning in both Sections of the CEA, because it is a defined term.[6] That two different sections of the CEA use a defined term and modify it with different language does not create a contradiction.

Finally, citing *West Virginia v. Environmental Protection Agency*, 142 S. Ct. 2587, 213 L.Ed.2d 896 (2022), Mr. Spitzer argues that the Commission lacked "clear congressional authorization" to draft Regulation 180.1 to encompass sales of commodities that are delivered in 28 days. Mot. at 19-20. In the *EPA* opinion, the Supreme Court employed the "major-questions doctrine" to hold that the Environmental Protection Agency lacked the delegated authority to adopt "generation shifting" rules for regulating greenhouse-gas emissions under the Clean Air Act, on the grounds that Congress had not delegated such authority sufficiently clearly. 142 S. Ct. at 2613. Under the doctrine, when an agency seeks to resolve a major question, a "merely plausible textual basis for the agency action" is not enough. *Id.* at 2609. "The agency instead must point to 'clear congressional authorization' for the power it claims." *Id.* (quoting *Utility Air Reg. Grp. v. EPA*, 573 U.S. 302, 324, 134 S.Ct. 2427, 189 L.Ed.2d 372 (2014)). The Supreme Court was clear, however, that the major-questions doctrine only applies "in certain extraordinary cases," where an agency claims the power to make decisions of vast "economic and political significance" or

---

[6] Section 1a(13) of the CEA, 7 U.S.C. § 1a(13), defines "contract of sale" to include "sales, agreements of sale, and agreement to sell." Similarly, Regulation 1.3, 17 C.F.R. § 1.3 defines the term to include "sales, purchases, agreements of sale or purchase and agreements to sell or purchase."

12

"assert[s] highly consequential power beyond what Congress could reasonably be understood to have granted."  142 S. Ct. at 2607–14.

The major-questions doctrine does not apply here.  Regulation 180.1 does not have vast "economic and political significance" nor does it assert "highly consequential power" that typically warrants invocation of the doctrine.[7]  Perhaps that is why Mr. Spitzer does not even address this critical, threshold question and instead argues only that the CFTC lacked clear congressional authorization.  *See* Mot. at 17–20.

Even if the major questions doctrine were applied, the inclusion of any commodity in interstate commerce within the reach of Regulation 180.1 was pursuant to a "clear congressional authorization."  Regulation 180.1 merely reiterates and elucidates what is already prohibited by Section 6(c)(1) of the CEA, as *specifically directed* by Congress in Section 6(c)(1).  *See* 7 U.S.C. § 9(1) ("[I]n contravention of such rules and regulations as the Commission shall promulgate by not later than 1 year after July 21, 2010, . . . .").  In the adoption of the Regulation 180.1, one commenter suggested that the Commission only extend Regulation 180.1 to swaps and therefore not include commodities in interstate commerce.  The Commission responded that limiting the Rule in that manner would be inconsistent with Section 6(c)(1) "under which Congress granted

---

[7] *Cf. FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000) (regulation and ban of tobacco products, "an industry constituting a significant portion of the American economy"); *Alabama Assn. of Realtors* v. *Department of Health and Human Servs.*, 594 U. S. ——, 141 S.Ct. 2485, 210 L.Ed.2d 856 (2021) (*per curiam*) (nationwide eviction moratorium); *Utility Air Regulatory Grp.*, 573 U.S. at 324 (regulation of air pollutants reaching "significant portion of the American economy"); *Gonzales v. Oregon*, 546 U.S. 243, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006) (interpretive rule issued by U.S. Attorney General providing that using controlled substances to assist suicide was not a legitimate medical practice and that dispensing or prescribing controlled substances for this purpose was unlawful under the Controlled Substances Act); *National Federation of Independent Business* v. *Occupational Safety and Health Administration*, 595 U.S. ——, 142 S.Ct. 661, 665, 211 L.Ed.2d 448 (2022) (*per curiam*) (mandate that 84 million Americans obtain COVID-19 vaccine or undergo weekly testing at their own expense).

the Commission broad new authority to prohibit 'any manipulative or deceptive device or contrivance' in connection with any swap, *or a contract of sale of any commodity in interstate commerce*, or for future delivery or subject to the rules of any registered entity." 76 Fed. Reg. at 41401 (emphasis added).

In sum, Section 6(c)(1) applies whenever it is violated, without regard to "actual delivery," and the Commission has the authority to prosecute such violations. *See* 7 U.S.C. § 13a-1(a). Thus, the Court has jurisdiction to hear this case which presents a federal question, and the Court may exercise supplemental and pendent jurisdiction over the State-law claims pursuant to 7 U.S.C. § 13a-2(1) and 28 U.S.C. § 1367(a).

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court deny Mr. Spitzer's motion.

Dated: January 31, 2023                    Respectfully submitted,

By: */s/ Christine Ryall*

CHRISTINE RYALL, *pro hac vice*
Chief Trial Attorney
cryall@cftc.gov
Florida Bar # 0983550

SEAN HENNESSY, *pro hac vice*
Trial Attorney
shennessy@cftc.gov
D.C. Bar # 1011564

SARAH WASTLER, *pro hac vice*
Trial Attorney
swastler@cftc.gov
D.C. Bar # 944534

PAUL HAYECK
Deputy Director
phayeck@cftc.gov

14

Mass. Bar # 554815

Attorneys for Plaintiff
COMMODITY FUTURES
    TRADING COMMISSION
1155 21st Street, NW
Washington, D.C.  20581-0001
Phone:  (202) 418-5000
Fax:  (202) 418-5521


FOR THE STATE OF ALABAMA

By: /s/ Andrew O. Schiff_____

ANDREW O. SCHIFF, *pro hac vice*
Andrew.schiff@asc.alabama.gov
Alabama Bar No. 3419R78S

Attorneys for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
Montgomery, AL 36104
Telephone: (334) 353-7254
Fax: (334) 242-0240


FOR THE STATE OF ALASKA

By: /s/ John Haley_____

JOHN HALEY
john.haley@alaska.gov
Alaska Bar No. 1402010

Attorney for Plaintiff
STATE OF ALASKA
OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-6645
Fax: (907) 276-3697


FOR THE STATE OF ARIZONA

15

By: /s/ Elizabeth Schmitt

ELIZABETH SCHMITT, *pro hac vice*
eschmitt@azcc.gov
Arizona Bar No. 034699

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007
Telephone: (602) 542-1922
Fax: (602) 714-8120


FOR THE STATE OF CALIFORNIA

By: /s/ Danielle Stoumbos

MARY ANN SMITH
MaryAnn.Smith@dfpi.ca.gov
SEAN ROONEY
Sean.Rooney@dfpi.ca.gov
DANIELLE A. STOUMBOS, pro hac vice
California Bar No. 264784
Danielle.Stoumbos@dfpi.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS
OVERSIGHT
(now known as the DEPARTMENT OF
FINANCIAL PROTECTION AND
INNOVATION)
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Fax: (213) 576-7181


FOR THE STATE OF COLORADO
PHILIP J. WEISER
Attorney General of the State of Colorado

By: /s/ Janna Fischer

ROBERT FINKE*

robert.finke@coag.gov
Colorado Bar No. 40756
JANNA FISCHER*
janna.fischer@coag.gov
Colorado Bar No. 44952
*Counsel of Record

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware

By: /s/ Katherine M. Devanney

KATHERINE M. DEVANNEY, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 6356
Texas Bar No. 24116281
katherine.devanney@delaware.gov
JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

Attorneys for Plaintiff the State of Delaware

FOR THE STATE OF FLORIDA
ASHLEY MOODY
Attorney General for the State of Florida

By: /s/ Victoria Butler

VICTORIA BUTLER, *pro hac vice*
Assistant Attorney General
Director of Consumer Protection
victoria.butler@myfloridalegal.com
Florida Bar No. 861250
Sarah Cortvriend, *pro hac vice*
Assistant Chief Attorney General

17

Florida Bar No. 718947

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
Department of Legal Affairs
3507 E Frontage Rd, Suite 325
Tampa, FL 33607-1795
Telephone: (813) 287-7950
Fax: (813) 281-5515

By: /s/ A. Gregory Melchior

A. GREGORY MELCHIOR, *pro hac vice*
Assistant General Counsel
greg.melchior@flofr.com
Florida Bar No. 407290

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION
1313 Tampa Street, Suite 615
Tampa, Florida 33602-3394
Telephone: (813) 218-5327
Fax: (813) 272-2498

FOR THE STATE OF GEORGIA

By: /s/ Jonathan Loegel

JONATHAN D. LOEGEL, pro hac vice
Georgia Bar No. 755706
jloegel@law.ga.gov

RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334

18

Telephone: (404) 458-3434
Fax: (404) 657-3239


FOR THE STATE OF HAWAII

By: /s/ Rayni M. Nakamura-Watanabe

RAYNI M. NAKAMURA-WATANABE,
*pro hac vice*
Hawaii Bar No. 9032-0
RNakamur@dcca.hawaii.gov
PATRICIA J. MOY
Hawaii Bar No. 5845-0
PMoy@dcca.hawaii.gov

Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977


FOR THE STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
LAWRENCE G. WASDEN

By: /s/ Loren Messerly

LOREN MESSERLY, *pro hac vice*
Deputy Attorney General
loren.messerly@finance.idaho.gov
Idaho Bar No. 7434

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE
P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 332-8093
Fax: (208) 332-8099

19

FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL
Patricia Orloff Erdmann
Chief Counsel of Litigation

By: /s/ Jefferson S. Garn

JEFFERSON S. GARN, *pro hac vice*
Deputy Attorney General
Jefferson.Garn@atg.in.gov
Indiana Bar No. 29921-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Fax: (317) 232-7979


FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

By: /s/ Amanda K. Robinson
AMANDA K. ROBINSON, *pro hac vice*
Iowa Bar No. AT0006753
Compliance Attorney
amanda.robinson@iid.iowa.gov

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6475
Fax: (515)-654-6500


FOR THE STATE OF KANSAS

By: /s/ Thomas E. Knutzen

THOMAS E. KNUTZEN, *pro hac vice*
*Special Assistant Attorney General*

20

tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road
Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872


FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740
CATHERINE FALCONER
Catherine.falconer@ky.gov

Attorneys for Plaintiff
STATE OF KENTUCKY
DEPARTMENT OF FINANCIAL
INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601
Telephone: (502) 782-9052
Fax: (502) 573-8787


FOR THE STATE OF MAINE

By: /s/ Gregg D. Bernstein

GREGG D. BERNSTEIN, *pro hac vice*
gregg.bernstein@maine.gov
Maine Bar No. 8424

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8800

21

Fax: (207) 626-8828


FOR THE STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL OF THE STATE
OF MARYLAND

By: /s/ Max F. Brauer

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES
COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532


FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-7632


FOR THE STATE OF MISSISSIPPI

22

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: /s/ James M. Rankin
JAMES M. RANKIN
James.Rankin@ago.ms.gov
Mississippi Bar No. 102332

CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231
FOR THE STATE OF NEBRASKA
L. JAY BARTEL
Bureau Chief
Legal Services Bureau

By: /s/ Joshua R. Shasserre

JOSHUA R. SHASSERRE, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 23885
joshua.shasserre@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3888
Fax: (402) 471-3297

FOR THE STATE OF NEVADA

By: /s/ Erin M. Houston

ERIN M. HOUSTON, *pro hac vice*
Deputy Secretary of State, Securities
Administrator
Nevada Bar No. 11814

23

ehouston@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030
Telephone: (702) 486-2440
Fax: (702) 486-2452


FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
Securities Enforcement Prosecutor
New Mexico Securities Division
New Mexico Bar No. 21769
alissa.berger@rld.nm.gov


Attorney for Plaintiff
STATE OF NEW MEXICO
New Mexico Securities Division
New Mexico Regulation and Licensing
Department
5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848


FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE
OF NEW YORK

By: /s/ Tatyana Trakht

TATYANA "TANYA" TRAKHT, *pro hac vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers

24

Attorney for Plaintiff
ATTORNEY GENERAL FOR THE STATE
OF NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816


FOR THE STATE OF OKLAHOMA

By: /s/ Robert Fagnant

ROBERT FAGNANT, *pro hac vice*
rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF
SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742


FOR THE STATE OF SOUTH CAROLINA

By: /s/ Jonathan Williams

JONATHAN WILLIAMS, *pro hac vice*
jwilliams@scag.gov
South Carolina Bar No. 72509

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-7208
Fax: (803) 734-7208


By: /s/ Shannon A. Wiley

25

SHANNON A. WILEY, *pro hac vice*
swiley@sos.sc.gov
South Carolina Bar No. 69806

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF THE SECRETARY OF STATE
1205 Pendleton Street, Suite 525
Columbia, SC 29201
Telephone: (803) 734-0246
Fax: (803) 734-1661


FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor &
Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701
Telephone: (605) 773-3563
Fax: (605) 773-5369


FOR THE STATE OF TENNESSEE
HERBERT H. SLATERY III
Attorney General and Reporter
for the State of Tennessee


By: /s/ James P. Urban

JAMES P. URBAN, *pro hac vice*
Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

Office of Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, TN 37202-0207

26

Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department
of Commerce and Insurance


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ B. Robin Burt
B. ROBIN BURT
Assistant Attorney General
General Litigation Division
Texas Bar No. 24120459
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-0562 | FAX: (512) 320-0667
Email:  robin.burt@oag.texas.gov


FOR THE STATE OF WASHINGTON

By: /s/ Stephen Manning

Stephen Manning, *pro hac vice*
stephen.manning@atg.wa.gov
Telephone: (360) 586-3264
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial

27

Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524


FOR THE STATE OF WEST VIRGINIA


By: /s/ Michael Nusbaum

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov
West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES
COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211


FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice


By: /s/ Lewis W. Beilin

LEWIS W. BEILIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1038835
beilinlw@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-3076
Fax: (608) 294-2907

*Attorneys for Plaintiff State of Wisconsin*

28

## CERTIFICATE OF SERVICE

On January 31, 2023, I electronically filed the foregoing **PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY DANIEL B. SPITZER'S
MOTION TO DISMISS PURSUANT TO 12(b)(1) AND 12(h)(3)** in the above captioned
matter using the CM/ECF system and I am relying upon the transmission of the Clerk's Notice of
Electronic Filing for service upon all parties in this litigation.

/s/ Christine Ryall