IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.,* § § § Plaintiffs, § § v. § § TIME, INC. a/k/a METALS.COM, CHASE § METALS, INC., CHASE METALS, LLC, § BARRICK CAPITAL, INC., LUCAS § THOMAS ERB a/k/a LUCAS ASHER a/k/a § LUKE ASHER, and SIMON BATASHVILI, § § Defendants, § § TOWER EQUITY, LLC, § § Relief Defendant. § | CIVIL ACTION NO. 3:20-CV-2910-X |

## MOTION FOR TEMPORARY STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINES

Defendants Lucas Asher and Simon Batshvili (collectively, "Defendants") request this Court temporarily stay all scheduling order deadlines—including any pending discovery deadlines—in order for the parties to fully resolve the issue of Defendants' access to assets for retention and payment of legal counsel. This issue has loomed over this case nearly since its inception in 2020 and remains unresolved. It needs to be resolved once and for all so that the case can move forward on the merits. To that end, the Defendants, the CFTC, and the Receiver have agreed to mediate the issue of attorneys' fees during the upcoming mediation which is scheduled for March 30.

1

Problematically, however, discovery is scheduled to continue despite the fact that Defendants do not know what resources will be available for their defense. As a result, Defendants respectfully request that the Court temporarily stay all scheduling order deadlines—including any pending discovery deadlines—so that this issue can hopefully be resolved in mediation. If mediation is unsuccessful, Defendants will promptly file a motion so that the Court can resolve it. In short, Defendants do not seek to delay this litigation—but rather to get this critical issue resolved so that the case can move forward towards a decision on the merits.

## BACKGROUND

Plaintiffs filed this case on September 22, 2020. Dkt. 2. The same day, the Court entered an *ex parte* order appointing Kelly Crawford as Receiver for the Defendants and others. Dkt. 16. Through their original counsel, Defendants thereafter consented to the entry of a consent order (the "Consent Order"), which the Court entered on October 14, 2020. *See* Dkts. 162, 164, and 165.

Of relevance here, the Consent Order prevents Defendants from: (1) engaging in or facilitating a variety of transactions involving commodities; and (2) withdrawing, transferring, removing, dissipating, and disposing of their funds, assets, or other property. *See* Dkt. 165 at ¶¶ 20-25, 38. While the Consent Order does contemplate a carve-out for reasonable and necessary living expenses, it does not address attorneys' fees. *Id.* at ¶¶ 33-42.

On March 30, 2021, through new counsel,[1] Defendants moved for the Court to modify the Consent Order to allow for the payment of attorneys' fees out of new income from employment not prohibited by the Consent order. *See* Dkt. 232. The Receiver opposed the motion. *See* Dkts. 236, 237, and 238. Although it denied the motion without prejudice, the Court noted: "[S]ome kind

---

[1] Counsel entered a notice of appearance for the limited purpose of representing Defendants with regard to challenging the freezing of their assets for the purposes of retaining counsel. Dkt. 231 at 1.

2

of an allowance must be made to permit the Individual Defendants to retain counsel and pay reasonable attorney's fees. Allowing the use of income from future employment outside areas of prohibited employment to pay for counsel appears uncontroversial." Dkt. 367 at 4 (internal footnote omitted). The Court ordered "the Receiver to allow the Individual Defendants access to the records to determine what assets, if any, are "untainted." *Id*. at 9 (citing *SEC v. Dobbins*, No. 3:04-CV-0605-H 2004 WL 957715, at *2 (N.D. Tex. Apr. 14, 2004) (internal citations omitted)). Finally, the Court stated: "In the event this avenue proves fruitless, the Individual Defendants may file another motion requesting access to assets for attorney's fees from income from future employment outside areas of prohibited employment." *Id.*

At the end of 2023, Defendants' counsel withdrew as a result of unpaid fees. Dkt. 478, 479. The issue of access to assets for attorneys' fees remained unresolved at the time of withdrawal.

Gray Reed was retained as counsel roughly ten days ago and promptly reached out to both the CFTC and the Receiver regarding both this issue and the possibility of a stay while it is resolved. The parties also conferred regarding the concept of resolving the attorneys' fees issue at mediation—rather than through motion practice. Although all parties have agreed to include this issue in the upcoming mediation, the Plaintiffs and the Receiver oppose any stay while it is revolved. This is highly problematic for Defendants—as they remain unsure what resources are or will be available for their defense. In the meantime, Plaintiffs are proceeding with discovery (as they are entitled to do under the existing scheduling order)—with a deposition scheduled for March 22 and several others planned for March and April, according to the CFTC.

## ARGUMENT

The Court should stay these proceedings to allow the parties to mediate the issue of attorneys' fees—and, if that is unsuccessful, allow Defendants to file a motion to resolve the issue.

3

This short stay would address the Court's concern that "The basis of our adversary system is threatened when one party gains control of the other party's defense as appears to have happened here." Dkt. 367 at 7-8 (quoting *Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987) and citing *FTC v. Consumer Def., LLC*, No. 2:18-CV-30JCM(PAL), 2018 WL 2972927, at *4 (D. Nev. May 4, 2018)). This stay would not prejudice Plaintiffs as no meaningful discovery has taken place. If a stay is not issued, however, the Defendants would be greatly prejudiced by not having the resources to adequately participate in discovery or defend their case.

Finally, to ensure that the stay does not unnecessarily delay the resolution of the case, Defendants propose that the Court enter an order requiring that: (1) if the issue of attorneys' fees is resolved at mediation or otherwise by agreement, Defendants must file a notice within seven days so that the Court can lift the stay, or (2) if the parties are unable to reach a resolution through mediation, Defendants must within fourteen days file a motion asking the Court to decide the issue of attorneys' fees.

## CONCLUSION

Defendants request the Court temporarily stay all scheduling order deadlines—including any pending discovery deadlines—in order for the parties to fully resolve the issue of Defendants' access to assets for retention and payment of legal counsel. Further, to ensure that the stay does not unnecessarily delay the resolution of the case, Defendants request the Court enter an order requiring that: (1) if the issue of attorneys' fees is resolved at mediation or otherwise by agreement, Defendants must file a notice within seven days so that the Court can lift the stay, or (2) if the parties are unable to reach a resolution through mediation, Defendants must within fourteen days file a motion asking the Court to decide the issue of attorneys' fees.

DATED: March 9, 2023

Respectfully submitted,

**GRAY REED**

BY: */s/ Chris A. Davis*
Christopher A. Davis
State Bar No. 24050483
Angela L. Brown
State Bar No. 24034533
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Tel: (214) 954-4135
Fax: (214) 953-1335
Email: cdavis@grayreed.com
Email: abrown@grayreed.com

**ATTORNEYS FOR DEFENDANTS LUCAS ASHER and SIMON BATASHVILI**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with counsel for the CFTC, Christine Ryall, by phone and email on March 2 and 9, 2023. Ms. Ryall stated that Plaintiffs are not opposed to mediating the attorneys' fees issue but are opposed to a temporary stay of the scheduling order and discovery deadlines. Counsel for Defendants conferred with the counsel for the Receiver, Peter Lewis, on March 8-9 by phone and email. Mr. Lewis stated that the Receiver is not opposed to mediating the issue of attorneys' fees but is opposed to a stay of the scheduling order and discovery deadlines.

*/s/ Chris A. Davis*
Chris A. Davis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing instrument was electronically field with the Clerk of the court using the CM/ECF system on March 9, 2023, which will send notification to the attorney(s) of record for all parties to this suit.

*/s/ Chris A. Davis*
Chris A. Davis