UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ET AL., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:20-CV-2910-X |
| TMTE, INC., ET AL., | § § § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is non-party Daniel B. Spitzer's motion to dismiss. [Doc. No. 485]. For the reasons below, the Court **DENIES** the motion.

Spitzer claims the Court lacks subject-matter jurisdiction over this case. But this case involves allegations by the Commodity Futures Trading Commission ("CFTC") of violations of the Commodities Exchange Act ("CEA") and CFTC Regulations,[1] and the Court has subject-matter jurisdiction over civil actions brought by federal agencies such as the CFTC, as well as under federal laws such as the CEA.[2] And states may sue in federal court if they allege violations of the CEA or CFTC Regulations,[3] which is exactly what's happening here.[4]

---

[1] *See* Doc. 238 at 30–31 (explaining that the Plaintiffs allege violations of Section 6(c) of the CEA (7 U.S.C. § 9(1)) and CFTC Regulation 180.1). Both the CEA and the CFTC Regulations expressly allow states to sue in federal district court to redress violations. 7 U.S.C. § 13a-2(1).

[2] 28 U.S.C. § 1345, 1331.

[3] 7 U.S.C. § 13a-2(1).

[4] Doc. 238 at 30–31 (explaining that the Plaintiff States allege violations of Section 6(c) of the CEA (7 U.S.C. § 9(1)) and CFTC Regulation 180.1); 7 U.S.C. § 13a-2(1).

Spitzer argues that an exception blocks jurisdiction because "actual delivery" of the relevant sales occurred "within 28 days."[5] Regardless of when actual delivery occurred, the statute Spitzer invokes "speaks in terms of . . . the jurisdiction of the *CFTC*" and that agency's "power to bring its claims, not of the federal courts' jurisdiction to hear the case."[6] That exception does not deprive the Court of jurisdiction here.[7]

Accordingly, the Court **DENIES** Spitzer's motion to dismiss.

**IT IS SO ORDERED** this 24th day of March, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] 7 U.S.C. § 2(c)(2)(D)(ii)(III)(aa).

[6] *Commodity Futures Trading Com'n v. White Pine Tr. Corp.*, 574 F.3d 1219, 1222 n.2 (9th Cir. 2009).

[7] Regardless, the CEA also prohibits "any manipulative or deceptive device or contrivance," which squarely covers the allegations here. 7 U.S.C. § 9(1); *see* Doc. 238 at 35.