IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI,<br><br>　　　　　Defendants,<br><br>TOWER EQUITY, LLC,<br><br>　　　　　Relief Defendant. | CIVIL ACTION NO.<br>3:20-CV-2910-X |

## RECEIVER'S RESPONSE TO MOTION FOR TEMPORARY STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINES

Kelly M. Crawford, as the court-appointed Receiver ("Receiver"), submits his Receiver's Response to the Motion for Temporary Stay of Discovery and Scheduling Order Deadlines filed by new attorneys for defendants Lucas Asher ("Asher") and Simon Batashvili ("Batashvili") (the Stay Motion)[Docket 514], respectfully showing the Court as follows:

# I.

# INTRODUCTION

Considering the previous stay of more than 7 months in this case, the Receiver strongly opposes the Stay Motion. The Complaint against the Defendants was filed nearly 2 ½ years ago, in September, 2020. As set forth in the Complaint, Defendants Asher and Batashvili preyed upon elderly investors to convince them to use their IRA savings accumulated over a lifetime to purchase the Defendants' egregiously priced coins. As a result of Asher and Batashvili's fraud being perpetrated throughout the United States, more than 1,000 investors lost more than $72 million.

Sadly, to date 20 investors have died while this case is pending. They are:

| | |
|---|---|
| 00135 | Carroll R. |
| 00191 | Curtis G. |
| 00219 | Danny M. |
| 00233 | David H. |
| 00244 | David R. |
| 00303 | Doreen B. |
| 00322 | Edward B. |
| 00337 | Elizabeth B. |
| 00404 | Gayle V. |
| 00452 | Harold G. |
| 00495 | James G. |
| 00668 | Kathryn B. |
| 00681 | Keith L. |
| 00778 | Lynda W. |
| 00859 | Max H. |
| 01002 | Paul J. |
| 01103 | Robert G. |
| 01172 | Samuel B. |
| 01674 | Joseph K. |
| 01726 | Samuel C. (oldest victim -- died six weeks shy of his 100th) |

Time is of the essence for the victims of the Defendants in this case. They simply do not have time for another stay. The Judge who previously presided over this case, *sua sponte*, stayed the entire

case and receivership for more than 7 months. And now that the case is moving forward, Defendants Asher and Batashvili have the gall to request yet another stay.[1]

On November 2, 2022, this Court approved the claims of 1,058 victims with claims totaling $72,260,999. Soon thereafter, the Receiver asked counsel for Asher and Batashvili to consent to the Receiver making an interim distribution to the victims of $9 million, without prejudice to the Defendants' defenses in the underlying lawsuit. Counsel for Asher and Batashvili informed the Receiver they opposed an interim distribution.[2] As a result, unless liability is established or agreed to earlier, the victims will have to wait until after the trial of the underlying lawsuit to receive a distribution. The trial is currently scheduled for October 23, 2023. If granted, the Stay Motion will result in a delay of the trial and a delay in distributions to the victims. Because of the elderly age of the Defendants' victims, it is likely a number of additional claimants will die before receiving any relief.

## II.

## THERE ARE NO GROUNDS FOR A STAY

While new counsel claims a stay is needed to insure funds are available to pay for counsel for Asher and Batashvili, a review of the docket of this case shows that to date Defendants Asher and Batashvili have had 7 attorneys and 7 different law firms defend them to date:

Arnold Spencer of Spencer & Associates [Docket 142]

Elizabeth Devanney of Quinn Emanuel Urquhart & Sullivan [Docket 231]

Gene R. Besen of Bradley Arant Boult Cummings, LLP [Docket 293]

---

[1] Just recently, shortly after one of Asher and Batashvili's new counsel made an appearance, he requested a continuance of the case deadlines for 90 days. [Docket 480].

[2] See email exchange between the Receiver and Defendants' counsel on November 10, 2022 attached hereto as **Exhibit A**.

---
RECEIVER'S RESPONSE TO MOTION FOR TEMPORARY STAY OF DISCOVERY
3

Elisha Kobre of Bradley Arant Boult Cumming, LLP [Docket 325]

Heath Hyde of Heath Hyde, P.C.[Docket 477]

Howard Spector of Spector & Johnson, PLLC [Docket 488]

Chris Davis of Gray Reed [Docket 516]

Indeed, Defendant Asher and Batashvili, now have three different law firms representing them in this case. Defendants Asher and Batashvili are and have been well represented throughout the entirety of this case.

**A. Defendants Have Not Identified any Untainted Assets to Use for Legal Fees**

In the Stay Motion, counsel for Defendants Asher and Batashvili argue that further delay of the lawsuit is necessary so that the issue of Defendants' access to assets for the retention and payment of legal counsel can be determined. Previous counsel for Defendants Asher and Batashvili filed a motion requesting the Court to modify the Preliminary Injunction to allow Asher and Batashvili to have access to funds for their attorneys. [Docket 232]. On May 3, 2022, the Court denied that Motion without prejudice to Asher and Batashvili identifying untainted assets they could propose to the Court be used for attorneys fees. [Docket 367]. Toward that end, the Court directed the Receiver to make the records he had in his possession available for the Defendants to inspect. [Id.].

As set forth in the *Receiver's Response to Defendants' Unopposed Motion for Continuance* filed on December 29, 2022 [Docket 482] and the *Sixth Report of the Receiver* [Docket 420], on June 25, 2021, the Receiver made access to the Receiver's database on a DISCO platform available to the Plaintiffs and the Defendants. In addition, the Receiver made available for inspection at the Receiver's office, documents from the Defendants' office that were not loaded onto the DISCO platform, and copies of the bank records and credit card statements received from the banks.

On August 24, 2021, the Receiver received from the FBI a copy of images taken from the computers and electronic equipment at the office of the Defendants at 8383 Wilshire Blvd., Beverly

Hills, California. The Receiver loaded the images onto the DISCO platform, On May 6, 2022, the Receiver's counsel again made access to the images loaded onto the DISCO platform available to the parties in the lawsuit and repeated his offer to make available for inspection at the Receiver's office, documents from the Defendants' office that were not loaded onto the DISCO platform, and copies of the bank records and credit card statements received from the banks. And, yet again, most recently, the Receiver provided access to the DISCO platform to the Defendants' new counsel.

The Defendants have had access to documents in the Receiver's possession since June 30, 2021, and therefore the Defendants' argument that they have had insufficient time or access to documents to identify untainted funds for their legal defense is stale and simply not credible. Significantly, the Defendants have not presented to the Receiver any assets or sources of revenue they contend are untainted funds they propose using for the payment of attorneys fees.

### B. It Appears Defendant Asher Has "New Income" He is Using in Violation of the Court Orders

At least one of the new attorneys for the Defendants indicated he is being paid from new income generated by Defendant Asher.[3] Specifically, on December 27, 2022, the Receiver requested Asher's new attorney Heath Hyde to identify the source of his retainer. In response, on January 15, 2023, Hyde informed the Receiver "Lucas Asher hired me with funds from his current business…".[4]

The *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili* (the "Consent Order")[Docket 165], expressly agreed to by Asher and Batashvili, includes very specific provisions regarding the handling of any new income earned by Asher and Batashvili. Specifically, any

---

[3] The Receiver requested the Defendants' additional new counsel, Chris Davis of Gray Reed, and Howard Spector of Spector & Johnson, PLLC to identify the source of their retainers and to date neither counsel has provided the information to the Receiver.

[4] A copy of the email exchange is attached hereto as **Exhibit B**.

prospective earnings, bonuses, and/or other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity is defined in paragraph 37 of the *Consent Order* as "New Income". If Asher and Batashvili earn or receive any "New Income", they are required under the *Consent Order* to notify the Receiver and open a new bank account with the Receiver as a co-owner to receive the New Income. Consent Order, ¶¶39-40. To date, the Receiver has never been notified by Asher or Batashvili that they are receiving "New Income".

Based upon Hyde's disclosure of the source of his retainer[5], it appears Asher has "New Income" and that Asher has wholly ignored the *Consent Order* in reporting the New Income to the Receiver and opening a new bank account to receive the New Income, with the Receiver as a co-owner of the account. Any "New Income" earned by Asher in violation of the *Consent Order* should not be allowed to fund the retainer for Asher's attorneys. Indeed, that would simply reward Asher for violating the *Consent Order*.

---

[5] Mr. Hyde and each of the attorneys for the Defendants have an obligation to insure that any retainer they receive is from clean and untainted funds that are not restricted by Court order. In *In re Grand Jury Subpoena for Reyes-Requena,* 913 F.2d 1118, 1122 (5th Cir. 1990) the Fifth Circuit held the attorney-client privilege does not protect an attorney from having to disclose the source or payment terms of an attorney's fees. "Information concerning who paid Reyes-Requena's fee to DeGeurin and the amount, method or terms of payment is not exempted from disclosure by the attorney-client privilege." Indeed, in order to maintain the integrity of the receivership, each of the attorneys are required to disclose the source of their retainers. *See Federal Trade Commission v. Johnson,* No. 2:10-cv-02203-MMD-GWF, 2013 WL 4039069 at *7 (District Court of Nevada, August 5, 2013). Any retainer from "New Income" that was obtained by the Defendants in violation of the *Consent Order* is improper and should be disgorged. Indeed, counsel for the Defendants, by reviewing the *Consent Order* that is part of the docket, had the information available to them to determine, prior to making an appearance for the Defendants, whether any retainer they received is from clean and untainted funds. They should not be allowed to receive a retainer of unclean or tainted funds, and then ask the Court after the fact to modify the *Consent Order* to retroactively "clean" the retainer they received.

Asher has a history of acting in contempt of the Court's orders[6], and he should not be allowed to be excused from violating the *Consent Order* with respect to any "New Income" he has earned. Asher and Batashvili should demonstrate they are in full compliance with the *Consent Order* prior to asking the Court for a modification of the *Consent Order*. Otherwise, Asher and Batashvili will be approaching the Court with unclean hands.

### C. The Mediation Is a Red-Herring

In the Stay Motion, the Defendants argue that mediation of the issue regarding attorneys fees is scheduled for March 30, 2023, and imply an agreement could soon be reached between the Receiver and the parties regarding this issue. This is a red herring. The mediation on March 30, 2023, was scheduled pursuant to the Court's mandate that the parties mediate the Receiver's contempt motion against Defendants Asher and Batashvili for their control and operation of Portfolio Insider in violation of the Court orders. [Docket No. 452]. That is the reason for the mediation. Counsel for the Defendants asked the Receiver if he would agree, at such mediation, to discuss the issue of the Defendants' attorneys fees. The Receiver indicated he would discuss the issue at the mediation, but informed the Defendants' attorneys that the CFTC would have to be a part of that discussion.

With the promise of a looming mediation, the Defendants try to create the impression in the Stay Motion that any delay would be relatively short. However, it is apparent from the Stay Motion itself that the delay could be several months. First, the mediation scheduled for March 30, 2022 has already been postponed until April 6, 2023. Only if the parties reach an agreement regarding the funding of attorneys fees would any stay be less than a month. For the reasons set forth in this Response – the failure of the Defendants to identify untainted assets, and the admission by Defendants' counsel that Defendants are earning New Income in violation of the Consent Order –

---

[6] See *Agreed Order Finding Defendant Lucas Asher in Contempt of This Court's Orders and Continuance of Show Cause Hearing* [Docket No. 216].

**RECEIVER'S RESPONSE TO MOTION FOR TEMPORARY STAY OF DISCOVERY**

strongly suggests no agreement will be reached at mediation. In that likely scenario, the Defendants propose they file a motion with the Court two weeks after the mediation. By the time the parties respond to the motion and the Defendants file a reply, the delay in the case will have already been nearly three months.

### III.

### CONCLUSION

Nearly every day, the Receiver receives a call or email from one of the victims in this case, asking why it is taking so long and when they will get some of their stolen money returned. The refusal of Defendants Asher and Batashvili to consent to an interim distribution to the victims that would be without prejudice to their defense of the lawsuit, makes it mandatory for the Receiver to oppose any delays in the underlying lawsuit.

Defendants Asher and Batashvili are seeking a stay solely for the purposes of delay and not so that justice may be done. They have not produced any evidence of untainted assets they seek to use for attorneys' fees, and they have not complied with the *Consent Order* with respect to any "New Income" they wish to use for attorneys' fees. To the contrary, it now appears Defendant Asher is earning "New Income" in violation of the *Consent Order*. This is, sadly, consistent with the Defendants' history of hiding assets and information from the Receiver in complete disrespect of the Court's orders[7].

---

[7] As shown by the docket of this case, Asher and Simon each converted and hid $500,000 from the receivership estate in violation of the Consent Order. [Docket 216, 384, 386]. In addition, they unlawfully used receivership assets and engaged in activity related to securities in violation of the Consent Order under the name of "Portfolio Insider". [Docket 319]. They refused to reveal the source of the monies they were using to pay their attorneys until ordered to do so by Magistrate Toliver. [Docket 296]. And, the source of monies was, as expected, coming from entities owned by Carlos Cruz, whose MagicStar entities received more than $20 million from the Defendants.

WHEREFORE, PREMISES CONSIDERED, the Receiver requests the Court deny the Stay Motion and afford the Receiver such other and further relief at law or in equity, to which he may be justly entitled.

Respectfully submitted, March 29, 2023.

**RECEIVER KELLY M. CRAWFORD**

*/s/ Kelly M. Crawford*
Kelly M. Crawford, Receiver
State Bar No. 05030700
SCHEEF & STONE, L.L.P.
500 North Akard, Suite 2700
Dallas, Texas 75201
Tele: 214/706-4200
Fax: 214/706-4242

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2023, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

/s/ Kelly M. Crawford
KELLY M. CRAWFORD