IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, *et al*.,<br><br> Plaintiffs,<br><br>v.<br><br>TMTE, INC. a/k/a METALS.COM, *et al*.,<br><br> Defendants;<br><br>and<br><br>TOWER EQUITY, LLC,<br><br> Relief Defendant. | Case No.: **3:20-CV-2910-X** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A TEMPORARY STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINES**

Plaintiffs Commodity Futures Trading Commission ("CFTC" or "Commission"), and Alabama Securities Commission, State of Alaska, Arizona Corporation Commission, California Commissioner of Business Oversight, Colorado Securities Commissioner, State of Delaware, State of Florida, Office of the Attorney General and State of Florida, Office of Financial Regulation, Office of the Georgia Secretary of State, State of Hawaii, Securities Enforcement Branch, Idaho Department of Finance, Indiana Securities Commissioner, Iowa Insurance Division, Office of the Kansas Securities Commissioner, Kentucky Department of Financial Institutions, Maine Securities Administrator, State of Maryland Ex Rel the Maryland Securities Commissioner, Attorney General Dana Nessel on Behalf of the People of Michigan, Mississippi Secretary of State, Nebraska Department of Banking & Finance, Office of the Nevada Secretary of State, New Mexico Securities Division, The People of the State of New York by Letitia James, Attorney General of the State of New York, Oklahoma Department of Securities, State of South Carolina, by and through Alan Wilson, South Carolina Attorney General, and Mark Hammond, South Carolina Secretary of State, South Dakota Department of Labor & Regulation, Division of Insurance, Commissioner of the Tennessee Department of Commerce and Insurance, State of Texas, Washington State Department of Financial Institutions, West Virginia Securities Commission, and State of Wisconsin (collectively "the States") respectfully submit this memorandum of law in opposition to Defendants' Motion For a Temporary Stay of Discovery and Scheduling Order Deadlines ("Motion" or "Mot.").

Plaintiffs oppose Defendants' request to further delay this litigation.  Plaintiffs filed this action in September 2020 seeking restitution for approximately 1,600 defrauded elderly investors. Since that time this case has been plagued by delay and inaction on the part of Defendants.  Now, only two months after their last requested extension, Defendants again seek to delay discovery, for

an unspecified period of time, in order "to fully resolve the issue of Defendants' access to assets for retention and payment of legal counsel"—an issue which, by Defendants' own admission, has "loomed over this case nearly since its inception."  Mot. at 1.  But, to date, Defendants have failed to take any of the prerequisite steps that would permit the parties and the Court to fairly resolve this issue.  Granting Defendants' request for delay would reward this dilatory behavior and further harm the elderly victims who are eager for resolution of this litigation.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed this action in September 2020.  Shortly thereafter, in October 2020, Defendants voluntarily, and with advice of counsel, entered into a Consent Order of Preliminary Injunction ("Consent Order"), ECF No. 165, which prevents them from withdrawing, transferring, removing, dissipating, and disposing of their funds, assets, or other property.  The Consent Order permits the parties to negotiate a carve out for reasonable and necessary living expenses.  However, the Consent Order provides that any such expenses may be drawn solely from New Income[1] and contains certain provisions requiring Defendants to qualify that income and submit to appropriate monitoring by the Receiver, including that:

- Within two days of securing any New Income, Defendants Asher and Batashvili shall provide the name and address of the employer, person, or entity, as well the name of a contact person and telephone number from its personnel office to Plaintiffs and the Receiver. ECF No. 165 at ¶ 39.

- Within ten days of this Order [filed October 14, 2020], Defendants shall each open a single new bank account in his name to deposit any New Income, and to withdraw such funds for reasonable and necessary living expenses as ordered by the Court.  The

---

[1] The Consent Order defines new income as "specific prospective earnings, bonuses, and/or other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity" ('New Income')," ECF No. 16 at ¶37, not involving "any activity related to securities, commodities, or derivatives, including but not limited to soliciting, receiving, or accepting any funds from any person or entity for the purpose of purchasing, selling, or otherwise investing in precious metals, securities, commodities, derivatives, virtual currency, binary options, or foreign currency or receive any income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any person or entity engaged in said activities." *Id.* at ¶¶ 36, 38.

Receiver shall be a co-owner and have unfettered access to these new accounts. *Id.* at ¶ 40

- Within twenty-four (24) hours of opening with the Receiver as co-owner of the account, Defendants Asher and Batashvili shall provide complete information to the Receiver about the account, including the name of the bank, address, telephone number, and account number. *Id.*

To date, Defendants have not provided Plaintiffs with the identity of any employers and, to CFTC's knowledge, have not advised the Receiver of any bank accounts opened to hold New Income. Absent such information, Plaintiffs can only conclude that ***there is no New Income*** from which living expenses and/or the attorneys' fees Defendants' now seek could be derived.[2]

On March 30, 2021, Defendants moved to modify the Consent Order to "allow for the use of untainted assets to pay for attorney's fees." ECF No. 232 at 1 ("Motion to Modify"). In addition to "requesting to use future earnings from work outside of the commodities industry for the purpose of retaining counsel," Defendants also indicated that "[i]f provided access to their seized records, Individuals will also identify additional specific assets that are not connected to allegations of wrongdoing for unfreezing." ECF No. 232 at 25. Defendants were provided access to documents in the Receiver's possession no later than June 30, 2021. ECF Nos. 482, 482-1.

With the Motion to Modify still pending, the Court, *sua sponte*, issued a stay in October 2021, that continued the case for over 7 months. ECF Nos. 317, 380. In May 2022, the Court lifted the stay and denied, without prejudice, the Motion to Modify. The Court noted as "problematic[]" that it was "unable to tell which assets in the possession of the Receiver are 'untainted' assets." ECF No. 367 at 8. Accordingly, the Court directed Defendants to access documents held by Receiver, "determine what assets, if any, are 'untainted'," and file another motion "requesting access to assets for attorney's fees once they have completed their review and

---

[2] If Defendants currently *do* have unreported sources of New Income, they may again be in contempt of Court, s*ee* ECF No. 216, for failure to comply with the Consent Order. .

are able to show that any assets not related to the CFTC's investigation are available." ECF No. 367 at 9. In the event Defendants were unable to identify untainted assets, the Court alternatively instructed Defendants to file a motion "requesting access to assets for attorney's fees from income from future employment outside areas of prohibited employment." *Id.* (citing ECF Nos. 16, 165). More than ten months have elapsed since that order, but Defendants have still not filed a new motion for attorneys' fees.

In December 2022, Defendants' former counsel (Bradley Arant Boult Cummings LLP) withdrew and new counsel (Heath Hyde) filed a motion to continue the scheduling deadlines by 90 days in order to permit new counsel "sufficient opportunity to prepare a proper defense." ECF No. 480. The court partially granted the request and issued the Revised Scheduling Order, postponing the deadlines by approximately 60 days. ECF No. 487.

Rather than use that time productively, Defendants again chose to do nothing. Instead, 71 days after filing the Motion to Continue, Defendants, via yet another new counsel (Gray Reed & McGraw LLP), filed the instant Motion asking the Court to stay all discovery and scheduling order deadlines indefinitely until such time that the parties or the Court are able to resolve the issue of attorneys' fees.

## ARGUMENT

As an initial matter, Plaintiffs oppose Defendants' requested stay on the basis that it is for an indeterminate period of time. Pursuant to Defendants' Motion, the stay would only end once the attorneys' fee issue is "resolved" (presumably in Defendants' favor)—either (i) by the parties, at an upcoming mediation[3] or (ii) by the Court, in response to a motion to be filed by Defendants

---

[3] The mediation (which is now scheduled for April 6) was scheduled in response to the Court's October 7, 2022, order, ECF No. 452, directing the Receiver and Defendants to mediate the issues raised in the Receiver's Emergency Motion for Show Cause Hearing to Hold Defendants Lucas Asher and Simon Batashvili in Civil Contempt. ECF No. 311. At the request of Defendants' new counsel, counsel for CFTC has agreed to attend the mediation in order to discuss

within 14 days of an unsuccessful mediation.  Despite Defendants' repeated  characterization of the stay as "short" and "temporary," it is unclear to Plaintiffs why Defendants believe that this previously intractable problem can now be resolved within a matter of weeks.  As a result of their own inaction, Defendants sit in essentially the same position they did in 2021 when they first sought access to funds for attorneys' fees in their Motion to Modify.  Defendants chose to ignore the obligations put on them in the Court's May 2022 Order, ECF No. 367, and have failed to do the one thing that would allow for resolution of this issue—identify untainted assets currently held by the Receiver or identify New Income.  Without this information, a quick resolution of the attorneys' fee issue is exceedingly unlikely.  The Court should not delay discovery indefinitely while the parties pursue this possibly futile exercise.

Moreover, Defendants have failed to establish that good cause exists for granting Defendants' requested stay of discovery and scheduling order deadlines.  *See* ECF No. 487 at ¶17 ("The Court will view with disfavor and will deny—absent a showing of good cause—requests for extensions of these deadlines").  Defendants argue that "[if] a stay is not issued . . . Defendants would be greatly prejudiced by not having the resources to adequately participate in discovery or defend their case."  Mot. at 4.  But any prejudice that Defendants would suffer is entirely of their own making.  As set forth above, Defendants had ample time to resolve the issue of attorneys' fees before discovery began.

Defendants also argue that "[t]his stay would not prejudice Plaintiffs as no meaningful discovery has taken place."  Mot. at 4.  Again, Defendants cannot rely on their prior dilatory litigation tactics to justify further delay.  Plaintiffs' attempts to engage in the discovery process

---

the issue of attorney's fees.  In the event the Parties and Receiver reach a negotiated resolution on the issue of attorneys' fees, Plaintiffs understand that the Parties would nonetheless need to seek the Court's approval to modify the Consent Order.

have been met with delay and avoidance by Defendants.[4]  Moreover, Defendants ignore that delaying the resolution of this litigation would harm the more than 1,600 elderly investors who have been awaiting resolution of this matter, including distribution of restitution funds, for more than 2 ½ years.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court deny the Motion.

Dated: March 29, 2023                         Respectfully submitted,

By: */s/ Christine Ryall*

CHRISTINE RYALL, *pro hac vice*
Chief Trial Attorney
cryall@cftc.gov
Florida Bar # 0983550

SEAN HENNESSY, *pro hac vice*
Trial Attorney
shennessy@cftc.gov
D.C. Bar # 1011564

SARAH WASTLER, *pro hac vice*
Trial Attorney
swastler@cftc.gov
D.C. Bar # 944534

PAUL HAYECK
Deputy Director
phayeck@cftc.gov
Mass. Bar # 554815

---

[4] For example, on March 22, 2021, Plaintiffs served their Initial Disclosures.  By contrast, Defendants served their Initial Disclosures on September 14, 2022, only after being prompted by Plaintiffs.  On December 29, 2022, Plaintiffs served Interrogatories on Defendants.  Defendants have failed to respond.  On January 4, 2023, Plaintiffs filed a designation of expert and on February 27, 2023, complied with Fed. R. Civ. P. 26(a)(2) by serving their expert report on Defendants.  Defendants did not designate any affirmative experts and have requested that Plaintiffs agree to extend the deadline for designating a rebuttal expert.  Plaintiffs' attempts to schedule depositions have been hindered by the changes in defense counsel and, until recently, counsel's failure to respond to Plaintiffs' request to discuss discovery issues, including deposition scheduling.  Now, depositions have been or will be rescheduled to accommodate Defendants' newest counsel's schedule.

Attorneys for Plaintiff
COMMODITY FUTURES
    TRADING COMMISSION
1155 21st Street, NW
Washington, D.C.  20581-0001
Phone:  (202) 418-5000
Fax:  (202) 418-5521


FOR THE STATE OF ALABAMA

By: /s/ Jeffrey A. "Beau" Brown, Jr.
JEFFERY A. "BEAU" BROWN, JR., *pro hac vice*
Beau.Brown@asc.alabama.gov
Alabama Bar No. 7258R80B


Attorneys for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
Montgomery, AL 36104
Telephone: (334) 353-7254
Fax: (334) 242-0240


FOR THE STATE OF ALASKA

By: /s/ John Haley

JOHN HALEY
john.haley@alaska.gov
Alaska Bar No. 1402010

Attorney for Plaintiff
STATE OF ALASKA
OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-6645
Fax: (907) 276-3697


FOR THE STATE OF ARIZONA

By: /s/ Elizabeth Schmitt

ELIZABETH SCHMITT, *pro hac vice*
eschmitt@azcc.gov
Arizona Bar No. 034699

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007
Telephone: (602) 542-1922
Fax: (602) 714-8120


FOR THE STATE OF CALIFORNIA

By: /s/ Danielle Stoumbos

MARY ANN SMITH
MaryAnn.Smith@dfpi.ca.gov
SEAN ROONEY
Sean.Rooney@dfpi.ca.gov
DANIELLE A. STOUMBOS, pro hac vice
California Bar No. 264784
Danielle.Stoumbos@dfpi.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS
OVERSIGHT
(now known as the DEPARTMENT OF
FINANCIAL PROTECTION AND
INNOVATION)
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Fax: (213) 576-7181


FOR THE STATE OF COLORADO
PHILIP J. WEISER
Attorney General of the State of Colorado

By: /s/ Janna Fischer

ROBERT FINKE*

robert.finke@coag.gov
Colorado Bar No. 40756
JANNA FISCHER*
janna.fischer@coag.gov
Colorado Bar No. 44952
*Counsel of Record


FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware

By: /s/ Evelyn H. Brantley

EVELYN H. BRANTLEY, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 3380
evelyn.brantley@delaware.gov
JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

Attorneys for Plaintiff the State of Delaware


FOR THE STATE OF FLORIDA
ASHLEY MOODY
Attorney General for the State of Florida


By: /s/ Victoria Butler

VICTORIA BUTLER, *pro hac vice*
Assistant Attorney General
Director of Consumer Protection
victoria.butler@myfloridalegal.com
Florida Bar No. 861250
Sarah Cortvriend, *pro hac vice*
Assistant Attorney General

Florida Bar No. 718947
Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
Department of Legal Affairs
3507 E Frontage Rd, Suite 325
Tampa, FL 33607-1795
Telephone: (813) 287-7950
Fax: (813) 281-5515

By: /s/ A. Gregory Melchior
A. GREGORY MELCHIOR, *pro hac vice*
Assistant General Counsel
greg.melchior@flofr.com
Florida Bar No. 407290

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION
1313 Tampa Street, Suite 615
Tampa, Florida 33602-3394
Telephone: (813) 218-5327
Fax: (813) 272-2498


FOR THE STATE OF GEORGIA

By: /s/ Jonathan Loegel

JONATHAN D. LOEGEL, pro hac vice
Georgia Bar No. 755706
jloegel@law.ga.gov

RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3434
Fax: (404) 657-3239

- 10 -

FOR THE STATE OF HAWAII

By: /s/ Rayni M. Nakamura-Watanabe

RAYNI M. NAKAMURA-WATANABE,
*pro hac vice*
Hawaii Bar No. 9032-0
RNakamur@dcca.hawaii.gov


Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977


FOR THE STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
LAWRENCE G. WASDEN

By: /s/ Loren Messerly

LOREN MESSERLY, *pro hac vice*
Deputy Attorney General
loren.messerly@finance.idaho.gov
Idaho Bar No. 7434

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE
P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 332-8093
Fax: (208) 332-8099


FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL

By: /s/ Meredith McCutcheon

- 11 -

MEREDITH MCCUTCHEON, *pro hac vice*
Deputy Attorney General
Meredith.McCutcheon@atg.in.gov
Indiana Bar No. 32391-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Fax: (317) 232-7979


FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

By: /s/ Amanda K. Robinson
AMANDA K. ROBINSON, *pro hac vice*
Iowa Bar No. AT0006753
Compliance Attorney
amanda.robinson@iid.iowa.gov

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6475
Fax: (515)-654-6500


FOR THE STATE OF KANSAS

By: /s/ Thomas E. Knutzen

THOMAS E. KNUTZEN, *pro hac vice*
*Special Assistant Attorney General*
tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road

- 12 -

Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872


FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740
CATHERINE FALCONER
Catherine.falconer@ky.gov

Attorneys for Plaintiff
STATE OF KENTUCKY
DEPARTMENT OF FINANCIAL
INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601
Telephone: (502) 782-9052
Fax: (502) 573-8787


FOR THE STATE OF MAINE

By: /s/ Gregg D. Bernstein

GREGG D. BERNSTEIN, *pro hac vice*
gregg.bernstein@maine.gov
Maine Bar No. 8424

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8800
Fax: (207) 626-8828


FOR THE STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL OF THE STATE

- 13 -

OF MARYLAND

By: /s/ Max F. Brauer

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES
COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532


FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-6755


FOR THE STATE OF MISSISSIPPI

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: /s/ James M. Rankin
JAMES M. RANKIN
James.Rankin@ago.ms.gov
Mississippi Bar No. 102332

- 14 -

CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231
FOR THE STATE OF NEBRASKA
L. JAY BARTEL
Bureau Chief
Legal Services Bureau

By: /s/ Joshua R. Shasserre

JOSHUA R. SHASSERRE, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 23885
joshua.shasserre@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3888
Fax: (402) 471-3297


FOR THE STATE OF NEVADA

By: /s/ Erin M. Houston

ERIN M. HOUSTON, *pro hac vice*
Deputy Secretary of State, Securities
Administrator
Nevada Bar No. 11814
ehouston@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400

- 15 -

North Las Vegas, NV 89030
Telephone: (702) 486-2440
Fax: (702) 486-2452


FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
New Mexico Bar No. 21769
alissa.berger@rld.nm.gov

Attorney for Plaintiff
STATE OF NEW MEXICO
New Mexico Regulation and Licensing
Department, Securities Division
5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848


FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE
OF NEW YORK

By: /s/ Tatyana Trakht

TATYANA "TANYA" TRAKHT, *pro hac vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers

Attorney for Plaintiff
ATTORNEY GENERAL FOR THE STATE
OF NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816


FOR THE STATE OF OKLAHOMA

- 16 -

By: /s/ Robert Fagnant

ROBERT FAGNANT, *pro hac vice*
rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF
SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742


FOR THE STATE OF SOUTH CAROLINA

By: /s/ Jonathan Williams

JONATHAN WILLIAMS, *pro hac vice*
jwilliams@scag.gov
South Carolina Bar No. 72509

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-7208
Fax: (803) 734-7208


By: /s/ Shannon A. Wiley

SHANNON A. WILEY, *pro hac vice*
swiley@sos.sc.gov
South Carolina Bar No. 69806

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF THE SECRETARY OF STATE
1205 Pendleton Street, Suite 525
Columbia, SC 29201
Telephone: (803) 734-0246
Fax: (803) 734-1661

- 17 -

FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb _____

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor &
Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701
Telephone: (605) 773-3563
Fax: (605) 773-5369

FOR THE STATE OF TENNESSEE
HERBERT H. SLATERY III
Attorney General and Reporter
for the State of Tennessee

By: /s/ James P. Urban _____

JAMES P. URBAN, *pro hac vice*
Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

Office of Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department
of Commerce and Insurance

FOR THE STATE OF TEXAS:

KEN PAXTON

Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ Alyssa Bixby-Lawson
ALYSSA BIXBY-LAWSON
Assistant Attorney General, General
Litigation Division
Texas Bar No. 24122548
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(210) 270-1118 | FAX: (512) 320-0667
Email:  alyssa.bixby-lawson@oag.texas.gov


FOR THE STATE OF WASHINGTON

By: /s/ Stephen Manning

Stephen Manning, *pro hac vice*
stephen.manning@atg.wa.gov
Telephone: (360) 586-3264
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial
Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524


FOR THE STATE OF WEST VIRGINIA

By: /s/ Michael Nusbaum

- 19 -

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov
West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES
COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211


FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice

By: /s/ Lewis W. Beilin

LEWIS W. BEILIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1038835
beilinlw@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-3076
Fax: (608) 294-2907

*Attorneys for Plaintiff State of Wisconsin*

**CERTIFICATE OF SERVICE**

On March 29, 2023, I electronically filed the foregoing **PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A
TEMPORARY STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINE** in the
above-captioned matter using the CM/ECF system and I am relying upon the transmission of the
Clerk's Notice of Electronic Filing for service upon all parties in this litigation.


/s/ Christine Ryall