# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TIME, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, <br><br> Defendants, <br><br> TOWER EQUITY, LLC, <br><br> Relief Defendant. | CIVIL ACTION NO. 3:20-CV-2910-X |

## REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINES

Defendants Lucas Asher and Simon Batashvili (collectively, "Defendants") file this Reply in Support of Their Motion for a Temporary Stay of Discovery and Scheduling Order Deadlines (Dkt. 514) (the "Motion"). In opposing the Motion, Plaintiffs and the Receiver attempt to relitigate past issues and launch *ad hominem* attacks against Defendants rather than addressing the issues at hand. Defendants respectfully ask that the Court ignore these distractions and grant the Motion.

First, the Receiver attacks the "gall" of the Defendants to request a stay while the Plaintiffs attribute the requested stay to "dilatory" tactics.[1] On the contrary, Defendants simply want the

---

[1] Receivers' Response to Motion for Temporary Stay of Discovery and Scheduling Order Deadlines ("Receiver's Resp.") (Dkt. 534) at 3.

opportunity to defend themselves and to adequately fund their defense. Defendants suggested that the parties attempt to resolve this issue through mediation—and if that fails—through expedited motion practice. It's therefore disconcerting that both the Plaintiffs and the Receiver have declared in advance that this court-ordered mediation is doomed to fail.[2] This is apparently because these parties have predetermined not to move off of their existing positions—despite the Court's previous order that Defendants did not waive their right to revisit the earlier agreed order regarding fees. *See* Mem. Op. and Order, Dkt. 367 at n. 1 ("The court rejects the Receiver's argument that the Individual Defendants waived their right to request a carve-out from the frozen assets for attorney's fees because they consented to entry of the Consent Order for Preliminary Injunction.") (internal citations omitted).

Second, the Plaintiffs and Receiver ignore that the need for a temporary stay is, at least in part, a problem of their own making. As noted in the Motion, the Consent Order—which all parties signed—does not address attorneys' fees at all. *Id*. In addition, since filing the Motion a number of discovery issues have come to light. These include:

- On February 27, 2023, Plaintiffs served the Expert Report of Dana Samuelson. Four documents were attached to the Report—yet within the Report itself, the expert states that he reviewed approximately 10,590 documents. Upon request, the CFTC delivered the documents to Defendants' counsel on March 30, 2023, three days *after* the March 27 due date for a rebuttal report.[3]

- On March 9, 2023, the Receiver, upon request, allowed Defendants' counsel access to a database containing over 51,000 documents. However, the Receiver was unable to provide answers to basic critical questions, including: (1) name and location of devices seized by the Receiver (and although requested, the Receiver has provided no inventory); (2) the location of any loose paper documents seized by the Receiver (and not currently in the database); and (3) the location of Mr. Batashvili's cell phone seized in the raid of the Metals.com business office.

---

[2] *See* Receiver's Resp. at 7. *See also* Pls.' Memorandum of Law in Opposition to Defendants' Motion for a Temporary Stay of Discovery and Scheduling Order Deadlines ("Pls.' Response") (Dkt. 535) at 5.

[3] In light of this issue as well as the broader issues raised in the Motion, Defendants requested an extension on the rebuttal report date. To date Plaintiffs have not responded.

4890-8934-3324.1

- Although Plaintiffs identified a number of categories of documents in their Rule 26 Disclosures, no documents were served by any Plaintiff. As noted above, on March 30, the CTFC provided over 10,000 documents reviewed by their expert. With the exception of a handful of documents produced by the California Department of Financial Protection on March 20 (two days before the scheduled deposition), Defendants' counsel have received no discovery documents from the states and have no idea what evidence is in their possession.

- Defendants' counsel have been informed that Plaintiffs intend to take 37 depositions (more than three times the number allowed under Fed. R. Civ. Proc. 30(a)(2)). So far only one deposition has been held.

These issues just scratch the surface—but needless to say it will take time to understand and resolve these concerns, which are not of Defendants' making.

Finally, the Receiver and Plaintiffs fail to explain how a stay of Scheduling Order deadlines will detrimentally affect the Receiver's work. The current Scheduling Order does not dictate the Receiver's activities or deadlines.

In short, there is good cause to grant the Motion. Despite the continued statements by the Receiver and Plaintiffs that Defendants "preyed upon" unsuspecting investors and "perpetrated" a massive fraud, they have yet to have their day in Court. As this Court noted,

> As compelling as the Receiver's arguments are, the court remains mindful that this lawsuit was brought to establish the Individual Defendants' wrongdoing. '[T]he court cannot assume the wrongdoing before judgment in order to remove the defendants' ability to defend themselves. The basis of our adversary system is threatened when one party gains control of the other party's defense[.]

Mem. Op. and Order, Dkt. 367 at 7-8 (quoting *Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987) and *citing FTC v. Consumer Def., LLC,* No. 2:18-CV-30JCM(PAL), 2018 WL 2972927, at *4 (D. Nev. May 4, 2018) ("The lack of availability of other funds and the fact that the [defendants] have not yet been found liable … are considerations courts have evaluated when determining whether to release funds for attorneys' fees.").

The proposed stay would serve justice without unnecessarily delaying the case—as would the Receiver and Plaintiffs negotiating in good faith to get these issues resolved so that this case can move forward.

DATED: April 5, 2023

Respectfully submitted,

**GRAY REED**

BY: */s/ Chris Davis*
Chris Davis
State Bar No. 24050483
Angela L. Brown
State Bar No. 24034533
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Tel: (214) 954-4135
Fax: (214) 953-1335
Email: cdavis@grayreed.com
Email: abrown@grayreed.com

**ATTORNEYS FOR DEFENDANTS LUCAS ASHER and SIMON BATASHVILI**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing instrument was electronically field with the Clerk of the court using the CM/ECF system on April 5, 2023, which will send notification to the attorneys of record for all parties to this suit.

*/s/ Chris A. Davis*
Chris A. Davis

4

4890-8934-3324.1