UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMODITIES FUTURES TRADING COMMISSION, et al., | § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | Civil Action No. 3:20-CV-2910-X |
| TMTE, INC., et al. | | |
| *Defendants*. | | |

**ORDER ON RECEIVER'S MOTIONS FOR APPOINTMENT OF APPRAISERS, APPROVAL OF APPRAISALS, AND SETTING HEARING REGARDING APPROVAL OF SALE OF PROPERTY**

Before the Court is the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals, and Setting Hearing Regarding Approval of Sale Property. [Doc. No. 539]. The motion is unopposed. After careful consideration, and for the reasons below, the Court **GRANTS** the motion.

In accordance with the Court's order appointing the Receiver,[1] order governing the administration of the receivership,[2] and 28 U.S.C. section 2001, the Receiver submitted three independent appraisals of the real property located at 404 N. Wanamaker Street, Philadelphia, PA 19131 (the "Property").[3] Having reviewed the Receiver's submission, the Court **APPOINTS** the appraisers for the purpose of

---

[1] Doc. No. 16 (extended per Doc. No. 148 and consented to by Defendants per Doc. Nos. 164, 165).

[2] Doc. No. 213.

[3] Doc. No. 539 at 3–4.

1

providing their appraisals of the Property and **ACCEPTS** the appraisals they provided in satisfaction of 28 U.S.C. section 2001(b).

The Receiver notes that the three appraisals value the Property "at $107,000.00, $99,000.00, and $130,000.00, with an average appraised value of $112,000.00."[4] The Receiver asks the Court to approve his contract to sell the Property for $97,500.00. The Court agrees with the Receiver that this proposed sales price exceeds two-thirds of the average appraised value of the Property.[5]

But the Court cannot approve the sale without conducting a hearing,[6] which the Receiver duly requests. The Court **GRANTS** the Receiver's request for a hearing, and **ORDERS** the parties to conduct this hearing before Magistrate Judge Renee Toliver as expediently as possible. The Court, having agreed to appoint the Receiver's proposed appraisers and accepted their appraisals, orders this hearing to learn whether any bona fide purchaser has, by the time of the hearing, submitted any competing bid of not less than 10% more than the current contract price and confirm whether the sale is in the best interests of the estate.[7]

---

[4] *Id.* at 4 (footnotes omitted).

[5] 28 U.S.C. § 2001(b).

[6] *Id.* ("After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.").

[7] 28 U.S.C. § 2001(b) ("The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.").

**IT IS SO ORDERED,** this 22nd day of May, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE