IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ET AL., <br> PLAINTIFFS, | § § § § | |
| V. | § § | CASE NO. 3:20-CV-2910-X (BK) |
| TMTE, INC., ET AL., <br> DEFENDANTS. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order on Receiver's Motions for Appointment of Appraisers, Approval of Appraisals, and Setting Hearing Regarding Approval of Sale of Property*, Doc. 665, this case was referred to the undersigned United States magistrate judge for hearing and the entry of findings and a recommended disposition on the Receiver's motion seeking, *inter alia*, authorization for the sale of real property. For the reasons that follow, the Receiver's private sale of the subject property should be **APPROVED**.

**I.   BACKGROUND**

In December 2023, the court-appointed receiver, Kelly M. Crawford (the "Receiver"), moved to appoint appraisers, approve the appraisals, and set a hearing to approve the private sale of the real property located at 6139 Chancellor Street, Philadelphia, PA 19139 (the "Property"). Doc. 655. The Court thus appointed the Receiver's appraisers, accepted their appraisals, granted the Receiver's request for a hearing, and ordered the parties to conduct such hearing before the undersigned. Doc. 665.

Pursuant to the Court's order, the issues before the undersigned were (1) whether any

bona fide purchasers, at the time of the hearing, had submitted any competing bids which were at least ten percent more than the current contract price of the Property; and (2) whether a private sale is in the best interests of the Property. Doc. 665.

On January 23, 2024, the undersigned held a hearing under the under the provisions of 28 U.S.C. § 2001(b). Doc. 671. Notice of the same was provided electronically. Doc. 666.

## II. APPLICABLE LAW

Under 28 U.S.C. § 2001(b), courts can authorize the private sale of real property when such is in the "best interests of the estate." To conclude that such a sale is in the estate's best interests, courts must follow a statutory four-step process:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall [(1)] appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. [(2)] No private sale shall be confirmed at a price less than two-thirds of the appraised value. [(3)] Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. [(4)] The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b); *see S.E.C. v. T-Bar Res., LLC*, 2008 WL 4790987, at *3 (N.D. Tex. Oct. 28, 2008) (Boyle, J.) (finding that because section 2001(b) establishes procedural safeguards to "protect against the high opportunity for fraud inherent in private sales of realty," a court cannot consider the best interests of the sale without a party's full compliance with the terms of the statute); *see also SEC v. Adams*, No. 3:18-CV-252, 2021 WL 8016903, at *3 (S.D. Miss. Apr.

28, 2021) (finding that the receiver posting the terms of the sale on its website satisfied the third step of the "best interest of the estate" analysis).

### III. ANALYSIS

The Court finds that it is in the Property's best interests to be privately sold. Previously and through the evidence at the January 23, 2024 hearing, the Receiver has established section 2001(b)'s elements:

- Three disinterested persons have been appointed to appraise the Property, Doc. 665 at 1-2;

- The proposed sale price of $65,000.00 exceeds two-thirds of the $47,000.00 average appraised value of the Property, Doc. 665 at 2;

- The proposed sale's terms were published in *The Philadelphia Inquirer* on three separate days (January 8-10, 2024), all of which were at least ten days before the hearing;

- No bona fide offers that exceed ten percent of the Property's contract sale price were received.

### IV. CONCLUSION

Based on the foregoing, the Receiver's private sale of the Property for $65,000.00 should be **APPROVED**.

**SO RECOMMENDED** on February 28, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).