# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI,<br><br>Defendants,<br><br>TOWER EQUITY, LLC,<br><br>Relief Defendant. | CIVIL ACTION NO.<br>3:20-CV-2910-X |

## APPENDIX IN SUPPORT OF RECEIVER'S
## UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENTS

Kelly M. Crawford, as the Court appointed Receiver, submits the following Appendix in Support of the Receiver's Unopposed Motion to Approve Settlement Agreements, as follows:

| | | |
|---|---|---|
| **Exhibit A** | Lee Settlement Agreement | pages 03 to 07 |
| **Exhibit B** | Sanna Settlement Agreement | pages 08 to 12 |
| **Exhibit C** | Hunter Settlement Agreement | pages 13 to 17 |

Dated: November 4, 2024

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By:  */s/ Peter C. Lewis*
     Peter C. Lewis
     State Bar No. 12302100
     peter.lewis@solidcounsel.com

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**ATTORNEY FOR RECEIVER
KELLY M. CRAWFORD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 4, 2024, the foregoing was electronically filed with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all attorneys of record.

*/s/ Peter C. Lewis*
Peter C. Lewis

# Exhibit A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("Agreement") is entered into by and between Benjamin Lee ("Lee") and Mettabel, Inc. ("Mettabel") (Mettabel, individually and/or collectively, as the case may be, with Lee, the "Lee Defendants"), on the one hand, and Kelly Crawford in his capacity as the Receiver (the "Receiver"), on the other, as of the 1st day of October, 2024 (the "Effective Date").

**WHEREAS**, pursuant to a *Statutory Restraining Order* entered on September 22, 2020, (*"SRO"*) in *Commodity Futures Trading Commission vs. TMTE, Inc. a/k/a Metals.com, et al.*, Civil Action 3:20-cv-02910-X pending in the United States District Court for the Northern District of Texas – Dallas Division (the "Underlying Lawsuit"), Kelly Crawford was appointed as the Receiver of the assets of the entity Defendants, TMTE, Inc. a/k/a Metals.com, et al.;

**WHEREAS**, Lee Defendants are defendants in a lawsuit styled *Kelly Crawford, in his capacity as Receiver vs. David Bleeden, et al.*, Cause No. 3:21-cv-2181-X pending in the United States District Court for the Northern District of Texas – Dallas Division (the "Lawsuit") by which the Receiver seeks to recover alleged fraudulent transfers for the benefit of the alleged victims and other creditors in the Underlying Lawsuit;

**WHEREAS**, the Receiver traced no less than $238,363.33 in payments allegedly made by defendants in the Underlying Lawsuit to Lee Defendants which the Receiver seeks to recover from Lee Defendants pursuant to the Lawsuit;

**WHEREAS**, Lee Defendants deny any liability to the Receiver; and

**WHEREAS**, the Receiver and Lee Defendants are desirous of settling the Receiver's claims without litigation for the purpose of convenience and to avoid the uncertainty and expense of protracted litigation.

**NOW, THEREFORE**, in consideration of the foregoing, the parties hereby agree as follows:

1. Lee Defendants will pay to Receiver the total sum of One Hundred Nineteen Thousand One Hundred and Eighty-One and 66/100 Dollars ($119,181.66) (the "Settlement Amount") over four payments as follows:

    (a) First Payment: $29,795.42 on or before October 18, 2024; and then

    (b) Second Payment: $29,795.41 on or before November 18, 2024; and then

    (c) Third Payment: $29,795.42 on or before December 18, 2024; and then

    (d) Fourth Payment: $29,795.41 on or before January 18, 2025.

with each payment to be made by check, wire transfer, or money order payable to "Kelly Crawford, Receiver" and delivered to:

PAGE 1 OF 4

Kelly Crawford, Receiver
Scheef & Stone, LLP
500 North Akard Street, Suite 2700
Dallas, Texas 75201

2. In consideration for this Agreement, Lee and Mettabel, on behalf of themselves and their spouses, heirs, successors, assigns, shareholders, officers, and directors (collectively referred to as the "Lee Parties"), do hereby remise, release, acquit, and forever discharge the Receiver, his successors in interest, employees, accountants, and attorneys (collectively referred to as the "Receivership Parties") of and from any and all liabilities, claims, remedies, demands, suits or causes of action of whatsoever kind or character, in whole or in part, whether choate or inchoate, which the Lee Parties now have or ever have had from the beginning of time against the Receivership Parties arising from the actions or inactions of the Receivership Parties, including all claims against the Receivership Parties which in any way directly or indirectly relate to, result from, are based upon, or arise out of the facts that are the basis of the Lawsuit or the Underlying Lawsuit. The Lee Parties expressly waive and extinguish any claim by Lee Defendants to seek monies from the receivership estate or from the Receivership Parties, and agree not to file a claim for reimbursement, expenses, fees, charges, or any other request for distribution in the Underlying Lawsuit.

3. Subject to receipt by the Receiver of the Settlement Amount as provided herein, the Receivership Parties, their successors and assigns, do hereby remise, release, acquit, and forever discharge the Lee Parties and their attorneys of and from any and all liabilities, claims, remedies, demands, suits or causes of action of whatsoever kind or character, in whole or in part, whether choate or inchoate, which the Receivership Parties now have or have ever had from the beginning of time against the Lee Parties arising from the actions or inactions of the Lee Parties, including all claims against the Lee Parties which in any way directly or indirectly relate to, result from, are based upon, or arise out of the facts that are the basis of the Lawsuit or the Underlying Lawsuit.

4. Within five business days of the Receiver's receipt of the full amount of the payment required under Section l(a) hereinabove (the "First Payment"), the Receiver will file a motion in the Underlying Lawsuit to approve this Agreement and the filing of a stipulation in the Lawsuit which would effectively stay the Lawsuit as to Lee Defendants pending receipt of the full Settlement Amount. Subsequent to entry of an Order approving this Agreement and within five business days of receipt of the Settlement Amount as provided herein, the Receiver will file a Notice of Dismissal, dismissing Lee and Mettabel, with prejudice, from the Lawsuit.

5. If Lee Defendants fails to pay any installment due pursuant to Section 1 of this Agreement, within ten (10) calendar days after the payment due date, the Receiver shall give notice to the Lee Defendants, through their counsel of record in the Lawsuit, and one opportunity to cure within another five (5) days. If the Lee Defendants do not timely cure, the Receiver shall be entitled to retain any payment(s) made by Lee Defendants prior to a default by Lee Defendants under this Agreement and apply such payments received as a credit to the full amount of the monies the Receiver is seeking to recover, provided further, that any and all payments received by the Receiver pursuant to this Agreement are non-refundable.

PAGE 2 OF 4

6. It is expressly understood and agreed that the terms of this Agreement are contractual in nature and not mere recitals and that the agreements contained herein, and the consideration transferred are to compromise doubtful and disputed claims and that no releases or other consideration given shall be construed or considered an admission of liability. On the contrary, this Settlement Agreement is being entered into merely to avoid litigation and any further dispute or claims and to buy peace to the extent described herein.

7. IN SIGNING THIS FULL AND COMPLETE SETTLEMENT AGREEMENT, EACH OF THE PARTIES HERETO ACKNOWLEDGES, REPRESENTS, WARRANTS, AND CONFIRMS TO EACH OTHER AS FOLLOWS:

   A. I HAVE CAREFULLY READ AND UNDERSTAND THE EFFECT OF THIS FULL AND COMPLETE SETTLEMENT AGREEMENT;

   B. I HAVE THE MENTAL CAPACITY TO UNDERSTAND THE EFFECT OF THIS FULL AND COMPLETE SETTLEMENT AGREEMENT;

   C. I EXECUTE THIS SETTLEMENT AGREEMENT AS A FREE AND VOLUNTARY ACT, WITHOUT ANY DURESS, COERCION, OR UNDUE INFLUENCE EXERTED BY OR ON BEHALF OF ANY PERSON OR ENTITY;

   D. I AM THE SOLE OWNER OF THE CLAIMS OR CAUSES OF ACTION BEING OR TO BE RELEASED AS PROVIDED HEREIN AND I HAVE NOT CONVEYED NOR ASSIGNED ANY INTEREST IN ANY SUCH CLAIMS OR CAUSES OF ACTION TO ANY PERSON OR ENTITY NOT A PARTY HERETO.

8. This Settlement Agreement is subject to approval of the Court in the Underlying Lawsuit (the "Receivership Court"). If the Receivership Court does not approve this Settlement Agreement, it is null and void and any portion of the Settlement Amount paid to the Receiver shall be returned to Lee Defendants within twenty (20) days after the entry of an order in the Underlying Lawsuit denying approval of this Agreement.

*[signature page follows]*

ACCEPTED, ACKNOWLEDGED, AND AGREED AS OF THE EFFECTIVE DATE OF THIS AGREEMENT.

RECEIVER:

By: _____
Kelly Crawford, in his capacity as Receiver

Date Executed: 10-3-24

DEFENDANT BENJAMIN LEE

By: _Benjamin Lee (Oct 3, 2024 09:13 PDT)_
Benjamin Lee

Date Executed: 10/03/24

DEFENDANT METTABEL, INC.

By: _Benjamin Lee (Oct 3, 2024 09:13 PDT)_
Benjamin Lee

Its: Authorized Representative

Date Executed: 10/03/24

PAGE 4 OF 4

# Exhibit B

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("Agreement") is entered into by and between Kyle Sanna ("Sanna"), LTK Marketing, LLC ("LTK") and Hurricane Holdings LLC ("Hurricane") (LTK, Hurricane, individually and/or collectively, as the case may be, with Sanna, the "Sanna Defendants"), on the one hand, and Kelly Crawford in his capacity as the Receiver (the "Receiver"), on the other, as of the 8th day of October, 2024 (the "Effective Date").

**WHEREAS**, pursuant to a *Statutory Restraining Order* entered on September 22, 2020, (*"SRO"*) in *Commodity Futures Trading Commission vs. TMTE, Inc. a/k/a Metals.com, et al.*, Civil Action 3:20-cv-02910-X pending in the United States District Court for the Northern District of Texas – Dallas Division (the "Underlying Lawsuit"), Kelly Crawford was appointed as the Receiver of the assets of the entity Defendants, TMTE, Inc. a/k/a Metals.com, et al.;

**WHEREAS**, the Sanna Defendants are defendants in a lawsuit styled *Kelly Crawford, in his capacity as Receiver vs. David Bleeden, et al.*, Cause No. 3:21-cv-2181-X pending in the United States District Court for the Northern District of Texas – Dallas Division (the "Lawsuit") by which the Receiver seeks to recover allegedly fraudulent transfers for the benefit of the victims and other creditors in the Underlying Lawsuit;

**WHEREAS**, the Receiver alleges that he traced no less than $1,285,026.25. in payments made by defendants in the Underlying Lawsuit to the Sanna Defendants which the Receiver seeks to recover from the Sanna Defendants pursuant to the Lawsuit;

**WHEREAS**, the Sanna Defendants deny any liability to the Receiver; and

**WHEREAS**, the Receiver and the Sanna Defendants are desirous of settling the Receiver's claims for the purpose of convenience and to avoid the uncertainty and expense of further protracted litigation.

**NOW, THEREFORE**, in consideration of the foregoing, the parties hereby agree as follows:

1. The Sanna Defendants will pay to Receiver the total sum of Six Hundred Forty Two Thousand Five Hundred Thirteen and 00/100 Dollars ($642,513.00) (the "Settlement Amount") as follows:

    $321,256.50 shall be paid on or before November 15, 2024; and
    $321,256.50 shall be paid on or before December 15, 2024.

2. The payments may be made by check, wire transfer, or money order payable to "Kelly Crawford, Receiver" and delivered to:

    Kelly Crawford, Receiver
    Scheef & Stone, LLP
    500 North Akard Street, Suite 2700
    Dallas, Texas 75201

PAGE 1 OF 4

**APP0009**

3.     In consideration for this Agreement, Sanna, LTK and Hurricane, on behalf of themselves and their spouses, heirs, successors, assigns, shareholders, officers, and directors (collectively referred to as the "Sanna Parties"), do hereby remise, release, acquit, and forever discharge the Receiver, his successors in interest, employees, accountants, and attorneys (collectively referred to as the "Receivership Parties") of and from any and all liabilities, claims, remedies, demands, suits or causes of action of whatsoever kind or character, in whole or in part, whether choate or inchoate, which the Sanna Parties now have or ever have had from the beginning of time against the Receivership Parties arising from the actions or inactions of the Receivership Parties, including all claims against the Receivership Parties which in any way directly or indirectly relate to, result from, are based upon, or arise out of the facts that are the basis of the Lawsuit or the Underlying Lawsuit. The Sanna Parties expressly waive and extinguish any claim by Sanna Defendants to seek monies from the receivership estate or from the Receivership Parties, and agree not to file a claim for reimbursement, expenses, fees, charges, or any other request for distribution in the Underlying Lawsuit.

4.     Subject to timely receipt by the Receiver of the full Settlement Amount as provided herein, the Receivership Parties, their successors and assigns, do hereby remise, release, acquit, and forever discharge the Sanna Parties and each and every one of their representatives, agents, servants, employees, heirs, partners, associates, beneficiaries, executors, administrators, assigns, attorneys and insurers, of and from any and all liabilities, claims, remedies, demands, suits or causes of action of whatsoever kind or character, in whole or in part, whether choate or inchoate, which the Receivership Parties now have or have ever had from the beginning of time against the Sanna Parties arising from the actions or inactions of the Sanna Parties, including all claims against the Sanna Parties which in any way directly or indirectly relate to, result from, are based upon, or arise out of the facts that are the basis of the Lawsuit or the Underlying Lawsuit.

5. The Sanna Parties and the Receivership Parties (collectively, the Parties) hereby further agree as follows:

   a. There is a risk that subsequent to the execution of this Agreement, the Parties will incur or suffer loss, damage or injuries which are encompassed within the scope of the releases set forth in paragraphs 3 and 4, but which are in some way unknown and unanticipated at the time this Agreement is signed.

   b. The Parties assume the above-mentioned risk and agree that this Agreement and the releases contained therein shall apply to unknown and unanticipated claims encompassed within the scope of the releases, as well as those known and anticipated. Accordingly, the Parties waive any and all right which they may have under the provisions of Section 1542 of the California Civil Code, or any similar statute of any other jurisdiction, which Section reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

6. Subsequent to entry of an Order approving this Agreement and within five business days after receipt of the Settlement Amount as provided herein, the Receiver will file a Notice of Dismissal, dismissing the Sanna Defendants, with prejudice, from the Lawsuit.

7. It is expressly understood and agreed that the terms of this Agreement are contractual in nature and not mere recitals and that the agreements contained herein, and the consideration transferred are to compromise doubtful and disputed claims and that no releases or other consideration given shall be construed or considered an admission of liability. On the contrary, this Settlement Agreement is being entered into merely to avoid litigation and any further dispute or claims and to buy peace to the extent described herein.

8. This Agreement shall be binding upon the administrators, executors, receivers, trustees, related entities, successors, designees, licensees, assigns and heirs of the respective Parties hereto.

9. This Agreement may be executed in counterparts, including facsimile counterparts, or electronically executed counterparts, each of which is deemed to be an original, but the counterparts together shall constitute one and the same instrument.

10. In the event that any portion of this Agreement shall be held to be void, voidable or unenforceable, the remaining portions shall remain in full force and effect.

11. **IN SIGNING THIS FULL AND COMPLETE SETTLEMENT AGREEMENT, EACH OF THE PARTIES HERETO ACKNOWLEDGES, REPRESENTS, WARRANTS, AND CONFIRMS TO EACH OTHER AS FOLLOWS:**

   **A. I HAVE CAREFULLY READ AND UNDERSTAND THE EFFECT OF THIS FULL AND COMPLETE SETTLEMENT AGREEMENT;**

   **B. I HAVE THE MENTAL CAPACITY TO UNDERSTAND THE EFFECT OF THIS FULL AND COMPLETE SETTLEMENT AGREEMENT;**

   **C. I EXECUTE THIS SETTLEMENT AGREEMENT AS A FREE AND VOLUNTARY ACT, WITHOUT ANY DURESS, COERCION, OR UNDUE INFLUENCE EXERTED BY OR ON BEHALF OF ANY PERSON OR ENTITY;**

   **D. I AM THE SOLE OWNER OF THE CLAIMS OR CAUSES OF ACTION BEING OR TO BE RELEASED AS PROVIDED HEREIN AND I HAVE NOT CONVEYED NOR ASSIGNED ANY INTEREST IN ANY SUCH CLAIMS OR CAUSES OF ACTION TO ANY PERSON OR ENTITY NOT A PARTY HERETO.**

This Settlement Agreement is subject to approval of the Court in the Underlying Lawsuit (the "Receivership Court"). If the Receivership Court does not approve this Settlement Agreement, it is null and void.

*[signature page follows]*

ACCEPTED, ACKNOWLEDGED, AND AGREED AS OF THE EFFECTIVE DATE OF THIS AGREEMENT.

RECEIVER:

By: _____
Kelly Crawford, in his capacity as Receiver

Date Executed: 10-18-24

DEFENDANT KYLE SANNA

By: _____
Kyle Sanna

Date Executed: 10 / 16 / 2024

DEFENDANT HURRICANE HOLDINGS, LLC

By: _____
Kyle Sanna

Its: CEO

Date Executed: 10 / 16 / 2024

DEFENDANT LTK MARKETING, LLC

By: _____
Kyle Sanna

Its: Manager

Date Executed: 10 / 16 / 2024

PAGE 4 OF 4

APP0012

# Exhibit C

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("Agreement") is entered into by and between Athena Hunter ("Hunter") and TPH Boss, Inc. ("TPH Boss") (TPH Boss, individually and/or collectively, as the case may be, with Hunter, the "Hunter Defendants"), on the one hand, and Kelly Crawford in his capacity as the Receiver (the "Receiver"), on the other, as of the 24th day of September, 2024 (the "Effective Date").

**WHEREAS**, pursuant to a *Statutory Restraining Order* entered on September 22, 2020, (*"SRO"*) in *Commodity Futures Trading Commission vs. TMTE, Inc. a/k/a Metals.com, et al.*, Civil Action 3:20-cv-02910-X pending in the United States District Court for the Northern District of Texas – Dallas Division (the "Underlying Lawsuit"), Kelly Crawford was appointed as the Receiver of the assets of the entity Defendants, TMTE, Inc. a/k/a Metals.com, et al.;

**WHEREAS**, Hunter Defendants are defendants in a lawsuit styled *Kelly Crawford, in his capacity as Receiver vs. David Bleeden, et al.*, Cause No. 3:21-cv-2181-X pending in the United States District Court for the Northern District of Texas – Dallas Division (the "Lawsuit") by which the Receiver seeks to recover alleged fraudulent transfers for the benefit of the victims and other creditors in the Underlying Lawsuit;

**WHEREAS**, the Receiver allegedly traced no less than $132,902.00 in payments made by defendants in the Underlying Lawsuit to Hunter Defendants which the Receiver seeks to recover from Hunter Defendants pursuant to the Lawsuit;

**WHEREAS**, Hunter Defendants deny any liability to the Receiver; and

**WHEREAS**, the Receiver and Hunter Defendants are desirous of settling the Receiver's claims without litigation for the purpose of convenience and to avoid the uncertainty and expense of protracted litigation.

**NOW, THEREFORE**, in consideration of the foregoing, the parties hereby agree as follows:

1. Hunter Defendants will pay to Receiver the total sum of Seventy Thousand and 00/100 Dollars ($70,000.00) (the "Settlement Amount") over seven (7) payments as follows:

    (a)   First Payment: $30,000.00 on or before October 24, 2024; and then

    (b)   Second Payment: $10,000.00 on or before December 1, 2024; and then

    (c)   Third Payment: $10,000.00 on or before January 1, 2025; and then

    (d)   Fourth Payment: $5,000.00 on or before February 1, 2025; and then

    (e)   Fifth Payment: $5,000.00 on or before March 1, 2025; and then

    (f)   Sixth Payment: $5,000.00 on or before April 1, 2025; and then

  (g) <u>Seventh Payment</u>: $5,000.00 on or before May 1, 2025;

with each payment to be made by check, wire transfer, or money order payable to "Kelly Crawford, Receiver" and delivered to:

> Kelly Crawford, Receiver
> Scheef & Stone, LLP
> 500 North Akard Street, Suite 2700
> Dallas, Texas 75201

  2. In consideration for this Agreement, Hunter and TPH Boss, on behalf of themselves and their spouses, heirs, successors, assigns, shareholders, officers, and directors (collectively referred to as the "Hunter Parties"), do hereby remise, release, acquit, and forever discharge the Receiver, his successors in interest, employees, accountants, and attorneys (collectively referred to as the "Receivership Parties") of and from any and all liabilities, claims, remedies, demands, suits or causes of action of whatsoever kind or character, in whole or in part, whether choate or inchoate, which the Hunter Parties now have or ever have had from the beginning of time against the Receivership Parties arising from the actions or inactions of the Receivership Parties, including all claims against the Receivership Parties which in any way directly or indirectly relate to, result from, are based upon, or arise out of the facts that are the basis of the Lawsuit or the Underlying Lawsuit, except for the obligations contained in this Agreement. The Hunter Parties expressly waive and extinguish any claim by Hunter Defendants to seek monies from the receivership estate or from the Receivership Parties, and agree not to file a claim for reimbursement, expenses, fees, charges, or any other request for distribution in the Underlying Lawsuit.

  3. Subject to receipt by the Receiver of the Settlement Amount as provided herein, the Receivership Parties, their successors and assigns, do hereby remise, release, acquit, and forever discharge the Hunter Parties and their successors in interest, employees, accountants, and attorneys of and from any and all liabilities, claims, remedies, demands, suits or causes of action of whatsoever kind or character, in whole or in part, whether choate or inchoate, which the Receivership Parties now have or have ever had from the beginning of time against the Hunter Parties successors in interest, employees, accountants, and attorneys arising from the actions or inactions of the Hunter Parties, including all claims against the Hunter Parties successors in interest, employees, accountants, and attorneys which in any way directly or indirectly relate to, result from, are based upon, or arise out of the facts that are the basis of the Lawsuit or the Underlying Lawsuit, except for the obligations contained in this Agreement.

  4. Within five business days of the Receiver's receipt of the full amount of the payment required under Section 1(a) hereinabove (the "First Payment"), the Receiver will file a motion in the Underlying Lawsuit to approve this Agreement and the filing of a stipulation in the Lawsuit which would effectively stay the Lawsuit as to Hunter Defendants pending receipt of the full Settlement Amount. Subsequent to entry of an Order approving this Agreement and within five business days of receipt of the Settlement Amount as provided herein, the Receiver will file a Notice of Dismissal, dismissing Athena Hunter and TPH Boss, Inc., with prejudice, from the Lawsuit.

5. If Hunter Defendants fail to pay any installment due pursuant to Section 1 of this Agreement, within twenty-one (21) calendar days after the payment due date, the Receiver shall be entitled to retain any payment(s) made by Hunter Defendants prior to a default by Hunter Defendants under this Agreement and apply such payments received as a credit to the full amount of the monies the Receiver seeks to recover from Hunter Defendants in the Lawsuit.

6. It is expressly understood and agreed that the terms of this Agreement are contractual in nature and not mere recitals and that the agreements contained herein, and the consideration transferred are to compromise doubtful and disputed claims and that no releases or other consideration given shall be construed or considered an admission of liability. On the contrary, this Settlement Agreement is being entered into merely to avoid litigation and any further dispute or claims and to buy peace to the extent described herein.

7. **IN SIGNING THIS FULL AND COMPLETE SETTLEMENT AGREEMENT, EACH OF THE PARTIES HERETO ACKNOWLEDGES, REPRESENTS, WARRANTS, AND CONFIRMS TO EACH OTHER AS FOLLOWS:**

    A. **I HAVE CAREFULLY READ AND UNDERSTAND THE EFFECT OF THIS FULL AND COMPLETE SETTLEMENT AGREEMENT;**

    B. **I HAVE THE MENTAL CAPACITY TO UNDERSTAND THE EFFECT OF THIS FULL AND COMPLETE SETTLEMENT AGREEMENT;**

    C. **I EXECUTE THIS SETTLEMENT AGREEMENT AS A FREE AND VOLUNTARY ACT, WITHOUT ANY DURESS, COERCION, OR UNDUE INFLUENCE EXERTED BY OR ON BEHALF OF ANY PERSON OR ENTITY;**

    D. **I AM THE SOLE OWNER OF THE CLAIMS OR CAUSES OF ACTION BEING OR TO BE RELEASED AS PROVIDED HEREIN AND I HAVE NOT CONVEYED NOR ASSIGNED ANY INTEREST IN ANY SUCH CLAIMS OR CAUSES OF ACTION TO ANY PERSON OR ENTITY NOT A PARTY HERETO.**

8. This Settlement Agreement is subject to approval of the Court in the Underlying Lawsuit (the "Receivership Court"). If the Receivership Court does not approve this Settlement Agreement, it is null and void and any portion of the Settlement Amount paid to the Receiver shall be returned to Hunter Defendants within twenty (20) days after the entry of an order in the Underlying Lawsuit denying approval of this Agreement.

*[signature page follows]*

ACCEPTED, ACKNOWLEDGED, AND AGREED AS OF THE EFFECTIVE DATE OF THIS AGREEMENT.

**RECEIVER:**

By: _____
Kelly Crawford, in his capacity as Receiver

Date Executed: 10-23-24

**DEFENDANT ATHENA HUNTER**

By: *Athena Hunter*
    —612C709393B7463...
    Athena Hunter

Date Executed: 10/22/2024

**DEFENDANT TPH BOSS, INC.**

By: *Athena Hunter*
    —612C709393B7463...
    Athena Hunter

Its: CEO

Date Executed: 10/22/2024