ATTACHMENT 1

To

[PROPOSED] CONSENT ORDER OF PERMANENT INJUNCTION
AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST
DEFENDANTS TMTE, INC. a/k/a METALS.COM, CHASE METALS,
INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., AND
RELIEF DEFENDANT TOWER EQUITY, LLC

Case No. 3:20-cv-02910-X (N.D. Tex.)

**THE STATE OF ALABAMA**
**ALABAMA SECURITIES COMMISSION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TMTE, INC. a/k/a METALS.COM, | ) | **ADMIN. ORDER** |
| CHASE METALS, INC., | ) | **NO. CO-202__-** |
| CHASE METALS, LLC, | ) | |
| BARRICK CAPITAL, INC., and | ) | |
| TOWER EQUITY, LLC (relief defendant) | ) | |
| | ) | |
| __RESPONDENTS__ | ) | |

## CONSENT ORDER TO BAR

The Alabama Securities Commission ("Commission"), having the authority to administer and provide for the enforcement of all provisions of Title 8, Chapter 6, <u>Code of Alabama 1975</u>, the Alabama Securities Act ("the Act"), upon due consideration of the subject matter hereof, has determined the following as to respondents TMTE, INC., a/k/a METALS.COM, CHASE METALS, INC., CHASE METAL, LLC, BARRICK CAPITAL, INC., and relief defendant TOWER EQUITY, LLC (respondents will herein be collectively referred to as "**METALS.COM**"):

## RESPONDENTS CONSENTING TO THIS ORDER

1. TMTE, INC., a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, is a Wyoming corporation with a principal address of 433 N. Camden Drive, Suite 970, Beverly Hills, California, 90210.

2. BARRICK CAPITAL, INC., is a Delaware corporation with a principal address of 23628 Lyons Avenue #223, Newhall, CA 91321.

3. TOWER EQUITY, LLC, is a Wyoming corporation with a principal address of 8383 Wilshire Blvd Suite 412, Beverly Hills, CA 90211.

1

## **STATEMENT OF FACTS**

4. From September 2017 through September 2020, **METALS.COM** made contact with Alabama residents in order to sell them precious metals. This contact was mostly made by employees of **METALS.COM** cold-calling Alabama residents. The ensuing contact followed a similar pattern. **METALS.COM** employees advised Alabama residents that their current retirement savings were in danger of significant loss due to government seizure and/or significant losses in the stock market. **METALS.COM** employees provided investment advice, such as comparing precious metals to the stock market. **METALS.COM** employees further advised Alabama residents to sell their securities held in retirement accounts and to then use the money to purchase precious metals. **METALS.COM** employees assisted a number of the Alabama residents in liquidating their retirement accounts, as well as with setting up their self-directed IRA by providing paperwork that was already completed.

5. **METALS.COM** employees failed to notify Alabama residents that exorbitant commissions, fees, and/or charges would be assessed as part of the purchase of precious metals. These undisclosed exorbitant commissions, fees, and/or charges significantly affected the value of the precious metals holdings and were in direct conflict with what the Alabama residents understood, which was that the value of the precious metals purchased would be equal to the value received when they liquidated their securities from their retirement accounts. Instead, Alabama residents suffered significant losses due to the undisclosed exorbitant commissions, fees and/or charges.

6. At no time were **METALS.COM** or those employees who made contact with Alabama residents registered as investment advisers or investment adviser representatives.

7. **METALS.COM** and those employees who made contact with Alabama residents failed to disclose to Alabama residents actions taken against **METALS.COM**, such as cease and desist orders issued by states.

8. A Complaint was filed against **METALS.COM** in the Northern District of Texas by the Commodity Futures Trading Commission and a number of states, including Alabama. (*CFTC v. TMTE, Inc. et al*, Civil Action No. 3:20-cv-02910-X). In the action the Commission alleged violations of Sections 8-6-3(b) and (c), 8-6-12(b)(2), 8-6-17(a)(2), and 13A-6-195, Code of Alabama, 1975 (Counts II-V).

9. On September 22, 2020, the Court issued a statutory restraining order ex parte that, in part,

2

appointed a Receiver to take control of the assets owned, controlled, managed or held by **METALS.COM**.  On October 14, 2020, **METALS.COM** voluntarily consented to entry of an Order for Preliminary Injunction.

10. Pursuant to the Consent Order of Permanent Injunction and Other Equitable Relief, signed by **METALS.COM** on _____ and approved by the Court on _____, **METALS.COM** admitted to violations of, among other things, Sections 8-6-3(b) and (c), 8-6-17(a)(2) and (b)(2), and 13A-6-195, Code of Alabama 1975, as well as various provisions of the Commodity Exchange Act and other states' laws, as listed in the civil action styled *CFTC v. TMTE, Inc. et al*, Civil Action No. 3:20-cv-02910-X, in the United States District Court for the Northern District of Texas, and is permanently enjoined from this conduct.

## **CONCLUSIONS OF LAW**

11. Pursuant to Section 8-6-3(j)(7), *Code of Alabama* (1975), the Commission may by order bar any dealer or investment advisor as to any function or activity of the business for which registration is required in this state if the Commission finds that the order is in the public interest and that the broker dealer or investment advisor has been permanently enjoined by a court of competent jurisdiction from engaging in or continuing any conduct or practice involving any aspect of the securities business or has engaged in dishonest or unethical business practices. As described above, **METALS.COM** is the subject of a permanent injunction involving aspects of the securities business and engaged in dishonest and unethical practices in the securities business.

This order to bar does not prevent the Commission from seeking such other civil or criminal remedies that are available to it under the Act.

This order to bar is appropriate in the public interest for the protection of investors and is consistent with the purposes of the Act.

**ACCORDINGLY, IT IS HEREBY ORDERED** that **TMTE, INC., a/k/a METALS.COM, CHASE METALS, INC., CHASE METAL, LLC, BARRICK CAPITAL, INC., and relief defendant TOWER EQUITY, LLC** be **BARRED** from registration, or engaging in securities activities into, within, or from the State of Alabama.

Entered at Montgomery, Alabama, this the _____ day of _____, 202__.

ALABAMA SECURITIES COMMISSION
P.O. Box 304700
Montgomery, AL 36130-4700
(334) 242-2984

BY:


_____
AMANDA L. SENN
Director

4

CLOTHILDE V. HEWLETT
Commissioner
MARY ANN SMITH
Deputy Commissioner
SEAN M. ROONEY
Assistant Chief Counsel
DANIELLE A. STOUMBOS (CA Bar No. 264784)
Senior Counsel
Department of Financial Protection and Innovation
320 W. 4th Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046

Attorneys for Complainant

BEFORE THE DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION

OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>THE COMMISSIONER OF FINANCIAL PROTECTION AND INNOVATION,<br><br>     Complainant.<br><br>     v.<br><br>TMTE, INC. a/k/a METALS.COM, CHASE METALS, LLC, CHASE METALS. INC., BARRICK CAPITAL, INC.,<br><br>     Respondents. | ORDER BARRING TMTE, INC. a/k/a METALS.COM, CHASE METALS, LLC, CHASE METALS, INC., AND BARRICK CAPITAL, INC. FROM CONTROL OF OR TRANSACTING BUSINESS AS AN INVESTMENT ADVISER, BROKER-DEALER OR COMMODITY ADVISER PURSUANT TO CORP CODE §§ 25232.1 AND 25610 |

The Commissioner (Commissioner) of the Department of Financial Protection and Innovation (Department) finds that:

1.      The Commissioner has jurisdiction over the licensing and regulation of investment advisers in California under the Corporate Securities Law of 1968 (CSL) (Cal. Corp. Code, §§ 25000–25707).

2.      TMTE, Inc. dba Metals.com, Chase Metals, LLC, and Chase Metals, Inc. (collectively Metals) provided unlicensed investment advice in connection with the fraudulent sale of precious metals to the public from its principal place of business at 433 N. Camden Drive, Suite

State of California – Department of Financial Protection and Innovation

State of California – Department of Financial Protection and Innovation

1  970, Beverly Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

2  3.    Barrick Capital, Inc. (Barrick) provided unlicensed investment advice in connection

3  with the fraudulent sale of precious metals to the public from its principal place of business at 8383

4  Wilshire Blvd., Suite 700, Beverly Hills, California. Barrick shares common ownership, operations,

5  employees, office space, and overnight mail account with Metals.

6  4.    On September 22, 2020, the Department, U.S. Commodity Futures Trading

7  Commission, and 29 other state regulators (Plaintiffs) filed a civil complaint in federal court against

8  Metals and Barrick and their owners, and Relief Defendant Tower Equity, LLC. The Complaint

9  sought injunctive and other equitable relief, and the imposition of civil penalties for violations of the

10  federal Commodity Exchange Act and violations of state laws, including Cal. Corp. Code §§ 25230

11  and 25235.

12  5.    On _____, 2024 Metals and Barrick consented to entry of a Consent Order of

13  Permanent Injunction and Other Equitable Relief (Consent Order) to partially settle the matters

14  alleged in the Complaint, without a trial on the merits. The findings of fact and conclusions of law in

15  the Consent Order are incorporated herein by reference.  The court approved the Consent Order on

16  _____.

17  6.    Under the terms of the Consent Order, Metals and Barrick consented to the entry of

18  this Order. In signing the Consent Order, Metals and Barrick waived the filing of an accusation

19  under Gov't Code §§ 11415.40 and 11415.60, as well as the right to a hearing, any reconsideration,

20  appeal, or other right to review provided by the CSL, the California Administrative Procedure Act,

21  the California Code of Civil Procedure, or any other provision of law.

22  ///

23  ///

24

25

26

27

28

ORDER BARRING TMTE, INC. a/k/a METALS.COM, CHASE METALS, LLC, CHASE METALS, INC. AND
BARRICK CAPITAL, INC.  PURSUANT TO CAL. CORP. CODE §§ 25232.1 AND 25610

State of California – Department of Financial Protection and Innovation

1    NOW THEREFORE, GOOD CAUSE SHOWING, IT IS ORDERED that:

2    TMTE, Inc. dba Metals.com, Chase Metals, LLC, Chase Metals, Inc., and Barrick Capital,

3    Inc. are barred in the State of California from control of or transacting business as an investment

4    adviser, broker-dealer, or commodity adviser pursuant to Cal. Corp. Code §§ 25232.1 and 25610.

5    This Order is effective as of the date hereof.

6

7    Dated: _____        CLOTHILDE V. HEWLETT

8         Los Angeles, California     Commissioner of Financial Protection and Innovation

9    

10                                   By

11                                      _____

12                                      MARY ANN SMITH
                                        Deputy Commissioner
13                                      Enforcement Division

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

BEFORE THE SECURITIES COMMISSIONER

STATE OF COLORADO

Case No. 2024-CDS-40

_____

**CONSENT ORDER**

_____

IN THE MATTER OF TMTE, INC., D/B/A METALS.COM, CHASE METALS, LLC, CHASE METALS, INC. (COLLECTIVELY "METALS"), BARRICK CAPITAL, INC. ("BARRICK"), AND

RELIEF DEFENDANT TOWER EQUITY, LLC ("TOWER EQUITY"),,

Respondents.

_____

THIS MATTER is before Tung Chan, Securities Commissioner for the State of Colorado ("Commissioner"), on the Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC in *CFTC et al. v. TMTE, Inc. a/k/a Metals.com, et al*., case number 3:20-CV-2910-X (N.D. Texas) ("Federal Court Consent Order") .  After reviewing the Stipulation and grounds therein, the Commissioner makes the following Findings and enters the order as follows:

FINDINGS

1. The Commissioner has jurisdiction over the Respondents and this matter pursuant to the provisions of the Colorado Securities Act, §§ 11-51-101 through -803, C.R.S., and the Colorado Commodities Act, §§ 11-53-101 through -211, C.R.S.

2. On September 22, 2020, the Commodity Futures Trading Commission ("CFTC") and states including Colorado filed a Complaint against Defendants TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., Barrick Capital, Inc. and their principals, Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher, and Simon Batashvili and Relief Defendant Tower Equity, LLC, seeking injunctive and other equitable relief, as well as the

imposition of civil penalties, for violations of the Commodity Exchange Act ("Act" or "CEA"), 7 U.S.C. §§ 1–26, and CFTC Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2022), as well as violations of Colorado laws including § 11-51-501, C.R.S. and § 11-53-107, C.R.S.

3. To effect partial settlement of the matters alleged in the Complaint, without a trial on the merits or any further judicial proceedings, Defendants Metals and Barrick and Relief Defendant Tower Equity, each through Kelly Crawford, solely in his capacity as the court-appointed Receiver in this matter ("Receiver"), have consented to the entry of the Federal Consent Order.

4. Pursuant to the Federal Consent Order, Defendants Metals and Barrick and Relief Defendant Tower Equity consented to the entry of this Order.

5. By entering into this Order, Respondents waive the following rights: (1) to have a formal hearing pursuant to §§ 11-51-606(1), 24-4-104 and 24-4-105, C.R.S.; (2) to be represented by counsel in that action; (3) to present a defense through oral or documentary evidence; (4) to cross-examine witnesses at such hearing; (5) to findings by the Securities Commissioner as required by § 11-51-606(1.5), C.R.S.; and (6) to seek judicial review of the Order as provided in §§ 11-51-607 and 24-4-106, C.R.S.

6. Respondents further waive the findings required by § 11-51-410(1), C.R.S. and does not contest that pursuant to § 11-51-704(2), C.R.S. entry of this Order is necessary and appropriate in the public interest and is consistent with the purposes of the Colorado Securities Act.

## ORDER

NOW, THEREFORE, based on the foregoing, it is ORDERED as follows:

1. The terms of the Federal Consent Order, attached hereto, are incorporated and made a part of this Order.

2. Respondents are barred from the following acts:

   a. Offering to sell or selling any securities or investments in the State of Colorado, or

     b. Making recommendations or otherwise rendering advice to clients in the State of Colorado regarding securities and managing securities accounts or portfolios for clients in the State of Colorado, or

     c. Engaging in business in the State of Colorado as a securities broker-dealer or sales representative, or

     d. Offering to sell or selling any commodities in the State of Colorado.

3. The Commissioner shall retain jurisdiction over this action to ensure Respondents' compliance with this Order and reserves the power to enter additional orders as needed to ensure compliance by the Respondents with this Order.

4. In the event Respondent fails to comply with any of the terms or conditions for this Order, the Commissioner or the Staff of the Colorado Division of Securities, in their sole discretion, may initiate formal enforcement proceedings against Respondents for such noncompliance. The Federal Consent Order and this Order shall be admissible as evidence in any such proceeding.

5. This Order, and the terms and conditions herein, shall be binding on all successors and assigns.

DATE: _____, 2024    _____

                                       TUNG CHAN
                                       Colorado Securities Commissioner

**BEFORE THE INVESTOR PROTECTION DIRECTOR**

**OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| TMTE, INC. a/k/a METALS.COM, | : | Investor Protection Case No. 20-0062 |
| CHASE METALS, LLC, CHASE | : | |
| METALS, INC., and BARRICK | : | |
| CAPITAL, INC., | : | |
| | : | |
| Respondents. | : | |

## <u>ORDER BARRING RESPONDENTS FROM ENGAGING IN ADVISORY OR BROKERAGE SERVICES OR OTHER ACTIVITIES INVOLVING SECURITIES</u>

Pursuant to Section 73-601 of the Delaware Securities Act, 6 *Del. C*. § 73-101, *et seq.* (the "Act"), Section 73-702, and Rule 263 of the Rules Pursuant to the Act, 6 *Del. Admin. C*. § 200 (the "Rules"), the Director of the Investor Protection Unit of the Delaware Department of Justice (the "Unit") hereby issues the following order ("Bar Order"):

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

WHEREAS, TMTE, Inc., dba Metals.com, Chase Metals, LLC, and Chase Metals, Inc. (collectively, "Metals") and Barrick Capital, Inc. ("Barrick," and together with Metals, "Respondents") provided investment advisory services in connection with the fraudulent sale of precious metals to individuals nationwide, including two Delaware residents, without being registered to do so in the state.

WHEREAS, on Sept. 22, 2020, the U.S. Commodity Futures Trading Commission, the Unit, and 29 other state regulators ("Plaintiffs") filed a civil complaint (the "Complaint") in federal court against Respondents and their owners, and Relief Defendant Tower Equity, LLC, in connection with the fraudulent sale of gold and silver bullion and coins.

WHEREAS, the Complaint sought injunctive and other equitable relief, and the imposition of civil penalties for violations of the federal Commodity Exchange Act and violations of state laws, including the laws of Delaware, e.g., Section 73-301(c) of the Act.

WHEREAS, on _____, Respondents consented to entry of a Consent Order of Permanent Injunction and Other Equitable Relief (the "Consent Order") to partially settle the matters alleged in the Complaint, without a trial on the merits.

WHEREAS, the findings of fact and conclusions of law in the Consent Order are incorporated herein by reference.

WHEREAS, the court approved the Consent Order on _____.

WHEREAS, under the terms of the Consent Order, Respondents consented to the entry of this Bar Order.

WHEREAS, by signing the Consent Order, Respondents waived any right to a hearing, an appeal, or any other right to review provided for in the Act, Rules, or any other provision of law.

WHEREAS, the issuance of this Bar Order is in the public interest.

## CONCLUSION

THEREFORE, based on the Findings of Fact and Conclusions of Law (above and incorporated), IT IS HEREBY ORDERED on this ____ day of _____ that Respondents are permanently barred from:

1. Engaging in any conduct or activity, directly or indirectly, whether licensed or unlicensed, related to advisory or brokerage services in Delaware or involving Delaware residents.

2. Engaging in any conduct or activity, directly or indirectly, whether licensed or unlicensed, related to the offer, issuance, exchange, purchase, sale, promotion or distribution of securities, commodities (e.g., gold or silver bullion), cryptocurrencies, or digital assets in Delaware or involving Delaware residents.

*/s/ Jillian Lazar*
Jillian Lazar
Director of the Investor Protection Unit
Delaware Department of Justice

2



**COMMISSIONER OF SECURITIES**
**OF THE STATE OF GEORGIA**

IN THE MATTER OF                                      :
                                                      :
  TMTE, INC., a/k/a METALS.COM,        :
  CHASE METALS, INC.,                          :    Case Number:  ENSC-190834
  CHASE METALS, LLC,                          :
  BARRICK CAPITAL, INC.                       :
  and TOWER EQUITY, LLC                   :
                                                      :
        Respondents.                               :
                                                      :

## ORDER

This matter comes before the Commissioner of Securities for the State of Georgia

("Commissioner") pursuant to the authority granted in O.C.G.A. § 10-5-70, *et seq.* of the

Georgia Uniform Securities Act of 2008, as amended ("Act"). Upon consideration of the

subject matter hereof, the Commissioner has determined as follows:

### RESPONDENTS

1.      TMTE, INC., a/k/a METALS.COM, CHASE METALS, INC., CHASE

METALS, LLC, BARRICK CAPITAL, INC., and TOWER EQUITY, LLC,

("Respondents") are corporations under the control of court-appointed Receiver Kelly

Crawford, in the matter captioned *Commodity Futures Trading Commissioner, et. al., v.*

*TMTE, Inc., et. al.,* pending in the United States District Court for the Northern District of

Texas, Civil Action No. 3:20CV2910-L (the "CFTC case").

2.      Respondent TMTE, Inc., d/b/a Metals.com is a Wyoming corporation with

its headquarters at 1712 Pioneer Avenue, Suite 2145, Cheyenne, Wyoming.  TMTE, Inc.

uses or has used the business names Metals.com, Chase Metals, LLC, and Chase Metals,

Inc.  TMTE had a place of business at 433 N. Camden Drive, Suite 970, Beverly Hills,

California and 8383 Wilshire Blvd Suite 700 Beverly Hills, California.  TMTE was

originally organized as a Wyoming limited liability corporation on April 30, 2008.  It

converted to a corporation on March 8, 2017, under the name Chase Metals, Inc.

3.     Respondent Chase Metals, Inc. is a Wyoming corporation now known as

TMTE, Inc.  Its headquarters were located at 1712 Pioneer Avenue, Suite 2145, Cheyenne,

Wyoming, and it had a place of business at 433 N. Camden Drive, Suite 970, Beverly

Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

4.     Respondent Chase Metals, LLC, is a Wyoming limited liability company

converted to a Wyoming corporation now known as TMTE, Inc.  Its headquarters were

located at 1712 Pioneer Avenue, Suite 2145, Cheyenne, Wyoming, and it had a place of

business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire

Blvd, Suite 700, Beverly Hills, California.

5.     Respondent Barrick Capital, Inc. is a Delaware corporation incorporated on

August 20, 2019.  It had a place of business at 8383 Wilshire Blvd., Suite 700, Beverly

Hills, California. Barrick shares common ownership, operations, employees, office space,

and overnight mail account with Metals.

6.     Respondent Tower Equity, LLC is a Wyoming limited liability company

formed in June 2013.  It had a place of business at 8383 Wilshire Blvd., Beverly Hills, CA

90211.

## FINDINGS OF FACT

7.     On December ___, 2024, a judgment was entered by consent against

Respondents, permanently enjoining them from future violations of 7 U.S.C. § 9(1)

and 17 C.F.R. 180.1(a)(1)-(3) (2022). Respondents were also enjoined from

a.     Trading on or subject to the rules of any registered entity (as that

term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

b.     Entering into any transactions involving "commodity interests" (as

that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2022), or

precious metals that are commodities, as that term is defined herein,

for their own personal account or for any account in which they have a direct or indirect interest;

    c.    Having any commodity interests, or precious metals that are commodities, as that term is defined herein, traded on their behalf;

    d.    Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests, or precious metals that are commodities, as that term is defined herein;

    e.    Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests, or precious metals that are commodities, as that term is defined herein;

    f.    Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and/or

    g.    Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2022)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

8.    The consent order also ruled that Respondents violated various state laws, including but not limited to, O.C.G.A. §§ 10-5-32, 10-5-51, 10-5A-2, and 10-5A-6. In the consent judgment, Respondents agreed to the entry of this order by the Commissioner without admitting or denying the allegations herein. Further, Respondents agreed to waive their right to an administrative hearing under O.C.G.A. §§ 10-5-73 and 10-5A-28.

9.    The CFTC case alleged that between at least September 2017 and

acted as investment advisers, and persuaded investors to sell their existing securities,

transfer the proceeds into self-directed Individual Retirement Accounts, and invest the

proceeds in gold and silver coins by making false and misleading statements about the

safety and liquidity of the investors' securities investments, Respondents' businesses,

and compensation, among other misrepresentations. The complaint further alleged that

Respondents misled investors about commissions and markups on the precious metal

coins, charging prices which averaged between 100% and 200% over the base melt

value or spot price of the bullion. According to the complaint, Respondents were

involved in the transfer of over $140 million in assets from victims' accounts to

purchase this fraudulently overpriced bullion. As part of the scheme, Respondents

induced at least forty (40) Georgia investors to liquidate over $4 million of their

retirement accounts and/or securities holdings and to invest these funds into precious

metals.

## CONCLUSIONS OF LAW

10.    Pursuant to O.C.G.A. § 10-5-70, *et seq.,* the Commissioner is authorized

to issue this Order. The consent order demonstrates that Respondents improperly acted

as "investment advisors" as defined by O.C.G.A. § 10-5-51 when for compensation,

they engaged in the business of advising others, either directly or through publications

or writings , as to the value of securities or the advisability of investing in, purchasing,

or selling securities or that, for compensation and as a part of a regular business, issued

or promulgated analysis or reports concerning securities. In addition, Respondents

were not registered under Georgia law as investment advisors or investment advisor

representatives when they engaged in these illegal activities, in violation of O.C.G.A. §

10-5-32. These activities are violations of O.C.G.A. § 10-5-32.

11.    Respondents also fraudulently persuaded victims to purchase precious

metal bullion at prices which far exceeded the melt value of the bullion. Respondents

did this through repeated false statements and misrepresentations of material facts

made to victims and Respondents knew these victims relied upon the advice in order to

purchase precious metal bullion from Respondents. These actions represent fraudulent

activity in the purchase and sale of commodities in violation of O.C.G.A. §§ 10-5A-2

and 10-5A-6.

12.     This Order does not prevent the Commissioner from seeking such other

civil or criminal remedies that are available to it under the Act. This Order is

appropriate in the public interest for the protection of investors and is consistent with

the purposes of the Act.

## ORDER

**WHEREFORE,** by the authority vested in me as the Commissioner of Securities for

the State of Georgia, **IT IS HEREBY ORDERED:**

1.     That the **RESPONDENTS** be **BARRED** from registration, or engaging

in securities or commodities activities into, within, or from the state of Georgia.

**SO ORDERED** this _____ day of _____, 2024.

**SECRETARY OF STATE**
**COMMISSIONER OF SECURITIES**
**BRAD RAFFENSPERGER**

By:     _____
        Noula Zaharis
        Assistant Commissioner of Securities
        Division Director, Securities and
        Charities

STATE OF HAWAII

DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS

| | |
|---|---|
| In the Matter of: | ) Case No. SEB20200088 |
| | ) |
| TMTE, INC. a/k/a METALS.COM, *et al.* | ) [PROPOSED] ORDER BARRING TMTE, |
| | ) INC. a/k/a METALS.COM, CHASE |
| Respondents. | ) METALS, INC., CHASE METALS, LLC, |
| | ) BARRICK CAPITAL, INC. |
| | ) |
| | ) |
| | ) |

[PROPOSED] ORDER BARRING TMTE, INC. a/k/a METALS.COM,
CHASE METALS, INC., CHASE METALS, LLC, AND BARRICK CAPITAL, INC.

The Commissioner of Securities of the State of Hawaii ("Commissioner"), as

administrator of Chapter 485A of the Hawaii Revised Statutes ("HRS"), known as the Uniform

Securities Act (2002) (hereinafter the "Act"), has determined that it is necessary and appropriate

in the public interest and for the protection of the investors to issue this Order, and hereby enters

this Order, finding that:

1.      The Commissioner has jurisdiction over this matter pursuant to the Act.

2.      On September 22, 2020, the U.S. Commodity Futures Trading Commission

("CFTC"), and various state regulators, including the State of Hawaii, Securities Enforcement

Branch, filed a civil complaint ("Complaint") in the United States District Court for the Northern

District of Texas ("Federal Court"), designated as Case No. 3:20-CV-2910-X, against TMTE,

Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc. (collectively "Metals") and

Barrick Capital, Inc. ("Barrick"), their principals, Lucas Thomas Erb a/k/a Lucas Asher a/k/a

Luke Asher and Simon Batashvili, and Relief Defendant Tower Equity, LLC seeking injunctive

and other equitable relief, as well as the imposition of civil penalties, for violations of the

In the Matter of TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, and Barrick Capital, Inc.
Case No. SEB20200088
ORDER BARRING TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, AND
BARRICK CAPITAL, INC.
Page 1 of 3

Commodity Exchange Act, 7 U.S.C. §§ 1–26, the CFTC Regulations promulgated thereunder, 17 C.F.R. pts. 1–190 (2022), as well as violations of various state laws.

3.      On _____, Defendants Metals and Barrick, through Kelly Crawford, solely in his capacity as the court-appointed Receiver in the Federal Court matter ("Receiver"), consented to entry of a Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC ("Consent Order") to partially settle the matters alleged in the Complaint, without a trial on the merits.  The Findings of Fact and the Conclusions of Law contained in the Consent Order are incorporated herein by reference. The Federal Court approved the Consent Order on _____.

4.      Pursuant to the terms of the Consent Order, Defendants Metals and Barrick consented to the entry of this Order.  In signing the Consent Order, Defendants Metals and Barrick waived the issuance, lawful service, and receipt of any notice of allegations and charges against Defendants Metals and Barrick and stipulated to the jurisdiction of the Commissioner. Defendants Metals and Barrick also waived the right to any notice or hearings, and to any reconsideration, appeal, or other right to review afforded by the Act, the Hawaii Administrative Rules, or any other provision of law.

5.      This Order does not preclude the imposition of any sanction or other action against Defendants Metals and Barrick for future violations of the Act.

//

//

//

In the Matter of TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, and Barrick Capital, Inc.
Case No. SEB20200088
ORDER BARRING TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, AND BARRICK CAPITAL, INC.
Page 2 of 3

NOW THEREFORE, IT IS HEREBY ORDERED that:

Defendants Metals and Barrick are PERMANENTLY BARRED from acting and/or transacting business as an issuer, broker-dealer, or investment adviser in Hawaii, and applying for registration in Hawaii as an issuer, broker-dealer, or investment adviser pursuant to the Act.

This Order is effective as of the date hereof.

DATED:  Honolulu, Hawaii _____.

_____

TY Y. NOHARA
Commissioner of Securities
Department of Commerce and Consumer Affairs
STATE OF HAWAII

In the Matter of TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, and Barrick Capital, Inc.
Case No. SEB20200088
ORDER BARRING TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, AND BARRICK CAPITAL, INC.
Page 3 of 3

**BEFORE THE DIRECTOR OF THE DEPARTMENT OF FINANCE**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| In the Matter of: | Docket No. 2019-7-011 |
| TMTE, INC. a/k/a METALS.COM, CHASE METALS, LLC, CHASE METALS. INC., BARRICK CAPITAL, INC., | **ADMINISTRATIVE ORDER PERMANENTLY ENJOINING TMTE, INC. a/k/a METALS.COM, CHASE METALS, LLC, CHASE METALS, INC., AND BARRICK CAPITAL, INC. FROM PARTICIPATION IN THE COMMODITIES OR SECURITIES INDUSTRIES** |
| Respondents. | |

The Director of the Idaho Department of Finance ("Director") finds that:

1.      The Director has jurisdiction and administers the licensing and regulation of investment advisers and broker dealers in Idaho pursuant to Idaho Code § 30-14-101, *et seq.*, and has the jurisdiction and administers the Idaho Commodity Code pursuant to Idaho Code § 30-1501, *et. seq.*

2.      TMTE, Inc. dba Metals.com, Chase Metals, LLC, and Chase Metals, Inc. (collectively Metals) provided unlicensed investment advice in connection with the fraudulent sale of precious metals to the public from its principal place of business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

3.      Barrick Capital, Inc. (Barrick) provided unlicensed investment advice in connection with the fraudulent sale of precious metals to the public from its principal place of business at 8383 Wilshire Blvd., Suite 700, Beverly Hills, California. Barrick shares common ownership, operations, employees, office space, and overnight mail account with Metals.

ADMISTRATIVE ORDER PERMANENTLY ENJOINING TMTE, INC. a/k/a METALS.COM, CHASE METALS, LLC, CHASE METALS, INC. AND BARRICK CAPITAL, INC. FROM PARTICIPATION IN THE COMMODITIES OR SECURITIES INDUSTRIES - Page 1/3

4.      On September 22, 2020, the Department, U.S. Commodity Futures Trading

Commission, and 29 other state regulators (Plaintiffs) filed a civil complaint in federal court

against Metals and Barrick and their owners, and Relief Defendant Tower Equity, LLC. The

Complaint sought injunctive and other equitable relief, and the imposition of civil penalties for

violations of the federal Commodity Exchange Act and violations of state laws. Violations of

Idaho law include Idaho Code §§ 30-1506, 30-14-403, 30-14-404, 30-14-501, and 30-14-502.

5.      On _____, 2024 Metals and Barrick consented to entry of a

Consent Order of Permanent Injunction and Other Equitable Relief (Consent Order) to partially

settle the matters alleged in the Complaint, without a trial on the merits. The findings of fact and

conclusions of law in the Consent Order are incorporated herein by reference. The court

approved the Consent Order on _____.

6.      Under the terms of the Consent Order, Metals and Barrick consented to the entry

of this Order. In signing the Consent Order, Metals and Barrick waived the right to any notice or

hearing, any reconsideration, judicial review, appeal or other right to review of this

administrative order which may be available under the Idaho Uniform Securities Act (2004),

Idaho Code § 30-14-101, *et seq.*, Idaho Commodity Code, Idaho Code § 30-1501, *et seq.*, Idaho

Administrative Procedure Act, Idaho Code § 67-5201, *et seq.*, or any other provision of law. The

Department provided Metals and Barrick the opportunity to review this administrative order

prior to its execution by the Director and prior to Metals' and Barrick's approval and signing of

the Consent Order.

## **ORDER**

NOW THEREFORE, GOOD CAUSE SHOWING, IT IS ORDERED that:

TMTE, Inc. dba Metals.com, Chase Metals, LLC, Chase Metals, Inc., and Barrick

ADMISTRATIVE ORDER PERMANENTLY ENJOINING TMTE, INC. a/k/a METALS.COM,
CHASE METALS, LLC, CHASE METALS, INC. AND BARRICK CAPITAL, INC. FROM
PARTICIPATION IN THE COMMODITIES OR SECURITIES INDUSTRIES - Page 2/3

Capital, Inc. are permanently enjoined in the State of Idaho from participation in the

commodities or securities industries, including, but not limited to, any position of employment,

management, or control of or transacting business as any investment adviser, broker-dealer, or

commodity adviser.

The Director finds that this Order is in the public interest, authorized by and consistent

with the purposes of the Idaho Uniform Securities Act (2004), Idaho Code § 30-14-101, *et seq*.,

including Idaho Code § 30-14-603, Idaho Commodity Code, Idaho Code § 30-1501, *et seq*.,

including Idaho Code § 30-1510, Idaho Administrative Procedure Act, Idaho Code § 67-5201, *et*

*seq*., and the Consent Order. This Order is effective upon issuance.


**IT IS SO ORDERED**

DATED this_____Day of_____2024.


                                        STATE OF IDAHO
                                        DEPARTMENT OF FINANCE


                                        _____

                                        PATRICIA R. PERKINS, Director
                                        Idaho Department of Finance

**STATE OF INDIANA**

**OFFICE OF THE SECRETARY OF STATE**

**SECURITIES DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | |
| **TMTE, INC. a/k/a METALS.COM, et al.,** | ) | |
| **TOWER EQUITY, LLC.,** | ) | **Cause No. 24-0023 SB** |
| | ) | |
| **RESPONDENTS.** | ) | |

**CONSENT ORDER FOR PERMANENT BAR**

---

The Office of the Indiana Secretary of State, Securities Division ("Division"), having the authority and jurisdiction to administer the Indiana Uniform Securities Act, I.C. § 23-19, *et. seq.*, the Indiana Commodity Code, I.C. § 23-2-6, *et seq.*, and the respective regulations promulgated thereunder, upon due consideration of the subject matter thereof, has determined the following:

### I.    RESPONDENTS

1.  Respondent TMTE, Inc., d/b/a Metals.com is a Wyoming corporation with its headquarters at 1712 Pioneer Avenue, Suite 2145, Cheyenne, Wyoming.  TMTE, Inc. uses or has used the business names Metals.com, Chase Metals, LLC, and Chase Metals, Inc.  TMTE had a place of business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire Blvd Suite 700 Beverly Hills, California.  TMTE was originally organized as a Wyoming limited liability corporation on April 30, 2008.  It converted to a corporation on March 8, 2017, under the name Chase Metals, Inc.

2.  Respondent Chase Metals, Inc. is a Wyoming corporation now known as TMTE, Inc.  Its headquarters were located at 1712 Pioneer Avenue, Suite 2145, Cheyenne, Wyoming,

and it had a place of business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

3.  Respondent Chase Metals, LLC, is a Wyoming limited liability company converted to a Wyoming corporation now known as TMTE, Inc.  Its headquarters were located at 1712 Pioneer Avenue, Suite 2145, Cheyenne, Wyoming, and it had a place of business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

4.  Respondent Barrick Capital, Inc. is a Delaware corporation incorporated on August 20, 2019.  It had a place of business at 8383 Wilshire Blvd., Suite 700, Beverly Hills, California. Barrick shares common ownership, operations, employees, office space, and overnight mail account with Metals.

5.  Respondent Tower Equity, LLC is a Wyoming limited liability company formed in June 2013.  It had a place of business at 8383 Wilshire Blvd., Beverly Hills, CA 90211.

## II.    FACTS

6.  From at least September 1, 2017 through September 22, 2020 ("Relevant Period"), Defendants Metals and Barrick, by and through their sales representatives or other agents, engaged in a fraudulent scheme to defraud at least 1,600 persons throughout the United States into purchasing gold and silver bullion ("Precious Metals Bullion").

7.  Defendants Metals and Barrick, by and through their sales representatives or other agents, engaged in the business of advising investors to liquidate preexisting Qualified Retirement Savings, including liquidating securities, and transferring those funds to a SDIRA in order to purchase Precious Metals Bullion.

8.  On _____, a judgment was entered by consent against the above Respondent's whereby they agreed they engaged in fraudulent conduct contrary to

Section 6(c)(1) of the Commodities and Exchange Act, 7 U.S.C. § 9(1), and CFTC

Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2022) in a case stylized *CFTC v.*

*TMTE, INC. a/k/a METALS.COM, et al.,* civil action number 3:20-CV-2910-X, in the

United States District Court for the Northern District of Texas. In the Consent

Agreement, the Respondent's agreed to the entry of this order by the Division.

### III.    CONCLUSIONS OF LAW

9.   Pursuant to I.C. § 23-19-4-12(d)(4) of the Indiana Uniform Securities Act and I.C. § 23-

2-6-20(c) of the Indiana Commodity Code, the Indiana Securities Commissioner can bar

any person who has been permanently or temporarily enjoined from engaging in any

investment, securities, or commodities business. As described above, the Respondents

are the subject of permanent injunctions involving the securities, investment advisory,

and commodities industries.

### IV.    ORDER

This Order does not prevent the Division from seeking such other civil or criminal

remedies that are available to it under the Act.

This Order is appropriate in the public interest for the protection of investors and is

consistent with the purposes of the Act.


**THE COMMISSIONER HEREBY FINDS** that this order is necessary and in the

public interest and **ACCORDINGLY, IT IS HEREBY ORDERED that the RESPONDENT**

**be BARRED** from registration, or engaging in securities, investment advisory, or commodities

investing  activities into, within, or from the state of Indiana.

**APPROVED and ORDERED** in Indianapolis, Indiana this _____ day of _____, 2024.

DIEGO MORALES
SECRETARY OF STATE


MARIE CASTETTER
SECURITIES COMMISSIONER

BEFORE THE IOWA INSURANCE COMMISSIONER

| | |
|---|---|
| IN THE MATTER OF<br><br>TMTE,INC., a/k/a METALS.COM,<br>CHASE METALS, INC.,<br>CHASE METALS, LLC, and<br>BARRICK CAPITAL, INC.<br><br>　　　　　Respondents. | Division Case No. 125121<br><br><br>**ORDER AND CONSENT<br>TO ORDER** |

## <u>ORDER TO BAR AND TO CEASE AND DESIST</u>

WHEREAS, the Commissioner of the Iowa Insurance Division, Douglas M. Ommen, ("Commissioner"), directly and through his designees has the jurisdiction and authority to administer and provide for the enforcement of the Iowa Uniform Securities Act and the Iowa Commodities Code pursuant to Iowa Code chapters 502 and 502A;

WHEREAS, TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, and Barrick Capital, Inc. ("Respondents") agree to resolve this matter pursuant to the terms and conditions specified in this Order and Consent to Order ("Order");

WHEREAS, the Respondents elect to permanently waive any right to the filing of an action in an Iowa court, and any hearing, judicial review, or appeal under Iowa Uniform Securities Act, Iowa Code §§ 502.101-502.810, the Iowa Commodities Code §§ 502A.1-502A.22, the Iowa Administrative Procedure Act, Iowa Code §§ 17A.1-17A.34, or any other provision of law with respect to the entry of this Order;

NOW, THEREFORE, the Commissioner hereby enters this Order:

## FINDINGS OF FACT

1.    The Commissioner has jurisdiction over the licensing and regulation of investment advisers and broker-dealers in Iowa under Iowa Code §§ 502.601 and 502.604, as well as jurisdiction over commodities transactions pursuant to Iowa Code chapter 502A.

2.    From at least September 1, 2017, through September 22, 2020 ("Relevant Period"), TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., and Chase Metals, LLC (collectively "Metals") provided unlicensed investment advice in connection with the fraudulent sale of commodities, namely precious metals, to the public, including at least twenty-six (26) Iowa consumers, from its principal place of business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

3.    During the Relevant Period, Barrick Capital, Inc. ("Barrick") provided unlicensed investment advice in connection with the fraudulent sale of commodities, namely precious metals, to the public, including at least twenty-six (26) Iowa consumers, from its principal place of business at 8383 Wilshire Blvd., Suite 700, Beverly Hills, California. Barrick shares common ownership, operations, employees, office space, and overnight mail account with Metals.

4.    On September 22, 2020, the U.S. Commodity Futures Trading Commission and twenty-nine (29) other state regulators including the Commissioner ("Plaintiffs"), filed a civil complaint ("Complaint") in federal court against Respondents and their owners, and Relief Defendant Tower Equity, LLC.  See Commodity Futures Trading Commission, et al v. TMTE, Inc. a/k/a Metals.com, et al, Case No.: 3:20-CV2910-X (N.D. Tex., filed September 22, 2020).  The Complaint sought injunctive and other equitable relief, and the imposition of civil penalties for violations of the federal Commodity Exchange Act and violations of applicable state laws,

including the Iowa Uniform Securities Act, Iowa Code chapter 502, and the Iowa Commodities Code, Iowa Code chapter 502A.

5.      On _____, 202_____, Respondents consented to entry of a Consent Order of Permanent Injunction and Other Equitable Relief ("Federal Consent Order") to partially settle the matters alleged in the Complaint, without a trial on the merits. The findings of fact and conclusions of law in the Federal Consent Order are incorporated herein by reference. The court approved the Federal Consent Order on _____, 202_____.

6.      Under the terms of the Federal Consent Order, Respondents consented to the entry of an administrative order from the Commissioner that bans or bars Respondents from participation in the commodities or securities industries, including, but not limited to, any position of employment, management, or control of any broker dealer, investment advisor, or commodity advisor.  In signing the Federal Consent Order and this Order, Respondents permanently waive any requirement for the filing of an action by the Iowa Insurance Division in an Iowa court and any right to a hearing, judicial review, or appeal under the Iowa Uniform Securities Act, Iowa Code §§502.101-502.810, the Iowa Commodities Code §§ 502A.1-502A.22, the Iowa Administrative Procedure Act, Iowa Code §§17A.1-17A.34, or any other provision of law with respect to the entry of this Order.

## CONCLUSIONS OF LAW

7.      The Commissioner, after consideration of the facts set forth above and in the Federal Consent Order incorporated herein, finds and concludes that the following is in the public interest, necessary for the protection of public investors, and consistent with the purposes intended in Iowa Code chapters 502 and 502A.

8.      In committing the conduct described above, in the Complaint, and in the Federal Consent Order, Respondents violated Iowa Code §§ 502.403(1); 502.412(4)(b), (d), (e), (l), and (m); 502.501; 502.502; and 502A.6.

## **ORDER**

NOW THEREFORE, GOOD CAUSE SHOWING, IT IS ORDERED that:

A.   Respondents TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, and Barrick Capital, Inc. shall immediately cease and desist from engaging in any of the conduct described herein and in the incorporated Federal Consent Order, including, but not limited to acting as unlicensed investment advisers, engaging in fraudulent commodity sales, or generally offering for sale, selling, or advising regarding the offering, purchase, or sale any security or commodity in the State of Iowa pursuant to Iowa Code §§ 502.604(1) and 502A.12(1); and

B.   Respondents TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, and Barrick Capital, Inc. are barred in the State of Iowa from participation in the commodities or securities industries, including, but not limited to holding any position of employment, management, or control of any broker-dealer, investment advisor, or commodity advisor pursuant to Iowa Code §§ 502.412, 502A.9 and 502A.12.

SIGNED   AND   ENTERED   BY   THE   COMMISSIONER   this   ____   day   of   _____, 202_____.

_____
Douglas M. Ommen
Commissioner of Insurance

**CONSENTED TO AND APPROVED BY:**

Approved as to form:

_____

Kelly Crawford

Receiver for

TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., Barrick Capital, Inc.

Scheef & Stone

500 North Akard Street, Suite 2700

Dallas, TX 75201

kelly.crawford@solidcounsel.com

*Acting in his capacity as Court-appointed Receiver*

Dated: _____

_____

Peter Lewis

Attorney for Kelly Crawford, Receiver for  TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., Barrick Capital, Inc.

Scheef & Stone

500 North Akard Street, Suite 2700

Dallas, TX 75201

Peter.Lewis@solidcounsel.com

Dated: _____

**COMMONWEALTH OF KENTUCKY**
**PUBLIC PROTECTION CABINET**
**DEPARTMENT OF FINANCIAL INSTITUTIONS**
**ADMINISTRATIVE ACTION NO. 2024-AH-00__**

**DEPARTMENT OF FINANCIAL INSTITUTIONS**                    **COMPLAINANT**

**v.**

**TMTE, INC. a/ka/ METALS.COM;**                    **RESPONDENTS**
**CHASE METALS, LLC; CHASE METALS, INC.;**
**BARRICK CAPITAL, INC.**

---

**ORDER FOR PERMANENT BAR**

---

The Department of Financial Institutions (hereinafter referenced as the "Department"), pursuant to Kentucky Revised Statute (KRS) 292.470, KRS 292.500, and 808 Kentucky Administrative Regulation (KAR) 10:225, hereby enters this **Order For Permanent Bar from engaging in securities activity in Kentucky** against TMTE, INC. a/k/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; and Barrick Capital, Inc. In support thereof, the Department states as follows:

1.      The Department of Financial Institutions is responsible for administering the provisions of KRS Chapter 292, the Securities Act of Kentucky ("the Act"), as well as any applicable rules, regulations and orders entered pursuant to the Act.

2.      TMTE, Inc. dba Metals.com, Chase Metals, LLC, and Chase Metals, Inc. (collectively Metals) provided unlicensed investment advice in connection with the fraudulent sale of precious metals to the public from its principal place of business at 433 N. Camden Drive, Suite970, Beverly Hills, California and 8383 Wilshire Blvd, Suite 700, Beverly Hills, California.

3.      Barrick Capital, Inc. (Barrick) provided unlicensed investment advice in connection with the fraudulent sale of precious metals to the public from its principal place of business at 8383 Wilshire Blvd., Suite 700, Beverly Hills, California. Barrick shares common ownership, operations, employees, office space, and overnight mail account with Metals.

4.      On September 22, 2020, the Department, along with the U.S. Commodity Futures Trading Commission and other state regulators, filed a civil complaint in federal court against Metals and Barrick and their owners, and Relief Defendant Tower Equity, LLC. The Complaint sought injunctive and other equitable relief, and the imposition of civil penalties for violations of the federal Commodity Exchange Act and violations of state laws, including KRS 292.320(1) and KRS 292.330(8).

5.      On _____ 2024, Metals and Barrick consented to entry of a Consent Order of Permanent Injunction and Other Equitable Relief (Consent Order) to partially settle the matters alleged in the Complaint, without a trial on the merits. The findings of fact and conclusions of law in the Consent Order are incorporated herein by reference. The court approved the Consent Order on _____.

6.      Pursuant to the terms of the Consent Order, Metals and Barrick consented to the entry of this order permanently barring Metals and Barrick from engaging in securities related activity in Kentucky. By signing the Consent Order, Metals and Barrick waived the right to any notice or hearing, any reconsideration, judicial review, appeal or other right to review of this administrative order which may be available under KRS Chapter 292, KRS Chapter 13B, or any other provision of law.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

TMTE, INC. a/k/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; and Barrick Capital, Inc. are permanently barred from engaging in securities activity as defined in KRS 292 in the state of Kentucky.

**SO ORDERED** on this the _____ day of _____, 2024.

_____
Marni R. Gibson
Commissioner

STATE OF MAINE
OFFICE OF SECURITIES
121 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0121

<table>
<tr><td>

In re:


TMTE, INC. a/k/a METALS.COM;
CHASE METALS, LLC; CHASE
METALS, INC.; and BARRICK
CAPITAL, INC.


Docket No. 24-XXXXXX

</td><td>

CEASE AND DESIST
ORDER, ORDER OF BAR


NO. 2024-XX

</td></tr>
</table>

## INTRODUCTION

1. By means of their consent to the entry of the Consent Order of Permanent Injunction and Other Equitable Relief ("Consent Order") in Commodity Futures Trading Commission, et al., v. TMTE, Inc. a/k/a Metals.com, et al., No. 3:20-CV-2910-X (N.D. Tex.), Respondents TMTE, Inc. d/b/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; and Barrick Capital, Inc. ("Respondents") have admitted to the jurisdiction of the Maine Securities Administrator ("Administrator") and have consented to the entry of this Order.

2. The Administrator has authority to issue a cease and desist order against any person who has violated the Maine Uniform Securities Act. 32 M.R.S. § 16604(1)(A). He may also bar persons from association with any issuer, broker-dealer or investment adviser in this State. 32 M.R.S. § 16604(4).

3. The Administrator has authority to issue a cease and desist order against any person who has violated the Maine Commodity Code. 32 M.R.S. § 11302(1).

## FINDINGS OF FACT

4. On September 22, 2020, the Commodity Futures Trading Commission ("CFTC"), the Administrator and twenty-nine (29) other state regulators ("States") filed a complaint ("Civil Action") against defendants TMTE, Inc. d/b/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; Barrick Capital, Inc.; Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher, and Simon Batashvili; and relief defendant Tower Equity, LLC, seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act, 7 U.S.C. §§ 1–26, and CFTC Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2022), as well as violations of state laws.

5. On September 22, 2020, the court in the Civil Action entered an ex parte statutory restraining order ("SRO") against the defendants. The SRO appointed Kelly Crawford as Temporary Receiver with full equity receiver powers over Respondents.

6. On October 14, 2020, the court in the Civil Action entered Consent Orders for Preliminary Injunction and Other Equitable Relief, which appointed Kelly Crawford as Receiver in the Civil Action, with all of the duties and powers set forth in the SRO.

7. On December XX, 2024, Kelly Crawford signed the Consent Order admitting liability on behalf of Respondents, with monetary sanctions to be determined later.

8. As part of the Consent Order, which is incorporated in its entirety by reference herein, Respondents consented and agreed to the entry of administrative orders by the States that bar Respondents from participation in the commodities or securities industries.

9. Pursuant to the terms of the Consent Order, Respondents expressly waive any requirement for the filing of a pleading or accusation and waive their right to any notice or hearings, and any reconsideration, appeal, or other right to review afforded by the Maine Uniform Securities Act or Maine Commodity Code. Respondents further stipulate to the jurisdiction of the Administrator.

## CONCLUSIONS OF LAW

### UNLICENSED INVESTMENT ADVISER ACTIVITY

10. Investment adviser is defined under the Maine Uniform Securities Act (the "Act") as "a person that, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or the advisability of investing in, purchasing or selling securities or that, for compensation and as a part of a regular business, issues or promulgates analyses or reports concerning securities. 'Investment adviser' includes a financial planner or other person that, as an integral component of other financially related services, provides investment advice to others for compensation as part of a business or that holds itself out as providing investment advice to others for compensation." 32 M.R.S. § 16102(15).

11. Investment adviser representatives are defined by the Act as individuals "employed by or associated with an investment adviser or federal covered investment adviser and who make any recommendations or otherwise give investment advice regarding securities, manage accounts or portfolios of clients, determine which recommendation or advice regarding securities should be given, provide investment advice or hold themselves out as providing investment advice, receive compensation to solicit, offer or negotiate for the sale of or for selling investment advice or supervise employees who perform any of the foregoing." 32 M.R.S. § 16102(16).

12. 32 M.R.S. § 16403(1) provides that "[i]t is unlawful for a person to transact business in this State as an investment adviser unless the person is licensed under this chapter as an investment adviser or is exempt from licensing as an investment adviser…."

2

13. 32 M.R.S. § 16404(1) provides that "it is unlawful for an individual to transact business in this State as an investment adviser representative unless the individual is licensed under this chapter as an investment adviser representative or is exempt from licensing as an investment adviser representative…."

14. By engaging in the conduct described in the Consent Order, Respondents engaged in investment adviser and investment adviser representative activity in the State of Maine.

15. At no time were Respondents licensed in Maine as investment adviser or investment adviser representatives nor were Respondents exempt from licensing.

SECURITIES FRAUD

16. It is unlawful for a person, in connection with the offer, sale or purchase of a security, directly or indirectly to: (1) employ a device, scheme, or artifice to defraud; (2) make an untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) to engage in an act, practice or course of business that operates or would operate as a fraud or deceit upon another person. 32 M.R.S. § 16501.

17. By engaging in the conduct described in the Consent Order, Respondents employed a device, scheme or artifice to defraud; made untrue statements of material fact and omitted to state material information; and engaged in acts, practices or courses of business that operated or would operate as a fraud or deceit upon another person.

COMMODITIES FRAUD

18. 32 M.R.S. § 11201(2) defines a commodity as "including precious metals set forth in subsection 12…."

19. 32 M.R.S. § 11201(12) provides that precious metals means the following in either coin, bullion, or other form:

A. Silver;

B. Gold;

C. Platinum;

D. Palladium;

E. Copper; and

F. Such other items as the administrator may specify by rule or order.

20. It is unlawful for a person, directly or indirectly, in or in connection with the purchase or sale of, the offer to sell, the offer to purchase, the offer to enter into or the entry into of any commodity contract or commodity option to: (1) cheat or defraud, or attempt to cheat or defraud, any other person or employ any device, scheme or artifice to defraud any other person; (2) make any false report, enter any false record, or make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (3)

3

engage in any transaction, act, practice or course of business, including, without limitation, any form of advertising or solicitation, which operates or would operate as a fraud or deceit upon any person; or (4) misappropriate or convert the funds, security or property of any person. 32 M.R.S. § 11206.

21. By engaging in the conduct described in the Consent Order, Respondents engaged in fraudulent conduct in violation of Maine's Commodity Code.

## ORDER

NOW THEREFORE, IT IS ORDERED THAT:

22. Respondents TMTE, Inc. d/b/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; and Barrick Capital, Inc. shall CEASE AND DESIST from engaging in investment advisory activity in the State of Maine in violation of licensing requirements and from otherwise violating Maine securities laws.

23. Respondents TMTE, Inc. d/b/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; and Barrick Capital, Inc. are permanently BARRED from associating with any issuer, broker-dealer or investment adviser in this State.

24. Respondents TMTE, Inc. d/b/a Metals.com; Chase Metals, LLC; Chase Metals, Inc.; and Barrick Capital, Inc. shall CEASE AND DESIST from engaging in commodity transactions in the State of Maine and from otherwise violating Maine's Commodity Code.

Date: _____            _____
                                     Jesse A. Devine
                                     Securities Administrator

4

# ADMINISTRATIVE PROCEEDING
# BEFORE THE
# SECURITIES COMMISSIONER OF MARYLAND

IN THE MATTER OF:                             *

TMTE, INC. d/b/a METALS.COM,          *          Securities Docket No. 2019-0152
CHASE METALS, LLC, CHASE
METALS, INC., BARRICK CAPITAL,     *
INC.,
                                              *

          Respondents;            *

and                                           *

TOWER EQUITY, LLC,                       *

          Relief Respondent.        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

# CONSENT ORDER

WHEREAS, the Securities Division of the Office of the Maryland Attorney General

(the "Division"), pursuant to the authority granted in Section 11-701 of the Maryland

Securities Act, Corporations and Associations Article, Title 11, Annotated Code of Maryland

(2014 Repl. Vol. and 2023 Supp.) (the "Act" or "Securities Act"), undertook an investigation

into the securities and investment advisory-related activities of Respondents TMTE, Inc.,

d/b/a Metals.com, Chase Metals, LLC, Chase Metals, Inc., Barrick Capital, Inc (collectively

"Metals.com") and Relief Respondent Tower Equity, LLC; and

WHEREAS, on the basis of that investigation the Maryland Securities Commissioner

(the "Commissioner") found grounds to conclude that Respondents have engaged in acts or

practices constituting violations of the registration and antifraud provisions of the Act; and

1

WHEREAS, on September 22, 2020, the Commissioner filed, along with the Commodity Futures Trading Commission (the "CFTC") and 30 other state securities regulators (the "Other State Securities Regulators"), a complaint in the United States District Court for the Northern District of Texas, Civil Action No.: 3:20-cv-2910-X (the "Complaint") against Respondents and Relief Respondent, which is incorporated by reference, alleging violations of Sections 11-301, 11-302, 11-401, and 11-402 of the Securities Act, COMAR 02.02.05.03, and Section 6(c)(1) of the Commodity Exchange Act, 7 U.S.C. § 9(1) and CFTC Regulation 180.1(a)(1)-(3) and requesting disgorgement, restitution, rescission, penalties, costs, and a permanent injunction enjoining Respondents and their affiliates, agents, servants, employees, successors, assigns, attorneys, and all person in active concert with them from violating the Securities Act, the Commodity Exchange Act, and the securities laws of Other State Securities Regulators; and

WHEREAS, the Northern District of Texas entered an ex parte statutory restraining order against Defendants on September 22, 2020 ("SRO," ECF No. 16), and Consent Orders for Preliminary Injunction and Other Equitable Relief against Respondents and the Relief Respondent on October 14, 2020 (ECF Nos. 164, 165). Via the SRO, the Court appointed Kelly Crawford as Temporary Receiver with full equity receiver powers over Respondents and Relief Respondent, and any affiliates or subsidiaries owned or controlled by them ("Receivership Respondents") and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Respondents, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Respondents ("Receivership Estate"). (ECF No. 16 at ¶ 30). Via the Consent Orders of Preliminary

2

Injunction, the Court appointed Kelly Crawford as Receiver in that action, with all of the duties and powers set forth in the SRO.  (ECF No. 164 at ¶ 29; ECF No. 165 at ¶ 30).

WHEREAS, Receivership Respondents have reached an agreement with the Commissioner, the Other State Securities Regulators, and the CFTC to resolve the Complaint pursuant to a Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc, and Relief Defendant Tower Equity, LLC (the "Federal Consent Order") pursuant to the terms specified in the Federal Consent Order and this Consent Order (the "Order"); and

WHEREAS, this Order incorporates the Federal Consent Order by reference and this Order is also incorporated by reference into the Federal Consent Order and attached as an exhibit thereto; and

WHEREAS, Respondents expressly consent to the Commissioner's jurisdiction in this matter and to the terms of this Consent Order; and

WHEREAS, Respondents waive their rights to a hearing and any rights they may have to seek judicial review or otherwise challenge or contest the terms and conditions of this Consent Order; and

WHEREAS, solely for the purpose of terminating the investigation and in settlement of the issues contained in this Order, consent to the entry of this Order; and

WHEREAS, the Commissioner has determined that it is in the public interest to issue this Consent Order; and

**NOW, THEREFORE, THE COMMISSIONER FINDS, CONCLUDES, AND ORDERS**:

3

## I.     JURISDICTION

1.      The Securities Commissioner has jurisdiction over this matter pursuant to Section 11-801 of the Securities Act.

## II.     FINDINGS OF FACT

2.      The Findings of Fact contained in the Federal Consent Order are incorporated by reference.

## III.     CONCLUSIONS OF LAW

3.      The Conclusions of Law contained in the Federal Consent Order are incorporated by reference.

## IV.     SANCTIONS

**NOW, THEREFORE, IT IS HEREBY ORDERED**, and Respondents expressly consent and agree:

4.      Respondents shall permanently cease and desist from violating Sections 11-301, 11-302, 11-401, 11-402 of the Securities Act, and COMAR 02.02.05.03.

5.      Respondents are barred from engaging in the securities or investment advisory business in Maryland for or on behalf of any others, or from acting as a principal or consultant in any entity so engaged, including engaging in the offer or sale of any securities whether registered, exempted, or preempted from registration.

6.      Respondents and Relief Respondent are assessed disgorgement, restitution, rescission, costs and/or a civil monetary penalty pursuant the terms of the Federal Consent Order. Payment shall be made by electronic funds transfer, for which written payment processing instructions will be provided by the State of Maryland, Office of the Attorney General.

4

7.      If Respondents or Relief Respondent fail to make timely payments to the Office of the Attorney General as required under this Consent Order and the Federal Consent Order, and payments are delinquent for more than sixty (60) days, the Office of the Attorney General may refer collection of the monies due under this Consent Order to the Central Collections Unit ("CCU") of the State of Maryland. If a referral is made, any fee assessed by CCU shall be in addition to, and not offset, the balance of the civil monetary penalty owed to the Division.

8.      Respondents shall not claim, assert or apply for a tax deduction or tax credit with regard to any state, federal, or local tax for the civil monetary penalty that Respondents shall pay pursuant to this Order and the Federal Consent Order.

9.      Respondents shall comply fully with the Securities Act and the regulations promulgated thereunder.

10.      Respondents shall cooperate fully and expeditiously with the Division in this Order, the Federal Consent Order, and in any current or future investigation related to the subject matter of this Order and the Federal Consent Order.  As part of such cooperation, Respondents shall comply, to the full extent of their abilities, promptly and truthfully with any inquiries or requests for information including but not limited to, requests for production of documents and authentication of documents, shall provide assistance at any trial, proceeding, or investigation related to the subject matter of this Order or the Federal Consent Order, including but not limited to, requests for testimony, depositions, and/or interviews. Should the Division file any additional action(s) related to the subject matter of this Order and the Federal Consent Order, Respondents are directed to appear in the forum in which such action(s) is pending, or in a suitable forum agreed to by the parties, to provide deposition, hearing, and/or trial testimony should such testimony be necessary.

5

11.    Respondents shall also cooperate in any investigation, civil litigation, or administrative matter related to, or arising from, this Order and the Federal Consent Order.

## V.    CONSEQUENCES OF VIOLATING CONSENT ORDER

12.    If Respondents or Relief Respondent fail to comply with any term of this Order, the Commissioner may institute administrative or judicial proceedings against Respondents or Relief Respondent to enforce this Order and/or to sanction Respondents or Relief Respondent for violating an Order of the Commissioner, and may take any other action authorized under the Securities Act or under any other applicable law, including the issuance of fines or penalties as provided by the Securities Act. In any such proceeding, the Division may also seek other sanctions for the violations that initiated this matter. For the purpose of determining those sanctions, the Findings of Fact and Conclusions of Law set forth in this Order shall be deemed admitted, and may be introduced into evidence against Respondents or Relief Respondent.

13.    Respondents and Relief Respondent agree that for the purposes of exceptions to discharge set forth in Sections 523, 1141(d)(6), and 1192 of the Bankruptcy Code, 11 U.S.C. §§ 523; 1141(d)(6); 1192, the findings in this Consent Order are true and admitted and any debt for disgorgement, prejudgment interest, civil penalty, or any other amounts due by Respondents and Relief Respondent under this Consent Order or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for violation of state securities laws, including but not limited to securities fraud, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C §523(a)(19), and Section 523(a)(2) of the Bankruptcy Code, 11 U.S.C. §523(a)(2), and incorporated by reference under Section 1192 of the Bankruptcy Code, 11 U.S.C § 1192. Respondents and Relief Respondent

acknowledge that the monetary penalty imposed under this Consent Order is not dischargeable in bankruptcy.

## VI.    MODIFICATION OF CONSENT ORDER

14.    The terms of this Consent Order may only be vacated or modified by a subsequent order issued by the Commissioner, by agreement with Respondents and Relief Respondent, except as to any non-substantive matters.

## VII.    JURISDICTION RETAINED, CONSTRUCTION, AND DEFAULT

15.    Jurisdiction shall be retained by the Commissioner for such further orders and directions as may be necessary or appropriate for the construction or enforcement of this Order.

16.    In the event that judicial intervention in this matter is sought by the Commissioner or Respondents, subject matter jurisdiction will lie in the Circuit Court for Baltimore City pursuant to Section 11-702 of the Securities Act. The Circuit Court for Baltimore City will have personal jurisdiction over Respondents pursuant to Section 6-103(b) of the Courts and Judicial Proceedings Article, Title 6, Annotated Code of Maryland (2013 Repl. Vol. and 2016 Supp.). Venue will be properly in that Court pursuant to Section 6-201(a) and 6-202(11) of that Article.

17.    This Order shall be binding upon Respondents and Relief Respondent, their parent and affiliates, and their respective successors and assigns with respect to the provisions above and all future obligations, responsibilities, undertakings, commitments, limitations, restrictions, events, and conditions.

**SO ORDERED:**


Date:_____, 2024

                                           _____
                                           Melanie Senter Lubin
                                           Securities Commissioner

**CONSENTED TO:**

TMTE, Inc., d/b/a Metals.com, Chase Metals, LLC,
Chase Metals, Inc., Barrick Capital, Inc.

Tower Equity, LLC

By:


_____


Title:


_____

8

1
2
3
4
5
6
7
8
9
10
11
12

**STATE OF NEVADA**
**OFFICE OF THE SECRETARY OF STATE**
**SECURITIES DIVISION**

**1 STATE OF NEVADA WAY, 3RD FLOOR**
**LAS VEGAS, NEVADA 89119**

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| **TMTE, INC. a/k/a METALS.COM, CHASE** | ) | <span style="color:red">**DRAFT**</span> **ORDER BARRING TMTE, INC.** |
| **METALS, LLC, CHASE METALS, INC.,** | ) | **a/k/a METALS.COM, CHASE METALS,** |
| **and BARRICK CAPITAL, INC.,** | ) | **LLC, CHASE METALS, INC., and** |
| | ) | **BARRICK CAPITAL, INC.** |
| | ) | |
| **Respondents.** | ) | **File No. INV19-084** |
| | ) | |
| | ) | |
| | ) | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     **WHEREAS**, the Securities Division of the Office of the Secretary of State, State of Nevada ("Division"), under the authority of the Nevada Uniform Securities Act (Act), codified in Chapter 90 of the NRS, has conducted an investigation into the activities of Respondents in connection with the applicable laws governing the registration of securities and the regulation of broker-dealers and investment advisers in the State of Nevada;

     **WHEREAS,** the Division has investigated the activities of TMTE, INC. a/k/a Metals.com, Chase Metals, LLC, Chase Metals, Inc. (collectively "Metals"), and Barrick Capital, Inc. Respondent TMTE, Inc., a/k/a Metals.com is a Wyoming corporation with its headquarters at 1712 Pioneer Avenue, Suite 2145, Cheyenne, Wyoming. TMTE, Inc. uses or has used the business names Metals.com, Chase Metals, LLC, and Chase Metals, Inc. TMTE had a place of business at 433 N. Camden Drive, Suite 970, Beverly Hills, California and 8383 Wilshire Blvd Suite 700 Beverly Hills, California. Respondent Barrick Capital, Inc. is a Delaware corporation incorporated on August 20, 2019. It had a place of business at 8383 Wilshire Blvd., Suite 700, Beverly Hills, California;

     **WHEREAS,** on September 22, 2020, the Division, U.S. Commodity Futures Trading Commission, and 28 other state regulators ("Plaintiffs") filed a civil complaint in federal court

1   against Metals and Barrick Capital, Inc., civil action number 3:20-cv-02910-X in the United States

2   District Court for the Northern District of Texas.  The Complaint sought injunctive and other

3   equitable relief, and the imposition of civil penalties, for violations of the federal Commodity

4   Exchange Act under Section 6(c)(1) of the Commodity Exchange Act, 7 U.S.C. § 9(1) and

5   Regulation 180.1(a)(1)–(3), 17 C.F.R. § 180.1(a)(1)–(3) (2023), as well as other state specific

6   violations brought by Plaintiffs;

7        **WHEREAS,** on _____, Metals and Barrick Capital, Inc. knowingly and voluntarily

8   consented to entry of a Consent Order of Permanent Injunction and Other Equitable Relief against

9   Defendants Metals and Barrick Capital Inc. ("Consent Order") to partially settle the matters alleged

10  in the Complaint, which is attached hereto and incorporated herein;

11       **WHEREAS**, pursuant to the terms of the Consent Order, Metals and Barrick Capital, Inc.,

12  have consented to the jurisdiction of the Division and the entry of this order barring Metals and

13  Barrick Capital, Inc. from certain activities in or from the State of Nevada. In signing the Consent

14  Order, Metals and Barrick Capital, Inc. waive the filing of a Notice and Opportunity for Hearing

15  pursuant to NRS 90.630(3);

16       **THEREFORE, IT IS HEREBY ORDERED** that TMTE, INC. a/k/a Metals.com, Chase

17  Metals, LLC, Chase Metals, Inc. and Barrick Capital, Inc. are barred from transacting business in

18  and/or from the State of Nevada as an agent, issuer, broker-dealer or investment adviser registered

19  under the Act; and from being registered in any capacity under the Act.

20

21       DATED this _____ day of December, 2024.

22

23                                      **BY ORDER OF THE ADMINISTRATOR**

24                                      Office of the Secretary of State, Securities Division

25

26                                      _____
                                        ERIN M. HOUSTON
27                                      Deputy Secretary for Securities
                                        Securities Administrator
28

**STATE OF OKLAHOMA**
**DEPARTMENT OF SECURITIES**
**204 NORTH ROBINSON, SUITE 400**
**OKLAHOMA CITY, OKLAHOMA 73102**

In the Matter of:

TMTE, Inc., *dba* Metals.com;
Chase Metals, Inc., *nka* TMTE, Inc.;
Chase Metals, LLC, *nka* TMTE, Inc.; and,
Barrick Capital, Inc.,

               Respondents.                       ODS File No. 19-108

## CONSENT ORDER BARRRING

The Administrator of the Oklahoma Department of Securities ("**Department**") issues this Order pursuant to Section 1-411 of the Oklahoma Uniform Securities Act of 2004 ("**Act**"), Okla. Stat. tit. 71, §§ 1-101 through 1-701 (2024).

On September 22, 2020, the Department, the U.S. Commodity Futures Trading Commission, and 31 other state regulators (the "**Plaintiffs**") filed a civil complaint in federal court against TMTE, Inc., Chase Metals, Inc., Chase Metals, LLC (collectively "**Metals**"), and Barrick Capital, Inc. ("**Barrick**"). The Complaint sought injunctive and other equitable relief, and the imposition of civil penalties, for violations of the federal Commodity Exchange Act, as well as violations of state laws.

On **XXXXXXX**, Metals and Barrick consented to entry of a *Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC* (the "**Consent Order**") to partially settle the matters alleged in the Complaint without a trial on the merits.

The Consent Order, including its *Findings of Fact* and *Conclusions of Law*, is attached hereto and incorporated herein. To the extent any of such *Findings of Fact* are more properly characterized as *Conclusions of Law*, they should be so considered and, to the extent any of the *Conclusions of Law* are more properly characterized as *Findings of Fact*, they should be so considered.

In signing the Consent Order, Metals and Barrick consented to the entry of this Order and waived, *inter alia*, the right to a hearing, reconsideration, appeal, or other right to review under any provision of law.

**THEREFORE, IT IS HEREBY ORDERED** that Metals and Barick are barred from transacting business in and/or from Oklahoma as an agent, issuer, broker-dealer, investment adviser and/or investment adviser representative; from otherwise being employed or associated with a broker-dealer or investment adviser registered under the Act; and from being registered in any capacity under the Act or any successor to the Act.

Witness my Hand and the Official Seal of the Oklahoma Department of Securities this ____ day of December, 2024.

(SEAL)

_____
MELANIE HALL, ADMINISTRATOR OF THE
OKLAHOMA DEPARTMENT OF SECURITIES

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the ___ day of December, 2024, a true and correct copy of the above and foregoing *Consent Order Barring* was mailed, via certified mail, return receipt requested, delivery restricted, addressed to:

Kelly Crawford
Receiver
Scheef & Stone
500 North Akard Street, Suite 2700
Dallas, TX 75201

_____
Michelle Statham
Paralegal

2