## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> TMTE, INC. a/k/a METALS.COM, *et al*., <br><br> Defendants, <br><br> and <br><br> TOWER EQUITY, LLC, <br><br> Relief Defendant. | Case No. **3:20-CV-02910-X** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS LUCAS ASHER AND SIMON BATASHVILI'S OBJECTION TO THE DISCOVERY ORDER OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Fed. R. Civ. P. 72(a), Plaintiffs' Commodity Futures Trading Commission and the States ("Plaintiffs") respectfully submit this response to Defendants Lucas Asher and Simon Batashvili's (collectively, the "Individual Defendants") Objection to the Magistrate Judge's Order dated January 8, 2025 ("Jan. 8, 2025 Order," ECF No. 842). *See* Individual Defs.' Objection (ECF No. 846). The Objection[1] fails to cite to any mistake of law or fact by the Magistrate Judge, or offer any valid reason why the January 8, 2025 Order should be rejected by

---

[1] The Individual Defendants' Objection concerns the "first five categories" of materials as delineated by the Magistrate Judge. *See* Jan. 8, 2025 Order at 8 (ECF No. 842) (defining Category 1 as "Customer Interview Audio Recordings," Category 2 as "Notes or Transcripts of Customer Interviews," Category 3 as "Customer Voicemails," Category 4 as "Customer Questionnaires," and Category 5 as "Email Communications Between Plaintiffs and Customers").

the Court as clearly erroneous or contrary to the law as required by Fed. R. Civ. P. 72(a) and 28

U.S.C. § 636(b)(1)(A). Instead, the Individual Defendants seek a second bite at the apple by

rehashing their original unsuccessful arguments from their Motion to Compel. Their scattershot

objections and claimed errors are mere disagreements with the Magistrate Judge's findings and

in no way meet the clearly erroneous or contrary to law standard. Given the vast deference and

discretion accorded to magistrate judges in resolving pre-trial discovery disputes such as this

one, Plaintiffs respectfully request that the Court deny the Individual Defendants' Objection and

adopt Magistrate Judge Toliver's Order in its entirety.

## I.    BACKGROUND

After considering the Individual Defendants' Motion to Compel (ECF No. 707) and

Plaintiffs' Motion to Quash or for a Protective Order (ECF No. 723), including an *in camera*

review of the materials Plaintiffs claimed to be protected as privileged,[2] Magistrate Judge

Toliver denied the Individual Defendants' Motion to Compel solely on the basis of the work

product doctrine. *See* Jan. 8, 2025 Order at 7, n.3 (ECF No. 842).[3] Specifically, the Magistrate

Judge found that: (1) "the information sought for discovery in all eleven categories was prepared

in anticipation of litigation" (*see id.* at 9-10); (2) the materials sought are protected as opinion

work product (*see id.* at 10-13); and (3) the Individual Defendants failed to demonstrate a

_____

[2] As described in the January 8, 2025 Order, "the Court ordered Plaintiffs to submit by November 13, 2024, for *in camera* review, the materials they claimed to be protected as privileged, and Plaintiffs timely did so." Jan. 8, 2025 Order at 3-4 (ECF No. 842). *See also* Electronic Order dated Nov. 13, 2024 (ECF No. 815); Plaintiffs' Notice of Manual Filing for *In Camera* Review (ECF No. 832).

[3] The January 8, 2025 Order states, in relevant part: "It is unclear to the Court which documents Individual Defendants claim are being withheld on the basis of attorney-client privilege. . . . Thus, the Court does not reach the question of whether specific documents are protected by the attorney-client privilege claims and denies Individual Defendants' motion to compel solely on the basis of the work product doctrine."

2

"compelling need" for opinion work product materials, or even a "substantial need for the materials" and "undue hardship" in obtaining the materials' substantial equivalent assuming arguendo the materials are ordinary work product (*see id.* at 14-17).

With respect to the Magistrate Judge's last finding concerning the Individual Defendants' substantial need for the materials, the Court found one narrow exception where Plaintiffs had communications with victims who are now deceased. *See id.* at 16-17 (concluding "Plaintiffs must produce communications with the deceased victims, if any, to the extent that those materials include factual information," and permitting redactions of "privileged opinion work product where appropriate"). Accordingly, the Magistrate Judge ordered Plaintiffs "to produce any existing communications with deceased alleged victims that are responsive to the discovery requests." Pursuant to the Order, on January 22, 2025, Plaintiffs provided a supplemental and timely production of 141 documents comprising 435 pages of materials related to deceased victims.[4]

## II.    ARGUMENT

### A.    The Proper Standard Of Review Is Clearly Erroneous Or Contrary To Law

The Individual Defendants' Objection concerns the Magistrate Judge's January 8, 2025 Order on their Motion to Compel, which is a non-dispositive discovery motion.[5] *See Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (considering pre-trial discovery motions to be non-dispositive). Thus, the Objection is reviewed under a "clearly erroneous or is contrary to law"

---

[4] Plaintiffs' production is subject to and does not waive the work product objections previously detailed in Plaintiffs' Responses to the Individual Defendants' First Requests for Production.

[5] The Court's Order of Reference dated June 5, 2024 referred the Individual Defendants' Motion to Compel to the Magistrate Judge "for hearing (if necessary) and determination." Order of Reference (ECF No. 709).

standard pursuant to Fed. R. Civ. P. 72(a).  *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Castillo v. Frank*, 70 F.3d at 385 (stating that 28 U.S.C. § 636(b)(1)(A) "specifically requires" the district court to apply the clearly erroneous standard when reviewing a magistrate judge's ruling on non-dispositive, pretrial motions such as a discovery motion).

This is a "highly deferential standard," requiring the district court "to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'"  *Gomez v. Ford Motor Co*., No. 5:15-cv-866, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)).  The clearly erroneous or contrary to law standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently."  *Gomez v. Ford Motor Co*., 2017 WL 5201797, at *2 (citing *Guzman v. Hacienda Records & Recording Studio, Inc*., 808 F.3d 1031, 1036 (5th Cir. 2015)).  "In other words, even were the Court disposed to differ with the Magistrate . . . such a difference of opinion would not alone entitle it to reverse or reconsider the [order]."  *McLane Co., Inc., v. ASG Tech. Group, Inc*., No. 6:17-cv-166, 2019 WL 609767, at *1 (W.D. Tex. Jan. 15, 2019) (affirming magistrate's discovery order because there was no clear error).

### B.     The Individual Defendants Fail To Provide Any Basis For A Determination That The Magistrate's Order Was Clearly Erroneous Or Contrary To Law

Rule 72(b)(2) of the Federal Rules of Civil Procedure requires that a party's objections to a magistrate's order must be "specific."  Objections to a magistrate judge's order are not meant to be a vehicle to "simply rehash or mirror" arguments already considered by the magistrate.  *See Gray v. Winco Foods, LLC*, 683 F. Supp. 3d 571, 582 (E.D. Tex. 2023) (collecting cases).  Here,

4

the Individual Defendants fail to offer any errors of law but repeat the same arguments presented in their initial motion and otherwise offer conclusory or general objections, including that: (1) the first five categories of material requested by the Individual Defendants are "simply not protected by any privilege—including the work product privilege" (*see* Individual Defs.' Objection at 3 (ECF No. 846)); (2) "[s]tatements by customers—whether they be interviews, recordings, emails, or the like—are not work product because they do not contain 'mental impressions, conclusions, opinions or legal theories of an attorney'" (*see id.* at 5); and (3) the Order's finding that the "customer questionnaires and interviews are opinion work product, rather than fact work product, is clearly erroneous" (*see id.* at 6).

However, as set forth in her carefully reasoned opinion, each of these arguments was already considered and firmly rejected by the Magistrate Judge following an *in camera* review:

> **In camera review of these materials reveals that the information included in handwritten or typed interview notes and memoranda prepared after the interviews contain summaries of customer and witness interviews conducted by attorneys and investigators, their mental impressions and legal conclusions included therein. Doc 832; *Brady*, 238 F.R.D. at 442. The questions that investigators posed to customers during the interviews— included in interview audio recordings, questionnaires sent to and received from the customers, and notes and summaries of such interviews—'were specifically selected and compiled by a party or its representative in preparation for litigation[.]' Doc. 832; *Brady*, 238 F.R.D. at 442 (citing *Peterson*, 967 F.3d at 1189). As materials and inquiries specifically chosen by attorneys and investigators, these selections reveal mental impressions regarding the litigation *sub judice*. *Brady*, 238 F.R.D. at 442 (citing *Peterson*, 967 F.2d at 1189). Even communications with customers simply to provide case updates or to schedule future conversations, depositions, or declarations were sprinkled with attorneys' and investigators' mental impressions regarding the case. *Id.*; Doc. 832.**

Jan. 8, 2025 Order at 12-13 (ECF No. 842) (emphasis added). This explanation shows that the Magistrate Judge properly considered the facts and each category of information and concluded that the materials sought are protected as opinion work product. The Magistrate explicitly

rejected the Individual Defendants' assertion that "they seek only factual information"[6] and found that the materials sought are opinion work product—not ordinary work product. *See* Jan. 8, 2025 Order at 9-11 (ECF No. 842). The Individual Defendants fail to show that Magistrate Toliver's Order was wrongly decided, much less clearly erroneous or contrary to law. Mere disagreement with the Magistrate's Order is not a basis to object and is wholly insufficient to satisfy the clearly erroneous standard. *See Jazz Pharms., Inc. v. Roxane Lab'ys, Inc.*, No. 2:10-cv-6108, 2013 WL 785067, at *4 (D.N.J. Feb. 28, 2013) ("In short, mere disagreement with the judicial finding of a Magistrate Judge does not meet the 'clear error' standard required for reversal."); *Doe #11 v. Lee*, No. 3:22-cv-338, 2023 WL 1929996, at *2 (M.D. Tenn. Feb. 10, 2023) (same); *Vista Partners, Inc. v. Brainscope Co., Inc.*, No. 1:19-cv-138, 2019 WL 3543625, at *3 (D. Colo. Aug. 5, 2019) (same).

In addition, the Individual Defendants continue to conflate the issues of substantial need and undue hardship, which the Magistrate Judge has already considered and ruled upon. The Order explains: "Even assuming Plaintiffs in camera production materials are ordinary work product—not opinion—***Individual Defendants have not made a sufficient showing that they have a substantial need for the materials and would face undue hardship to obtain the materials' substantial equivalent***." *Id.* at 15 (emphasis added). As to substantial need, Magistrate Toliver considered the Individual Defendants' assertions that "neither depositions nor

_____

[6] Although the Individual Defendants contend throughout their Objection that they are seeking only "verbatim witness statements," it appears they are attempting to move the target with such a disingenuous claim. Indeed, Plaintiffs submitted forty-nine sworn declarations by numerous state investors with their Motion for Partial Summary Judgment. *See* Pls.' Exhibits 1-48, 73 (ECF Nos. 776-1 to 776-5, 776-8). Despite the availability of these sworn witness declarations containing the "factual information" allegedly sought by the Individual Defendants, the Individual Defendants moved to strike such evidence. *See* Individual Defs.' Mot. to Strike Summary Judgment Evidence at 6-11 (ECF No. 788).

written discovery could reproduce a substantial equivalent to the information requested" and found that "Individual Defendants present no evidence that they would be unable to ascertain the material facts through methods such as depositions." *Id.* at 15-16.[7] As to undue hardship, Magistrate Toliver considered the Individual Defendants' arguments regarding their lack of "financial or legal resources to recreate the government's expansive investigation" and concluded that the Individual Defendants present no evidence "of their lack of financial and legal resources." *Id.* The Objection similarly fails to offer any concrete evidence and speculates that taking "dozens—or perhaps more than a hundred—depositions" constitutes an "unusual expense." *Id.* at 6. In summary, the Individual Defendants' conclusory arguments concerning substantial need and undue hardship do not establish that the Magistrate Judge's ruling on these issues was clearly erroneous.

### C.    The Individual Defendants' Other Complaints Are Without Merit

The Individual Defendants repeat their argument that they "are entitled to know what the customers said at the time"[8] and attach two emails produced by Plaintiff State of Alaska on January 16, 2025.[9] *See* Individual Defs.' Objection at 7 n.7 (ECF Nos. 846, 846-1). The two

---

[7] Contrary to the Individual Defendants' assertions, the cases cited in the Order support the Magistrate Judge's finding of the Individual Defendants' failure to show substantial need. *See SEC v. Brady*, 238 F.R.D. 429, 443-44 (N.D. Tex. 2006) (denying defendant's motion to compel where defendant failed to argue compelling need and alternatively could not make lesser showing of undue hardship and substantial need; specifically, that "the facts and information that [defendant] seeks are not exclusively available in the documents he seeks"); *In re Int'l Sys. and Controls Corp. Sec. Litig.,* 693 F.2d 1235, 1241 (5th Cir. 1982) (vacating order of production and remanding for court to determine if information "can be discovered without the work product— i.e., by deposition testimony" or through other means).

[8] *Compare* Individual Defs.' Mot. to Compel at 9 (ECF No. 707), *with* Individual Defs.' Objection at 7 (ECF No. 846).

[9] Contrary to the Individual Defendants' assertions, these emails were not produced in response to Magistrate Judge Toliver's Order. The State of Alaska produced these emails on January 16,

emails from March 2020 were sent from a State of Alaska investigator to a customer and concern the customer's draft affidavit.  The Individual Defendants complain that the emails show that Plaintiffs "instructed" customers to include certain language in their sworn statements.  *See id.* In fact, the March 2020 emails reflect just the opposite—a process whereby the state investigator worked diligently with the customer through multiple drafts to ensure the final declaration was accurate, comprehensive, and clearly communicated the customer's story before it was fully adopted by the customer upon execution.  Nor do the Individual Defendants even attempt to explain why they could not have explored the bases for customer declarations through depositions.  *See* Individual Defs.' Objection at 7 n.7 (ECF No. 846) (arguing they have "no way of tracing (***absent separate depositions***) how much of any witnesses' statements they wrote versus the state investigators") (emphasis added).  The Individual Defendants' choice to forego conducting discovery is not a basis to override Plaintiffs' valid work product assertions.

To the extent the Individual Defendants are still seeking Plaintiff attorneys' or investigators' draft customer statements and related communications with customers, the Magistrate Judge agreed with Plaintiffs that such material is clearly protected as opinion work product and granted Plaintiffs' motion to quash Request No. 15 of the Individual Defendants' subpoenas *duces tecum* to customer victims.  *See* Jan. 8, 2025 Order at 18-19 (ECF No. 842). Such material constitutes classic work product.  *See, e.g.*, *Booth v. Galveston Cnty.,* No. 3:18-cv-104, 2018 WL 5276265, at *4 (S.D. Tex. Oct. 10, 2018) ("[T]he overwhelming majority of courts recognize that draft declarations, the evolution of those declarations, and communications between witnesses are protected by the work-product doctrine."); *Mitura v. Finco Servs., Inc.*,

---

2025, after discovering that a prior production in September 2024 was mistakenly never transmitted.  These emails were never withheld as work product, were not included on the State of Alaska's privilege log, and do not involve a deceased investor.

347 F.R.D. 299, 301 (S.D.N.Y. 2024) (finding drafts of declaration and other communications exchanged between former employees' counsel and non-party witness constituted attorney work product, and thus was not subject to disclosure).  The Individual Defendants' disagreement with the Magistrate's finding on this issue does not constitute clear error.

Finally, the Objection attempts to advance a frivolous, unsupported argument concerning Plaintiff's alleged waiver of the attorney-client privilege.  The Individual Defendants contend that "to the extent privileged information was shared during these communications [Categories 1-5] with customers *this would operate as a waiver of the privilege*."  Individual Defs.' Objection at 3 (emphasis in original).  In support of this waiver argument, they cite to a case regarding waiver of attorney-client privilege, *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) (finding that a corporate defendant waived its attorney-client privilege through an attorney's selective disclosure of attorney-client communications during deposition testimony).  As Magistrate Toliver based her Order on the work product doctrine, the Individual Defendants are ignoring the basis for her decision.  *See* Jan. 8, 2025 Order at 7, n.3 (ECF No. 842).  Moreover, the Individual Defendants themselves waived this argument by failing to raise it before their Objection.  *See Guilbeau v. Schlumberger Tech. Corp.*, 719 F. Supp. 3d 702, 711 (W.D. Tex. 2024) ("A party who objects to a recommendation of a magistrate judge 'waives legal arguments not made in the first instance before the magistrate judge.'") (quoting *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998)).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court overrule the Individual Defendants' Objection (ECF No. 846) and affirm Magistrate Judge Toliver's January 8, 2025 Order in full.

Dated:  February 12, 2025

Respectfully submitted,

By: /s/ Danielle Karst

TIMOTHY J. MULREANY, *pro hac vice*
Chief Trial Attorney
tmulreany@cftc.gov
Maryland Bar No. 8812160123

SEAN HENNESSY, *pro hac vice*
Trial Attorney
shennessy@cftc.gov
D.C. Bar No. 1011564

SARAH WASTLER, *pro hac vice*
Trial Attorney
swastler@cftc.gov
D.C. Bar No. 944534

DANIELLE KARST, *pro hac vice*
Chief Trial Attorney
dkarst@cftc.gov
D.C. Bar No. 481881

Attorneys for Plaintiff
COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C.  20581-0001
Phone:  (202) 418-5000
Fax:  (202) 418-5521

FOR THE STATE OF ALABAMA

By: /s/ Jeffery A. "Beau" Brown, Jr.
JEFFERY A. "BEAU" BROWN, JR., *pro hac vice*
Beau.Brown@asc.alabama.gov
Alabama Bar No. 7258R80B

Attorney for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
Montgomery, AL 36104
Telephone: (334) 242-2984

10

Fax: (334) 242-0240

FOR THE STATE OF ALASKA

By: /s/ John Haley

JOHN HALEY
john.haley@alaska.gov
Alaska Bar No. 1402010

Attorney for Plaintiff
STATE OF ALASKA
OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-6645
Fax: (907) 276-3697

FOR THE STATE OF ARIZONA
By: /s/ Elizabeth Schmitt

ELIZABETH SCHMITT, *pro hac vice*
eschmitt@azcc.gov
Arizona Bar No. 034699

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007
Telephone: (602) 542-1922
Fax: (602) 714-8120

FOR THE STATE OF CALIFORNIA

By: /s/ Danielle A. Stoumbos

MARY ANN SMITH
MaryAnn.Smith@dfpi.ca.gov
SEAN ROONEY
Sean.Rooney@dfpi.ca.gov
DANIELLE A. STOUMBOS, *pro hac vice*
California Bar No. 264784
Danielle.Stoumbos@dfpi.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA

11

DEPARTMENT OF BUSINESS
OVERSIGHT
(now known as the DEPARTMENT OF
FINANCIAL PROTECTION AND
INNOVATION)
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Fax: (213) 576-7181

FOR THE STATE OF COLORADO
PHILIP J. WEISER
Attorney General of the State of Colorado

By: /s/ Janna Fischer

ROBERT FINKE*
robert.finke@coag.gov
Colorado Bar No. 40756
JANNA FISCHER*
janna.fischer@coag.gov
Colorado Bar No. 44952
*Counsel of Record

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware

By: /s/ T. Victor Clark

T. VICTOR CLARK, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 4233
victor.clark@delaware.gov

JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

12

Attorneys for Plaintiff the State of Delaware

FOR THE STATE OF FLORIDA
ASHLEY MOODY
Attorney General for the State of Florida

By: /s/ Victoria Butler

VICTORIA BUTLER, *pro hac vice*
Assistant Attorney General
Director of Consumer Protection
victoria.butler@myfloridalegal.com
Florida Bar No. 861250

Patrick Crotty, *pro hac vice*
Special Counsel, Assistant Attorney General
Florida Bar No. 108541
Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
Department of Legal Affairs
3507 E Frontage Rd, Suite 325
Tampa, FL 33607-1795
Telephone: (813) 287-7950
Fax: (813) 281-5515

By: /s/ A. Gregory Melchior
A. GREGORY MELCHIOR, *pro hac vice*
Assistant General Counsel
greg.melchior@flofr.com
Florida Bar No. 407290

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION
1313 Tampa Street, Suite 615
Tampa, Florida 33602-3394
Telephone: (813) 218-5327
Fax: (813) 272-2498

FOR THE STATE OF GEORGIA

By: /s/ Jonathan Loegel

JONATHAN D. LOEGEL, *pro hac vice*
Georgia Bar No. 755706

13

jloegel@law.ga.gov

RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3434
Fax: (404) 657-3239
FOR THE STATE OF HAWAII

By: /s/ Rayni M. Nakamura-Watanabe

RAYNI M. NAKAMURA-WATANABE,
*pro hac vice*
Hawaii Bar No. 9032-0
RNakamur@dcca.hawaii.gov

Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977

FOR THE STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
RAUL R. LABRADOR

By: /s/ Amber K. Kauffman

AMBER K. KAUFFMAN, *pro hac vice*
Deputy Attorney General
amber.kauffman@finance.idaho.gov
Idaho Bar No. 10161

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE

14

P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 947-8733
Fax: (208) 334-4151

FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL

By: /s/ J. Derek Atwood

J. DEREK ATWOOD, *pro hac vice*
Deputy Attorney General
Derek.Atwood@atg.in.gov
Indiana Bar No. 33947-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
Fax: (317) 232-7979

FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

By: /s/ Amanda K. Robinson
AMANDA K. ROBINSON, *pro hac vice*
Iowa Bar No. AT0006753
Compliance Attorney
amanda.robinson@iid.iowa.gov

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6475
Fax: (515)-654-6500

FOR THE STATE OF KANSAS

By: /s/ Thomas E. Knutzen

THOMAS E. KNUTZEN, *pro hac vice*

*Special Assistant Attorney General*
tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road
Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872

FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740

Attorneys for Plaintiff
STATE OF KENTUCKY
DEPARTMENT OF FINANCIAL
INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601
Telephone: (502) 782-9052
Fax: (502) 573-8787

FOR THE STATE OF MAINE

By: /s/ Elizabeth T. Weyl

ELIZABETH T. WEYL, *pro hac vice*
elizabeth.weyl@maine.gov
Maine Bar No. 005783

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8800
Fax: (207) 626-8828

16

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN, ATTORNEY
GENERAL OF THE STATE OF
MARYLAND

By: /s/ Max F. Brauer

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES
COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532

FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-6755

FOR THE STATE OF MISSISSIPPI

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: /s/ James M. Rankin
JAMES M. RANKIN

17

James.Rankin@ago.ms.gov
Mississippi Bar No. 102332

CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231

FOR THE STATE OF NEBRASKA
MICHAEL T. HILGERS
Attorney General

/s/ Christopher A. Felts
Christopher A. Felts, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 26784
christopher.felts@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-2682
Fax: (402) 471-3297

FOR THE STATE OF NEVADA

By: /s/ Shady Sirsy
Shady Sirsy, *pro hac vice*
Chief of Enforcement,
Nevada Securities Division
Nevada Bar No. 15818
s.sirsy@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030

18

Telephone: (702) 486-2440
Fax: (702) 486-2452

FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
New Mexico Bar No. 21769
alissa.berger@rld.nm.gov

Attorney for Plaintiff
STATE OF NEW MEXICO
New Mexico Regulation and Licensing
Department, Securities Division
5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848

FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE
OF NEW YORK

By: /s/ Tatyana Trakht

TATYANA "TANYA" TRAKHT, *pro hac
vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers

Attorney for Plaintiff
ATTORNEY GENERAL FOR THE STATE
OF NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816

FOR THE STATE OF OKLAHOMA

By: /s/ Robert Fagnant

ROBERT FAGNANT, *pro hac vice*

19

rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

BRAD DAVENPORT, *pro hac vice*
bdavenport@securities.ok.gov
Oklahoma Bar No. 18687

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF
SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742

FOR THE STATE OF SOUTH CAROLINA

By: /s/ Andrew N. Cole

ANDREW N. COLE, *pro hac vice*
andrewcole@scag.gov
South Carolina Bar No. 68384

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-4731
Fax: (803) 734-7208

By: /s/ Shannon A. Wiley

SHANNON A. WILEY, *pro hac vice*
swiley@sos.sc.gov
South Carolina Bar No. 69806

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF THE SECRETARY OF STATE
1205 Pendleton Street, Suite 525
Columbia, SC 29201
Telephone: (803) 734-0246
Fax: (803) 734-1661

20

FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor &
Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701
Telephone: (605) 773-3563
Fax: (605) 773-5369
FOR THE STATE OF TENNESSEE
JONATHAN SKRMETTI
Attorney General and Reporter

By: /s/ James P. Urban

JAMES P. URBAN, *pro hac vice*
Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

Office of Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department
of Commerce and Insurance

FOR THE STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Alyssa Bixby-Lawson
ALYSSA BIXBY-LAWSON
Assistant Attorney General
Texas Bar No. 24122680
alyssa.bixby-lawson@oag.texas.gov
Telephone: (210) 270-1118
Fax: (512) 320-0667
General Litigation Division
Office of the Attorney General
Texas Bar No. 24122680
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

FOR THE STATE OF WASHINGTON

By: /s/ Stephen Manning

Stephen Manning, *pro hac vice*
stephen.manning@atg.wa.gov
Telephone: (360) 586-3264
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial
Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524

FOR THE STATE OF WEST VIRGINIA

By: /s/ Michael Nusbaum

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov

22

West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES
COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211

FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice

By: /s/ Lewis W. Beilin

LEWIS W. BEILIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1038835
beilinlw@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-3076
Fax: (608) 294-2907

*Attorneys for Plaintiff State of Wisconsin*

## <u>CERTIFICATE OF SERVICE</u>

On February 12, 2025, I electronically filed the foregoing Plaintiffs' Response to the

Individual Defendants' Objection to the Magistrate's Order Dated January 8, 2025, in the above-

captioned matter using the CM/ECF system, and I am relying upon the transmission of the

Clerk's Notice of Electronic Filing for service upon all parties in this litigation.

<u>/s/ Danielle Karst</u>
Danielle Karst