# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, e*t al.* §§§§§ Plaintiffs, § § v. § § TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, § § Defendants, § § TOWER EQUITY, LLC, § § Relief Defendant. § | CIVIL ACTION NO. 3:20-CV-2910-X |

## RECEIVER'S AMENDED UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENTS

Kelly Crawford, in his capacity as Receiver for TMTE, Inc. a/k/a Metals.com, et al., moves the Court for an Order approving settlement agreements the Receiver entered into for the purpose of settling and resolving the claims the Receiver is pursuing against certain defendants in a lawsuit ancillary to the above-styled lawsuit, and in support thereof respectfully shows the Court as follows:

1.  On September 22, 2020, the Court entered the Order Granting *Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief* [Dkt. 16] ("*SRO*"), which, amongst other things, appointed Kelly Crawford as

Receiver for the assets of Defendants TMTE, Inc. a/k/a Metals.com, et al, (the "Receivership Defendants") and over the Receivership Estate (as defined in the *SRO*).

2. On or about September 13, 2021, the Receiver filed a lawsuit styled *Crawford v. Bleeden, et al.*, Cause No. 3:21-cv-02181 (the "Broker Lawsuit"), in this Court against certain individuals and entities whom the Receiver contends received fraudulent transfers from the Receivership Defendants in exchange for assisting the Receivership Defendants in soliciting investments, through false and misleading representations made to unsuspecting investors.

3. The Defendants in the Broker Lawsuit include, *inter alia*, Deric Scott Ned ("Ned"), Poor Trap, Inc. ("Poor Trap"), and Deep State Marketing, Inc. ("Deep State") (Ned, Poor Trap, and Deep State collectively, the "Ned Defendants"); and Sean Reza aka Thomas Reza ("Reza"), and Amerigold, Inc. ("Amerigold") (Reza, and Amerigold collectively, the "Reza Defendants"), (the Ned Defendants and Reza Defendants collectively, the "Settling Defendants"). The Receiver entered into settlement agreements with the Settling Defendants that are subject to the approval of this Court. The Receiver believes these settlement agreements, as explained in detail herein, are in the best interest of the receivership because it avoids the continued expense of litigation and eliminates uncertainty regarding obtaining a judgment against the Settling Defendants and collecting a judgment against the Settling Defendants.

## NED SETTLEMENT AGREEMENT

4. On March 17, 2025—but with an effective date of March 4, 2025—the Receiver entered into a settlement agreement with the Ned Defendants (the "Ned Settlement Agreement").[1] The Receiver alleged that he traced no less than $2,865,608.00 in transfers from Receivership Defendants to Ned Defendants, which the Receiver sought to recover in the Broker Lawsuit.[2]

---

[1] **Exhibit A.** Ex. 0002-0006.
[2] Ex. at 0002.

RECEIVER'S AMENDED UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENTS
    PAGE 2

However, the Ned Defendants deny any liability to the Receiver.[3] Accordingly, the Ned Defendants and the Receiver agreed to settle the claims and release each other from liability on condition that the Ned Defendants pay to the Receiver a sum of $1,432,804.00 (the "Ned Settlement Amount"), in two payments as follows:

(a) <u>First Payment</u>: $716,402.00 on or before March 18, 2025, which payment has been received by the Receiver, and then

(b) <u>Second Payment</u>: $716,402.00 on or before August 31, 2025.

The agreement is conditioned on the Ned Defendants' execution of a Promissory Note to the Receiver and a deed of trust granting the Receiver a first lien in the property owned by one or more of the Ned Defendants located at 12500 Jay Dr., Caliente, California 93518.[4] The agreement is further conditioned on this Court's approval of the settlement agreement.[5]

5. The Ned Settlement Agreement followed extensive negotiations between the Ned Defendants and the Receiver. The Receiver believes the Ned Settlement Agreement is in the best interest of the Receivership Estate because it: (a) avoids the attorneys' fees and expenses that would otherwise be incurred if the Receiver continued to litigate his claims against Ned Defendants; and (b) avoids the uncertainty inherent in obtaining and collecting a judgment. Accordingly, the Receiver respectfully requests the Court to approve the Ned Settlement Agreement.

## REZA SETTLEMENT AGREEMENT

6. On March 17, 2025—but with an effective date of February 28, 2025—the Receiver entered into a settlement agreement with the Reza Defendants (the "Reza Settlement

---

[3] Id.
[4] Ex. at 0003.
[5] Ex. at 0005.

Agreement").[6] The Receiver alleged that he traced no less than $670,577.44 in transfers from Receivership Defendants to the Reza Defendants, which the Receiver sought to recover in the Broker Lawsuit.[7] However, the Reza Defendants deny any liability to the Receiver.[8] Accordingly, the Reza Defendants and the Receiver agreed to settle the claims and release each other from liability on condition that the Reza Defendants pay the Receiver a sum of $335,288.72 (the "Reza Settlement Amount"), on or before December 18, 2025, as specifically provided in the Reza Settlement Agreement.[9] The agreement is conditioned on one or more of the Reza Defendants executing a Promissory Note for the principal amount of $335,288.72 in favor of the Receiver and secured with a deed of trust granting a second lien on the property owned by one or more of the Reza Defendants located at 4428 Pampas Road, Woodland Hills, California 91364.[10] The agreement is further conditioned on this Court's approval of the settlement agreement.[11]

7.  The Reza Settlement Agreement followed extensive negotiations between the Reza Defendants and the Receiver. The Receiver believes the Reza Settlement Agreement is in the best interest of the Receivership Estate because it: (a) avoids the attorneys' fees and expenses that would otherwise be incurred if the Receiver continued to litigate his claims against the Reza Defendants; and (b) avoids the uncertainty inherent in obtaining and collecting a judgment. Accordingly, the Receiver respectfully requests the Court to approve the Reza Settlement Agreement.

---

[6] **Exhibit B**, Ex. 0046-0050.
[7] Ex. at 0046.
[8] Id.
[9] Id.
[10] Ex. at 0046-0047.
[11] Ex. at 0049.

RECEIVER'S AMENDED UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENTS
      PAGE 4

## PRAYER FOR RELIEF

WHEREFORE, the Receiver respectfully requests that the Court enter an order 1) approving the Ned Settlement Agreement and the Reza Settlement Agreement; and 2) granting the Receiver such other and further relief to which he may be justly entitled.

Dated: March 25, 2025.

                                                Respectfully submitted,

                                                **SCHEEF & STONE, L.L.P.**

                                                By: /*s/ Peter C. Lewis*
                                                     Peter C. Lewis
                                                     State Bar No. 12302100
                                                   peter.lewis@solidcounsel.com

                                               500 N. Akard, Suite 2700
                                               Dallas, Texas 75201
                                               Telephone: (214) 706-4200
                                               Telecopier: (214) 706-4242

                                               **ATTORNEY FOR RECEIVER**
                                               **KELLY M. CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on March 18-19 and/or 24, 2025, the undersigned counsel for the Receiver conferred with counsel for the Plaintiffs and counsel for the individual defendants regarding the relief requested in this motion with counsel for the Plaintiffs confirming that Plaintiffs did not oppose the relief sought while counsel for the individual defendants confirming that the individual defendants have no position regarding the relief sought in the foregoing motion.

                                                                   /*s/ Peter C. Lewis*
                                                                   Peter C. Lewis

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 25, 2025, the foregoing was electronically filed with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all attorneys of record.

*/s/ Peter C. Lewis*
Peter C. Lewis