IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, e*t al.*<br><br>Plaintiffs,<br><br>v.<br><br>TMTE, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI,<br><br>Defendants,<br><br>TOWER EQUITY, LLC,<br><br>Relief Defendant. | CIVIL ACTION NO.<br>3:20-CV-2910-X |

**RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENTS**

Kelly Crawford, in his capacity as Receiver for TMTE, Inc. a/k/a Metals.com, et al., moves the Court for an Order approving settlement agreements the Receiver entered into for the purpose of settling and resolving the claims the Receiver is pursuing against certain defendants in a lawsuit ancillary to the above-styled lawsuit, and in support thereof respectfully shows the Court as follows:

1. On September 22, 2020, the Court entered the Order Granting *Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief* [Dkt. 16] ("*SRO*"), which, amongst other things, appointed Kelly Crawford as

Receiver for the assets of Defendants TMTE, Inc. a/k/a Metals.com, et al, (the "Receivership Defendants") and over the Receivership Estate (as defined in the *SRO*).

2.     On or about September 13, 2021, the Receiver filed a lawsuit styled *Crawford v. Bleeden, et al.*, Cause No. 3:21-cv-02181 (the "Broker Lawsuit"), in this Court against certain individuals and entities whom the Receiver contends received fraudulent transfers from the Receivership Defendants in exchange for assisting the Receivership Defendants in soliciting investments, through false and misleading representations made to unsuspecting investors.

3.     The Defendants in the Broker Lawsuit include, *inter alia*, Walter Vera ("Vera"), Verastan Group, LLC ("Verastan"), and Midwood Capital, LLC ("Midwood") (Vera, Verastan, and Midwood collectively, the "Vera Defendants"); and David Bleeden ("Bleeden"), Xan, LLC ("Xan"), and Bearhunter, LLC ("Bearhunter") (Bleeden, Xan, and Bearhunter collectively, the "Bleeden Defendants"), (the Vera Defendants and Bleeden Defendants collectively, the "Settling Defendants"). The Receiver entered into settlement agreements with the Settling Defendants that are subject to the approval of this Court. The Receiver believes these settlement agreements, as explained in detail herein, are in the best interest of the receivership because it avoids the continued expense of litigation and eliminates uncertainty regarding obtaining a judgment against the Settling Defendants and collecting a judgment against the Settling Defendants.

## VERA SETTLEMENT AGREEMENT

4.     On July 8, 2025, the Receiver entered into a settlement agreement with the Vera Defendants (the "Vera Settlement Agreement").[1] The Receiver alleged that he traced no less than $3,709,731.00 in transfers from Receivership Defendants to Vera Defendants, which the Receiver sought to recover in the Broker Lawsuit.[2] However, the Vera Defendants deny any liability to the

---

[1] **Exhibit A.** Ex. 0002-0007.
[2] Ex. at 0002.

Receiver.³ Accordingly, the Vera Defendants and the Receiver agreed to settle the claims and release each other from liability on condition that the Vera Defendants pay to the Receiver a total sum of $1,800,000.00 (the "Vera Settlement Amount"), in twenty-two (22) monthly payments as follows:

    (a)    First Payment: $1,000,000.00 on or before August 8, 2025, and then

    (b)    Second Payment: $58,334.75 on or before September 8, 2025, and then

    (c)    Third Payment: $58,334.75 on or before October 8, 2025, and then

    (d)    Fourth Payment: $58,334.75 on or before November 8, 2025, and then

    (e)    Fifth Payment: $58,334.75 on or before December 8, 2025, and then

    (f)    Sixth Payment: $33,333.00 on or before January 8, 2026, and then

    (g)    Seventh Payment: $33,333.00 on or before February 8, 2026, and then

    (h)    Eighth Payment: $33,333.00 on or before March 8, 2026, and then

    (i)    Ninth Payment: $33,333.00 on or before April 8, 2026, and then

    (j)    Tenth Payment: $33,333.00 on or before May 8, 2026, and then

    (k)    Eleventh Payment: $33,333.00 on or before June 8, 2026, and then

    (l)    Twelfth Payment: $33,333.00 on or before July 8, 2026, and then

    (m)    Thirteenth Payment: $33,333.00 on or before August 8, 2026, and then

    (n)    Fourteenth Payment: $33,333.00 on or before September 8, 2026, and then

    (o)    Fifteenth Payment: $33,333.00 on or before October 8, 2026, and then

    (p)    Sixteenth Payment: $33,333.00 on or before November 8, 2026, and then

    (q)    Seventeenth Payment: $33,333.00 on or before December 8, 2026, and then

    (r)    Eighteenth Payment: $33,333.00 on or before January 8, 2027, and then

    (s)    Nineteenth Payment: $33,333.00 on or before February 8, 2027, and then

---

³ Id.

(t)   Twentieth Payment: $33,333.00 on or before March 8, 2027, and then

(u)   Twenty-first Payment: $33,333.00 on or before April 8, 2027, and then

(v)   Twenty-second Payment: $33,333.00 on or before May 8, 2027.

5.   The agreement is conditioned on this Court's approval of the settlement agreement.[4] Because the Vera Defendants could not fund the settlement absent the payment schedule and the Receiver was unwilling to dismiss his claims until the Vera Settlement Amount is paid in full, the Vera Settlement Agreement requires staying the Broker Lawsuit until the final settlement payment is made.

6.   The Vera Settlement Agreement followed extensive negotiations between the Vera Defendants and the Receiver. The Receiver believes the Vera Settlement Agreement is in the best interest of the Receivership Estate because it: (a) avoids the attorneys' fees and expenses that would otherwise be incurred if the Receiver continued to litigate his claims against the Vera Defendants; and (b) avoids the uncertainty inherent in obtaining and collecting a judgment. Accordingly, the Receiver respectfully requests the Court to approve the Vera Settlement Agreement.

7.   Moreover, as stipulated in the Vera Settlement Agreement,[5] the Receiver asks the Court for an Order staying the Broker Lawsuit pending receipt of the full Vera Settlement Amount.

**BLEEDEN SETTLEMENT AGREEMENT**

8.   On July 9, 2025—but with an effective date of June 30, 2025—the Receiver entered into a settlement agreement with the Bleeden Defendants (the "Bleeden Settlement Agreement").[6] The Receiver alleged that he traced no less than $926,846.24 in transfers from Receivership

---

[4] Ex. at 0005.
[5] Ex. at 0004.
[6] **Exhibit B**, Ex. 0009-0013.

Defendants to the Bleeden Defendants, which the Receiver sought to recover in the Broker Lawsuit.[7] However, the Bleeden Defendants deny any liability to the Receiver.[8] Accordingly, the Bleeden Defendants and the Receiver agreed to settle the claims and release each other from liability on condition that the Bleeden Defendants pay the Receiver a total sum of $480,000.00 (the "Bleeden Settlement Amount") in eighteen (18) monthly payments as follows:

(a) First Payment: $15,000.00 on or before July 15, 2025, and then

(b) Second Payment: $7,500.00 on or before August 15, 2025, and then

(c) Third Payment: $5,000.00 on or before September 15, 2025, and then

(d) Fourth Payment: $5,000.00 on or before October 15, 2025, and then

(e) Fifth Payment: $5,000.00 on or before November 15, 2025, and then

(f) Sixth Payment: $5,000.00 on or December 15, 2025, and then

(g) Seventh Payment: $10,000.00 on or before January 15, 2026, and then

(h) Eighth Payment: $10,000.00 on or before February 15, 2026, and then

(i) Ninth Payment: $10,000.00 on or before March 15, 2026, and then

(j) Tenth Payment: $10,000.00 on or before April 15, 2026, and then

(k) Eleventh Payment: $15,000.00 on or before May 15, 2026, and then

(l) Twelfth Payment: $15,000.00 on or before June 15, 2026, and then

(m) Thirteenth Payment: $20,000.00 on or before July 15, 2026, and then

(n) Fourteenth Payment: $25,000.00 on or before August 15, 2026, and then

(o) Fifteenth Payment: $50,000.00 on or before September 15, 2026, and then

(p) Sixteenth Payment: $60,000.00 on or before October 15, 2026, and then

(q) Seventeenth Payment: $70,000.00 on or before November 15, 2026, and then

(r) Eighteenth Payment: $142,500.00 on or before December 15, 2026, and then

---

[7] Ex. at 0009.
[8] Id.

9. The agreement is conditioned on this Court's approval of the settlement agreement.[9] Because the Bleeden Defendants could not fund the settlement absent the payment schedule and the Receiver was unwilling to dismiss his claims until the Bleeden Settlement Amount is paid in full, the Bleeden Settlement Agreement requires staying the Broker Lawsuit until the final settlement payment is made.

10. The Bleeden Settlement Agreement followed extensive negotiations between the Bleeden Defendants and the Receiver. The Receiver believes the Bleeden Settlement Agreement is in the best interest of the Receivership Estate because it: (a) avoids the attorneys' fees and expenses that would otherwise be incurred if the Receiver continued to litigate his claims against the Bleeden Defendants; and (b) avoids the uncertainty inherent in obtaining and collecting a judgment. Accordingly, the Receiver respectfully requests the Court to approve the Bleeden Settlement Agreement.

11. Moreover, as stipulated in the Bleeden Settlement Agreement,[10] the Receiver asks the Court for an Order staying the Broker Lawsuit pending receipt of the Bleeden Settlement Amount.

## PRAYER FOR RELIEF

WHEREFORE, the Receiver respectfully requests that the Court enter an order 1) approving the Vera Settlement Agreement and the Bleeden Settlement Agreement; 2) staying the Broker Lawsuit pending receipt of the full Vera Settlement Amount and the full Bleeden Settlement Amount; and 3) granting the Receiver such other and further relief to which he may be justly entitled.

---

[9] Ex. at 0012.
[10] Ex. at 00011.

Dated: July 15, 2025.

        Respectfully submitted,

        **SCHEEF & STONE, L.L.P.**

        By: /*s/ Peter C. Lewis*
            Peter C. Lewis
            State Bar No. 12302100
            peter.lewis@solidcounsel.com

        500 N. Akard, Suite 2700
        Dallas, Texas 75201
        Telephone: (214) 706-4200
        Telecopier: (214) 706-4242

        **ATTORNEY FOR RECEIVER**
        **KELLY M. CRAWFORD**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on July 15, 2025, the undersigned counsel for the Receiver conferred with counsel for the Plaintiffs and counsel for the individual defendants regarding the relief requested in this motion with counsel for the Plaintiffs and counsel for the defendants. Counsel for the Plaintiffs confirmed that Plaintiffs do not oppose the relief requested in the motion while counsel for the individual defendants confirmed that his clients take no position regarding same.

        */s/ Peter C. Lewis*
        Peter C. Lewis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2025, the foregoing was electronically filed with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which provided a "Notice of Electronic Filing" to all attorneys of record.

*/s/ Peter C. Lewis*
Peter C. Lewis