IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-X |
| TIME, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § | |

**DEFENDANTS LUCAS ASHER AND SIMON BATASHVILI'S MOTION TO RECONSIDER SUMMARY JUDGMENT ORDER**

Defendants Lucas Asher and Simon Batashvili (together, the "Individual Defendants") file this Motion to Reconsider Summary Judgment Order. The Individual Defendants ask the Court to reconsider its Memorandum Opinion and Order on Motion for Summary Judgment (Doc. 911, the "MSJ Order") in light of subsequent conversations among the parties—which confirm Plaintiffs' claims are not supported by law or fact. Therefore, the Court should grant summary judgment in favor of the Individual Defendants and dismiss the CFTC Action (Count I of the Complaint). Further, because of these developments, the Individual Defendants ask the Court to dismiss all remaining claims asserted by the Plaintiff States.

## JOINT REQUEST FOR EXPEDITED BRIEFING SCHEDULE

This case is scheduled for trial on the Court's two-week docket beginning October 20, 2025. (Doc. 912). The parties recognize that the threshold issues identified by the Court will impact pretrial filings—including jury instructions and motions in limine—and possibly whether the trial itself takes place. Therefore, the parties jointly request an expedited briefing schedule on these issues with all briefing, including replies, complete by September 12.

## INTRODUCTION

The Court correctly determined that the exclusive gold and silver coins at issue here—which were sold in cash, retail transactions—are not commodities under Section 1 of the Commodity Exchange Act ("CEA") [7 U.S.C. § 1a(9)].[1] (MSJ Order at 9). Consequently, the CFTC and Plaintiff States fail to state a claim for violation of the CEA—specifically, the alleged violation of Section 6(c)(l) of the CEA [7 U.S.C. § 9(1)], and CFTC Regulation 180.l(a)(l)-(3),

---

[1] Holding that the gold and silver coins do not fall within the category of items delineated in CEA Section 6(c)(1), the Court did not explicitly address the import of the additional fact that the transactions here were cash, retail transactions that were immediately shipped to the customer. But it did note that CEA Section 6(c)(1) only covers items "*in which contracts for future delivery are presently or in the future dealt in*." (MSJ Order at 8) (emphasis in original). As the CFTC concedes, there were no such contracts here. This provides an independent reason that the CFTC does not have jurisdiction. Indeed, the CFTC agreed before pulling an about face here. *See* CFTC Letter No. 97-01, *Division of Trading & Markets*, available at https://www.cftc.gov/sites/default/files/idc/groups/public/@lrlettergeneral/documents/letter/97-01.pdf (Dec. 12, 1996) ("Whether [. . .] any person may sell gold coins and/or gold bullion to another person without being subject to the Commission's jurisdiction *depends upon whether the transaction involves a futures contract or a commodity option*.") (emphasis added). And in multiple decisions since this case was filed, the Fifth Circuit has reined in the CFTC for exactly the type of regulatory overreach employed here. *See Clarke v. CFTC*, 74 F.4th 627, 643-44 (5th Cir. 2023) (invalidating CFTC's attempt to revoke prior no action letter and assert jurisdiction over futures market for trading in predicted outcomes of political events); *CFTC v. EOX Holdings, L.L.C.*, 90 F.4th 439, 446 (5th Cir. 2024) (dismissing CFTC claims on fair notice grounds where—as here—"this enforcement action is the first time the CFTC has advanced this interpretation of the Rule"). Finally, the Rule of Lenity applies here. *Leocal v. Ashcroft*, 543 U.S. 1, 11 n. 8 (2004); *see also Cargill v. Garland*, 57 F.4th 447, 451 (5th Cir. 2023), *cert. granted*, 144 S. Ct. 374 (2023), and a*ff'd*, 602 U.S. 406 (2024) ("A rich legal tradition supports the well known rule that penal laws are to be construed strictly.") (internal quotation omitted); *Carter v. Welles-Bowen Realty, Inc.,* 736 F.3d 722, 730 (6th Cir. 2013) (Sutton, J. concurring) (applying rule of lenity to a statute—like the CEA—which can be enforced civilly or criminally because "a statute is not a chameleon. Its meaning does not change from case to case.").

17 C.F.R. § 180.l(a)(l)-(3).[2] The Court left open, however, the question of whether the CFTC may have enforcement jurisdiction under CEA Section 19. (MSJ Order at 10). As the Court acknowledged, Plaintiffs did not plead Section 19 jurisdiction, and the Court asked for additional briefing on that issue.

The Court further held that the retail transactions at issue here would be carved out of the CFTC's regulatory authority if the transactions "were not entered or offered on a margined, leveraged, or financed basis." (*Id.* at 11). However, the Court held that the Individual Defendants were not entitled to summary judgment because "the Court cannot tell if the transactions at issue were entered or offered on a margined, leveraged, or financed basis." (*Id.* at 11-12).

Finally, the Court noted that it needed further proof that the transactions were "actually delivered." (*Id.* at 12, n. 40).

In summary, the MSJ Order left open three issues:

    (1)    Does the CFTC have jurisdiction under CEA Section 19?

    (2)    Were any transactions entered or offered on a margined, leveraged, or financed basis?

    (3)    Were the gold and silver coins actually delivered?

The parties have conferred on these questions. The CFTC concedes:

    (1)    it does *not* have enforcement jurisdiction under CEA Section 19;

    (2)    none of the transactions at issue were entered or offered on a margined, leveraged, or financed basis; and

    (3)    all gold and silver coins were actually delivered.

*See* Ex. 1 (Davis Decl.). Consequently, the Court should dismiss all claims against the Individual Defendants.[3]

---

[2] *See* Pls.' Original Compl. (Doc. 2 ¶¶ 138-44).

[3] Plaintiff States assert enforcement authority pursuant to 7 U.S.C. § 13a-2(1). It follows that if the transactions at issue do not involve the sale of commodities (i.e., the CFTC lacks enforcement jurisdiction)

## LEGAL STANDARD

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court. The court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Ackerman McQueen, Inc. v. Stinchfield*, No. 3:19-CV-03016-X, 2021 WL 793755, at *1 (N.D. Tex. Mar. 2, 2021) (cleaned up).

## ARGUMENT

### I.    The Court Should Dismiss the CFTC Action.

After the MSJ Order was entered, counsel for the Individual Defendants engaged in various discussions with the CFTC and Plaintiff States about the path forward. During those discussions, the parties discussed the three issues outlined above. During those discussions and in related written communications, the CFTC confirmed that: (1) it does not have Section 19 jurisdiction; (2) none of the transactions were entered or offered on a margined, leveraged, or financed basis; and (3) all gold and silver coins were actually delivered. *See* Ex. 1, Davis Decl. at ¶¶ 3-5. These concessions were consistent with earlier statements made in discussions among counsel. *Id.* They are also consistent with the allegations in the Complaint. There, Plaintiffs do not allege (1) that CEA Section 19 jurisdiction applies; (2) that the transactions were entered or offered on a margined, leveraged, or financed basis;[4] or (3) that any gold and silver coins were not delivered.[5]

---

then Plaintiff States may not pursue a claim under the CEA either. Further, since the Plaintiff States assert the Court has supplemental jurisdiction over their purely state law claims based on 28 U.S.C. § 1367(a), once the anchor claim (violation of the CEA) is dismissed, the Court should dismiss the remaining state law claims (all asserting unique issues of state law) under § 1367(c).

[4] On the contrary, the Plaintiffs allege that many customers who purchased the coins liquidated assets so that they could pay cash for them. *See* Pls.' Original Compl. (Doc. 2 ¶¶ 110-18).

[5] Indeed, Plaintiffs' expert calculated damages based on coins delivered to the customers or their custodian. *See* Samuelson Report (Doc. 776 at App. 2037-40, 2041-42.)

As the CFTC concedes, it does not have enforcement jurisdiction under Section 19 of the CEA. *See* Ex. 1, Davis Decl. at ¶¶ 3-5. Indeed, numerous courts have held that CEA Section 19 jurisdiction only extends to a limited type of leverage contracts.[6] *See CFTC v. Am. Precious Metals, LLC*, 845 F. Supp. 2d 1279, 1287 (S.D. Fla. 2011) (noting the very limited jurisdiction conferred by CEA Section 19 and citing to multiple cases holding the same). And lest there be any doubt, one of the CFTC's own Administrative Law Judges has said the same:

> [Complainant] concludes that the Commission has jurisdiction over these trades because they are "leverage" or "margin" contracts for the delivery of "gold bullion" under Section 19 of the CEA. [. . .] Although not readily apparent from its language, it suffices to note that Section 19's regulatory jurisdiction is limited to a narrowly defined set of specifically conditioned contracts of ten years or longer. There is no suggestion in Li's complaint that the "spot" gold contracts that he traded met these conditions. *To the contrary, "spot" transactions are "transactions for the immediate sale and delivery of a commodity" and lie outside the Commission's jurisdiction.*

*Chang Ming Li v. Gain Capital Grp., LLC*, CFTC No. 10-R024 (C.F.T.C.), Comm. Fut. L. Rep. P. 31906, 2011 WL 457271 (Feb. 8, 2011) (cleaned up) (emphasis added).

In short, the CFTC concedes—and the case law is clear—that there is no Section 19 jurisdiction over the transactions at issue here.

Nor does the CFTC have any other jurisdictional mandate. As the MSJ Order correctly notes: "Congress expressly made retail sales subject to enforcement under sections 4(a), 4(b), and 4b of the CEA, but not section 6." (MSJ Order at 11).[7] Also, because the transactions at issue here were not margined, leveraged, or financed, CEA Section 2 jurisdiction is inapplicable. And even

---

[6] In particular, CEA Section 19 jurisdiction applies to certain standardized contracts that last longer than ten years and therefore are "leverage contracts" as defined by the CFTC's Rule 31.4z(w), 17 C.F.R. § 31.4(w). *Am. Precious Metals, LLC.* 845 F. Supp. 2d at 1282, 1284.

[7] It is important to note that by carving out from the CFTC's jurisdiction retail transactions like those here, Congress did not leave a gap in the overall regulatory regime it created. The Federal Trade Commission thoroughly regulates retail transactions—including unfair or deceptive acts or practices. *See*, *e.g.*, "A Brief Overview of the Federal Trade Commission's Investigative, Law Enforcement, and Rulemaking Authority" (Revised July 2025), *available at* https://www.ftc.gov/about-ftc/mission/enforcement-authority (last visited August 18, 2015). So do the states—typically through their Attorneys General or a consumer protection division.

if they were, the actual delivery exception would apply.[8]

Consequently, any claim based on violation of the CEA or CFTC regulations must be dismissed.

## II. The Court Should Dismiss the State Law Claims.

Plaintiff States are here only because CEA Section 6d(1) [7 U.S.C. § 13a-2(1)] allows them to sue in federal district court to seek injunctive and other relief based on violations of the CEA or CFTC regulations. *See* Pls.' Original Compl. (Doc. 2 at ¶ 17). However, as detailed above and in the MSJ Order, the CEA claims should be dismissed.

This leaves only the individual state law claims to be litigated. The Court should decline to exercise jurisdiction over these remaining claims. The Fifth Circuit has "elucidated the general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (cleaned up). Although this rule is neither mandatory nor absolute (*id.*), the Court should exercise its discretion to dismiss the remaining state law claims.

First, there is no reason to depart from the general rule that the court "should" decline to exercise jurisdiction over the state law claims. On the contrary, it is especially important for the Court to follow this general rule here. Critically, pushing forward with just the individual state law claims will leave the Court with the Hobson's choice of either violating the *Erie* doctrine or the Individual Defendants' due process rights. As detailed in the Individual Defendants' summary judgment motion (Doc. 774 at 46-48, Ex. 41) and their earlier Motion Regarding Pretrial Procedures (Doc. 708), the state laws at issue are replete with inconsistencies.[9] For example, the

---

[8] Thus, Congress provided the CFTC with enforcement jurisdiction over limited retail commodity transactions—those "entered into, or offered … on a leveraged or margined basis." 7 U.S.C. § 2(c)(2)(D). But only so long as there is not "actual delivery [of the commodity] with 28 days." *Id.*

[9] *See also* Mot. Regarding Pretrial Procedures (Doc. 708, Ex. A at 12-15a).

Complaint alleges throughout that "elderly" individuals were targeted—but Alabama and Florida define "elderly" as a person who is 60 or older, while California defines such a person as 65 or older. (*Id*. at 15.) Additionally, some of the states' claims raise important issues of state law and would require this Court to opine on matters best left to the states and their respective courts and lawmakers.

Perhaps most problematic, none of the states have the same definition of "commodity"—in a case that is fundamentally based on allegations of commodities fraud. (*Id.*) In California and Colorado, commodities include farm products, fuels, gems, and foreign currencies—but not "a numismatic coin whose fair market value is at least 15 percent higher than the value of the metal it contains." *See* Mot. Regarding Pretrial Procedures (Doc. 708, Ex. A at 13). Florida, however, incorporates the federal definition of "commodity" into its statute—which, as the Court has held, includes only agricultural products and movie tickets. (*Id.*, Ex. A at 13-14; MSJ Order at 9). Georgia's and South Carolina's definitions—while in some respects similar to California and Colorado—contain important differences, including that South Carolina includes "a precious metal" in the definition of a commodity. Mot. Regarding Pretrial Procedures (Doc. 708, Ex. A at 14).

This mishmash of disparate definitions—including the definition of what is arguably the key term in this entire case—weighs strongly against the Court departing from the general rule. It should dismiss the state claims and let the states prosecute their claims in their home states, should they so choose—as they should have done in the first place.

Finally, as the MSJ Order details, many of the state claims must be dismissed for the same reason as the CEA claim. (*See* MSJ Order at 13) (noting that various state claims, including claims from Florida, Colorado, Georgia, and South Carolina, track the CFTC's claims). So those claims should be dismissed even if the Court chooses not to dismiss all of the state claims.

\*\*\*

In sum, it should be beyond dispute that the CFTC does not have jurisdiction over the retail transactions in gold and silver coins that are at issue here. The CFTC action should be dismissed. Further, in light of these developments, the Individual Defendants ask the Court to dismiss all remaining claims asserted by the Plaintiff States. Dismissal of all remaining claims is consistent with the general rule of the Fifth Circuit and because the state claims suffer from the same infirmities as the CFTC's claims.

DATED: August 19, 2025

Respectfully submitted,

**GRAY REED**

BY: _/s/ Chris Davis_
    Chris Davis
    State Bar No. 24050483
    Angela L. Brown
    State Bar No. 24034533
    Drake Rayshell
    State Bar No. 24118507
    Ryder McCool
    State Bar No. 24122967
    1601 Elm Street, Suite 4600
    Dallas, Texas 75201
    Tel: (214) 954-4135
    Fax: (214) 953-1335
    Email: cdavis@grayreed.com
    Email: abrown@grayreed.com
    Email: drayshell@grayreed.com
    Email: rmccool@grayreed.com

**ATTORNEYS FOR DEFENDANTS LUCAS ASHER and SIMON BATASHVILI**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he conferred with Plaintiffs' counsel by phone multiple times between August 7, 2025 and August 18, 2025. During those conversations, Plaintiffs' counsel stated that they are opposed to the relief sought herein—but are not opposed to expedited briefing on these issues.

*/s/ Chris Davis*
Chris Davis

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing instrument was electronically filed with the Clerk of the court using the CM/ECF system on, which will send notification to the attorneys of record for all parties to this suit.

*/s/ Chris Davis*
Chris Davis

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-X |
| TIME, INC. a/k/a METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/k/a LUCAS ASHER a/k/a LUKE ASHER, and SIMON BATASHVILI, | § § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § § | |
| Relief Defendant. | § | |

## **DECLARATION OF CHRIS DAVIS**

I, Chris Davis, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney licensed in the State of Texas. I represent Lucas Asher and Simon Batashvili in the above-entitled lawsuit.

2. After the Court entered its Memorandum Opinion and Order on Motion for Summary Judgment (Doc. 911, the "MSJ Order"), I engaged in numerous discussions with the Plaintiffs about the path forward. During those discussions, we discussed the following issues: (1) whether the CFTC has CEA Section 19 jurisdiction; (2) whether the transactions at issue here were entered or offered on a margined, leveraged, or financed basis; and (3) whether the transactions at issue here were actually delivered.

3. One of these calls took place on August 7, 2025. During that call, CFTC counsel

1

2

confirmed that: (1) CEA Section 19 does not confer the CFTC with jurisdiction over the transactions as issue here; (2) the transactions at issue here were not entered or offered on a margined, leveraged, or financed basis; and (3) the transactions at issue here were actually delivered.

4. This discussion was memorialized in an email exchange between CFTC counsel and me. A true and correct copy of that email exchange is attached to this declaration.

5. The August 7 phone call and subsequent email exchange were consistent with other conversations with the CFTC throughout this case. In those conversations, the CFTC has consistently acknowledged that the retail transactions at issue here were actually delivered and were not entered or offered on a margined, leveraged, or financed basis.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 19, 2025

/s/ Chris Davis
Chris Davis

| | |
|---|---|
| From: | Mulreany, Timothy J. |
| To: | Chris Davis |
| Cc: | Karst, Danielle |
| Subject: | RE: [EXTERNAL] Phone call follow-up/confirmation |
| Date: | Monday, August 11, 2025 10:03:44 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

Hi Chris,

We are not disputing that customers received their precious metals within 28 days of the formation of the contract, and you may advise the court that we are not disputing that factual issue.

There were some folks who bought from Barrick that didn't get their precious metals, but that was because of the operation of the SRO, so that is irrelevant for our purposes.

Tim



**Timothy J. Mulreany**
Chief Trial Attorney
HQ/Division of Enforcement
**Commodity Futures Trading Commission**
202-418-5306
tmulreany@cftc.gov



This email may be confidential or protected by privilege. If you are not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**From:** Chris Davis <cdavis@grayreed.com>

**Sent:** Monday, August 11, 2025 10:06 AM
**To:** Mulreany, Timothy J. <tmulreany@CFTC.gov>
**Cc:** Karst, Danielle <DKarst@CFTC.gov>
**Subject:** RE: [EXTERNAL] Phone call follow-up/confirmation

**CAUTION:** This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

---

I do need to clarify the last part of your email. You outlined your legal position. But I want to make sure we're on the same page on the factual allegations. Can you please confirm that the retail transactions here provided for actual delivery within 28 days (notwithstanding the legal import of that). I've never understood there to be a disagreement on that—but want to make sure. Thanks.

Chris

**From:** Mulreany, Timothy J. <tmulreany@CFTC.gov>
**Sent:** Monday, August 11, 2025 8:37 AM
**To:** Chris Davis <cdavis@grayreed.com>
**Cc:** Karst, Danielle <DKarst@CFTC.gov>
**Subject:** RE: [EXTERNAL] Phone call follow-up/confirmation

Chris,

It is the Commission's position that Section 19 of the Commodity Exchange Act applies to types of transactions that are not at issue in this case: margin or leverage accounts and contracts. The CFTC is not charging Defendants under CEA Section 19. Similarly, the "actual delivery" provision in CEA Section 2(c)(2)(D) applies to certain leveraged, margined or financed commodity transactions, none of which are at issue here. CEA Section 2(c)(2)(D) does not apply, and the "actual delivery" exception within that provision is irrelevant to this case.
Please let me know if you need anything else.
Tim

Timothy J. Mulreany
Chief Trial Attorney
HQ/Division of Enforcement
**Commodity Futures Trading Commission**



202-418-5306
tmulreany@cftc.gov

This email may be confidential or protected by privilege. If you are not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**From:** Chris Davis <cdavis@grayreed.com>
**Sent:** Friday, August 8, 2025 2:52 PM
**To:** Mulreany, Timothy J. <tmulreany@CFTC.gov>
**Subject:** [EXTERNAL] Phone call follow-up/confirmation

**CAUTION**: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

Tim –

Thanks for the time on the phone yesterday. I do think it's likely we'll be filing a motion regarding the issues we discussed. In order to ensure that there's no doubt—and that I'm accurately representing our discussion (and prior discussions) to the Court—can you please confirm that:
- the retail transactions at issue here did not involve leverage, margin, or financing;
- the retail transactions here provided for actual delivery within 28 days; and
- Section 19 of the Commodity Exchange Act does not provide the CFTC with jurisdiction over

the retail transactions at issue here.

I appreciate it and hope you have a good weekend.

Chris

**Chris Davis**
Partner
Tel 469.320.6215 | Fax 469.320.6926 | cdavis@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn



**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.