UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ET AL., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:20-cv-2910-X |
| TMTE, INC., ET AL., | § § § | |
| *Defendants*. | § | |

# **ORDER**

Before the Court are the Parties' Motions for Reconsideration. (Docs. 929 and 930). When ruling on the dueling summary judgment motions, the Court held that the Commodity Futures Exchange Commission (CFTC) lacks authority to regulate precious metals under section 1 of the Commodities Exchange Act based on the record the CFTC presented. The CFTC, concerned the Court did not assume what it assumed, moved for reconsideration and raised a case from the Fifth Circuit from 1978. That case was mysteriously absent from the CFTC's summary judgment briefing, as was any meaningful textualist or originalist explanation of its authority. While the CFTC may be comfortable operating off assumptions, Courts aren't. And the raising of that case at this juncture leads to more questions than answers, as it was decided before the birth, growth, and death of *Chevron* deference, before the Major Questions Doctrine emerged on the scene, and before the Supreme Court clarified the formulation for non-delegation in *Whitman v. American Trucking*

1

*Associations, Inc.*, 531 U.S. 457 (2001). Instead of proceeding through a textualist and originalist analysis piecemeal, as the CFTC has done, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' motions, **VACATES** the scheduled trial date, and **ORDERS** the Parties to provide amended summary judgment motions that also cover these questions by October 3, 2025:

1. What was the ordinary public meaning of "commodity" at the time of the enactment and amendments of statute in question?
2. Is the Court bound by *CFTC v. Muller*, 570 F.2d 1296 (5th Cir. 1978) in light of:
   a. the Supreme Court's development of the Major Questions Doctrine, and
   b. the Supreme Court's holding in *Whitman v. American Trucking Ass'n*, 531 U.S. 457 (2001).
3. Does the CFTC's interpretation implicate the Major Questions Doctrine?
4. Does 7 U.S.C.A. § 1a provide the CFTC with an intelligible principle?
5. What weight should be given to the CFTC's interpretation of "all other goods" in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)?

**IT IS SO ORDERED** this 12th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE