# EXHIBIT 1
# Receiver's
# Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, *et al.* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2910-L |
| TMTE, INC. a/lda METALS.COM, CHASE METALS, INC., CHASE METALS, LLC, BARRICK CAPITAL, INC., LUCAS THOMAS ERB a/lda LUCAS ASHER a/lda LUKE ASHER, and SIMON BATASHVILI, | § § § § § § | |
| Defendants, | § § | |
| TOWER EQUITY, LLC, | § § | |
| Relief Defendant. | § § | |

## DECLARATION OF RECEIVER KELLY M. CRAWFORD

My name is Kelly M. Crawford, I am over 18 years of age, have never been convicted of any crime involving moral turpitude and I am fully competent to make this Declaration.

1.    I am the Receiver appointed by this Court by an *Order Granting Plaintiffs' Emergency Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and Other Equitable Relief (the "SRO")* entered on September 22, 2020 in the case styled above and I have personal knowledge of each of the facts stated below.

2.    Pursuant to my duties as Receiver, I have been investigating the assets owned or controlled by the Defendants and Relief Defendants to determine the assets subject to and recoverable under the SRO and the Individuals' Consent Order and Entities' Consent Order

EXHIBIT

1

(collectively, the "Receivership Orders").[1]

3.    Pursuant to the Court's Order [Dkt. 549], Defendant Batashvili was given the right to earn New Income, as defined in the Order, to pay for his attorneys in this case.    Defendant Batashvili's counsel is required to provide me with quarterly reports regarding the income received and expenses paid.  In addition, I was to be given access to the account in which the New Income is deposited and from which the attorneys fees are paid.  Based upon my review of the quarterly reports provided by Defendant Batashvili's counsel, and a review of the bank account that receives and distributes New Income, from June, 2023 to August, 2025, the sum of $1,680,000 has been paid to the Gray Reed law firm, attorneys for Defendants Batashvili and Asher in this lawsuit.  In addition, although the Court's Order restricted use of the New Income to payment of the Defendants attorneys "in this case", Defendant Batashvili paid $100,000 from the New Income Account to Vedder Price, the law firm representing him in the criminal case.

4.    As Receiver, I provided full access to Defendant Batashvili's attorneys to the documents and information I gathered as Receiver a long time ago.  Indeed, I responded to two sets of discovery requests served upon me by Defendant Batashvili's attorneys on November 27, 2023, and May 30, 2024.  Moreover, Defendant Batashvili's attorneys took my deposition on June 27, 2024.  They have been provided the forensic accounting I had prepared; they have been given access to the DISCO platform that has the images of the documents I recovered, and they have been given access, and visited on a number of occasions, the room at the Receiver's office dedicated to housing hard copies of documents recovered by the Receiver.  Defendant Batashvili's

---

[1] The *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants Lucas Thomas Erb a/k/a Lucas Asher a/k/a Luke Asher and Simon Batashvili (the "Individuals' Consent Order")* [Docket No. 165], and the *Consent Order of Preliminary Injunction and Other Equitable Relief Against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and Relief Defendant Tower Equity, LLC (the "Entities' Consent Order")* [Docket No. 164].

attorneys have had access to all the information they need to determine the source of funds held by the receivership for months, if not years.

5.    The receivership never recovered any money from the Chase Account identified by Defendant Batashvili at OneWest Bank. Indeed, the receivership has not received any monies from OneWest Bank. It is my understanding the account at OneWest Bank was closed in 2017. The receivership did not begin until September 22, 2020 and therefore only recovered from banks monies that were in accounts in the names of the Defendants as of September 22, 2020.

6.    The receivership recovered from Bank of America the sum of $71,410.22 that was in the name of the minor daughter of Defendant Batashvili. Defendant Batashvili was a signatory on the account. I previously provided a declaration regarding the source of funds in this account. As shown in the excerpt from the forensic accounting of the Defendants' bank records that was prepared by my forensic accountant Brandlin & Associates, the account was funded with monies from Barrick Capital, First American Estate, Instribution, and Tower Estates. See **Exhibit A** attached hereto. First American Estate, Instribution, and Tower Estates were added as "receivership entities" subject to the SRO by an *Order Granting Receiver's Motion to Identify Certain Entities in Receivership* entered by the Court on March 22, 2021 [Dkt. 230] because Defendants Batashvili and Asher owned and controlled these entities.

7.    As set forth in Status Reports I filed with the Court in this case, the balance of the receivership account, after the $8 million distribution to approved claimants and payment of expenses of the receivership, was $5,983,495.05. The sources of the funds in the receivership account are listed on **Exhibit B** attached hereto. As shown on the attached list, the primary sources of funds in the receivership account are from settlements of the Receiver's claims against third parties to recover fraudulent conveyances, false profits, or broker commissions. Under a first in,

---

first out accounting, the monies recovered from the account in the name of Defendant Batashvili's daughter were distributed and are no longer in the possession of the Receiver.

8.    By letter dated July 17, 2025 from the Department of the Treasury to me, as Receiver of Chase Metals, Inc., I was informed of a deficiency owed by Chase Metals, Inc. from 2018, 2019, and 2020 of $29,242,879.90 in unpaid taxes, penalties, and interest. A true and correct copy of the Notice of Deficiency is attached hereto as **Exhibit C**. Due to the IRS investigation of taxes it claims are owing by Defendant Chase Metals, Inc., I requested and obtained permission from the U.S. Department of Justice, Tax Division to distribute $8 million from the receivership estate to the approved claimants in this case. A copy of the letter dated April 2, 2025 granting me permission to make the interim distribution is attached hereto as **Exhibit D**.

9.    When first advised by counsel for Defendant Batashvili that he would be filing a motion to release funds from the receivership to fund his legal defense, my counsel Peter Lewis indicated our intent to depose Defendant Batashvili regarding his sources of income. Jeff Ansley, counsel for Defendant Batashvili, indicated that "he's not able to give depo testimony due to the pending indictment, which I'm sure isn't a surprise." My counsel Mr. Lewis responded to Mr. Ansley by informing him that by Mr. Batashvili putting into his issue his financial inability to pay for counsel, he is subject to being deposed on that issue by the Receiver. A true and correct copy of the email exchanges between my counsel Mr. Lewis and Mr. Batashvili's counsel Mr. Ansley on October 10, 2025 are attached hereto as **Exhibit E**.

10.    I declare under penalty of perjury that the foregoing is true and correct and is within my personal knowledge.

_____
KELLY M. CRAWFORD
RECEIVER

Dated:        December 2, 2025

# EXHIBIT A

**Catherine Batashvili**
**Wells Fargo Account x 3782**
**Deposits**

|  | 2017 | 2018 | 2019 | 2020 | Grand Total |
|---|---|---|---|---|---|
| Simon Batashvili x 2591 |  | $ 2,500 | $ 9,000 | $ 20,000 | $ 31,500 |
| Instribution x 4082 | $ 20,000 | $ 2,500 |  |  | $ 22,500 |
| First American Estate x 9138 |  |  | $ 10,000 |  | $ 10,000 |
| Barrick Capital x 9973 |  |  |  | $ 5,000 | $ 5,000 |
| Tower Estates x 4509 |  |  |  | $ 1,000 | $ 1,000 |
| Interest Payment | $ 1 | $ 3 | $ 803 | $ 4 | $ 812 |
| **Grand Total** | $ 20,001 | $ 5,003 | $ 19,803 | $ 26,004 | $ 70,812 |



# EXHIBIT B

## SOURCES OF FUNDS IN RECEIVERSHIP ACCOUNT

### Balance as of 10-10-25 is $5,983,495.05

Sources are derived from Receiver's Status Reports – 11-17, and monies recovered since most recent status report.

**SETTLEMENTS FROM CLAIMS AGAINST BROKERS AND CRUZ:**

**$4,357,102.60**

**MONIES FROM DE WHOLESALE ACCOUNT AT BANK OF AMERICA:**

**$990,721.46**

**SALE OF REAL PROPERTY IN PHILADELPHIA: $427,543.96**

**DISTRIBUTIONS FROM REALS ESTATE PARTNERSHIPS/EQUITY INVESTMENTS:**

**$101,826.80**

**INTEREST: $4,081.19**

**INTEREST CAPITALIZATION: $364,970.49**

**TOTAL DEPOSITS FROM OCTOBER 24, 2023 THROUGH OCTOBER 10, 2025:**

**$6,246,246.50**



# EXHIBIT C

**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**

IRS

25520 Commercentre Drive
M/S 5916
Lake Forest  CA  92630

ORIGINAL

Date:  JUL 1 7 2025

Taxpayer ID number:
82-2789421

Form:
1120

Contact person:
L. Gonzalez

Employee ID number:
1000246088

Contact numbers:
Phone:  949-638-7004
Fax:    877-477-9165

Certified Mail

CHASE METALS INC
C/O KELLY CRAWFORD, RECEIVER
500 North Akard St
Suite 2700
Dallas TX  75201

Last day to file petition with US tax court:

OCT 1 5 2025

### Notice of Deficiency

| Tax Year Ended: | December 31, 2018 | December 31, 2019 | December 31, 2020 |
|---|---|---|---|
| Deficiency:<br>Increase in tax | $7,197,755.00 | $15,874,249.00 | $405,526.00 |
| Penalties or Additions to Tax | | | |
| IRC 6662(a) | $1,439,551.00 | | |
| IRC 6651(a)(1) | | $3,571,706.03 | $91,243.35 |
| IRC 6651(a)(2) | | $3,968,562.25 | $99,353.87 |
| IRC 6655 | | $556,164.95 | $7,330.64 |

Dear CHASE METALS INC:

**Why we are sending you this letter**
We determined that you owe additional tax or other amounts, or both, for the tax years above. This letter is your **Notice of Deficiency** as we're required by law to send you. The enclosed Form 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed), or Form 5278, Statement - Income Tax Changes, shows how we figured the deficiency.

**If you agree with the Notice of Deficiency**
If you agree with our determination, sign the enclosed Form 4089-B, Notice of Deficiency - Waiver, and return it to us at the address on the top of the first page of this letter. Sending this now can help limit the accumulation of interest.

**If you disagree with the Notice of Deficiency**
If you want to contest our final de[...] days from the date of this letter (150 days if addressed to you outside of the U[...]tion with the United States Tax Court.



**Letter 531 (Rev. 3-2024)**
Catalog Number 40223L

**How to file your petition**

You can download a fillable petition form and get information about filing at **ustaxcourt.gov.** The Tax Court encourages petitioners to electronically file petitions. You can eFile your completed petition by following the instructions and user guides available on the Tax Court website at **ustaxcourt.gov/dawson.html.** You will need to register for a DAWSON account to do so. Or you may send the completed petition to:

United States Tax Court
400 Second Street, NW
Washington, DC 20217

Be sure to include a copy of this notice and any attachments with the petition and the filing fee payable online, or by mail or in person using a check or money order made out to Clerk, U.S. Tax Court. Do not send your petition to the IRS; you must file your petition with the Tax Court.

If this notice shows more than one tax year, you can file one petition form showing all of the years you disagree with.

The Tax Court has a simplified procedure for small tax cases. If you plan to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000 (including penalties), you can't use this simplified procedure. If you use this simplified procedure, you can't appeal the Tax Court's decision. You can get information about the simplified procedure from **ustaxcourt.gov** or by writing to the court at the address above.

If you recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.

You can represent yourself before the Tax Court, or anyone allowed to practice before the Tax Court can represent you.

**Time limits on filing a petition**
**The court can't consider your case if you file the petition late.**

- A petition is considered timely filed if the Tax Court receives it within:
  - 90 days from the date this letter was mailed to you, or
  - 150 days from the date this letter was mailed to you 1) if this letter is addressed to you outside of the United States, or 2) if you are outside of the United States when this letter is mailed to you.
- A petition is also generally considered timely if the United States Postal Service postmark date is within the 90 or 150-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if mailed using the mail service of a foreign country.
- A petition is also generally considered timely if the date recorded by a designated private delivery service in its database as received is within the 90 or 150-day period. Not all services offered by private delivery companies are designated delivery services. For a list of designated delivery services available for domestic and international mailings and rules pertaining to them, see Notice 2016-30, which is available on the IRS website at **IRS.gov/irb201618**. Please note that the list of approved delivery companies may be subject to change.
- The time you have to file a petition with the Tax Court is set by law and can't be extended or suspended, even for reasonable cause. We can't change the allowable time for filing a petition with the Tax Court.

**Letter 531 (Rev. 3-2024)**
Catalog Number 40223L

**If you are married**
We're required to send a notice to each spouse. If both want to petition the Tax Court, **both** must sign and file the petition or **each** must file a separate, signed petition. If only one spouse timely petitions the Tax Court, the deficiency may be assessed against the non-petitioning spouse. If only one spouse is in bankruptcy at the time we issued this letter or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prevent the spouse who is not in bankruptcy from filing a petition with the Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief doesn't extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

**If we don't hear from you**
If you decide not to sign and return Form 4089-B, and you don't file a timely petition with the Tax Court, we'll assess and bill you for the deficiency (and applicable penalties and interest) after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**Note:** If you are a C corporation, we're required by Internal Revenue Code Section 6621(c) to charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

**If you need more assistance**
If you have questions, you can contact the person at the top of this letter. If you write, include a copy of this letter, your telephone number, and the best hours to reach you. Keep the original letter for your records.

You may fax your documents to the fax number shown above, using either a fax machine or online fax service. Protect yourself when sending digital data by understanding the fax service's privacy and security policies.

The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. However, you may be eligible for free help from the Taxpayer Advocate Service (TAS) if you can't resolve your tax problem with the IRS or if you believe an IRS procedure just isn't working as it should. TAS is an independent organization within the IRS that helps taxpayers and protects taxpayer rights. Visit **TaxpayerAdvocate.IRS.gov/contact-us** or call 877-777-4778 (TTY/TDD 800-829-4059) to find the location and phone number of your local advocate. Learn more about TAS and your rights under the Taxpayer Bill of Rights at **TaxpayerAdvocate.IRS.gov**. Do not send your Tax Court petition to TAS. Use the Tax Court address provided earlier in the letter. Contacting TAS does not extend the time to file a petition.

**Information about Low Income Taxpayer Clinics and other resources**
Tax professionals who are independent from the IRS may be able to help you.

Low Income Taxpayer Clinics (LITCs) can represent low-income persons before the IRS or in court. LITCs can also help persons who speak English as a second language. Any services provided by an LITC must be for free or a small fee. To find an LITC near you:
- Go to **taxpayeradvocate.irs.gov/litcmap**;
- Download IRS Publication 4134, Low Income Taxpayer Clinic List, available at **IRS.gov/forms**; or
- Call the IRS toll-free at 800-829-3676, and ask for a copy of Publication 4134.

State bar associations, state or local societies of accountants or enrolled agents, or other nonprofit tax professional organizations may also be able to provide referrals.

**Letter 531 (Rev. 3-2024)**
Catalog Number 40223L

If you lack access to a computer or the internet and want to file a paper petition, you may get a copy of the petition form and filing information by contacting the Office of the Clerk of the Tax Court at the address previously stated and repeated below or by calling 202-521-0700.

United States Tax Court
400 Second Street, NW
Washington, DC 20217

Sincerely,

Billy Long
Commissioner
By

Joshua A. Cook
Technical Services Territory Manager

Enclosures:
Form 4549-A or Form 5278
Form 4089-B
Notice 1421

Letter 531 (Rev. 3-2024)
Catalog Number 40223L

Page: 5

Continuation Sheet

| NAME:   CHASE METALS INC | TIN: 82-2789421 |
|---|---|

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Delinquency Penalty  IRC section 6651(a)(1)

Since you did not file your return within the time prescribed by law, and you did not show that not filing was due to reasonable cause, a penalty of 5 percent is added to the tax for each month or part of a month for which your return was late.  The penalty will not exceed a total of 25 percent.  In addition, interest is figured on this penalty from the due date of this return, (including any extension). See section 6651(a)(1) and 6601(e)(2) of the Internal Revenue Code.

Delinquency Penalty  IRC section 6651(a)(2)

This amount only reflects the addition of tax under Section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Estimated Tax Penalty  IRC section 6655

Since you did not pay sufficient estimated tax, an addition to the tax is charged as shown in the accompanying computation.  See section 6655(a) of the Internal Revenue Code.

# EXHIBIT D



**U.S. Department of Justice**

**Tax Division**

*Trial Attorney: Mary Elizabeth Smith*          *Civil Trial Section, Southwestern Region*
*Attorney's Direct Line: 214-880-9779*          *1700 Pacific Avenue, Suite 3700*
*Fax No. 214-880-9741*          *Dallas, Texas 75201*
*Mary.E.Smith@usdoj.gov*

CM:MESmith
DJ 5-73-23070
CMN 2024100543

April 2, 2025

**BY ELECTRONIC MAIL ONLY**
Brian J. Spiegel
Meadows Collier
901 Main Street, Suite 3700
Dallas, Texas 75202
bspiegel@meadowscollier.com

                Re:    Commodity Futures Trading Commission v. TMTE, Inc.
                        <u>Case No. 20-cv-2910 (N.D. Tex.)</u>

Dear Counsel:

      The Court in the above-referenced case entered an order authorizing the Receiver to make an $8 million interim distribution from the receivership account on a pro rata basis to investors with approved claims ("Approved Claimants"). ECF No. 614. The IRS has a claim against Chase Metals, Inc. relating to the company's outstanding federal income tax liabilities for tax years 2018 to 2020, which totals approximately $37,270,000 as of February 11, 2025. The Receiver requests that the United States agree to subordinate the IRS's claim against Chase Metals to allow the Receiver to make the $8 million interim distribution to the Approved Claimants. I write to confirm that the United States has agreed to that request and the Receiver may make the interim distribution consistent with the Court's order. If you need something more than this letter, please let me know.

                                    Sincerely,

                                      Mary Beth Smith
                                    Trial Attorney
                                    Civil Trial Section, Southwestern Region



EXHIBIT

    - Page 1

# EXHIBIT E

**Kelly Crawford**

| | |
|---|---|
| **From:** | Peter Lewis |
| **Sent:** | Friday, October 10, 2025 3:28 PM |
| **To:** | Ansley, Jeffrey J.; Kelly Crawford |
| **Cc:** | Goodman, Arianna G.; Devlin, Katherine M. |
| **Subject:** | Re: [EXT] RE: Simon Batashvili Motion for Release of Untainted Assets |

Jeff,

Thanks for your quick response. Please allow me to respond to your points.

1. If Mr. Batashvili is taking the position that he needs assets to pay for his counsel, then he has put that issue into play and we are entitled to depose Mr. Batashvili on that issue as that issue does not go to liability. He cannot affirmatively put an issue into play and make an allegation (i.e. – I need funds for counsel) and then refuse to answer questions about that allegation based on the Fifth Amendment. We can send you case law on that if you desire.

2. Please also note that it is not my client's responsibility to confer with the CFTC regarding the Motion (if that is what you were inferring). As I mentioned earlier to Katherine, Mr. Batashvili has the obligation to confer with the CFTC regarding the motion and I was merely pointing out that until the government shutdown is over, that is not possible. Indeed, the Receiver has issues he needs to confer with the CFTC about and has been unable to do so because of the government shutdown.

3. What specific assets are you claiming are untainted so that I can confer with Kelly regarding your proposed motion? If you are refusing to provide this information as we have requested, then I do not believe you have met the meet and confer obligations under the local rules.

4. So if you choose to file the motion without providing this information or a draft of your motion, then please include this email in your certificate of conference that you file with the Court. Thanks!

1

EXHIBIT

E

Peter Lewis PARTNER

Scheef & Stone, LLP
www.solidcounsel.com | 214.706.4241
Office: 214.706.4200 | Fax: 214.706.4242 | Cell: 214.215.0639
500 North Akard Street, Suite 2700, Dallas, Texas 75201

Important: This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

Note: Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys. If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.

**From:** Ansley, Jeffrey J. <jansley@vedderprice.com>
**Sent:** Friday, October 10, 2025 1:40:14 PM
**To:** Peter Lewis <Peter.Lewis@solidcounsel.com>; Kelly Crawford <kelly.crawford@solidcounsel.com>
**Cc:** Goodman, Arianna G. <agoodman@vedderprice.com>; Devlin, Katherine M. <kdevlin@vedderprice.com>
**Subject:** RE: [EXT] RE: Simon Batashvili Motion for Release of Untainted Assets

CAUTION: EXTERNAL EMAIL

Peter,

Thanks for your quick reply. He's not able to give depo testimony due to the pending indictment, which I'm sure isn't a surprise. We can just put the receiver down as either opposed or that you'll advise the Court of the receiver's position after reviewing the motion and conferring with the CFTC. Just let us know which you prefer or if you'd like to discuss. I'm around all afternoon.

Thanks, Peter.

Jeff

**Jeff Ansley**
Shareholder | White Collar Defense & Government Investigations

**Vedder**Price
214.727.3994 (m)
469.895.4790 (o)
300 Crescent Court | Suite 400
Dallas, Texas 75201

2

web | email | offices | biography

**From:** Peter Lewis <Peter.Lewis@solidcounsel.com>
**Sent:** Friday, October 10, 2025 1:35 PM
**To:** Devlin, Katherine M. <kdevlin@vedderprice.com>; Kelly Crawford <kelly.crawford@solidcounsel.com>
**Cc:** Ansley, Jeffrey J. <jansley@vedderprice.com>; Goodman, Arianna G. <agoodman@vedderprice.com>
**Subject:** [EXT] RE: Simon Batashvili Motion for Release of Untainted Assets [VED-VP.FID6279831]

Dear Katherine: Thanks for your email. In response:

a. Could you please identify the specific assets in the receivership Mr. Batashvili contends are "untainted assets" so that I can confer with the Receiver.
b. Please also note, as I am sure you are aware, that you will need to confer with the CFTC but given the government shut down, unfortunately,  a conference with the CFTC will not be possible until the government shutdown ends.
c. Also please keep in mind that from the Receiver's vantage, the SRO, as amended, allows Mr. Batashvili to earn restricted income to be used to pay his attorneys' fees.
d. Note in this regard that we have information indicating that Mr. Batashvili has been generating significant income that is more than sufficient to pay his attorneys fees in both his civil and criminal case.
e. So based on the foregoing, we will need to take Mr. Batashvili's deposition regarding his sources of income as soon as possible so that we can adequately respond to your motion.

Thanks!

Best,

Peter


**Peter Lewis** PARTNER
**Scheef & Stone, LLP**
www.solidcounsel.com | 214.706.4241
Office: 214.706.4200 | Fax: 214.706.4242 | Cell: 214.215.0639
500 North Akard Street, Suite 2700, Dallas, Texas 75201

     

**Important:**  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:**  Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys.  If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.

**From:** Devlin, Katherine M. <kdevlin@vedderprice.com>
**Sent:** Friday, October 10, 2025 12:56 PM
**To:** Kelly Crawford <kelly.crawford@solidcounsel.com>; Peter Lewis <Peter.Lewis@solidcounsel.com>
**Cc:** Ansley, Jeffrey J. <jansley@vedderprice.com>; Goodman, Arianna G. <agoodman@vedderprice.com>
**Subject:** Simon Batashvili Motion for Release of Untainted Assets [VED-VP.FID6279831]

**CAUTION:** EXTERNAL EMAIL

Kelly and/or Peter,

As y'all know, we represent Mr. Batashvili in *United States v. Batashvili*, 3:25-cr-00343-X. We plan to make a limited appearance in the CFTC case for the purpose of filing a motion requesting the release of untainted assets to be used for attorney's fees in his criminal defense. Please advise as to the Receiver's position at your earliest convenience.

Thanks!
Katherine

**Katherine M. Devlin,** Associate

**Vedder**Price

T +1 469 895 4795
300 Crescent Court, Suite 400, Dallas, TX 75201
web | email | offices | biography

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price (FL) LLP, which operates in Florida, and Vedder Price Pte. Ltd., which operates in Singapore.

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 609-5038 and also indicate the sender's name. Thank you.

d250106us