IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> TMTE, INC. a/k/a METALS.COM, *et al*., <br><br> Defendants, <br><br> and <br><br> TOWER EQUITY, LLC, <br><br> Relief Defendant. | Case No. **3:20-CV-02910-X** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SIMON BATASHVILI'S MOTION FOR RELEASE OF FUNDS FOR CRIMINAL DEFENSE**

# TABLE OF CONTENTS

PROCEDURAL HISTORY ...................................................................................................... 3

    A.   Complaint And Statutory Restraining Order Dated September 22, 2020 .......................... 3

    B.   Consent Order Of Preliminary Injunction Dated October 14, 2020 .................................. 4

    C.   Order Dated May 3, 2022, Denying The Individual Defendants' Motion To Modify The Preliminary Injunction.................................................................................................................... 4

    D.   Modification Of Consent Order Of Preliminary Injunction Providing Carve Out For Attorneys' Fees In This Action ................................................................................................... 5

ARGUMENT ........................................................................................................................... 6

    A.   The May 19, 2023, Order Modifying The Order of Preliminary Injunction Already Contains A Carve Out Provision For Defendants To Compensate Counsel Using "New Income," Which Defendants Already Have Utilized To The Tune Of Nearly $1.8 Million ....... 6

    B.   The Chase Metals OneWest *9387 Account Closed In November 2017, And No Funds From This Account Were Part of the Receivership In This Action ........................................... 7

    C.   Defendant Batashvili Has Made No Showing Justifying The Release Of Funds From The Receivership ................................................................................................................................. 8

CONCLUSION........................................................................................................................11

i

# TABLE OF AUTHORITIES

Cases                                                                                          Page(s)

*Beaumont Lamar Apartments, LLC v. Wallis Bank*,.......................................................10
  No. 4:23-cv-341, 2023 WL 12035401 (N.D. Tex. Nov. 8, 2023)

*Caplin & Drysdale, Chartered v. United States*,
  491 U.S. 617 (1989) ................................................................................................9

*CFTC v. Int'l Monetary Metals, Inc.*,
  No. 0:14-cv-62244, 2016 WL 8256852 (S.D. Fla. Aug. 1, 2016) ............................3

*CFTC v. Laino Grp. Ltd.*,
  No. 4:20-cv-3317, 2021 WL 4059385 (S.D. Tex. June 30, 2021)............................2

*CFTC v. McAllister*,
  No. 1:18-cv-346, 2021 WL 7541402 (W.D. Tex. Aug. 18, 2021) ............................3

*CFTC v. Muller*,
  570 F.2d 1296 (5th Cir. 1978)...................................................................................2

*CFTC v. Noble Metals Int'l, Inc.*,
  67 F.3d 766 (9th Cir. 1995).......................................................................................8

*Fed. Savings & Loan Ins. Corp. v. Dixon*,
  835 F.2d 554 (5th Cir. 1987)......................................................................................8

*FTC v. 4 Star Resolution, LLC*,
  No. 1:15-cv-112, 2015 WL 4276273 (W.D.N.Y. July 14, 2015) .............................8

*FTC v. 4 Star Resolution, LLC*,
  No. 1:15-cv-112, 2016 WL 768656 (W.D.N.Y. Feb. 29, 2016)..............................10

*FTC v. IAB Mktg. Assocs.*,
  No. 0:12-cv-61830, 2013 WL 2433214 (S.D. Fla. June 4, 2013)..............................8

*FTC v. Liberty Supply Co.*,
  No. 4:15-cv-829, 2016 WL 4182726 (E.D. Tex. Aug. 8, 2016) ...............................8

*FTC v. O.T., Inc.*,
  467 F. Supp. 2d 863 (N.D. Ill. 2006) ........................................................................8

*FTC v. Vantage Point Servs., LLC*,
  No. 1:15-cv-6, 2016 WL 1745514 (W.D.N.Y. May 3, 2016) ...................................8

*Luis v. United States*,
    578 U.S. 5 (2016) ................................................................................................ 9

*Powell v. Alabama*,
    287 U.S. 45 (1932) .............................................................................................. 9

*SEC v. Collector's Coffee, Inc.*,
    697 F. Supp. 3d 138 (S.D.N.Y. 2023) ............................................................... 10

*SEC v. Credit Bancorp Ltd.*,
    No. 1:99-cv-11395, 2010 WL 768944 (S.D.N.Y. Mar. 8, 2010) ......................... 9, 10

*SEC v. Dobbins*,
    No. 3:04-cv-605, 2004 WL 957715 (N.D. Tex. Apr. 14, 2004) ............................ 8

*SEC v. Forte*,
    598 F. Supp. 2d 689 (E.D. Pa. 2009) ................................................................ 11

*SEC v. Kontilai*,
    No. 1:19-cv-4355, 2020 WL 8613722 (S.D.N.Y. Nov. 20, 2020) ........................ 10

*United States v. Bonventre*,
    720 F.3d 126 (2d Cir. 2013) ............................................................................. 9, 10

*United States v. Monsanto*,
    491 U.S. 600 (1989) ........................................................................................... 9

Statutes

7 U.S.C. § 1a(9) .................................................................................................... 3

Plaintiffs Commodity Futures Trading Commission ("CFTC") and the States respectfully submit this opposition to Defendant Simon Batashvili's ("Defendant" or "Batashvili") Motion for Release of Funds for Criminal Defense ("Batashvili Mot.," ECF No. 951), filed by his criminal defense counsel after the Court stayed this action on October 2, 2025, due to the federal government shutdown.[1] Order dated Oct. 2, 2025 (ECF No. 949). Batashvili, unburdened by the facts or this Court's prior orders, seeks $1.9 million in assets that have never been a part of the Receivership, misrepresenting to this Court that "[o]ne of the accounts frozen pursuant to the Restraining Order and subsequent Consent Order is the Chase Metals, LLC ('Chase Metals') OneWest Bank account ending in *9387." *See* Batashvili Mot. at 3 (ECF No. 951). This representation by Batashvili's criminal defense counsel is demonstrably false—no assets associated with this OneWest bank account of Chase Metals, LLC ending in *9387 ("Chase Metals OneWest *9387") were ever part of the Receivership as the account was closed nearly three years before the establishment of the Receivership. *See* Decl. of CFTC Investigator George Malas ¶¶ 7c, 7d, 8 ("Malas Decl.," attached hereto). Batashvili's criminal defense counsel, who has made a "special appearance" in this matter, has further failed to advise this Court that the Chase Metals OneWest *9387 account was closed by the bank in December 2017, having been drained by Batashvili—one of the signatories on the account—of all but $2,992.68. *See* Malas Decl. ¶¶ 7c, 7d, 8 (attached hereto); Chase Metals OneWest *9387 November and December 2017 statements (Exhibit A to Malas Decl. at CFTC-PROD-Metals-00000003 to 17).

---

[1] Defendant failed to file a motion to lift the stay prior to the filing of his Motion, and his criminal defense counsel also disingenuously misrepresented to the Court that he "attempted to confer with [CFTC counsel]" and "received a bounce back to [his] email, ***presumably*** due to the government shutdown." Batashvili Mot. at 16 (ECF No. 951) (emphasis added). In fact, CFTC counsel's email stated that the agency had curtailed operations due to a lapse in appropriations so it was clear as to why CFTC counsel was unable to confer with Batashvili's criminal defense counsel. Therefore, the filing itself is improper.

Equally disturbing is Batashvili's criminal defense counsel's attempt to bury deep in a footnote of the Motion that the Court already modified the Consent Order of Preliminary Injunction dated October 14, 2020, to allow Defendants to use "New Income, as defined in ¶ 37 of the Consent Order," to pay "their counsel in this action." *See* Order dated May 19, 2023, at 7 (ECF No. 549); Batashvili Mot. at 3 n.3 (ECF No. 951).  Indeed, Batashvili's Motion makes no mention that Defendants Batashvili and Lucas Asher have successfully utilized this carve out provision to pay their civil counsel $1,680,000 from June 2023 to August 2025.  *See* Receiver's Resp. to Defendant Batashvili's Mot. at 5 ("Receiver's Resp.," ECF No. 965); Decl. of Receiver Kelly M. Crawford in Support of Receiver's Resp. to Defendant Batashvili's Mot. ¶ 3 ("Receiver Decl.," ECF No. 965-1).  Defendant Batashvili has also utilized this provision to pay his criminal defense counsel $100,000, a fact not disclosed to this Court.  *See id*.

Further, Defendant Batashvili has not alleged, much less provided any showing of, an inability to pay for his defense of the criminal case and has not met his burden of showing any "untainted assets" in the Receivership.  His Motion attaches only an August 2017 Chase Metals OneWest bank account statement with no other documentation, such as an affidavit, accounting, or personal financial disclosure, in support of his request for release of funds from the Receivership.

Finally, Defendant Batashvili's broad arguments that the asset freeze was improper on the basis that the CFTC lacks "authority to regulate precious metals" simply ignores and is inconsistent with binding, long-standing Fifth Circuit and other precedent.  *See CFTC v. Muller*, 570 F.2d 1296, 1299 (5th Cir. 1978) (finding "[t]he Act clearly applies to option transactions in non-enumerated commodities"); *CFTC v. Laino Grp. Ltd.*, No. 4:20-cv-3317, 2021 WL 4059385 at *6, (S.D. Tex. June 30, 2021) ("The precious metals, including gold and silver, described

2

herein are commodities as defined by section 1a(9) of the CEA, 7 U.S.C. § 1a(9).") (quoting *CFTC v. Int'l Monetary Metals, Inc*., No. 0:14-cv-62244, 2016 WL 8256852, at *4 (S.D. Fla. Aug. 1, 2016))); *CFTC v. McAllister*, No. 1:18-cv-346, 2021 WL 7541402, at *3 (W.D. Tex. Aug. 18, 2021) (finding that "[g]old, silver, platinum, and palladium are commodities pursuant to section la(9) of the [CEA], 7 U.S.C. § 1a(9) (2018), because they are goods in which contracts for future delivery are presently or in the future dealt in.").  Indeed, the Court has ordered further briefing on this issue.  Therefore, Defendant Batashvili's arguments are premature.  *See* Order dated Sept. 12, 2025 (ECF No. 938); Am. Order dated Sept. 29, 2025 (ECF No. 947).  For all these reasons, Batashvili's Motion is without merit and should be denied in its entirety.

## PROCEDURAL HISTORY

### A.     Complaint And Statutory Restraining Order Dated September 22, 2020

On September 22, 2020, Plaintiffs CFTC and thirty States filed a complaint against Defendants TMTE, Inc. a/k/a Metals.com, Chase Metals, Inc., Chase Metals, LLC, Barrick Capital, Inc., and their principals Lucas Asher and Simon Batashvili (collectively, "Defendants"), alleging that Defendants perpetrated a nationwide scheme to defraud elderly or retirement-aged customers into purchasing overpriced gold and silver bullion precious metals. Contemporaneously with the filing of the Complaint, Plaintiffs moved the Court for a Statutory Restraining Order ("SRO," ECF No. 16), which Judge David C. Godbey granted.  *See* ECF Nos. 4–6, 11–12, 16.  Plaintiffs supported their SRO application with more than 1,490 pages of evidence, including sworn customer declarations and numerous supporting exhibits.  Pursuant to the SRO, the Court froze the assets of Defendants and Relief Defendant and appointed Kelly Crawford of Scheef & Stone, LLP as temporary receiver to take charge of and secure the assets of Defendants and Relief Defendant.  SRO (ECF No. 16).

B.    **Consent Order Of Preliminary Injunction Dated October 14, 2020**

On October 14, 2020, Defendants Asher and Batashvili consented to entry of the Consent Order of Preliminary Injunction that, among other things, continued the asset freeze and the appointment of the Receiver. Consent Order ¶¶ 21–25 (ECF No. 165). With the assistance of experienced counsel, Defendants Asher and Batashvili freely and voluntarily agreed to the terms of the Consent Order. The Consent Order does not address attorneys' fees but contains a provision allowing Asher and Batashvili to seek gainful employment, with certain restrictions, to cover their reasonable and necessary living expenses. Consent Order ¶¶ 36-42 (ECF No. 165). Specifically, the Consent Order permits the Parties and the Receiver to negotiate a carve out for reasonable and necessary living expenses, provides that any such expenses may be drawn solely from "New Income" as defined in paragraph 37,[2] and requires Asher and Batashvili to qualify that income and submit to appropriate monitoring by the Receiver. *Id.*

C.    **Order Dated May 3, 2022, Denying The Individual Defendants' Motion To Modify The Preliminary Injunction**

On March 30, 2021, Defendants Asher and Batashvili filed an Emergency Motion to Modify the Preliminary Injunction to allow them "access to their existing or future untainted assets," frozen by the Preliminary Injunction, to pay for attorneys' fees. Defs.' Emergency Mot. at 4 (ECF No. 232). The Court denied this Motion without prejudice, noting that "[p]roblematically, from the Individual Defendants' motion, the court is unable to tell which assets in the possession of the Receiver are 'untainted' assets." Order dated May 3, 2022, at 8 (ECF No. 367). To provide an opportunity for the Individual Defendants to identify "untainted"

---

[2] The Consent Order defines "New Income" as "specific prospective earnings, bonuses, and/or other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity." Consent Order ¶ 37 (ECF No. 165).

4

funds, the Court directed the Receiver to allow the Individual Defendants access to the records received by the Receiver. *See* Order dated May 3, 2022, at 9 (ECF No. 367). The Receiver provided such access to the Individual Defendants. Receiver's Resp. at 7–9 (ECF No. 965); Receiver Decl. ¶ 4 (ECF No. 965-1). The Court also stated in its May 3, 2022, Order that "the Individual Defendants may file another motion requesting access to assets for attorney's fees from income from future employment outside areas of prohibited employment." Order dated May 3, 2022, at 9 (ECF No. 367).

**D.      Modification Of Consent Order Of Preliminary Injunction Providing Carve Out For Attorneys' Fees In This Action**

Pursuant to the Parties' Joint Motion to Amend, on May 19, 2023, the Court modified the Consent Order, permitting Asher and Batashvili to use "***New Income, as defined in ¶ 37 of the Consent Order and subject to the limitations set forth in the Consent Order, for the additional purpose of compensating their counsel in this action***." Order dated May 19, 2023, at 7 (ECF No. 549); Receiver Decl. ¶ 3 (ECF No. 965-1). As discussed in further detail below, Defendants Asher and Batashvili have used their New Income account to pay their civil counsel $1,680,000 from June 2023 through August 2025. *See* Receiver's Resp. at 5 (ECF No. 965); Receiver Decl. ¶ 3 (ECF No. 965-1). Defendant Batashvili has also used the New Income account to pay his criminal defense counsel $100,000. *See id.*

Further, Defendants Asher and Batashvili—while being represented by counsel of their choice—agreed to the July 16, 2023, Order authorizing the Receiver to make an interim

distribution of $8 million from the receivership account to the fraud victims in this case. *See* Order Authorizing Receiver to Make Interim Distribution (ECF No. 614).[3]

## ARGUMENT

**A.    The May 19, 2023, Order Modifying The Order of Preliminary Injunction Already Contains A Carve Out Provision For Defendants To Compensate Counsel Using "New Income," Which Defendants Already Have Utilized To The Tune Of Nearly $1.8 Million**

Pursuant to the Court's May 5, 2023, Order, Defendant Batashvili's counsel is required to provide the Receiver with quarterly reports regarding the income received and expenses paid. *See* Order dated May 19, 2023, at 7–8 (ECF No. 549). Based upon the Receiver's review of the reports provided by Defendant Batshvili's counsel, along with a review of the bank account that receives and distributes New Income, from June 2023 through August 2025, the sum of $1,680,000 has been paid to the law firm of Gray Reed, attorneys for Defendants Asher and Batashvili in this civil suit. *See* Receiver's Resp. at 5 (ECF No. 965); Receiver Decl. ¶ 3 (ECF No. 965-1). In addition, although the Court's May 19, 2023, Order restricts the use of New Income to payment of Defendants' attorneys "***in this action***," Defendant Batashvili paid $100,000 from the New Income account to the law firm of Vedder Price, the law firm representing Batashvili in the criminal case. *See* Order dated May 19, 2023, at 7 (ECF No. 549) (emphasis added); Receiver's Resp. at 5 (ECF No. 965); Receiver Decl. ¶ 3 (ECF No. 965-1). Plaintiffs are not aware of Defendant Batashvili seeking a modification of the carve out provision restricting the use of New Income to pay his attorneys in "this action" to pay his criminal defense

---

[3] This Order noted that the Individual Defendants' consent to the interim distribution was without prejudice to their defenses to the claims asserted by Plaintiffs in this lawsuit. *See* Order Authorizing Receiver to Make Interim Distribution at 1 n.1 (ECF No. 614).

counsel.  Therefore, he may have violated the terms of the carve out provision in the May 19, 2023 Order.

**B.    The Chase Metals OneWest *9387 Account Closed In November 2017, And No Funds From This Account Were Part of the Receivership In This Action**

As a factual matter, it is perplexing that Defendant's Motion identifies the Chase Metals OneWest *9387 account as containing receivership assets when that account was closed by the bank nearly three years prior to the commencement of this civil action.  *See* Malas Decl. ¶¶ 7d, 8 (attached hereto); Receiver Decl. ¶ 5 (ECF No. 965-1).  Defendant attempts to connect this account to the Receivership by arguing that the deposit of funds in this account "predates the alleged fraud, *i.e.*, the funds are untainted."  Batashvili Mot. at 4 (ECF No. 951).  However, Defendant conveniently omits pertinent facts regarding the Chase Metals OneWest *9387 account, including:  (1) the account was opened on September 28, 2016, prior to the commencement of this September 2020 civil action (*see* Malas Decl. ¶ 7a, attached hereto as Exhibit 1); (2) the Bank closed the account in December 2017, and all funds were withdrawn by December 2017—nearly three years before the Plaintiffs' September 2020 complaint (*see* Malas Decl. ¶¶ 7c, 7d (attached hereto); Chase Metals OneWest *9387 December 2017 account statement (Exhibit A to Malas Decl. at CFTC-PROD-Metals-00000003 to 4); Receiver Decl. ¶ 5 (ECF No. 965-1)); and (3) the Receivership account has never received any funds from this account (*see* Receiver Decl. ¶ 5 (ECF No. 965-1); Malas Decl. ¶ 8 (attached hereto)).  Thus, this account did not exist at the time of the filing of the Complaint in September 2020, and any funds in this account were paid out to or spent by Defendants long before this action or the Receivership.

C.    **Defendant Batashvili Has Made No Showing Justifying The Release Of Funds From The Receivership**

The Court set forth the legal standard governing this Motion in its May 3, 2022, Order

(ECF No. 367) denying the Individual Defendants' earlier motion to modify the Order of

Preliminary Injunction:

> [J]ust as this Court has the authority to freeze assets in [a] civil enforcement action, it also has the discretion to unfreeze those assets when equity requires." *F.T.C. v. Vantage Point Servs., LLC*, 15-65-6S, 2016 WL 1745514, at *1 (W.D.N.Y. May 3, 2016) (quoting *F.T.C. v. 4 Star Resolution, LLC*, No. 15-CV-112, 2015 WL 4276273, at *1 (W.D.N.Y. July 14, 2015)); *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995); *F.T.C. v. IAB Mktg. Assocs.*, No. 12-61830-Civ., 2013 WL 2433214, at *2 (S.D. Fla. June 4, 2013). When determining the release of frozen assets the Court must consider the following: (1) the plaintiff's interest in protecting the assets for consumer restitution; and (2) the defendant's interest in having access to the funds. *See S.E.C. v. Dobbins*, No. 3:04-CV-0605-H, 2004 WL 957715, at *2 (N.D. Tex. Apr. 14, 2004).
>
> "In balancing the defendants' right to fund their defense against the preservation of assets to compensate potential victims, the Court considers 'whether the defendants have other available funds by which to pay their attorneys, which requires full financial disclosure by the defendants' as well as 'the claims of the consumers who were the victims of the defendants' [alleged] wrongdoing.'" *Vantage Point Servs., L.L.C.*, 2016 WL 1745514, at *2 (quoting *4 Star Resolution, L.L.C.*, 2015 WL 4276273, at *1 (quoting *FTC v. O.T., Inc.*, 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006))). Therefore, while "some kind of allowance must be made to permit each defendant to pay reasonable attorneys' fees if [the defendant] is able to show that he cannot pay them from new or exempt assets; the burden . . . will be on the defendant to satisfy the court that he can secure the services of an attorney only if assets subject to the freeze order are released." *Fed. Savings & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987).

Order dated May 3, 2022, at 4-5 (ECF No. 367) (alterations in original) (quoting *FTC v. Liberty*

*Supply Co.*, No. 4:15-cv-829, 2016 WL 4182726, at *2-3 (E.D. Tex. Aug. 8, 2016)).

Defendant Batashvili argues generally that he is entitled to the release of receivership

funds based on his Sixth Amendment right to choice of counsel in his criminal defense.

Batashvili Mot. at 9-14 (ECF No. 951). The Sixth Amendment grants a defendant "a fair

8

opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932).

That "fair opportunity," however, is not limitless. *See Luis v. United States*, 578 U.S. 5, 11

(2016).

First, "a defendant's constitutional right to use his or her own funds to retain counsel of

choice . . . is not implicated unless [a] restraint [of assets] actually affects the defendant's right to

choose counsel and present a defense." *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir.

2013). Thus, there is no constitutional imperative to release frozen funds "if a defendant has

sufficient unrestrained assets with which to fund his or her defense," and it is defendant's burden

to make that initial showing. *Id*; *see also* Order dated May 3, 2022, at 4 (ECF No. 367)*.*

Second, although *Luis* holds that pretrial restraint of legitimate, untainted assets needed to

retain counsel violates the Sixth Amendment, *see Luis*, 578 U.S. at 5, the forfeiture or restraint of

illicit proceeds or other assets used to facilitate fraudulent activity does not, *see id.*; *United States*

*v. Monsanto*, 491 U.S. 600 (1989). Indeed, "[a] defendant has no Sixth Amendment right to

spend another person's money for services rendered by an attorney even if those funds are the

only way that the defendant will be able to retain the attorney of his choice." *Caplin &*

*Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989); *SEC v. Credit Bancorp Ltd.*,

No. 1:99-cv-11395, 2010 WL 768944, at *3 (S.D.N.Y. Mar. 8, 2010) ("[A] defendant does not

have the right to use the frozen funds [consisting of stolen money] for attorneys' fees, even if

those funds are the only way that a defendant would be able to retain the attorney of his

choice.").

Here, Batashvili is requesting that his attorneys' fees be paid from the receivership assets,

and there is a strong interest in preserving these assets to compensate the victims in this case—a

fact that Batashvili wholly ignores. The Receiver here has been appointed by the Court to

9

control the receivership assets and preserve those for the victims. Batashvili, on the other hand, has not even made the critical, threshold showing of any particular need to access receivership funds to pay for his attorneys' fees. Indeed, he has failed to provide any personal financial disclosure or any accounting, banking, or other information demonstrating he has insufficient funds or assets needed to cover his criminal defense attorneys' fees.[4]  This failure alone is sufficient to deny his motion. *See Bonventre*, 720 F.3d at 131 (finding that district court did not err in denying an evidentiary hearing on release of forfeited funds where defendant failed to "demonstrate that he or she does not have sufficient alternative assets"); *SEC v. Collector's Coffee, Inc.*, 697 F. Supp. 3d 138, 176 (S.D.N.Y. 2023) (denying release of frozen funds where defendant provided "no [] accounting of his need"); *FTC v. 4 Star Resolution, LLC*, No. 1:15-cv-112, 2016 WL 768656, at *1 (W.D.N.Y. Feb. 29, 2016) (denying motion to release frozen funds for criminal defense attorneys' fees where defendant offered only "general assertions" of inadequate assets, but failed to provide the requisite "full accounting").

Despite Batashvili having access to the records received by the Receiver (*see* Receiver Decl. ¶ 4 (ECF No. 965-1)), he has also failed to specifically identify any funds in the Receivership that are actually "untainted"—a further defect that is fatal to his motion. Courts have routinely denied such motions on this basis. *See, e.g.*, *SEC v. Kontilai*, No. 1:19-cv-4355, 2020 WL 8613722, at *3 (S.D.N.Y. Nov. 20, 2020) (denying request to use funds subject to asset freeze because defendants failed to "identify, with certainty," the availability of untainted funds); *Credit Bancorp Ltd.*, 2010 WL 768944, at *4 (denying defendant's motion to use frozen funds to

---

[4] Any such supporting evidentiary materials or information, if any even exists, should have accompanied the original motion and cannot be injected in a reply brief. *See, e.g.*, *Beaumont Lamar Apartments, LLC v. Wallis Bank*, No. 4:23-cv-341, 2023 WL 12035401, at *2 (N.D. Tex. Nov. 8, 2023) ("This Court presumptively declines to consider new evidence or arguments raised for the first time in a reply brief.").

pay attorneys' fees where defendant "has made no showing that the funds he seeks are not part of the securities fraud"); *SEC v. Forte*, 598 F. Supp. 2d 689, 693 (E.D. Pa. 2009) (denying motion to release funds where "Defendant has presented no evidence that any of his frozen assets are derived from sources other than [tainted] investor funds").  Batashvili's broad claim that there are untainted assets in the Receivership, such as a college savings account, is vague and insufficient to warrant releasing receivership assets.  *See* Batashvili Mot. at 14 (ECF No. 951). In fact, the Receiver explains in his response to the Motion that funds in an account in the name of Batashvili's daughter came from Defendant Barrick Capital and other receivership entities and are no longer in the Receivership estate.  *See* Receiver's Resp. at 8–9 (ECF No. 965); Receiver Decl. ¶¶ 6–7 (ECF No. 965-1).

In sum, Defendant Batshvili's motion fails on every level—he fails to make a showing of need; the Chase Metals OneWest *9387 bank account he identifies was never part of the Receivership and closed by the bank in December 2017; and he fails to articulate any other specific assets he seeks to have released, much less show that these assets were not part of his fraud.

## CONCLUSION

For the reasons outlined herein, Batashvili's Motion should be denied in its entirety.

Dated:  December 3, 2025                    Respectfully submitted,

                                            COMMODITY FUTURES TRADING
                                            COMMISSION

                                            By: /s/ Danielle Karst

                                            DANIELLE KARST, *pro hac vice*
                                            Associate Director
                                            dkarst@cftc.gov
                                            D.C. Bar No. 481881

TIMOTHY J. MULREANY, *pro hac vice*
Investigative Counsel
tmulreany@cftc.gov
Maryland Bar No. 8812160123

SARAH WASTLER, *pro hac vice*
Trial Attorney
swastler@cftc.gov
D.C. Bar No. 944534

Attorneys for Plaintiff
COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street, NW
Washington, D.C. 20581-0001
Phone: (202) 418-5000
Fax: (202) 418-5521

FOR THE STATE OF ALABAMA

By: /s/ Jeffery A. "Beau" Brown, Jr.
JEFFERY A. "BEAU" BROWN, JR., *pro hac vice*
Beau.Brown@asc.alabama.gov
Alabama Bar No. 7258R80B

Attorney for Plaintiff
STATE OF ALABAMA
SECURITIES COMMISSION
445 Dexter Avenue, Suite 12000
Montgomery, AL 36104
Telephone: (334) 242-2984
Fax: (334) 242-0240

FOR THE STATE OF ALASKA

By: /s/ John Haley
JOHN HALEY, *pro hac vice*
john.haley@alaska.gov
Alaska Bar No. 1402010
HELEN MENDOLIA, *pro hac vice*
Helen.mendolia@alaska.gov
Alaska Bar No. 2405051

Attorney for Plaintiff
STATE OF ALASKA

12

OFFICE OF ATTORNEY GENERAL
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-3783
Fax: (907) 276-3697

FOR THE STATE OF ARIZONA
By: /s/ Elizabeth Schmitt

ELIZABETH SCHMITT, *pro hac vice*
eschmitt@azcc.gov
Arizona Bar No. 034699

Attorney for Plaintiff
ARIZONA CORPORATION COMMISSION
1300 W. Washington St.
Phoenix, AZ 85007
Telephone: (602) 542-1922
Fax: (602) 714-8120

FOR THE STATE OF CALIFORNIA

By: /s/ Danielle A. Stoumbos

MARY ANN SMITH
MaryAnn.Smith@dfpi.ca.gov
SEAN ROONEY
Sean.Rooney@dfpi.ca.gov
DANIELLE A. STOUMBOS, *pro hac vice*
California Bar No. 264784
Danielle.Stoumbos@dfpi.ca.gov

Attorneys for Plaintiff
STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS
OVERSIGHT
(now known as the DEPARTMENT OF
FINANCIAL PROTECTION AND
INNOVATION)
320 West Fourth Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 503-2046
Fax: (213) 576-7181

FOR THE STATE OF COLORADO
PHILIP J. WEISER

13

Attorney General of the State of Colorado

By: /s/ Graham Gerhart

ROBERT FINKE*
robert.finke@coag.gov
Colorado Bar No. 40756
GRAHAM GERHART*
graham.gerhart@coag.gov
Colorado Bar No. 57767
*Counsel of Record

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General of the State of Delaware

By: /s/ T. Victor Clark

T. VICTOR CLARK, *pro hac vice*
Deputy Attorney General
Delaware Bar No. 4233
victor.clark@delaware.gov

JILLIAN LAZAR
Director of Investor Protection
Delaware Bar No. 6049
jillian.lazar@delaware.gov

Delaware Department of Justice
820 N. French St.
Wilmington, DE 19801
Telephone: (302) 577-8356
Fax: (302) 577-6987

Attorneys for Plaintiff the State of Delaware

FOR THE STATE OF FLORIDA
JAMES UTHMEIER

Attorney General for the State of Florida

By: /s/ Victoria Butler

VICTORIA BUTLER, *pro hac vice*
Assistant Attorney General
Director of Consumer Protection

14

victoria.butler@myfloridalegal.com
Florida Bar No. 861250

Diane Marger Moore, *pro hac vice*
Special Counsel, Assistant Attorney General
Diane.MargerMoore@myfloridalegal.com
Florida Bar No. 268364

Department of Legal Affairs
3507 E Frontage Rd, Suite 325
Tampa, FL 33607-1795
Telephone: (813) 287-7950
Fax: (813) 281-5515

By: /s/ A. Gregory Melchior
A. GREGORY MELCHIOR, *pro hac vice*
Assistant General Counsel
Greg.melchior@flofr.com
Florida Bar No. 407290

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION
1313 Tampa Street, Suite 615
Tampa, Florida 33602-3394
Telephone: (813) 218-5327
Fax: (813) 272-2498

FOR THE STATE OF GEORGIA
By: /s/ Jonathan Loegel

JONATHAN D. LOEGEL, *pro hac vice*
Georgia Bar No. 755706
jloegel@law.ga.gov

RONALD J. STAY, *pro hac vice*
Georgia Bar No. 621732
rstay@law.ga.gov

Attorneys for Plaintiff
OFFICE OF THE GEORGIA
SECRETARY OF STATE
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3434

15

Fax: (404) 657-3239

FOR THE STATE OF HAWAII

By: /s/ Marilyn S.H. Naitoh
MARILYN S.H. NAITOH, *pro hac vice*
Hawaii Bar No. 006742
mnaitoh@dcca.hawaii.gov

JOHANNA M.P. WARD, *pro hac vice*
Hawaii Bar No. 011845
jward@dcca.hawaii.gov

Attorneys for Plaintiff
STATE OF HAWAII
SECURITIES ENFORCEMENT BRANCH
335 Merchant Street, Suite 205
Honolulu, Hawaii 96813
Telephone: (808) 586-2740
Fax: (808) 586-3977

FOR THE STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
STATE OF IDAHO
RAUL R. LABRADOR

By: /s/ Dallin Creswell

DALLIN CRESWELL, *pro hac vice*
Deputy Attorney General
dallin.creswell@ag.idaho.gov
Idaho Bar No. 7741

Attorney for Plaintiff
STATE OF IDAHO
IDAHO DEPARTMENT OF FINANCE
P.O. Box 83720
Boise, ID 83720-0031
Telephone: (208) 947-8731
Fax: (208) 334-4151

FOR THE STATE OF INDIANA
OFFICE OF THE INDIANA ATTORNEY
GENERAL

By: /s/ Meredith McCutcheon

16

MEREDITH McCUTCHEON, *pro hac vice*
Deputy Attorney General
Meredith.McCutcheon@atg.in.gov
Indiana Bar No. 32391-49

Attorney for Plaintiff
STATE OF INDIANA
INDIANA SECURITIES COMMISSIONER
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-9357
Fax: (317) 232-7979

FOR THE IOWA INSURANCE
COMMISSIONER
DOUGLAS M. OMMEN

By: /s/ Amanda K. Robinson
AMANDA K. ROBINSON, *pro hac vice*
Iowa Bar No. AT0006753
Compliance Attorney
amanda.robinson@iid.iowa.gov

Attorney for Plaintiff
IOWA INSURANCE DIVISION
1963 Bell Ave, Ste 100
Des Moines, IA 50315
Telephone: (515) 654-6475
Fax: (515) 654-6500

FOR THE STATE OF KANSAS

By: /s/ Thomas E. Knutzen

THOMAS E. KNUTZEN, *pro hac vice*
*Special Assistant Attorney General*
tom.knutzen@ks.gov
Kansas Bar No. 24471

Attorney for Plaintiff
OFFICE OF THE KANSAS SECURITIES
COMMISSIONER
1300 SW Arrowhead Road
Topeka, KS 66604
Telephone: (785) 296-7890
Fax: (785) 296-6872

17

FOR THE STATE OF KENTUCKY

By: /s/ Gary Stephens

GARY STEPHENS, *pro hac vice*
Gary.stephens@ky.gov
Kentucky Bar No. 87740

Attorneys for Plaintiff
STATE OF KENTUCKY
DEPARTMENT OF FINANCIAL
INSTITUITONS
500 Mero St. 2SW19
Frankfort, KY 40601
Telephone: (502) 782-9052
Fax: (502) 573-8787

FOR THE STATE OF MAINE

By: /s/ Kathryn M. Horst

KATHRYN M. HORST, *pro hac vice*
Kathryn.Horst@maine.gov
Maine Bar No. 005495

Attorney for Plaintiff
STATE OF MAINE SECURITIES
ADMINISTRATOR
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8800
Fax: (207) 287-3120

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN, ATTORNEY
GENERAL OF THE STATE OF
MARYLAND

By: /s/ Max F. Brauer

MAX F. BRAUER, *pro hac vice*
Assistant Attorney General
mbrauer@oag.state.md.us
Maryland State Does Not Use Bar Numbers

18

Attorney for Plaintiff
STATE OF MARYLAND EX REL
MARYLAND SECURITIES
COMMISSIONER
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-6950
Fax: (410) 576-6532

FOR THE PEOPLE OF MICHIGAN

By: /s/ Aaron W. Levin

Aaron W. Levin, *pro hac vice*
Assistant Attorney General
levina@michigan.gov
Michigan Bar No. P81310

Attorney for Plaintiff
Michigan Department of Attorney General
525 W. Ottawa Street,
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Fax: (517) 335-6755

FOR THE STATE OF MISSISSIPPI

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: /s/ James M. Rankin
JAMES M. RANKIN
James.Rankin@ago.ms.gov
Mississippi Bar No. 102332
CRYSTAL UTLEY SECOY
crystal.utley@ago.ms.gov

Attorneys for Plaintiff
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (769) 237-6406
Fax: (601) 359-4231

19

FOR THE STATE OF NEBRASKA
MICHAEL T. HILGERS
Attorney General

/s/ Christopher A. Felts
Christopher A. Felts, *pro hac vice*
Assistant Attorney General
Nebraska Bar No. 26784
christopher.felts@nebraska.gov

Attorney for Plaintiff
STATE OF NEBRASKA
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-2682
Fax: (402) 471-3297

FOR THE STATE OF NEVADA

By: /s/ Shady Sirsy
Shady Sirsy, *pro hac vice*
Chief of Enforcement,
Nevada Securities Division
Nevada Bar No. 15818
s.sirsy@sos.nv.gov

Attorney for Plaintiff
STATE OF NEVADA
Office of the Nevada Secretary of State
Securities Division
2250 North Las Vegas Blvd., Suite 400
North Las Vegas, NV 89030
Telephone: (702) 486-2440
Fax: (702) 486-2452

FOR THE STATE OF NEW MEXICO

By: /s/ Alissa N. Berger

ALISSA N. BERGER, *pro hac vice*
New Mexico Bar No. 21769
alissa.berger@rld.nm.gov

Attorney for Plaintiff
STATE OF NEW MEXICO

20

New Mexico Regulation and Licensing
Department, Securities Division
5500 San Antonio Rd NE
Albuquerque, New Mexico 87109
Telephone: (505) 503-5987
Fax: (505) 222-9848

FOR THE STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL OF THE STATE OF
NEW YORK

By: /s/ Tatyana Trakht

TATYANA "TANYA" TRAKHT, *pro hac vice*
Assistant Attorney General
tanya.trakht@ag.ny.gov
New York State Does Not Use Bar Numbers

Attorney for Plaintiff
ATTORNEY GENERAL FOR THE STATE
OF NEW YORK
28 Liberty Street, 21st Floor
New York, New York 10005
Telephone: (212) 416-8457
Fax: (212) 416-8816

FOR THE STATE OF OKLAHOMA

By: /s/ Robert Fagnant

ROBERT FAGNANT, *pro hac vice*
rfagnant@securities.ok.gov
Oklahoma Bar No. 30548

BRAD DAVENPORT, *pro hac vice*
bdavenport@securities.ok.gov
Oklahoma Bar No. 18687

Attorney for Plaintiff
OKLAHOMA DEPARTMENT OF
SECURITIES
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7718
Fax: (405) 280-7742

21

FOR THE STATE OF SOUTH CAROLINA

By: /s/ Andrew N. Cole

ANDREW N. COLE, *pro hac vice*
andrewcole@scag.gov
South Carolina Bar No. 68384

Attorney for Plaintiff
STATE OF SOUTH CAROLINA
OFFICE OF ATTORNEY GENERAL
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-4731
Fax: (803) 734-7208

FOR THE STATE OF SOUTH DAKOTA

By: /s/ Clayton Grueb

CLAYTON GRUEB, *pro hac vice*
South Dakota Bar No. 4642
Clayton.grueb@state.sd.us

Attorney for Plaintiff
South Dakota Department of Labor &
Regulation,
Division of Insurance
2330 N. Maple Ave, Suite 1
Rapid City, SD 57701
Telephone: (605) 773-3563
Fax: (605) 773-5369

FOR THE STATE OF TENNESSEE
JONATHAN SKRMETTI
Attorney General and Reporter for the State
of Tennessee

By: /s/ James P. Urban

JAMES P. URBAN, *pro hac vice*
Senior Deputy Attorney General
TN B.P.R. No. 033599
james.urban@ag.tn.gov

22

BOTUM CHHAY, *pro hac vice*
Assistant Attorney General
TN B.P.R. No. 040083
botum.chhay@ag.tn.gov

PABLO A. VARELA, *pro hac vice*
Assistant Attorney General
TN B.P.R. 029436
pablo.varela@ag.tn.gov

Office of Tennessee Attorney General
Financial & Regulatory Section
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3739
Fax: (615) 532-8223

Attorney for Plaintiff
Commissioner of the Tennessee Department
of Commerce and Insurance

FOR THE STATE OF TEXAS:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Stephanie A. Criscione Houser
STEPHANIE A. CRISCIONE HOUSER
Assistant Attorney General
General Litigation Division
Office of the Texas Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Texas Bar No. 24109768

23

Stephanie.criscione@oag.texas.gov
Telephone: (512) 936-1675
Fax:  (512) 320-0667

FOR THE STATE OF WASHINGTON

By: /s/ Stephen Manning

Stephen Manning, *pro hac vice*
stephen.manning@atg.wa.gov
Telephone: (360) 534-4846
Fax: (360) 664-0229

Attorney for Plaintiff
Washington State Department of Financial
Institutions, Securities Division
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524

FOR THE STATE OF WEST VIRGINIA

By: /s/ Michael Nusbaum

MICHAEL NUSBAUM, *pro hac vice*
michael.nusbaum@wvsao.gov
West Virginia Bar No. 12708

Attorney for Plaintiff
STATE OF WEST VIRGINIA
WEST VIRGINIA SECURITIES
COMMISSION
1900 Kanawha Boulevard, East
Building 1, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251
Fax: (304) 558-4211

FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
State of Wisconsin
Wisconsin Department of Justice

By: /s/ Lewis W. Beilin

24

LEWIS W. BEILIN, *pro hac vice*
Assistant Attorney General
Wisconsin Bar No. 1038835
beilinlw@doj.state.wi.us

WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-3076
Fax: (608) 294-2907

*Attorneys for Plaintiff State of Wisconsin*

## CERTIFICATE OF SERVICE

On December 3, 2025, I served the foregoing Plaintiffs' Memorandum of Law in Opposition to Defendant Simon Batashvili's Motion for Release of Funds for Criminal Defense in the above-captioned matter using the CM/ECF system, and I am relying upon the transmission of the Clerk's Notice of Electronic Filing for service upon all parties in this litigation.

/s/ Danielle Karst
Danielle Karst