UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ET AL., | § § § | |
| *Plaintiffs,* | § § | |
| | § | Civil Action No. 3:20-CV-2910-X |
| v. | § § | |
| TMTE, INC., ET AL., | § § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Simon Batashvili's Motion for Release of Funds for Criminal Defense. (Doc. 951). Having considered the motion, the Court **DENIES WITHOUT PREJUDICE** the motion. The Court also **GRANTS** Batashvili leave to refile the motion under seal within fourteen (14) days of the issuance of this order.

The facts of this case are well known and the Court need not repeat them here.[1]

Batashvili invokes his Sixth Amendment rights in his request that this Court release "any untainted assets to which he is entitled so that he may continue being represented by counsel."[2]

The Supreme Court has held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment."[3] But "[a] defendant has no Sixth Amendment right to spend another person's money

---

[1] *See e.g.*, Doc. 911.

[2] Doc. 973 at 3.

[3] *Luis v. United States*, 578 U.S. 5, 10 (2016).

for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice."[4]

Implicit in the Supreme Court's opinion in *Luis*, a movant must demonstrate there are (1) untainted funds and (2) a need.[5]  In practice, courts have additionally required movants to identify the untainted funds they seek to access and to substantiate their need.[6]  Batashvili has done neither here.[7]

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion and **GRANTS** Batashvili leave to refile the motion under seal within fourteen (14) days of the issuance of this order.

**IT IS SO ORDERED** this 7th day of April, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 618, 626 (1989).

[5] *See Luis*, 578 U.S. at 12–23.

[6] *See United States v. Akkad*, No. 4:22-CR-162, 2025 WL 1363096, at *4–7 (E.D. Tex. May 9, 2025) (denying the release of seized assets because the defendants failed to prove which amount was untainted); *SEC v. Kontilai*, 2020 WL 8613722, at *3 (S.D.N.Y. Nov. 20, 2020) (refusing to unfreeze funds because the defendant failed to identify, with certainty, the availability of untainted funds); *See United States v. Stokes*, 2017 WL 5986231, at *5 (N.D. Ga. Oct. 23, 2017) (denying an evidentiary hearing to determine whether assets are untainted or not because the defendant "must make a prima facie showing of substantial financial need for those assets"); *SEC v. Collector's Coffee, Inc.*, 697 F. Supp. 3d 138, 176 (S.D.N.Y. 2023).  *Cf. United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013) (a defendant must offer more than a "mere recitation" of their lack of funds; "a defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund the counsel of choice."); *FTC v. 4 Star Revolution, LLC*, 2016 WL 768656, at *1 (W.D.N.Y. Feb. 29, 2016) (denying release of frozen funds for criminal defense attorneys' fees when the defendant offered only general assertions of inadequate assets).

[7] Batashvili initially requested the release of funds held in a specific account.  But in his reply, he requested the release of all untainted assets and still did not provide evidence of need.  Doc. 973 at 3–4.