UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al., *Plaintiffs*, | § | |
| v. | § | Civil Action No. 3:20-CV-2910-X |
| TMTE, INC., et al., *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Individual Defendants' partially opposed motion for reconsideration, or in the alternative, certification of interlocutory appeal and stay. (Doc. 1048). The Court **DENIES** the motion for reconsideration, **DENIES** the request to certify this matter for interlocutory appeal, **STAYS** this matter pending resolution of the parallel criminal case, and **VACATES** the civil trial setting.

The motion for reconsideration argues that the Fifth Circuit case the Court's second summary judgment ruling centers on a holding that the CFTC could regulate options on commodities but not contracts for the direct sale of commodities. That's right. But as the Court explained in the first round of motions for summary judgment, "Dodd-Frank added section 6(c), which grants the CFTC authority to regulate fraud in connection with any swap, or *a contract of sale of any commodity in interstate commerce*, or for future delivery on or subject to the rules of any registered

entity."[1] So Dodd-Frank gave the CFTC new powers without updating its name to reflect that it regulates more than commodity futures. Name mismatches happen. Much like the Texas Railroad Commission regulating oil and gas. Or the Supreme Court's non-delegation doctrine really being the "delegate anything you want, Congress, as long as you give an intelligible principle" doctrine. Those name mismatches are more extreme. While CFTC's name is now a mismatch with its authority, Congress gave CFTC authority over interstate contracts for the sale of commodities. Accordingly, the Court denies the motion for reconsideration concerning the CFTC's jurisdiction.

Next, the motion asks the Court to certify an interlocutory appeal. The Court denies the request because it is not timely. Under 28 U.S.C. § 1292(b), the section the Individual Defendants rely on, parties must seek appeal at the court of appeals level "within ten days after the entry of the order" they wish to appeal.[2] The Court entered the summary judgment order on August 3, 2026, but the Individual Defendants did not ask this Court to certify an interlocutory appeal until September 24, 2026—fifty-two days later.[3] And it is the court of appeals stage the has the ten-day deadline (not just the district court stage). So the Individual Defendants' request is untimely.

The remaining request in the motion is the alternative request to stay this civil enforcement action pending the outcome of the criminal trial of the Individual

---

[1] Doc. 911 at 11 (cleaned up) (emphasis added).

[2] 28 U.S.C. § 1292(b); *see* Doc. 1048 at 5.

[3] *See* Docs. 1038; 1048.

Defendants. That request is unopposed. The Court **STAYS** this case pending the resolution of the parallel criminal trial and **VACATES** the trial setting. This stay order does not affect the operation of the receivership.

**IT IS SO ORDERED** this 7th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE