UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, et al., *Plaintiffs*, | § | |
| v. | § | Civil Action No. 3:20-CV-2910-X |
| TMTE, INC., et al., *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the individual defendants' Motion to Amend/Correct 1057 Memorandum Opinion and Order, to Include Certification for Interlocutory Appeal. (Doc. 1059). The Court **GRANTS** this Motion and **CERTIFIES** this matter for interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

Certification under 28 U.S.C. § 1292(b) requires (1) a controlling question of law, (2) substantial ground for difference of opinion, and (3) an immediate appeal that may materially advance the litigation.[1] Section 1292(b) provides for an interlocutory appeal only in "exceptional cases."[2] "District courts have unfettered discretion to deny certification."[3]

This case meets all three elements under section 1292(b). First, a controlling question of law is "one of pure law that can be reviewed quickly and cleanly without

[1] *See* 28 U.S.C. § 1292(b).

[2] *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

[3] *Charlambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2016 WL 5942225, at *5 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.) (cleaned up).

having to study the record."[4] The question of whether the Commodity Exchange Act grants the CFTC jurisdiction over retail cash sales of gold and silver coins turns solely on the statutory text—not disputed facts. So a controlling question of law exists.

Second, a substantial ground for difference of opinion exists. In its summary judgment Order, the Court noted that the major questions doctrine "might make a difference here" depending on how the Fifth Circuit decides to employ it.[5] And both parties presented reasonable arguments concerning this novel and difficult statutory interpretation issue. So a substantial ground for difference of opinion exists.

Third, certifying this appeal "may materially advance the ultimate termination of the litigation."[6] Presently, certification is *the only way* to materially advance the ultimate termination of this litigation, rendering this an exceptional case where certification actually makes sense. The Court already stayed this matter pending the resolution of the related criminal trial.[7] And a Fifth Circuit opinion finding that the CFTC has no jurisdiction to regulate the coins at issue would terminate this litigation. So the Court might as well certify the interlocutory appeal while the related criminal case remains pending.

Accordingly, the Court **CERTIFIES** this matter for interlocutory appeal under 28 U.S.C. § 1292(b). The Court further **STAYS** this matter pending resolution of this appeal. This stay order does not affect the operation of the receivership.

---

[4] *In re Delta Produce*, No. BR 12-50073-A998, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013) (cleaned up).

[5] Doc. 1038 at 14.

[6] 28 U.S.C. § 1292(b).

[7] *See* Doc. 1057 at 2.

**IT IS SO ORDERED** this 27th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE